Jeff D. Friedman (173886)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com

Steve W. Berman (*pro hac vice to be filed*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Marc A. Goldich (*Pro Hac Vice*)
SHELLER, P.C.
1528 Walnut St., 4th Floor
Philadelphia, PA 19102
mgoldich@sheller.com
Telephone:  (215) 790-7300
Facsimile:  (215) 546-0942

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER A. NELSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEAGATE TECHNOLOGY LLC,<br><br>Defendant. | No. 5:16-cv-00523-RMW<br><br>PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11 |
| THIS DOCUMENT RELATES TO:<br><br>*Ginsberg v. Seagate Technology LLC*, Case No. 5:16-cv-00612-LHK | |

010581-11 852376 V1

1  **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2  PLEASE TAKE NOTICE that pursuant to Civil Local Rules 3-12 and 7-11, plaintiffs Adam

3  Ginsberg, Dudley Lane Dortch IV, Dennis Crawford, and David Schechner (Plaintiffs), the named

4  plaintiffs in *Ginsberg v. Seagate Technology LLC*, Case No. 5:16-cv-00612, filed February 5, 2016,

5  currently assigned to the Honorable Lucy H. Koh, hereby submit this Administrative Motion to

6  Consider Whether Cases Should be Related Pursuant to Civil L.R. 3-12 and 7-11.  Plaintiffs request

7  that the *Ginsberg* action be designated as related to the above lowest numbered action, *Nelson v.*

8  *Seagate Technology LLC*, Case No. 5:16-cv-00523, filed February 1, 2016, which is pending before

9  the Honorable Ronald M. Whyte.  (ECF No. 11.)

10  **MEMORANDUM OF LAW**

11  Civil Local Rule 3-12(a) defines "related cases" as those where "(1) [t]he actions concern

12  substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will

13  be an unduly burdensome duplication of labor and expense or conflicting results if the cases are

14  conducted before different Judges."  The *Ginsberg* and *Nelson* cases meet these criteria.

15  The first prong of Civil Local Rule 3-12(a) is certainly satisfied; *Ginsberg* and *Nelson*

16  involve substantially the same parties, property, transactions *and* events.  Plaintiffs' counsel in

17  *Ginsberg* are also counsel for plaintiff in the above-captioned *Nelson* action, and the two actions

18  assert identical claims and involve nearly identical issues of fact and law.  Both suits are putative

19  nationwide class actions brought on behalf of individuals in the United States who purchased, not for

20  resale, at least one Barracuda 3TB Hard Disk Drive, model number ST3000DM001, or at least one

21  external drive that contained the aforesaid Barracuda drive.[1]  (ECF No. 1 at ¶ 95; *Ginsberg* Compl. at

22  ¶ 95.)  Both actions allege that the same defendant, Seagate, repeatedly failed to deliver non-

23  defective hard drives, despite marketing the drives as innovative, fast, powerful, reliable, dependable,

24  and having extremely low failure rates.  (ECF No. 1 at ¶¶ 1-4, 20-53; *Ginsberg* Compl. at ¶¶ 1-4, 20-

25  53.)  Accordingly, both actions involve the same defendant (Seagate), proposed class members

26

27  [1] A copy of the *Ginsberg* complaint is attached as Exhibit A to the accompanying Declaration of Jeff D. Friedman in Support of Plaintiff's Administrative Motion to Consider Whether Cases Should
28  be Related Pursuant to Civil Local Rule 3-12, filed concurrently (*Ginsberg* Compl.).

PLS' MOT. TO CONSIDER WHETHER CASES         - 1 -
SHOULD BE RELATED - Case No.: 5:16-cv-00523-RSW
010581-11 852376 V1

1  (individuals in the United States who purchased the hard drive at issue), property (Barracuda 3TB
2  Hard Disk Drive), and transaction or event (purchase and failure of the Barracuda 3TB Hard Disk
3  Drive).
4      The second prong of Civil Local Rule 3-12(a) is also easily met.  The facts underlying the
5  *Ginsberg* and *Nelson* actions are nearly identical such that having the cases proceed before two
6  different judges would likely entail a duplication of work and be a waste of judicial economy.  *See*
7  *Wade v. Roper Indus.*, No. 13-cv-03885, 2013 U.S. Dist. LEXIS 179136, at *6-7 (N.D. Cal. Dec. 20,
8  2013).  Further, the *Ginsberg* and *Nelson* cases concern similar questions with respect to liability and
9  class certification, and call for the determination of identical or substantially similar questions of law
10 and fact.  Both actions plead violation of California's Unfair Competition Law, California's False
11 Advertising Law, breach of express and implied warranties, and unjust enrichment.  Both lawsuits
12 bring a claims asserting violation of state deceptive trade practices acts.  Moreover, the central issue
13 in both *Ginsberg* and *Nelson* are whether Seagate failed to deliver non-defective hard drives.
14 Consequently, *Ginsberg* and *Nelson* will involve overlapping witnesses, experts, and discovery such
15 that maintaining two separate actions would be an unduly burdensome duplication of labor and
16 expense on the part of counsel and the courts.  Relating *Ginsberg* to *Nelson* will promote substantial
17 efficiency and judicial economy.

## CONCLUSION

19     For the foregoing reasons, the relation of these two cases would prevent unduly burdensome
20 duplication of labor, expenses, and costs, and would diminish the likelihood of inconsistent results.
21 Plaintiff respectfully requests that the Court designate the *Ginsberg* action as related to the *Nelson*
22 action.

23 DATED: February 10, 2016        HAGENS BERMAN SOBOL SHAPIRO LLP

By:    */s/ Jeff. D. Friedman*
      Jeff D. Friedman
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Steve W. Berman (*pro hac vice to be filed*)
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Marc A. Goldich (*Pro Hac Vice*)
SHELLER, P.C.
1528 Walnut St., 4th Floor
Philadelphia, PA 19102
Telephone: (215) 790-7300
Facsimile: (215) 546-0942
mgoldich@sheller.com

*Attorneys for Plaintiffs*