SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
NEIL A.F. POPOVIĆ, Cal. Bar No. 132403
npopovic@sheppardmullin.com
ANNA S. McLEAN, Cal. Bar No. 142233
amclean@sheppardmullin.com
DAVID E. SNYDER, Cal. Bar No. 262001
dsnyder@sheppardmullin.com
LIÊN H. PAYNE, Cal. Bar No. 291569
lpayne@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:   415.434.9100
Facsimile:   415.434.3947

Attorneys for Defendant
SEAGATE TECHNOLOGY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER A. NELSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEAGATE TECHNOLOGY LLC,<br><br>Defendant. | Case No. 5:16-cv-00523-RMW<br>CLASS ACTION<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND FED. R. CIV. P. 9(b); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date:**   June 3, 2016<br>**Time:**   9:00 a.m.<br>**Place:**   Ctrm. 6, San Jose Courthouse<br>**Judge:**   Hon. Ronald M. Whyte<br><br>Complaint filed: February 1, 2016 |

SMRH:476365110.1

Case No. 16-00523-RMW
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND FED. R. CIV. P. 9(b);
MEMORANDUM OF POINTS AND AUTHORITIES

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 2

II. STATEMENT OF RELEVANT FACTUAL ALLEGATIONS ....................................... 2

III. LEGAL ARGUMENT ..................................................................................................... 2

    A. PLAINTIFF'S UCL, FAL, UNJUST ENRICHMENT AND SOUTH DAKOTA STATUTORY CLAIMS FAIL AS A MATTER OF LAW ................................... 2

        1. Plaintiff Fails To Meet The Heightened Pleading Standard Under Rule 9(b) ................................................................................................................. 2

            a. The FAL Claim and UCL "Fraudulent" Claims Fail ....................... 3

            b. The Unjust Enrichment and UCL "Unfair" and "Unlawful" Claims Fail ................................................................................................. 3

            c. The South Dakota Statutory Claim Fails ......................................... 3

        2. Plaintiff Has Not Alleged Actionable Misrepresentations Under the FAL or UCL ................................................................................................................. 3

        3. Plaintiff Has Not Alleged Sufficient Facts To Establish A Fraudulent Omission ................................................................................................... 4

            a. FAL Claim ....................................................................................... 4

            b. UCL Claim ...................................................................................... 4

        4. Plaintiff Has Not Alleged Facts Sufficient To Support A UCL Claim Based On Other Allegedly "Unfair" Conduct .......................................................... 4

    B. THE UCL AND FAL DO NOT EXTEND TO OUT-OF-STATE TRANSACTIONS INVOLVING NON-CALIFORNIA CITIZENS ...................... 4

    C. THE CLAIM FOR BREACH OF EXPRESS WARRANTY FAILS AS A MATTER OF LAW .............................................................................................. 4

        1. Seagate Complied With Its Obligations Under The Express Warranty And Thus, Plaintiff Fails To State a Claim ........................................................ 4

        2. The Claim For Breach of Express Warranty Under Song-Beverly Fails As a Matter of Law ............................................................................................ 4

        3. Plaintiff Fails to Allege A Contractual Precondition to Recovery ............... 4

        4. Plaintiff Fails to Allege Privity ..................................................................... 4

    D. THE BREACH OF IMPLIED WARRANTY CLAIM OF FAILS AS A MATTER OF LAW ........................................................................................................... 5

SMRH:476365110.1      -i-      Case No. 16-00523-RMW
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND FED. R. CIV. P. 9(b);
MEMORANDUM OF POINTS AND AUTHORITIES

        1.   Plaintiff Fails to Allege Privity and Thus, His Implied Warranty Claim Under the Commercial Code Fails As a Matter of Law ............................... 5

        2.   The Claim for Breach of Implied Warranty Under Song-Beverly Is Barred As a Matter of Law ....................................................................................... 5

   E.   THE CLAIMS FOR "UNJUST ENRICHMENT/MONEY HAD AND RECEIVED" FAIL AS A MATTER OF LAW ....................................................... 5

        1.   There is No Claim for Unjust Enrichment Under California Law Where An Underlying Agreement Exists And In Any Event, the Claim is Duplicative of Plaintiffs' Statutory Causes of Action ...................................................... 5

        2.   Plaintiff Has Failed To State A Claim for "Money Had and Received" ....... 5

   F.   PLAINTIFF'S CLAIM UNDER SOUTH DAKOTA LAW FAILS ......................... 5

IV.   CONCLUSION ................................................................................................................ 6

# NOTICE OF MOTION AND MOTION

TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 3, 2016, at 9:00 a.m. or as soon thereafter as the matter can be heard, in Courtroom 6, Fourth Floor of the United States District Court, Northern District of California, 280 South First Street, San Jose, California, 95113, the Honorable Ronald M. Whyte presiding, Defendant Seagate Technology, LLC, will and hereby does move for an order pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b) dismissing with prejudice all claims in the *Nelson* complaint.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the papers and pleadings on file in this action, and such other papers and oral argument as may be submitted prior to or at the hearing on this motion.

Dated: April 6, 2016              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By          /s/ *Anna S. McLean*
              ANNA S. McLEAN

              Attorneys for Defendant
              SEAGATE TECHNOLOGY LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Christopher Nelson ("Plaintiff") asserts claims virtually identical to those asserted in the related *Ginsberg v. Seagate Technology LLC* action, filed just four days after this action by the same law firm. As explained in detail in the concurrently-filed motion to dismiss the *Ginsberg* complaint (the "*Ginsberg* Motion"), both lawsuits allege the same core factual allegations about certain Seagate three terabyte hard disk drives ("3TB HDDs"), and both assert identical claims, with one exception: *Nelson* asserts a claim under South Dakota's Deceptive Trade Practices Statute, while *Ginsberg* asserts a claim under New York's Deceptive Acts and Practices Statute.

Plaintiff's claims fail under Federal Rule of Civil Procedure 12(b)(6) and/or Federal Rule of Civil Procedure 9(b) for the reasons set forth in detail in the *Ginsberg* Motion. Accordingly, for the Court's convenience, this memorandum cross-references the points and authorities in the *Ginsberg* Motion, except as specified below.

## II. STATEMENT OF RELEVANT FACTUAL ALLEGATIONS

Plaintiff, a resident of South Dakota, purchased a Backup Plus drive from bestbuy.com for $105.99 in South Dakota on November 22, 2012. (Compl., ¶¶ 12, 81.) The drive had a two-year warranty and allegedly failed "in December 2014 while it was still under warranty." (*Id.*, ¶ 83.) That same month, Mr. Nelson received a replacement drive from Seagate pursuant to his warranty. (*Id.*, ¶ 85.) The replacement drive failed almost a year later, on October 20, 2015—nearly three years after the original purchase. (*Id.*, ¶ 86.) Mr. Nelson does not allege he sought a replacement for the second failed drive. (*Id., passim*.)

## III. LEGAL ARGUMENT

### A. PLAINTIFF'S UCL, FAL, UNJUST ENRICHMENT AND SOUTH DAKOTA STATUTORY CLAIMS FAIL AS A MATTER OF LAW

#### 1. Plaintiff Fails To Meet The Heightened Pleading Standard Under Rule 9(b)

As set forth in detail in the *Ginsberg* Motion, Plaintiff alleges a fraudulent course of conduct and thus must meet the requirements of Rule 9(b), which he fails to do.

### a. The FAL Claim and UCL "Fraudulent" Claims Fail

As set forth in detail in the same section of the *Ginsberg* Motion, Plaintiff fails to allege with specificity which advertisements he reviewed, found material, and relied on; thus, his FAL and "fraudulent" UCL claims fail.

There is one important distinction between this Complaint and the *Ginsberg* Complaint in this regard. While the *Ginsberg* Complaint makes conclusory, generalized allegations of reliance which themselves are insufficient under Rule 9, Nelson fails to do even that. (*See* Ginsberg Compl., ¶¶ 103, 131; Nelson Complaint, *passim*.)

### b. The Unjust Enrichment and UCL "Unfair" and "Unlawful" Claims Fail

*See Ginsberg* Motion at 8.[1]

### c. The South Dakota Statutory Claim Fails

Plaintiff's claim under the South Dakota statute fails under Rule 9 as well. Like the UCL and FAL claims, this claim relies specifically on allegations that Seagate made "affirmative misrepresentations" (Compl., ¶ 183), and that Seagate "failed to disclose" material facts about the drives (Compl., ¶ 180). Plaintiff quotes the alleged misrepresentations, but fails to allege he saw, read, or relied on any of the misrepresentations. Rule 9(b), at a minimum, requires that such basic facts be pled.

### 2. Plaintiff Has Not Alleged Actionable Misrepresentations Under the FAL or UCL

*See Ginsberg* Motion at 10-13.

In addition, Plaintiff Nelson alleges misrepresentations only with respect to the Barracuda and Backup Plus Drives, not the GoFlex Drive. Moreover, he purchased only a Backup Plus Drive. Thus, he lacks standing to assert claims regarding the Barracuda and GoFlex Drives. *See, e.g., Arroyo v. TP-Link USA Corp.*, 2015 U.S. Dist. LEXIS 133473 (N.D. Cal. Sept. 29, 2015)

---

[1] Unlike the *Ginsberg* Complaint, the *Nelson* Complaint contains a lone reference to California's Consumers Legal Remedies Act (CLRA), and asserts without any supporting factual allegations that Seagate "violated the UCL's 'unlawful' prong" by violating the CLRA. (Nelson Compl., ¶ 109.) However, the *Nelson* Complaint contains no further references to the CLRA, no facts in support of any purported violation thereof, and thus obviously has failed to state any UCL claim based on any such purported violation.

1  (plaintiff lacks standing to assert FAL and other claims where asserting claims "regarding statements she never saw and products she did not buy") (*citing Wilson v. Frito-Lay North America, Inc.*, 961 F. Supp. 2d 1134, 1141 (N.D. Cal. 2013)).

### 3. Plaintiff Has Not Alleged Sufficient Facts To Establish A Fraudulent Omission

#### a. FAL Claim

*See Ginsberg* Motion at 15.

#### b. UCL Claim

*See Ginsberg* Motion at 15.

### 4. Plaintiff Has Not Alleged Facts Sufficient To Support A UCL Claim Based On Other Allegedly "Unfair" Conduct

*See Ginsberg* Motion at 16.

## B. THE UCL AND FAL DO NOT EXTEND TO OUT-OF-STATE TRANSACTIONS INVOLVING NON-CALIFORNIA CITIZENS

*See Ginsberg* Motion at 17. Because Nelson is a South Dakota resident and his purchase took place outside California, all claims based on California statutes fail.

## C. THE CLAIM FOR BREACH OF EXPRESS WARRANTY FAILS AS A MATTER OF LAW

### 1. Seagate Complied With Its Obligations Under The Express Warranty And Thus, Plaintiff Fails To State a Claim

*See Ginsberg* Motion at 19.

### 2. The Claim For Breach of Express Warranty Under Song-Beverly Fails As a Matter of Law

*See Ginsberg* Motion at 21. Plaintiff is not a California resident and thus Song-Beverly does not apply.

### 3. Plaintiff Fails to Allege A Contractual Precondition to Recovery

*See Ginsberg* Motion at 21.

### 4. Plaintiff Fails to Allege Privity

*See Ginsberg* Motion at 22.

///

///

### D. THE BREACH OF IMPLIED WARRANTY CLAIM OF FAILS AS A MATTER OF LAW

#### 1. Plaintiff Fails to Allege Privity and Thus, His Implied Warranty Claim Under the Commercial Code Fails As a Matter of Law

See *Ginsberg* Motion at 22.

#### 2. The Claim for Breach of Implied Warranty Under Song-Beverly Is Barred As a Matter of Law

See *Ginsberg* Motion at 23. Plaintiff is not a California resident and thus Song-Beverly does not apply.

### E. THE CLAIMS FOR "UNJUST ENRICHMENT/MONEY HAD AND RECEIVED" FAIL AS A MATTER OF LAW

#### 1. There is No Claim for Unjust Enrichment Under California Law Where An Underlying Agreement Exists And In Any Event, the Claim is Duplicative of Plaintiffs' Statutory Causes of Action

See *Ginsberg* Motion at 23.

#### 2. Plaintiff Has Failed To State A Claim for "Money Had and Received"

See *Ginsberg* Motion at 23.

### F. PLAINTIFF'S CLAIM UNDER SOUTH DAKOTA LAW FAILS

As shown above and in the *Ginsberg* Motion, Plaintiff's claim under the South Dakota statute fails under Rule 9(b). It fails for the additional reason that the lone Plaintiff in this action has failed to state any claim against Seagate and thus must be dismissed. "Where . . . a representative plaintiff is lacking for a particular state, all claims based on *that* state's laws are subject to dismissal." *In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133, 1164 (N.D. Cal. 2009) (italics original, citation omitted); see also *In re Apple & AT&TM Antitrust Litig.*, 596 F. Supp. 2d 1288, 1309 (N.D. Cal. 2008) (dismissing claims based on consumer protection laws of every state from which no plaintiff was named).

///

///

///

////

///

IV. **CONCLUSION**

For these reasons, the Complaint should be dismissed with prejudice in its entirety.

Dated: April 6, 2016

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  /s/ *Anna S. McLean*

ANNA S. McLEAN

Attorneys for Defendant
SEAGATE TECHNOLOGY LLC