1  Jeff D. Friedman (173886)
   HAGENS BERMAN SOBOL SHAPIRO LLP
2  715 Hearst Avenue, Suite 202
   Berkeley, California 94710
3  Telephone: (510) 725-3000
   Facsimile: (510) 725-3001
4  jefff@hbsslaw.com

5  Steve W. Berman (*pro hac vice*)
   HAGENS BERMAN SOBOL SHAPIRO LLP
6  1918 Eighth Avenue, Suite 3300
   Seattle, Washington 98101
7  Telephone: (206) 623-7292
   Facsimile: (206) 623-0594
8  steve@hbsslaw.com

9  Marc A. Goldich (*pro hac vice*)
   AXLER GOLDICH, LLC
10 One Liberty Place
   1650 Market Street, Suite 3600
11 Philadelphia, PA 19103
   Telephone: (267) 207-2920
12 mgoldich@axgolaw.com

13 *Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER A. NELSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEAGATE TECHNOLOGY LLC,<br><br>Defendant. | No. 5:16-cv-00523-RMW<br><br>UNOPPOSED MOTION TO CONSOLIDATE RELATED CASES |
| ADAM GINSBERG, DUDLEY LANE DORTCH IV, DENNIS CRAWFORD, and DAVID SCHECHNER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SEAGATE TECHNOLOGY LLC,<br><br>Defendant. | No. 5:16-cv-00612-RMW |

010581-11 870535 V1

1    The two above-captioned actions, both currently pending before this Court, involve common factual and legal questions, common parties, and common counsel. Plaintiff in the *Nelson* action, Christopher Nelson; and Plaintiffs in the *Ginsberg* action, Adam Ginsberg, Dudley Lane Dortch IV, Dennis Crawford, and David Schechner move this Court to consolidate the two actions for all purposes pursuant to Federal Rule of Civil Procedure 42(a).

## PROCEDURAL HISTORY

On February 1, 2016, Christopher Nelson filed his complaint. *Nelson v. Seagate Tech. LLC*, No. 5:16-cv-00523 (ECF 1) (Feb. 1, 2016). Four days later, on February 5, 2016, the plaintiffs in the *Ginsberg* action filed their complaint. *Ginsberg v. Seagate Tech., LLC*, No. 5:16-cv-00612 (ECF 1) (Feb. 5, 2016). On February 8, the *Nelson* case was reassigned to this Court. (*Nelson* at ECF 11.) On February 26, upon motion by *Ginsberg* plaintiffs, this Court related *Ginsberg* to *Nelson*. (*Nelson* at ECF 20; *Ginsberg* at ECF 17.) On April 6, Defendant filed motions to dismiss the complaint in both actions. (*Nelson* at ECF 22; *Ginsberg* at ECF 20.) In large part, Defendant's motion to dismiss in *Ginsberg* refers the Court to the Defendant's motion to dismiss in *Nelson*. The parties stipulated to, and the Court granted, identical extended briefing schedules for the two motions to dismiss. (*Nelson* at ECF 25; *Ginsberg* at ECF 23.) Plaintiffs will file a consolidated amended complaint on or before May 4, 2016. Discovery has not yet begun in either *Nelson* or *Ginsberg*.

## ARGUMENT

When actions before a court involve a common question of law or fact, the court may consolidate the actions. Fed. R. Civ. P. 42(a). "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *S.W. Marine, Inc. v. Triple A. Mach. Shop., Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989). The court has broad discretion to consolidate cases. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987).

*Nelson* and *Ginsberg* are ideal for consolidation. The cases involve common questions of law and fact. Both suits are putative nationwide class actions brought on behalf of individuals in the United States who purchased, not for resale, at least one Barracuda 3TB Hard Disk Drive, model number ST3000DM001, or at least one external drive that contained the aforesaid Barracuda drive.

(*Nelson* at ECF 1, ¶ 95; *Ginsberg* at ECF 1, ¶ 95.) Both actions allege that the same defendant repeatedly failed to deliver non-defective hard drives, despite marketing the drives as innovative, fast, powerful, reliable, dependable, and having extremely low failure rates. (*Nelson* at ECF No. 1, ¶¶ 1-4, 20-53; *Ginsberg* at ECF 1, ¶¶ 1-4, 20-53.) Defendant denies the allegations and believes the complaints should be dismissed at an early stage, but agrees that consolidation of these cases would maximize efficiency. Defendant retains its right to answer, move to dismiss, or otherwise respond to the consolidated amended complaint that Plaintiffs will file on or before May 4. The *Nelson* and *Ginsberg* cases include nearly identical allegations that raise common and overlapping factual and legal issues with respect to both liability and class certification. Both actions plead violation of California's Unfair Competition Law, California's False Advertising Law, breach of express and implied warranties, and unjust enrichment. Both lawsuits bring claims asserting violations of state deceptive trade practices acts. Moreover, one of the central issues in both *Ginsberg* and *Nelson* is whether Seagate failed to deliver non-defective hard drives. Additionally, the evidence and witnesses in both actions will be the same.

Consolidating *Nelson* and *Ginsberg* would promote efficiency by avoiding "unnecessary duplication of proceedings and effort," would conserve judicial resources, would reduce overlapping discovery, and would foster uniform decision-making while "guard[ing] against the risk of inconsistent adjudications." *National R.R. Passenger Corp. v. Camargo Trucking*, No. 1:12-cv-775AWI-BAM, 2013 WL 101811, at *2 (E.D. Cal. 2013) (consolidating six related cases). *See also In re Oreck Corp. Halo Vaccum & Air Purifiers Mktg. & Sales Pracs. Litig.*, 282 F.R.D. 486, 490 (C.D. Cal. 2012) (stating same). In fact, this Court has already recognized the similarity of the two cases (and the efficiency achieved by consolidating these two cases) when it related *Ginsberg* to *Nelson*. There are no hurdles or conflicts in this case, such as different trial dates or stages of discovery, that would render consolidation inappropriate. *In re Oreck Corp.*, 282 F.R.D. at 491.

## CONCLUSION

In the interest of efficiency, consistency, and judicial economy, Plaintiffs request that the Court consolidate *Ginsberg* and *Nelson* for all purposes, pursuant to Federal Rule of Civil Procedure 42(a).

UNOPPOSED MOTION TO CONSOLIDATE - 2
Case No.: 5:16-cv-00523-RMW
010581-11  870535 V1

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: May 2, 2016 | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 3 | | |
| 4 | | By:  */s/ Steve W. Berman* |
| 5 | | Steve W. Berman (*pro hac vice*)<br>1918 Eighth Avenue, Suite 3300<br>Seattle, Washington 98101 |
| 6 | | Telephone: (206) 623-7292<br>Facsimile: (206) 623-0594 |
| 7 | | steve@hbsslaw.com |
| 8 | | Jeff D. Friedman (173886)<br>715 Hearst Avenue, Suite 202 |
| 9 | | Berkeley, California 94710<br>Telephone: (510) 725-3000 |
| 10 | | Facsimile: (510) 725-3001<br>jefff@hbsslaw.com |
| 11 | | |
| 12 | | Marc A. Goldich (*pro hac vice*)<br>AXLER GOLDICH, LLC<br>One Liberty Place |
| 13 | | 1650 Market Street, Suite 3600<br>Philadelphia, PA 19103 |
| 14 | | Telephone: (267) 207-2920<br>mgoldich@axgolaw.com |
| 15 | | |
| 16 | | *Attorneys for Plaintiffs* |

UNOPPOSED MOTION TO CONSOLIDATE - 3
Case No.: 5:16-cv-00523-RMW
010581-11 870535 V1

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2016, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have caused to be mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

Dated: May 2, 2016                    /s/ *Steve W. Berman*
                                       Steve W. Berman