Jeff D. Friedman (173886)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jeff@hbsslaw.com

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Marc A. Goldich (*pro hac vice*)
AXLER GOLDICH LLC
1650 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: (267) 207-2920
mgoldich@axgolaw.com

*Attorneys for Plaintiffs*

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
NEIL A.F. POPOVI , Cal. Bar No. 132403
npopovic@sheppardmullin.com
ANNA S. McLEAN, Cal. Bar No. 142233
amclean@sheppardmullin.com
DAVID E. SNYDER, Cal. Bar No. 262001
dsnyder@sheppardmullin.com
LIÉN H. PAYNE, Cal. Bar No. 291569
lpayne@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947

Attorneys for Defendant
SEAGATE TECHNOLOGY LLC

1

UNITED STATES DISTRICT COURT

2

NORTHERN DISTRICT OF CALIFORNIA

3

SAN JOSE DIVISION

4

CHRISTOPHER A. NELSON, individually and
on behalf of all others similarly situated,

No. 5:16-cv-00523-RMW

5

6

Plaintiff,

**JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED]
ORDER**

7

v.

8

SEAGATE TECHNOLOGY LLC,

Complaint filed:  February 1, 2016

Defendant.

9

ADAM GINSBERG, DUDLEY LANE
DORTCH IV, DENNIS CRAWFORD, and
DAVID SCHECHNER, individually and on
behalf of all others similarly situated,

No. 5:16-cv-00612-RMW

10

Complaint filed:  February 5, 2016

11

12

Plaintiffs,

13

v.

14

SEAGATE TECHNOLOGY LLC,

15

Defendant.

16

17

The parties to the above-entitled actions jointly submit this JOINT CASE

18

MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All

Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

19

20

1.      Jurisdiction & Service

21

This Court has subject matter jurisdiction over this action pursuant to the Class Action

Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because there are more than 100 proposed Class

22

Members, some members of the proposed class and Defendant Seagate Technology LLC

23

("Seagate") are citizens of different states, and Plaintiffs allege that the amount in controversy

24

exceeds $5 million. Seagate has been served.  At this time, the parties are not aware of any issues

25

regarding personal jurisdiction or venue, or of any parties remaining that need to be served.

26

27

28

2.    <u>Facts</u>

Plaintiff's Statement:  The four named Plaintiffs in the *Ginsberg et al. v. Seagate Technology LLC* action and the Plaintiff in the related *Nelson v. Seagate Technology LLC* action assert claims relating to their purchase of three terabyte hard disk drives ("Drives") which were manufactured, distributed, and sold by Seagate. Plaintiffs allege that Seagate misrepresented and omitted material facts regarding the reliability of the Drives, which each contained a model-wide defect and suffered catastrophic failure, and that Seagate failed to provide Plaintiffs and Class Members with non-defective replacements that conform to the Drives' express and implied warranties. Plaintiffs allege the Drives' model-wide defect causes them to fail prematurely at extremely high rates compared to comparable products and that Seagate omitted material affirmative misrepresentations and omissions regarding the reliability and longevity of the hard drives, in violation of state consumer protection laws. Plaintiffs also allege that Seagate failed to satisfy its warranty obligations because it warranted that it would replace failed drives, but the replacements were also defective and failed at extremely high rates. Plaintiffs allege that, because Seagate did not deliver conforming, non-defective drives, the warranties fail of their essential purpose.

The principal factual issues in dispute will center around Seagate's knowledge of the defect, the omissions of material fact and misleading representations regarding the Drives, Seagate's failure to fulfill its warranty obligations by providing defective replacements, and the extent of damages allegedly suffered by Plaintiffs and the Class.

Seagate's Statement: The four named Plaintiffs in the *Ginsberg et al. v. Seagate Technology LLC* putative class action assert claims virtually identical to those asserted in the related *Nelson v. Seagate Technology LLC* action, Case No. 5:16-cv-00523-RMW.  Both lawsuits allege the same core factual allegations about certain Seagate three terabyte hard disk drives ("3TB HDDs"), which Plaintiffs claim they purchased, used and replaced pursuant to Seagate's limited warranty, but the replacements later failed.  Seagate has moved to dismiss both complaints under Federal Rule of Civil Procedure 12(b)(6) and/or Federal Rule of Civil Procedure 9(b) on the legal bases outlined below in Section 3.

Key factual issues not mentioned by Plaintiffs include:

(1)    Plaintiffs fail to allege they saw and/or relied on any of the allegedly false and misleading statements on which their allegations rely.  Which, if any, of the snippets of marketing materials and data sheets alleged in the Complaint Plaintiffs saw, relied on, and found materially misleading will be key factual issues, if the Complaint is not dismissed because it fails to meet Rule 9(b) pleading standards.

(2)    Plaintiffs fail to allege they have identified *any* common technical defect in their drives, merely that the drives allegedly failed during the warranty period, were replaced pursuant to the warranty, and those replacement drives eventually also failed.  The fact that a product does not last forever does not make it defective.

(3)    Plaintiffs' complaint(s) are based almost entirely *not* on their own experiences with Seagate drives, but on blog postings by low-cost cloud storage company Backblaze, Inc., which admittedly misused Seagate's consumer-grade 3TB drives by using them in a 24/7 commercial environment and "shucking" them from their protective casings.  Whether Backblaze's reports are valid, admissible, or applicable to the consumer setting, and whether the reports provide a plausible basis for plaintiffs' claims will also be key issues in this case.

3.    Legal Issues

Both the *Nelson* and the *Ginsberg* complaints allege violations of California's Unfair Competition Law ("UCL") and False Advertising Law ("FAL"), breach of express and implied warranties, and unjust enrichment. The *Nelson* complaint also asserts a claim under South Dakota's Deceptive Trade Practices Statute and the *Ginsberg* complaint asserts a claim under New York's Deceptive Acts and Practices Statute. The parties anticipate that the disputed points of law will include:

- Whether Plaintiffs' UCL, FAL, unjust enrichment, and consumer protection claims are subject to the heightened pleading requirements of Rule 9(b) and, if so, whether the allegations in the complaint satisfy 9(b) with respect to whether Plaintiffs saw, relied on, found material, and were harmed by any of the alleged misstatements or omissions;
- Whether the UCL and FAL apply to alleged harms to non-California residents taking place outside California;

- Whether Seagate's warranty failed of its essential purpose and whether Seagate breached its warranty by providing nonconforming and defective replacement Drives;

- Alternatively, whether Seagate fully performed its obligations under the express warranty by providing replacement drives;

- Whether privity is required for express or implied warranty claims when a manufacturer includes misrepresentations on product labels or advertising materials and whether privity is required when Plaintiffs are third party beneficiaries to an implied warranty;

- Whether privity is required for breach of express or implied warranties under the Song-Beverly Consumer Warranty Act;

- Whether Plaintiffs can bring claims for unjust enrichment and money had and received where, among other things, there is an underlying agreement and no sum certain is sought, or

- Whether a plaintiff is permitted to plead unjust enrichment in the alternative to contractual-based claims, including breach of warranty.

4.    Motions

On April 6, 2016, in both the *Nelson* and *Ginsberg* cases, Seagate filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b).  Pursuant to this Court's April 8, 2016 Order Granting the Parties' Joint Stipulation Regarding Briefing Schedule for Motions to Dismiss, Plaintiff's opposition to the Motions to Dismiss is due May 4, 2016, Defendant's reply is due May 20, 2016, and hearing is set for June 3, 2016.

On May 2, 2016, Plaintiffs filed an unopposed motion to consolidate the *Nelson* and *Ginsberg* cases and, as indicated below, seek to file an amended complaint.  Once that pleading is filed and the Court rules on the motion to consolidate, the parties will agree on a new briefing and hearing schedule for Seagate's renewed motion to dismiss, assuming some or all of the aforementioned disputed legal issues remain in the amended complaint.

5.    Amendment to Pleadings

Plaintiffs are continuing their investigation of Defendant's conduct and, on or before May 4, 2016, Plaintiffs will amend their complaints to include additional plaintiffs and claims.

6.    Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7.    Disclosures

On May 6, 2016, the parties will exchange their initial disclosures pursuant to Fed. R. Civ. P. 26.

8.    Discovery

The parties are in the process of negotiating proposed orders governing electronic discovery and confidentiality pursuant to Rule 26(f)(3)(c) and expect to submit them to the Court for approval.  As of this statement, no discovery requests have been served by either party. The parties anticipate discovery will focus on at least the following issues:

- The defective nature of the Drives and related warranty claim data regarding the Drives;
- Whether Defendant engaged in a pattern of deceptive and misleading conduct;
- Whether Defendant's acts and omissions violated consumer protection, unfair competition, and/or false advertising statutes;
- Whether Defendant made material misrepresentations of fact or omitted stating material facts to Plaintiffs and the Classes regarding the defective nature and high failure rate of the Drives;
- Whether Defendant breached its express and implied warranties;
- Whether the Plaintiffs and members of the Classes have sustained ascertainable loss and damages as a result of Defendant's acts and omissions, and the proper measure thereof;
- Whether Plaintiffs saw or relied on any of the alleged statements or omissions alleged in the Complaint, and whether such statements or omissions would have been materially misleading to a reasonable consumer;
- Whether Plaintiffs have identified evidence of a common defect;
- The circumstances underlying Backblaze's blog postings and whether they are reliable or applicable to the consumer setting.

9.      Class Actions

(a)      Plaintiffs seek to maintain this case as a class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), and 23(c)(4) in the alternative.  Members of the proposed Classes are fully ascertainable and can be identified using Defendant's records of online retail sales (including records of retail sales by its authorized resellers and dealers), product registrations, and other information kept by Defendant in the usual course of business and/or in the control of Defendant.  The members of the proposed Classes are so numerous that joinder of all members would be impracticable because they contain, at a minimum, thousands of members.

There are common questions of law or fact that predominate.  Specifically:

- Whether Defendant engaged in a pattern of fraudulent, deceptive and misleading conduct;
- Whether Defendant's acts and omissions violated consumer protection, unfair competition, and/or false advertising statutes;
- Whether Defendant made material misrepresentations of fact or omitted stating material facts to Plaintiffs and the Classes regarding the defective nature and high failure rate of the Drives;
- Whether Defendant breached its express and implied warranties;
- Whether, as a result of Defendant's misconduct, Plaintiffs and the Classes are entitled to relief, and, if so, the nature of such relief;
- Whether, by the misconduct set forth herein, Defendant violated the common law of unjust enrichment; whether the Plaintiffs and members of the Classes have sustained ascertainable loss and damages as a result of Defendant's acts and omissions, and the proper measure thereof.

The representative Plaintiffs' claims are also typical of the claims of the members of the Classes they seek to represent. Plaintiffs and members of the Classes have been injured by the same wrongful practices in which Defendant has engaged. Plaintiffs' claims arise from the same practices and course of conduct that give rise to the claims of the members of the Classes and are based on the same legal theories.  A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class Members is economically unfeasible and procedurally impracticable. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

In the alternative, Plaintiffs seek certification pursuant to Rule 23(c)(4) on the issues of: (a) whether Defendant breached its warranty contracts with Plaintiffs and the Class; and (b) whether

Defendant engaged in deceptive, confusing or misleading practices in connection with the sale and warranting of the Drives.

Plaintiffs seek to maintain this action on behalf of the following classes:

- All individuals in the United States who purchased, not for resale, at least one Seagate model ST3000DM001 hard drive, or at least one external drive that contained a drive with the aforesaid model number.

- Alternatively, Plaintiffs bring this action as a class action on behalf of the following Subclasses:

   o All individuals in California who purchased, not for resale, at least one Seagate model ST3000DM001 hard drive, or at least one external drive that contained a drive with the aforesaid model number.

   o All individuals in South Carolina who purchased, not for resale, at least one Seagate model ST3000DM001 hard drive, or at least one external drive that contained a drive with the aforesaid model number.

   o All individuals in New York who purchased, not for resale, at least one Seagate model ST3000DM001 hard drive, or at least one external drive that contained a drive with the aforesaid model number.

   o All individuals in Florida who purchased, not for resale, at least one Seagate model ST3000DM001 hard drive, or at least one external drive that contained a drive with the aforesaid model number.

(b)     Seagate believes that no class should be certified in this case.  Plaintiffs fail to allege a common defect and, with respect to Plaintiffs' consumer fraud-based claims, individual issues of exposure, materiality, reliance and damages will predominate.  Additional defenses to class certification may be revealed upon discovery.

10.     Scheduling

Given Plaintiffs' intention to file amended pleadings, the parties propose submitting a proposed case schedule to the Court subsequent to or in conjunction with a proposed briefing schedule for Seagate's anticipated motions to dismiss.

11.     Related Cases

The Ginsberg and Nelson actions are related cases, and Plaintiffs now ask that they be consolidated. A putative class action containing similar allegations about Seagate's 3TB hard

1   drives is currently pending before Judge Karnow in San Francisco Superior Court, *Pozar v.*

2   *Seagate Technology LLC*, CGC-15-547787 (filed September 4, 2015) (alleging California class).

3   The Pozar plaintiffs filed a First Amended Complaint on November 20, 2015, Seagate filed a

4   demurrer on December 15, 2015, and, following a hearing on February 10, 2016, the court

5   overruled Seagate's demurrer. Seagate answered the First Amended Complaint on February 23,

6   2016 and discovery subsequently commenced.  The parties here have agreed to informally

7   coordinate discovery with the *Pozar* matter to the extent feasible, to avoid duplication and

8   promote efficiency.

9          12.     Relief

10         Plaintiffs seek restitution, actual damages, consequential damages, and/or incidental

11   damages caused by the Drives' failure, pre-judgment and post-judgment interest, other relief as

12   provided by the statutes, equitable relief in the form of restitution and/or disgorgement, injunctive

13   relief, and attorney's fees and costs.

14         13.     Settlement and ADR

15         Given Plaintiffs' forthcoming amended pleading and Defendant's likely motion to dismiss,

16   the parties believe alternative dispute resolution is premature. The parties have complied with

17   ADR L.R. 3-5 and, pursuant to same, participated in an ADR Phone Conference on May 2, 2016

18   (which the parties and the Court's ADR attorney agreed was for both *Ginsberg* and *Nelson*), at

19   which it was decided that a further ADR Phone Conference will take place on November 1, 2016,

20   after the pleadings are settled.  The parties agreed that they may be willing to discuss early

21   resolution at a later time.

22         14.     Consent to Magistrate Judge For All Purposes

23         *Whether **all** parties will consent to have a magistrate judge conduct all further proceedings*

24   *including trial and entry of judgment.     ____ YES    __X__ NO*

25

26

27

28

15.    Other References

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

16.    Narrowing of Issues

Presently, there are no issues that the parties believe can be narrowed by agreement or by motion, or suggestions to expedite the presentation of evidence at trial.

17.    Expedited Trial Procedure

The parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64.

18.    Trial

The case will be tried by a jury, except with respect to the UCL, FAL, and other equitable claims, and the parties currently anticipate the trial will not take longer than one week.

19.    Disclosure of Non-party Interested Entities or Persons

Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.

Other than the parties themselves, Plaintiffs are unaware of any persons, firms, partnerships, corporations (including parent corporations) or other entities which have: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Seagate identified the applicable related entities in its Certificate of Interested Entities or Persons, filed April 6, 2016. Seagate also notes that plaintiffs in the *Pozar* case pending in state court may also have an interest in the outcome of these proceedings.

20.    Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21.   <u>Other</u>

At this time, the parties are unaware of any other matters that may further facilitate the just, speedy and inexpensive disposition of this matter.


Dated: 5/3/2016                    s/ Marc A. Goldich_____
                                   Counsel for plaintiff



Dated: 5/3/2016                    s/ Anna McLean_____
                                   Counsel for defendant


<u>CASE MANAGEMENT ORDER</u>

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.


IT IS SO ORDERED.

Dated:
                                   _____
                                         UNITED STATES DISTRICT JUDGE