Jeff D. Friedman (173886)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Marc A. Goldich (*pro hac vice*)
AXLER GOLDICH, LLC
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (267) 207-2920
mgoldich@axgolaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE SEAGATE TECHNOLOGY LLC LITIGATION<br><br>CONSOLIDATED ACTION | No. 5:16-cv-00523-RMW<br><br>**PLAINTIFFS' MOTION FOR APPOINTMENT AS INTERIM CO-LEAD CLASS COUNSEL AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: June 17, 2016<br>Hearing Time: 9:00 a.m. |

010581-11 872634 V1

**TABLE OF CONTENTS**

I. NOTICE OF HEARING ...................................................................................................1

II. RELIEF REQUESTED ....................................................................................................1

III. MEMORANDUM OF POINTS AND AUTHORITIES ...................................................1

    A. Introduction .........................................................................................................1

    B. Statement of Issues To Be Decided .....................................................................2

    C. Statement of Relevant Facts ................................................................................2

        1. Summary of Plaintiffs' claims. ................................................................2

        2. Procedural history. ..................................................................................3

    D. Argument .............................................................................................................3

        1. Proposed Interim Co-Lead Counsel have expended substantial resources investigating the underlying claims. ..............................4

        2. Proposed Interim Lead Co-Counsel are highly experienced in efficiently litigating complex consumer class action litigation. ..............................................................................................5

            a. Hagens Berman ...........................................................................5

            b. Axler Goldich ..............................................................................8

        3. Counsel's knowledge of applicable law. ...............................................10

        4. Proposed Interim Co-Lead Counsel can devote substantial resources to the prosecution of this Action. .............................................10

        5. Other factors demonstrate counsel's fitness to serve as Interim Co-Lead Counsel. ...............................................................................11

            a. Willingness and ability to commit to a time-consuming process. .....................................................................11

            b. Geographic diversity. ................................................................12

    E. Conclusion .........................................................................................................12

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*In re Cal. Title Ins. Antitrust Litig.*,
   2008 WL 4820752 (N.D. Cal., Nov. 3, 2008) ............................................................................... 4

*Ferrare v. IDT Energy, Inc.*,
   No. 14-4658 (E.D. Pa.) ................................................................................................................ 9

*Michelle v. Arctic Zero, Inc.*,
   2013 WL 791145 (S.D. Cal. Mar. 1, 2013) .............................................................................. 3, 4

*Paraggua v. LinkedIn Corp.*,
   2012 WL 3763889 (N.D. Cal. Aug. 29, 2012) ......................................................................... 3, 4

*Parkinson v. Hyundai Motor Am.*,
   2006 WL 2289801 (C.D. Cal. Aug. 7, 2006) .............................................................................. 3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23 ............................................................................................................... *passim*

## I.     NOTICE OF HEARING

Plaintiffs Christopher Nelson, Dennis Crawford, Joshuah Enders, Adam Ginsberg, David Schechner, Chadwick Hauff, James Hagey, Nikolas Manak, John Smith, and Dudley Lane Dortch IV (collectively "Plaintiffs") move for the appointment of their attorneys, Hagens Berman Sobol Shapiro LLP ("Hagens Berman") and Axler Goldich LLC ("Axler Goldich") (together, "Interim Co-Lead Counsel") as Interim Co-Lead Counsel for the consolidated cases of *Nelson v. Seagate Technology LLC*, No. 16-cv-00523, and *Ginsberg, et al. v. Seagate Technology LLC*, No. 16-cv-00612. Pursuant to Local Rule CR 7-2(a), Plaintiffs note a hearing for June 17, 2016 at 9:00 a.m., or, in the alternative, for a date and time to be determined by the Court.

## II.     RELIEF REQUESTED

Pursuant to Federal Rule of Civil Procedure 23(g)(3), Plaintiffs move for appointment of their attorneys, Hagens Berman and Axler Goldich, as Interim Co-Lead Counsel in the consolidated cases.

## III.     MEMORANDUM OF POINTS AND AUTHORITIES

### A.     Introduction

Rule 23(g)(3) permits the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Doing so protects the interests of the putative class and empowers counsel to move the case forward and, if the opportunity arises, be in a better position to negotiate settlement. Here, Proposed Interim Co-Lead Counsel stand as the most qualified firms to prosecute this case on behalf of the putative class. In addition to collectively having unparalleled quality and experience, Hagens Berman and Axler Goldich have identified and investigated the facts, industry, and law for this litigation; have significant experience in complex class action litigation generally and with consumer protection and unfair and deceptive trade practices cases in particular; are intimately familiar with the applicable law; and have the resources necessary to prosecute the claims. Given their specialized experience, resources, and record of outstanding client results, Proposed Interim Co-Lead Counsel are the best qualified to represent the interests of the putative class and should be appointed on an interim basis under Rule 23(g).

**B.     Statement of Issues To Be Decided**

The issue to be decided is whether the Court should appoint Hagens Berman and Axler Goldich as Interim Co-Lead Counsel for Plaintiffs and the putative class pursuant to Federal Rule of Civil Procedure 23(g)(3).

**C.     Statement of Relevant Facts**

    **1.     Summary of Plaintiffs' claims.**

In October 2011, Defendant Seagate Technology (Seagate) released the Seagate Barracuda 3TB Internal Hard Disk Drive.  Seagate subsequently released external versions of the Barracuda, such as the Seagate Backup Plus 3TB External Hard Disk Drive and the Seagate FreeAgent GoFlex 3TB External Hard Disk Drive, collectively referred to as "Drives."  On its website and in its promotional and informational publications, Seagate claimed, and continues to claim and market, that the Drives are reliable, dependable, have extremely low failure rates, and are suitable for Network Attached Storage (NAS) devices and Redundant Array of Independent Disk (RAID) configurations.  ¶¶ 2-3.[1]

Plaintiffs allege that the Drives are not reliable or dependable, and that they do not have low failure rates.  Rather, the Drives contain latent, model-wide defects that cause them to fail prematurely at spectacularly high rates.  Indeed, many Plaintiffs and putative class members purchased Drives that failed months, weeks, and even days after their very first use.  Moreover, and contrary to Seagate's representations, the Drives are not designed for certain types of home RAID configurations and are not suitable for *any* type of RAID or NAS due to their tendency to suddenly fail.  ¶¶ 4-7; *see also id.* ¶¶ 135-263 (setting forth detailed allegations for each Plaintiff and a sampling of class members).

Plaintiffs allege that Seagate's misrepresentations and failure to disclose the serial latent defects constitute violations of state unfair and deceptive trade practices acts.  Plaintiffs also bring claims for breach of express and implied warranty because, due to the latent defects that exsited at the time of sale and/or replacement, Seagate's warranty necessarily fails of its essential purpose

---

[1] Unless otherwise indicated, "¶" refers to paragraphs in Plaintiffs' Consolidated Amended Complaint.

practice. Plaintiffs seek certification of a nationwide class or alternative state classes (¶¶ 264-65), and the relief sought includes restitution and damages arising from replacement costs, loss of data, and data recovery expenses. ¶¶ 9-13.

### 2. Procedural history.

The first two actions in this matter were filed February 1, 2016 (*Nelson*), and February 5, 2016 (*Ginsberg*). Based on additional investigation and research, Proposed Interim Co-Lead Counsel filed amended complaints on May 5 in both actions, adding additional plaintiffs, allegations, and claims. On May 6, 2016, this Court consolidated *Nelson* and *Ginsberg* (Dkt. No. 38), and on May 9, Plaintiffs, through Proposed Interim Co-Lead Counsel, filed a Consolidated Amended Complaint.

**D.     Argument**

Pursuant to Rule 23(g)(3), the court may designate interim class counsel in order to protect the interests of the putative class prior to determining whether the action should be certified as a class action. *See*, *e.g.*, *Paraggua v. LinkedIn Corp.*, 2012 WL 3763889, at *1 (N.D. Cal. Aug. 29, 2012); *Michelle v. Arctic Zero*, *Inc.*, 2013 WL 791145, at *1 (S.D. Cal. Mar. 1, 2013); *accord*, *Parkinson v. Hyundai Motor Am.*, 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006). Appointing interim class counsel is also a useful tool to "clarify[y] responsibility for protecting the interests of the class during pre-certification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiation settlement." *Id.*, at *2 (quoting MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.11 (2004)).

Approval of the proposed interim leadership will, among other things, (i) allow for a coordinated and resourceful response to any dispositive motions on the Consolidated Amended Complaint; (ii) assist the efficient prosecution of this action through a decision on class certification and appointment of permanent class co-counsel if a class is certified; and (iii) facilitate any potential settlement discussions that may occur in the future. Advisory Committee Notes to former Fed. R. Civ. P. 23(g)(2)(A). Other benefits will also accrue, including providing third parties with assurances that they are dealing with counsel with authority to negotiate document preservation and

MOTION FOR CO-LEAD CLASS COUNSEL- 3
Case No.: 5:16-cv-00523-RMW
010581-11 872634 V1

production issues. Establishing interim co-lead counsel will provide all concerned with the requisite indicator that these firms are empowered to act on behalf of the proposed class.

Courts apply the factors set forth in Rule 23(g) when appointing interim, as well as class, counsel. *Pragggua*, 2012 WL 3763889, at *1 ("Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, the court may consider the factors contained in Federal Rule of Civil Procedure 23(g)(1)."); *In re Cal. Title Ins. Antitrust Litig.*, 2008 WL 4820752, at *1 (N.D. Cal., Nov. 3, 2008) ("When appointing interim class counsel, a court must find that the applicant is adequate under [Rule 23(g)(1)(A) and (B)]."). The Rule 23(g) factors to consider are:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

*Pragggua*, 2012 WL 3763889, at *1 (quoting Rule 23(g)(1)(A)); *see also Michelle*, 2013 WL 791145, at *2 (same). Additionally, "[t]he court may also 'consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.'" *Pragggua*, 2012 WL 3763889, at *1 (quoting Rule 23(g)(1)(B)); *see also Michelle*, 2013 WL 791145, at *2 (same).

The Rule 23(g) factors strongly support appointing Hagens Berman and Axler Goldich, the firms that initiated this litigation, as Interim Co-Lead Class Counsel on behalf of Plaintiffs and the proposed class.

**1. Proposed Interim Co-Lead Counsel have expended substantial resources investigating the underlying claims.**

Proposed Interim Co-Lead Counsel have invested substantial time and effort into researching the claims, analyzing the industry, developing legal strategy, and identifying affected potential class members and representatives—and their investigation is ongoing. For instance, Proposed Interim Co-Lead Counsel investigated and researched the claims in this case for many months prior to filing the case; identified a study by Backblaze, which reviewed and reported on the Drives' staggeringly high failure rate compared to other drives (¶¶ 82-109); reviewed a broad set of Seagate's

advertisements and data sheets, and identified misrepresentations contained therein as to reliability, dependability, and quality of the Drives (¶¶ 116-21); and have collected from consumers nationwide their complaints about the Drives (¶¶ 135-263).[2]  Proposed Interim Co-Lead Counsel have also researched and investigated relevant industry materials, studies, and resources, and this work continues.  Thousands of consumers nationwide have inundated Proposed Interim Co-Lead Counsel with stories similar to those alleged by Plaintiffs in the Consolidated Amended Complaint, and we have created a database containing this consumer information, which continues to steadily expand as more consumers reach out with their stories of the damage wrought by the Drives.  Berman Decl., ¶ 3.  Both firms are well versed in the applicable laws in this case, and the very detailed and comprehensive Consolidated Amended Complaint reflects the care and commitment that they have devoted, and will continue to devote, to this litigation.  Proposed Interim Co-Lead Counsel also possess substantial knowledge of the larger legal landscape, evidenced by their significant experience as lead or co-lead counsel in many multi-state and nationwide class actions, discussed in more detail below.

### 2. Proposed Interim Lead Co-Counsel are highly experienced in efficiently litigating complex consumer class action litigation.

Both on a national scale and in California, Proposed Interim Co-Lead Counsel have extensive experience handling complex litigation and class-action lawsuits generally, including national consumer class actions.  Firm résumés are attached to the Berman Declaration at Exhibits A and B.  Both firms are well-versed in the applicable law and procedures, and have the experience and knowledge necessary to provide the putative classes the best representation possible.  Members of the two firms, including those attorneys described below, have worked collaboratively together, and will continue that working relationship as litigation proceeds.

### a. Hagens Berman

Hagens Berman regularly litigates complex class actions throughout the country and in this District, and we have been appointed as lead or co-lead counsel in some of the largest consumer

---

[2] After filing the *Nelson* and *Ginsberg* actions, Plaintiffs become aware that a lawsuit involving similar subject matter is pending in California Superior Court, *Pozar et al. v. Seagate Technology LLC*, No. CGC-15-547787.  Declaration of Steve W. Berman ("Berman Decl."), ¶ 2.

1  fraud, product liability, securities, and antitrust class actions in history. Our firm is particularly
2  skilled at managing multi-state and nationwide class actions through an organized, coordinated
3  approach that implements an efficient and aggressive prosecutorial strategy. Among the dozens of
4  class actions in which Hagens Berman has held leadership positions are numerous cases, such as this
5  one, where different types of claims have been consolidated for prosecution, requiring cogent
6  counsel structures and coordination.

7  While serving as lead or co-lead counsel, Hagens Berman has achieved remarkable results for
8  consumers and investors. Below are a few examples of the firm's innovative track record, and a
9  more complete summary is set forth in the firm résumé included as Exhibit A to the Berman
10 Declaration:

> *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, MDL No. 1486 (N.D. Cal.). Hagens Berman recently served as co-lead counsel in this matter, recovering settlements exceeding $325 million for the direct purchaser class and earning praise from the Honorable Judge Phyllis Hamilton for counsel's skill, efficiency, and cooperation with other parties and the Court. In addition, Hagens Berman is presently interim co-lead counsel for indirect purchasers in *In re Optical Disk Drive Antitrust Litigation*, No.3:14-cv-03264 (N.D. Cal.) and *In re Lithium Ion Batteries Antitrust Litigation*, No. 3:10-md-02143 (N.D. Cal.).
>
> *In re Charles Schwab Corp. Securities Litigation*, No.08-cv-01510 WHA (N.D. Cal.). The court appointed Hagens Berman as sole lead counsel in this class action alleging that Schwab marketed the YieldPlus Fund as a safe, money market alternative even though fund managers were over-concentrating fund assets in speculative securities. A $235 million class settlement resulted shortly before trial.
>
> *In re Bextra Marketing Sales Practices and Product Liability Litig.*, MDL. 1699 (N.D. Cal.). Hagens Berman filed suit against Pfizer claiming that the pharmaceutical giant launched a misleading marketing campaign for its drugs Bextra and Celebrex. On October 17, 2008, the firm, serving as lead counsel, settled the case for $89 million.
>
> *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices & Products Liability Litigation*, No. 8:10-ML-2151-JVS (S.D. Cal.) ("*Toyota*"). Hagens Berman was co-lead counsel for the economic loss classes in this MDL, which alleged that a defect caused vehicles to undergo sudden, unintended litigation. The resulting settlement valued at over $1.6 billion included $500 million in cash payments to class members, many of whom received checks for thousands of dollars; installation of a safety enhancing brake override system on numerous vehicle models; and a program that substantially extended warranties. Hagens Berman has also been appointed lead or

MOTION FOR CO-LEAD CLASS COUNSEL- 6
Case No.: 5:16-cv-00523-RMW
010581-11 872634 V1

co-lead in other high profile vehicle cases, including *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, & Products Liability Litigation*, No. 15-MD-02672-CRB (N.D. Cal.) (member of Plaintiffs' Steering Committee) and *In re General Motors LLC Ignition Switch Litigation*, No. 14-MD-2543 (JMF) (S.D.N.Y.). Steve Berman is the only lawyer in the country appointed to co-lead the economic loss cases in the two largest automobile defect cases in the United States—*Toyota* and *GM*. In each case, the initial appointment was made *sua sponte*, highlighting Hagens Berman's reputation and proven abilities.

*In re Elec. Books Antitrust Litig.*, 11-md-2293 DLC (S.D.N.Y.). We pioneered this litigation as lead counsel against Apple and the largest brick-and-mortar publishers for antitrust violations. We worked in novel partnership with the Department of Justice and 33 State Attorneys General, representing purchasers of e-books in 19 states and four U.S. territories. As a result of the settlement, the class may receive up to $560 million to resolve price-fixing allegations, on single damages of $270 million.

*In re Visa Check/MasterMoney Antitrust Litig*, No. CV-96-5238 (E.D.N.Y.) Hagens Berman was appointed co-lead counsel by the Court in this case, in which a number of large and small merchants and three trade associations sued Visa and MasterCard, alleging that defendants have created a tying arrangement in violation of § 1 of the Sherman Antitrust Act by means of their 'honor all cards' policy, which requires stores that accept defendants' credit cards to accept their debit cards as well. Plaintiffs also alleged that defendants attempted and conspired to monopolize the debit card market in violation of § 2 of the Sherman Act. *In re Visa Check/MasterMoney Antitrust Litig*., 280 F.3d 124, 129-30 (2d Cir. 2001), *cert. denied*, 536 U.S. 917 (2002). Following affirmation of class certification by the Second Circuit, the parties ultimately settled the case on the eve of trial in a settlement valued at $3 billion—one of the largest civil antitrust recoveries to date. *Id*.

*Attorney General Tobacco Litigation*. In the historic litigation against the tobacco industry, the firm represented thirteen states and pursued innovative claims that helped achieve a global settlement of all cases for the largest recovery in litigation history—$260 billion. Only two law firms, including Hagens Berman, went to trial in these Attorney General actions.

Years of commandeering complex class actions have taught us to pursue a vigorous and efficient prosecution with a nimble leadership team, clear lines of responsibility, and a commitment to "live and breathe" a case. We become experts in the facts, the law, and the science of the case and marshal a counsel team committed to doing the same. Many courts have acknowledged Hagens Berman's class action leadership, excellence, and high ethical standards. In *Toyota*, Judge Selna commented that "Class counsel has consistently demonstrated extraordinary skill and effort." In appointing the firm as Interim Class Counsel in *In re: Stericycle, Inc. v. Steri-Safe Contract*

*Litigation*, MDL No. 2455, Senior Judge Milton I. Shadur of the Northern District of Illinois commented that Steve Berman's "track record" was "impressive," and that the firm had "a substantial number of really outstanding big-ticket results." And in selecting Hagens Berman as lead counsel in *In re Optical Disk Drive Products Antitrust Litigation* (N.D. Cal.), the court stated: "[A] clear choice emerges. That choice is the Hagens Berman firm."

### b. Axler Goldich

Axler Goldich LLC, based in Philadelphia, is a class action and consumer advocacy litigation firm whose lawyers regularly litigate complex class actions throughout the country, recovering millions of dollars for consumers, injured individuals, and their families. Axler Goldich has the ability to devote skilled lawyers and the other resources necessary for the successful prosecution of complex class action litigation, including this case. The Axler Goldich lawyers who will be primarily responsible for this case have litigated numerous consumer protection cases and have extensive experience in nationwide consumer class actions.

Marc A. Goldich and Noah Axler, co-managing partners of the firm, are accomplished attorneys possessing the requisite professional experience and skills necessary for this class action and have served or are currently serving as lead counsel, co-lead counsel, or in other leadership positions in a variety of other class action cases. *See*, *e.g*.; *Smith v. Levine Leichtman Capital Partners*, *Inc*., No. 10-10 (N.D. Cal.); *Livi*, *et al. v. Hyatt Hotels Corp*., 2:15-cv-05371 (E.D. Pa.); *In re Pacquiao- Mayweather Boxing Match Pay-Per-View Litig*., MDL No. 2:15-ml-02639-RGK, (C.D. Cal.); *Murray*, *et al. v. Accor North America*, *Inc*., et al., 2:15-cv-04907 (E.D. Pa.); *King v. Gen. Info. Servs. Inc*., No. 10-06850 (E.D. Pa.); *Sonoda v. Amerisave Mortgage Corp*., No. 11-1803 (N.D. Cal.); *Trombley v. Bank of Am. Corp*., No. 1:08-cv-00456 (D.R.I.); *Brown v. Access Midstream Partners*, *L.P*., 2015 WL 1471598 (M.D. Pa. Mar. 31, 2015); *Little v. LGE*, No. 13-1214 (W.D. Ky.); *Rothstein v. AAA*, No. 15-cv-09391-LAK-RLE (S.D.N.Y.).

Prior to founding Axler Goldich, Mr. Goldich managed a consumer protection class action, products liability, qui tam/whistleblower, pharmaceutical litigation, and mass tort litigation practice at a prominent nationally recognized plaintiffs' firm. Mr. Goldich also previously maintained a commercial litigation practice for over a decade at Reed Smith LLP, representing Fortune 500

companies and corporate clients from various industries in consumer class-action cases involving consumer protection, breach of contract and fraud.  *See, e.g., White, et al. v. The PNC Financial Services Group, Inc., et al.*, Civil Action No. 2:11-cv-07928-L (E.D. Pa.) (putative class action brought in Pennsylvania federal court alleging violations of the Real Estate Settlement Procedures Act and claims for unjust enrichment in relation to reinsurance arrangements that the financial institution's affiliate reinsurance company entered into with mortgage insurers); *Judith Cunningham, et al. v. M & T Bank Corp., et al.*, Civil Action No. 1:12-CV-123 (M.D. Pa) (putative class action brought in Pennsylvania federal court alleging violations of the Real Estate Settlement Procedures Act and claims for unjust enrichment in relation to reinsurance arrangements that the financial institution's affiliate reinsurance company entered into with mortgage insurers); *Ferrare v. IDT Energy, Inc.*, No. 14-4658 (E.D. Pa.) (putative class action involving allegations that an energy company breached its contracts with its customers and the covenant of good faith and fair dealing implicit in those contracts).

Prior to founding Axler Goldich, Mr. Axler was a partner at Donovan Axler LLC, a nationally recognized plaintiffs' class action litigation firm, where he litigated numerous class action cases, including consumer, antitrust, employment, and environmental actions, and was routinely appointed lead counsel or co-lead counsel to represent plaintiff classes in state and federal courts throughout the country.  Mr. Axler has been appointed class counsel in numerous class actions and has played significant roles in the prosecution of a variety of complex commercial litigation cases. Some of Mr. Axler's representative class-action settlements include *Sonoda v. Amerisave Mortgage Corp.*, No. 11-1803 (N.D. Cal.) (alleging violations of Truth in Lending Act and California law against online mortgage broker, resulting in $3.2 million settlement); *Smith v. Levine Leichtman Capital Partners, Inc., et al.*, No. 10-10 (N.D. Cal.) (alleging violation of RICO and debt collection laws against bad check recovery Company, resulting in $3.25 million settlement); *Ryals v. Hireright Solutions, Inc.*, No. 3:09-cv-625 (E.D. Va. 2011) (alleging violations of the federal Fair Credit Reporting Act ("FCRA") against credit reporting agency with respect to criminal background checks resulting in $28 million settlement).

David Jacoby, another Axler Goldich attorney working on this case, has over 40 years' experience representing consumers and aggrieved plaintiffs. He was named a finalist for Trial Attorney of the Year by Lawyers for Public Justice, has tried numerous multi-million dollar cases to verdict, served as liaison and trial counsel in the *In re Diet Drugs* state class action litigation, liaison in the *In re Propulsid* class action litigation, and recently participated as trial counsel in the *In re Risperdal* trials in the Court of Common Pleas, Philadelphia County, Philadelphia.

### 3. Counsel's knowledge of applicable law.

Interim Co-Lead Counsel have successfully prosecuted class actions involving a wide range of defects in automobiles, computers, housing, and consumer products generally. In these cases, we acquired expertise in, and have extensively briefed, among others, issues relating to Article III standing; arbitration clauses; notice, presentment and privity requirements under various state warranty laws; the consumer protection laws of every jurisdiction in the United States; proximate causation; and multiple forms of equitable and money relief. Hagens Berman has established relationships with a stable of experts in the computer field, including computer hardware and software. And we have worked with a wide variety of damages experts to ensure that damage models meet the theory of liability pursued. Interim Co-Lead Counsel also have class certification experience that will be critical to this case, and Hagens Berman is one of the few firms in the country to have successfully *litigated* multi-state class certification motions.

### 4. Proposed Interim Co-Lead Counsel can devote substantial resources to the prosecution of this Action.

Proposed Interim Co-Lead Counsel are very familiar with the substantial resources necessary to litigate a case of this magnitude and are prepared to devote them to this case. Notably, both firms are well capitalized and fully capable and prepared to staff and finance this action. Proposed Interim Co-Lead Counsel have access to over 75 attorneys who are further aided by contract attorneys. Additionally, Proposed Interim Co-Lead Counsel will manage the work efficiently and avoid waste and duplication. Assignments to firms will be made to fit a particular firm's expertise and not in an effort to "make work" or drive up lodestar. Proposed Interim Co-Lead Counsel will, as is their practice, strive to minimize discovery disputes and focus on proving the key claims in this case. We

1  have the experience and resources to deal with large volumes of documents and the substantial
2  amount of discovery, motion practice, and trial work that will be required in this action. The
3  attorneys at the firms are trial lawyers, including former Assistant United States Attorneys, Assistant
4  State Attorneys General, and local prosecutors, and both firms have the resolve to take complex class
5  actions to trial. For instance, Hagens Berman successfully litigated the three-month trial *In re*
6  *Pharmaceutical Industry Average Wholesale Pricing Litigation* and was co-lead trial counsel in *In re*
7  *Neurontin Marketing*, *Sales Practices*, *and Products Liability Litigation*, Case No. 04-10981 (D.
8  Mass.), which resulted in a $47 million jury verdict which was trebled to $142 million.

        **5.**      **Other factors demonstrate counsel's fitness to serve as Interim Co-Lead Counsel.**

Rule 23(g)(1)(B) encourages the Court to consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interest of the class," and we suggest that the additional factors be considered.

        **a.**      **Willingness and ability to commit to a time-consuming process.**

Plaintiffs suggest that two points animate this factor: commitment of firm resources and senior partners to the case, and a willingness to take the case to trial and settle only if consumers obtain real relief. Proposed Interim Co-Lead Counsel rate highly on both metrics. Both firms' track records in taking on powerful corporations—including major tobacco, consumer goods, pharmaceutical, and banking interests—demonstrates that each firm consistently commits their full power to prosecute claims in the best interests of Plaintiffs and proposed class, and that they have the ability to fund litigation costs over many years of litigation and trial. For example, as he did in *Toyota*, if appointed co-lead here, Mr. Berman will personally dedicate whatever time is necessary to successfully manage and prosecute the cause, and he expects to devote a substantial amount of his time on this matter. Likewise, if appointed co-lead, Mr. Goldich will continue to personally dedicate the time and resources necessary needed to effectually represent the Plaintiffs and putative class in pursuit of a successful resolution.

When class actions settle, Proposed Interim Co-Lead Counsel are committed to ensuring that real value is provided to the class. For example, in *Schwab*, the California settlement recovered about 82% of damages with average check amounts of approximately $1,564, and the federal

MOTION FOR CO-LEAD CLASS COUNSEL- 11
Case No.: 5:16-cv-00523-RMW
010581-11 872634 V1

settlement recovered approximately 44% of damages with an average payout to class members of about $881. In *Toyota*, vehicle registration data was used to identify and mail checks to class members, although class members were provided the opportunity to obtain enhanced recoveries by filing claim forms containing certain information not reflected in the registration data.

### b. Geographic diversity.

Hagens Berman has ha national practice with offices in San Francisco, Seattle, New York, Boston, Washington, D.C., Chicago, Los Angeles, Phoenix, and Colorado Springs. Axler Goldich is located in Philadelphia and litigates cases nationwide. The cases that Plaintiffs have filed against Defendant collectively have ten proposed class representatives from nine different states.[3]

### E. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court appoint Hagens Berman and Axler Goldich as interim co-lead counsel pursuant to Rule 23(g).

DATED: May 13, 2016                HAGENS BERMAN SOBOL SHAPIRO LLP

By:   */s/ Steve W. Berman*
     Steve W. Berman (*pro hac vice*)
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Jeff D. Friedman
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com

---

[3] The states are: California, Florida, Illinois, Massachusetts, New York, South Carolina, South Dakota, Tennessee, and Texas.

| | |
|---|---|
| 1 | AXLER GOLDICH, LLC |
| 2 | Marc A. Goldich (*pro hac vice*) |
| 3 | One Liberty Place<br>1650 Market Street, Suite 3600 |
| 4 | Philadelphia, PA 19103<br>Telephone: (267) 207-2920 |
| 5 | mgoldich@axgolaw.com |
| | *Attorneys for Plaintiffs* |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2016, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the email addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have caused to be mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

Dated: May 13, 2016         /s/ *Steve W. Berman*
                                                     Steve W. Berman