SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
NEIL A.F. POPOVIĆ, Cal. Bar No. 132403
ANNA S. McLEAN, Cal. Bar No. 142233
DAVID E. SNYDER, Cal. Bar No. 262001
LIÊN H. PAYNE, Cal. Bar No. 291569
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
Email:        npopovic@sheppardmullin.com
              amclean@sheppardmullin.com
              dsnyder@sheppardmullin.com
              lpayne@sheppardmullin.com

Attorneys for SEAGATE TECHNOLOGY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| IN RE SEAGATE TECHNOLOGY LLC LITIGATION, | Case No. 5:16-cv-00523-RMW |
| | **DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL** |
| CONSOLIDATED ACTION | Hearing Date:   June 17, 2016<br>Hearing Time:   9:00 a.m. |

SMRH:477697568.3

Case No. 5:16-cv-00523-RMW
DEFENDANT'S MEMO IN RESPONSE TO PLAINTIFFS' MOTION
FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Seagate Technology LLC ("Seagate") hereby responds to the Motion of plaintiffs Christopher Nelson, Dennis Crawford, Joshuah Enders, Adam Ginsberg, David Schechner, Chadwick Hauff, James Hagey, Nikolas Manak, John Smith, and Dudley Lane Dortch IV (collectively "Plaintiffs") for an Order appointing their attorneys, Hagens Berman Sobol Shapiro LLP ("Hagens Berman") and Axler Goldich LLC ("Axler Goldich") (collectively "Counsel") as Interim Co-Lead Class Counsel for the *In re Seagate Technology LLC*, No. 16-cv-00523, consolidated putative class actions.

## I.   INTRODUCTION

Counsel seek appointment as interim co-lead class counsel pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 23(g)(3).  Plaintiffs argue that Counsel's appointment will "protect[] the interests of the putative class and empower[] counsel to move the case forward," enumerating as reasons why Counsel are best suited for appointment their "significant experience in complex class action litigation" and "intimate[] familiar[ity] with the applicable law."  Motion, 4:16-17, 21-23.  Notably, Plaintiffs fail to address why Counsel's appointment is necessary at this juncture.  Absent such reasons, the Court should deny Plaintiffs' motion at this time.  First, appointment of interim class counsel is premature and unnecessary because there are no overlapping, duplicative, or competing lawsuits pending before this Court or other federal courts against Seagate, and no other counsel are competing with Hagens Berman and Axler Goldich for appointment.  Second, Counsel have failed to demonstrate an ability to proceed efficiently, a trend that continued with the instant unnecessary Motion.  The Motion should be denied.

## II.   PROCEDURAL HISTORY

On February 1, 2016, Counsel filed a Complaint against Seagate on behalf of Plaintiff Christopher A. Nelson.  Just four days later, on February 5, 2016, Counsel filed a separate Complaint against Seagate on behalf of Plaintiffs Adam Ginsberg, Dudley Lane Dortch IV, Dennis Crawford, and David Schechner concerning the same subject matter.  Seagate filed Motions to Dismiss the Complaints in both cases on April 6, 2016.  On May 4, 2016, Counsel filed Amended Complaints in both cases.  In the Amended Complaint for *Ginsberg*, Counsel

SMRH:477697568.3

-1-   Case No. 5:16-cv-00523-RMW
DEFENDANT'S MEMO IN RESPONSE TO PLAINTIFFS' MOTION
FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL

added Plaintiffs Joshuah Enders, Chadwick Hauff, James Hagey, John Smith, and Nikolas Manak. On May 9, 2016 – just five days after filing amended complaints in both cases – Counsel filed a Consolidated Amended Complaint joining *Ginsberg* and *Nelson*.

## III. ARGUMENT

Plaintiffs rely on the factors set forth in FRCP Rule 23(g)(1) to argue they should be appointed interim co-lead class counsel. Motion, 7:3-17. But they fail to address the threshold question of <u>why</u> appointment of interim co-lead class counsel is necessary, procedurally proper, or otherwise beneficial at this time. Although Rule 23(g)(3) states "the court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action," the commentary to Rule 23 cautions that such appointment should be made only "if necessary to protect the interests of the putative class." Here, Plaintiffs request for Counsel's appointment as Interim Co-Lead Class Counsel is premature, unnecessary, and demonstrates a continued inefficiency in their approach to this litigation.

### A. **Plaintiffs' Request For Appointment of Interim Co-Lead Class Counsel is Premature and Unnecessary**

Appointment of interim class counsel is appropriate where there are competing lawsuits and/or counsel:

> Appointment of interim lead counsel should be considered in cases where <u>multiple lawyers</u> seek to represent the proposed class and the court determines that designation of an interim lead counsel is <u>necessary to protect the interests of the putative class</u> during pre-certification proceedings, discovery, including retaining experts, and any settlement discussions . . . [d]esignation of interim counsel also may be appropriate when <u>parallel, duplicative or competing suits exists, and a serious risk of unfair prejudice</u> to the putative class members exists.

1 Joseph M. McLaughlin, McLaughlin on Class Actions: Law and Practice § 4:38 (12th ed. 2015) (Emphasis added). The Advisory Committee Notes to Rule 23 further suggest that pre-certification appointment of interim class counsel may be necessary where there is "rivalry or uncertainty that makes formal designation of interim counsel appropriate." None of these circumstances is present here.

Courts have rejected appointment of interim class counsel where such appointment is unnecessary. For example, in *In Re Nest Labs Litigation*, this Court denied a pre-certification motion to appoint two law firms as co-lead interim class counsel because it was unnecessary. Order Denying, Without Prejudice, Motion to Appoint Interim Class Counsel, No. 14-cv-01363-BLF, 2014 U.S. Dist. LEXIS 115596, at *4-5 (N.D. Cal. Aug. 18, 2014) (Freeman, J.). As here, *In Re Nest Labs Litigation* "originated as two separate cases with similar complaints" that were later consolidated into one action. *Id.* at *3. *In Re Nest Labs Litigation* was "not the type of case that warrants appointment of interim class counsel" because no "special circumstances warranting the appointment" were present.[1] *Id.* at *3-4. In making its determination, the Court noted a lack of: (1) "tag-along" lawsuits, complaints filed, or other actions that might have been consolidated, and (2) rivalry among law firms or uncertainty as to the firms' respective roles. *Id.* at *3-4. The Court further noted that the law firms plaintiffs sought to appoint were already "coordinating and collaborating to prosecute the consolidated actions," and that greater efficiency could therefore be achieved only if the court appointed one of them, and not both. *Id.* at *4.

The same is true here. None of the "special circumstances" warranting appointment of interim class counsel exist. Plaintiffs have cited no other complaints or actions that may be consolidated into the present action.[2] There is no rivalry between Hagens Berman and Axler Goldich as to their respective roles. Hagens Berman and Axler Goldich have already coordinated the filing of the original cases, consolidation of the cases into one action, and are now coordinating their jointly-filed motion for appointment as interim co-lead class counsel. As in *In Re Nest Labs Litigation*, greater efficiency could therefore be achieved only if <u>one</u> law firm were selected. Otherwise, there is nothing preventing Hagens Berman and Axler Goldich from proceeding as

---

[1] The circumstances supporting appointment of counsel before a class is certified are further discussed at section III.B, <u>infra.</u>

[2] *See also Wang v. OCZ Tech. Group, Inc*., No. C 11-01415 PSG, 2011 U.S. Dist. LEXIS 69803, at *7 (N.D. Cal. June 29, 2011) ("This court has a single action and a single legal team seeking to be appointed interim lead counsel. Although other related cases may be consolidated with this case in the future, at this time, the responsibility for protecting the interests of the class in this court is clear . . . [a]ppointing lead interim counsel at this time therefore is unnecessary and would undermine principles of judicial efficiency.")

SMRH:477697568.3

-3-    Case No. 5:16-cv-00523-RMW
DEFENDANT'S MEMO IN RESPONSE TO PLAINTIFFS' MOTION
FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL

they already have in the absence of such an appointment. *See* Rule 23 Advisory Committee Note ("[f]ailure to make the formal [interim] designation does not prevent the attorney who filed the action from proceeding in it.").

### B. Plaintiffs Have Failed to Demonstrate Efficiency In These Proceedings

Throughout their moving papers, Counsel cite efficiency as a basis for granting them interim co-lead class counsel status. In particular, Plaintiffs state they are "highly experienced in efficiently litigating complex consumer class action litigation." Motion, 8:15. Although Seagate does not contest Counsel's qualifications as lawyers or their experience with complex consumer class action litigation, the procedural history of this case does not support Plaintiffs' assertion that their appointment will lead to greater efficiencies. Motion, 13:23-27 ("Proposed Interim Co-Lead Counsel will manage the work efficiently and avoid waste and duplication. Assignments to firms will be made to fit a particular firm's expertise and not in an effort to 'make work' or drive up lodestar."). Counsel initially filed substantially similar and overlapping complaints in *Nelson* and *Ginsberg* only four days apart, and later filed amended complaints in both cases only five days before filing a Consolidated Amended Complaint. None of these procedural maneuvers appeared to have any purpose, and Seagate has now been required to brief its 12(b)(6) motion three times. Counsel's approach thus far has not demonstrated efficiency.

### IV. CONCLUSION

For the foregoing reasons, Seagate respectfully requests that the Court deny Plaintiffs' Motion for Appointment as Interim Co-Lead Class Counsel, without prejudice should a basis for renewing the motion later arise.

Dated: May 27, 2016                         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                                            By     s/*Anna S. McLean*
                                                   ANNA S. McLEAN

                                            Attorneys for Defendant
                                            Seagate Technology LLC

SMRH:477697568.3

-4-   Case No. 5:16-cv-00523-RMW
DEFENDANT'S MEMO IN RESPONSE TO PLAINTIFFS' MOTION
FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL