Jeff D. Friedman (173886)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Marc A. Goldich (*pro hac vice*)
AXLER GOLDICH, LLC
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (267) 207-2920
mgoldich@axgolaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| IN RE SEAGATE TECHNOLOGY LLC LITIGATION<br><br>CONSOLIDATED ACTION | No. 5:16-cv-00523-RMW<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL**<br><br>Hearing date:  June 17, 2016<br>Hearing time:   9:00 am |
|---|---|

010581-11 877228 V1

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs Christopher Nelson, Dennis Crawford, Joshuah Enders, Adam Ginsberg, David Schechner, Chadwick Hauff, James Hagey, Nikolas Manak, John Smith, and Dudley Lane Dortch IV (collectively "Plaintiffs") hereby reply to Defendant Seagate Technology LLC's Response, ECF No. 45, ("Response") to Plaintiffs' Motion for Appointment of Interim Co-Lead Class Counsel ("Motion").

## I.     INTRODUCTION

The appointment of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") and Axler Goldich LLC ("Axler Goldich") (collectively "Proposed Interim Co-Lead Counsel") as interim co-lead counsel at this stage is necessary at this time to fully protect the interests of putative class members, particularly in light of overlapping litigation pending in the California Superior Court. Moreover, contrary to Defendant's claims, Proposed Interim Co-Lead Counsel has demonstrated efficiency, not only in their years of experience representing consumer class members, but in this case in particular—and the appointment of lead counsel will lead to even greater efficiencies in this litigation.

## II.     ARGUMENT

**A.     Appointing Proposed Interim Co-Lead Counsel Is Necessary to Protect the Interests of Putative Class Members**

In its Response, Defendant attempts to obstruct Plaintiffs' efforts to protect the interests of class members by arguing that appointment of interim class counsel is only appropriate where there are competing lawsuits or a rivalry between counsel. However, courts regularly grant interim co-counsel motions where there is no existing competition for a class counsel position.

In *Roe v. Arch Coal, Inc.*, 2015 U.S. Dist. LEXIS 148057 (E.D. Mo. Nov. 2, 2015), the court consolidated two putative class actions and granted the plaintiffs' motion to appoint interim co-lead and liaison counsel. In doing so, the court rejected the defendant's argument that appointment of interim counsel was unnecessary and improper because no other counsel was competing for appointment. *Id.* at *8. The *Roe* court acknowledged plaintiffs' representation that, but for having amicably resolved to work together in the interests of efficiency, plaintiffs' counsel would have

competed against each other for appointment as interim lead counsel. *Id.* at *8. The court concluded that the "now consolidated action would benefit from designated interim class counsel for efficient case management" because, *inter alia*, "other law firms [were] investigating whether to file suit" against the defendant for the same conduct and therefore constituted potential competition for lead counsel. *Id.* at 8-9.

The same is true here. Proposed Interim Co-Lead Counsel are aware of other firms investigating the claims underlying this class action—in fact, they have been directly contacted by other firms seeking involvement. Given the sheer number of affected consumers and the expressed interest in the litigation by other counsel, "tag-along" lawsuits are inevitable. Contrary to Defendant's position, an already-filed, identical lawsuit in the Northern District of California is not a prerequisite to a finding that appointing interim class counsel would encourage efficiency and be in the best interests of a putative class. Indeed, California courts have granted interim co-counsel motions in the absence of rivalry or competition between firms. *See Douglas v. Haier Am. Trading, LLC*, 2011 U.S. Dist. LEXIS 91695 (N.D. Cal. Aug. 17, 2011) (designating the two sole applicants as interim co-lead counsel); *In re Axa Wage & Hour Litig.*, 2007 U.S. Dist. LEXIS 87910, *3-4 (N.D. Cal. Nov. 19, 2007) (designating the two applicants as interim co-lead counsel after noting that there were no competing applicants).

Appointment of interim co-lead class counsel is even more appropriate at this juncture in light of *Pozar v. Seagate Technology LLC*, an overlapping case pending in California Superior Court. Tellingly, in its Response, Defendant fails to acknowledge or otherwise bring the Court's attention to *Pozar*. As in the present litigation, the *Pozar* plaintiffs assert breach of implied warranty claims and California consumer protection claims against Defendant on behalf of a California class. *Pozar v. Seagate Technology LLC*, Case No. CGC-15-547787 (Cal. Super. Ct.). Defendant's omission is notable given that Defendant requested that plaintiffs' counsel in the state and federal actions coordinate with each other, specifically with respect to discovery. In fact, in a submission to the court in *Pozar*, Defendant proposed discovery coordination and asserted that the parties and the courts have a strong interest in conducting "accurate, well-organized, and minimally disruptive" discovery. Declaration of Steve Berman, Ex. A (Joint Case Management Conference Statement,

*Pozar v. Seagate Technology LLC*, Case No. CGC-15-547787 (Cal. Super. Ct. March 9, 2016)) at 4-5. To ensure that such discovery coordination between the state and federal actions—which Defendant itself lobbied for— is efficient, organized and minimally disruptive, all parties affected should be clear that Hagens Berman and Axler Goldich are authorized to act on behalf of the putative federal classes as interim co-lead counsel.

In addition, the *Pozar* plaintiffs bring California claims that are also claims in this litigation. Rulings in *Pozar* thereby have the potential of directly affecting the putative class as a whole, and, most dramatically, the California subclass. Proposed Interim Co-Lead Counsel have already coordinated with *Pozar* plaintiffs' counsel with respect to a number of common issues, and are uniquely positioned to best represent the interest of the putative class in this case. Appointment of class lead counsel is further appropriate given the putative class members' interest and involvement in the similar state case.

Defendant cites two cases in its Response, both of which are distinguishable. In *In re Nest Labs Litigation*, 2014 U.S. Dist. LEXIS 115596 (N.D. Cal. Aug. 18, 2014) and *Wang v. OCZ Tech. Group, Inc.*, 2011 U.S. Dist. LEXIS 69803 (N.D. Cal. June 29, 2011), there were no overlapping lawsuits pending in state or federal court. Thus, there was no need to coordinate discovery between plaintiffs' counsel, and no obvious need for immediate protection of class members' interests in other, similar cases like there is here. Formal designation of interim co-lead counsel will ensure certainty moving forward and will allow Proposed Interim Counsel to fully protect the interests of the classes.

**B.     Proposed Interim Co-Lead Counsel Has Efficiently Litigated This Case and Will Continue to Do So, as Demonstrated by Their Respective Experience**

Hagens Berman and Axler Goldich have significant experience representing class members in multi-state and nationwide class actions. They have litigated—and will continue to litigate—resourcefully, efficiently, and effectively. In questioning Proposed Interim Counsels' abilities and efficiency, Defendant points to the filing of amended complaints in *Nelson* and *Ginsberg* five days before Plaintiffs filed the Consolidated Amended Complaint in the above-captioned case. Defendant

ignores, however, the pending deadlines that required Plaintiffs to file the amended complaints before filing the Consolidated Amended Complaint.

On April 6, 2016, Defendant filed its Motion to Dismiss. (ECF No. 22.) The Court entered the Joint Stipulation and Order Regarding Briefing Schedule for Motion to Dismiss the Complaint Pursuant to Civil Local Rule 7-12, rendering a deadline for Plaintiffs to respond to the Motion to Dismiss of May 4, 2016. (ECF No. 25.) Although Proposed Interim Counsel acted efficiently in obtaining consent from opposing counsel to file an unopposed motion to consolidate (ECF No. 34), as of May 4, *Nelson* and *Ginsberg* had yet to be consolidated. Thus, the *Nelson* and *Ginsberg* Amended Complaints were filed in their respective actions. Two days later, on May 6, the actions were consolidated and Proposed Interim Counsel promptly filed the Consolidated Amended Complaint in the consolidated docket. (ECF Nos. 38, 39.)

Although these unique circumstances necessitated the filing of multiple amended complaints, contrary to Defendant's contention that such action was inefficient, Proposed Interim Counsel swiftly navigated the procedural issues to streamline the litigation in an organized and proficient manner. Defendant's attempt to distort a single example by failing to provide this Court with context does not negate years of complex class action experience, or numerous court appointments as lead and co-lead counsel.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Appointment as Interim Co-Lead Class Counsel.

DATED: June 3, 2016                               HAGENS BERMAN SOBOL SHAPIRO LLP

By:   */s/ Steve W. Berman*
Steve W. Berman (*pro hac vice*)
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Jeff D. Friedman
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com

Marc A. Goldich (*pro hac vice*)
AXLER GOLDICH, LLC
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (267) 207-2920
mgoldich@axgolaw.com

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2016, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

                                                    */s/ Steve W. Berman*
                                                  STEVE W. BERMAN