# Exhibit A

Robert C. Schubert (No. 62684)
Willem F. Jonckheer (No. 178748)
Noah M. Schubert (No. 278696)
**Schubert Jonckheer & Kolbe LLP**
Three Embarcadero Ctr Ste 1650
San Francisco, CA 94111-4018
Ph: 415.788.4220
Fx: 415.788.0161
rschubert@schubertlawfirm.com
wjonckheer@schubertlawfirm.com
nschubert@schubertlawfirm.com

*Attorneys for Plaintiffs*

Neil A.F. Popović (No. 132403)
Anna S. McLean (No. 142233)
Liên H. Payne (No. 291569)
**Sheppard Mullin Richter & Hampton LLP**
Four Embarcadero Ctr, 17th Floor
San Francisco, CA 94111-4109
Ph: 415.434.9100
Fx: 415.434.3947
npopovic@sheppardmullin.com
amclean@sheppardmullin.com
lpayne@sheppardmullin.com

*Attorneys for Defendant*

ELECTRONICALLY
**F I L E D**
Superior Court of California,
County of San Francisco

**03/09/2016**
Clerk of the Court
BY:ALISON AGBAY
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| **Tim Pozar** and **Scott Nalick**, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>**Seagate Technology LLC** and **Does 1–50**,<br><br>Defendants. | Case No. CGC-15-547787<br><br>**Joint Case Management Conference Statement**<br><br>Date: March 14, 2016<br>Time: 3:00 p.m.<br>Dept: 304<br>Judge: Hon. Curtis E.A. Karnow<br><br>Filed: September 4, 2015<br>Trial: Date not set |

The parties jointly submit this Case Management Conference Statement in conjunction with the forthcoming Case Management Conference ("CMC"), scheduled for March 14, 2016 at 3:00 p.m. in Department 304 of the San Francisco Superior Court.

— 1 —
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

## 1. Procedural History

Plaintiffs Tim Pozar and Scott Nalick ("Plaintiffs") filed this class action against defendant Seagate Technology LLC ("Seagate" or "Defendant") on September 4, 2015. Plaintiffs' complaint alleges that Seagate's three-terabyte client hard-disk drives contain a latent defect that causes the drives to systematically fail. Seagate denies these allegations.

Plaintiffs filed their First Amended Complaint ("FAC") on November 20, 2015, and Seagate filed a demurrer on December 14, 2015. Plaintiffs also served their First Demand for the Production of Documents ("Plaintiffs' RFP") on Seagate on December 14, 2015. In its Case Management Conference Order No. 1, dated December 16, 2015, this Court tolled the time for formal responses, productions, and related motions until further order of the Court.

Following this Court's hearing on February 10, 2016, the Court overruled the demurrer and lifted the stay on discovery responses and motions. Seagate answered the FAC on February 23, 2016.

## 2. Related Cases

Since the last Case Management Conference, two putative class actions containing similar allegations about Seagate's 3 TB hard drives, which overlap with the alleged California class here, were filed in the United States District Court for the Northern District of California, *Nelson v. Seagate Technology LLC*, 5:16-cv-00523-RMW (filed February 1, 2016) (alleged nationwide and South Dakota classes) and *Ginsberg v. Seagate Technology LLC*, 5:16-cv-00612-RMW) (filed February 5, 2016) (alleged nationwide, California, South Carolina, New York, and Florida classes). The cases have been "related" before Judge Ronald M. Whyte. Initial disclosures and the parties' Rule 26(f) report are due May 6, 2016, and an initial Case Management Conference is set for May 13, 2016.

3. **DISCOVERY**

Seagate's response to Plaintiffs' First Demand for the Production of Documents ("RFP") is due on March 10, 2016. Counsel for the parties conferred by telephone on March 2, 2016 regarding Plaintiffs' RFP and the upcoming CMC. Seagate proposed coordinating its document production in response to the pending first set of RFPs with its initial disclosures and any subsequent document production in the federal actions. The parties also discussed the format of the production and the need to agree to a protective order. As of the date of this statement, no other discovery requests have been served by either party.

***Plaintiffs' Statement:*** It has now been three months since Plaintiffs first served their RFP. Plaintiffs believe that discovery should proceed expeditiously. While Plaintiffs are amenable to coordination with the federal cases to the extent possible (e.g., regarding the format of produced documents or the form of a protective order), this action should not be delayed by federal cases that were filed over five months after this action.

Seagate's proposal to delay discovery by at least an additional two months, until after the initial CMC in the federal actions, is not workable. First, there is no guarantee that discovery in those cases will, in fact, open at that time. Additional federal cases may be filed that require transfer, reassignment, and/or consolidation, further delaying proceedings. And even if no additional cases are filed, Seagate may move to stay discovery in the federal cases pending a motion to dismiss, as it requested in this Court pending its demurrer. Second, the parties in this case and the federal cases may not agree on the scope of discovery. The federal cases include a breach of express warranty claim for hard drives purchased within Seagate's one-year warranty, which is not at issue here, and raises other legal and factual issues concerning state laws other than California on behalf of other state classes. Strictly coordinating the scope and timing of discovery in this case with the federal actions would unnecessarily burden the straightforward discovery process here.

There is no reason that document production should not move forward in this case. As a practical matter, since the federal cases are broader in scope, any documents provided here would

1  likely be relevant to those cases and could be provided on a rolling basis to the federal plaintiffs at
2  Seagate's discretion. There would therefore be no duplication of work, and any additional
3  documents requested could be addressed through supplemental discovery requests.
4        Seagate, in contrast, has apparently adopted the typical defense strategy of delaying
5  discovery as long as possible. Its attack on the motives of Plaintiffs' counsel is unjustified, and its
6  suggestion that the Court order that Plaintiffs' counsel "coordinate" with federal counsel is
7  improper. As of the date of this CMC, Seagate's production of documents will be past due, and
8  Seagate has not indicated that it intends to produce any documents. Instead, it asked Plaintiffs for
9  an additional two-month delay. Plaintiffs therefore request that this Court order Seagate to
10 produce all responsive documents no later than March 21, 2016.
11       ***Defendant's Statement:*** Defense counsel have been involved in many matters involving
12 multiple, overlapping class actions pending in state and federal courts. The judges typically open
13 up an informal channel of communication to coordinate matters that would involve a substantial
14 duplication of effort if allowed to proceed willy-nilly. Here, Plaintiffs' RFPs include such requests
15 as:
16       DEMAND FOR PRODUCTION NO. 1:
17       All DOCUMENTS, including all COMMUNICATIONS, concerning or related to data
18 failures, including hardware, software, and/or firmware issues, bugs, defects, or other problems
19 associated with SEAGATE 3 TB HDDs.
20       DEMAND FOR PRODUCTION NO. 2:
21       All DOCUMENTS, including all COMMUNICATIONS, containing or referencing any
22 testing, studies, or reports, including any such unscientific or informal materials, about the
23 reliability, lifespan, or failure of SEAGATE 3 TB HDDs.
24       Plainly, such documents and ESI will be requested in all three matters, and are not limited
25 by geography. Thus, it is not possible to do a targeted search for product development and testing
26 materials related to Plaintiffs' California class. Yet Plaintiff counsel have thus far declined
27 Seagate's request that they discuss coordination of discovery with counsel in the federal cases.

1  Without any other justification having been offered, Seagate must assume that professional rivalry
2  is the reason for their refusal. But the interest of the Court, Seagate, and indeed Plaintiffs in
3  conducting an accurate, well-organized, and minimally disruptive search outweighs the desire of
4  these Plaintiff counsel to get ahead of the others. The Court should order Plaintiff counsel to
5  coordinate with the federal Plaintiffs or, in the alternative, set a timetable for production in
6  consultation with all parties and Judge Whyte. If the Court believes a motion for protective order
7  is necessary to accomplish this result, Seagate is prepared to file one.
8      Two additional clarifications: First, Seagate is not asking for an extension of time to serve
9  its written responses to the pending RFPs. It will respond on March 10 as required by the Code of
10 Civil Procedure. Second, Seagate has been working expeditiously to identify, preserve, and gather
11 responsive documents and ESI. Is is not asking for "delay" beyond what would normally be
12 expected in a class action of this scope, where years of technical, customer service, marketing,
13 and other documents are involved. In any event, whether or not coordination is achieved,
14 Seagate's production of documents and ESI will proceed as expeditiously as possible under the
15 circumstances.

17 **4.   ANTICIPATED MOTIONS**
18      Plaintiffs' anticipate filing a motion to certify the class and appoint class counsel later this
19 year, following the the completion of any fact and expert discovery necessary to the motion.
20      Seagate anticipates filing a dispositive motion after discovery as to the named Plaintiffs'
21 claims is complete.

23 **5.   AMENDMENTS AND PARTIES**
24      Plaintiffs are continuing their investigation of Defendant's conduct and may amend their
25 FAC with additional factual allegations or the substitution of additional defendants for Doe
26 defendants as appropriate. Defendant proposes the Court set a deadline to add additional parties
27 and/or amend the pleadings of September 30, 2016.

6. **TRIAL**

*Plaintiffs' Statement:* No trial date has yet been set. Plaintiffs have demanded a trial by jury on all causes of action so triable and believe this action will be suitable for trial within six months of this Court's ruling on Plaintiffs' motion for class certification.

*Defendant's Statement:* Seagate believes the scope and timing of trial will depend on the Court's rulings on dispositive motions, among other things. Plaintiffs' proposed schedule allows no time for such motions, no time for merits or expert discovery, and appears to represent a continuation of Plaintiff counsel's strategy to out-run the federal cases. That is no way to manage a class action.

7. **CASE SCHEDULE**

*Plaintiffs' Statement:* The Court has not yet set a schedule for motion practice in this case, including Plaintiffs' forthcoming motion for class certification. Plaintiffs believe it would be productive to set a schedule at this time that will expeditiously move the case toward trial. Plaintiffs propose the following:

| Date | Deadline |
| --- | --- |
| March 18, 2016 | Deadline to File Protective Order with Court |
| March 21, 2016 | Deadline for Defendant to Produce Documents Responsive to Plaintiffs' First DFP |
| September 19, 2016 | Close of Discovery |
| October 19, 2016 | Motion for Class Certification |
| November 2, 2016 | Opposition to Motion for Class Certification |
| November 16, 2016 | Reply in Support of Motion for Class Certification |
| November ___, 2016 | Hearing on Motion for Class Certification |
| May ___, 2017 | Proposed Trial |

Seagate's counter-proposal for bifurcated discovery with class certification discovery not to even commence until next year seems designed to delay commencement of trial for years.

— 6 —
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

***Defendant's Statement:*** The Complex Litigation User's Manual ("CLUM") suggests the parties consider sequencing discovery, "with each phase designed to either lead directly to a motion or provide efficacies for the next phase." CLUM, at 2. Accordingly, Seagate suggests that the parties focus in the initial phase on completing discovery relating to the merits (as to the named plaintiffs' claims and as to Seagate), leading up to dispositive motions in early 2017. This allows time for an orderly process of coordination with the federal cases on merits discovery of Seagate, so that document production and depositions need not be duplicated.  After dispositive motions are decided, if necessary, a second phase of discovery on class certification issues would take place in 2017, again in coordination with the federal cases. Seagate believes it is premature to address trial and pretrial matters, such as expert discovery and pretrial motions, at this time.

8. **ALTERNATIVE DISPUTE RESOLUTION**

Given that the parties have not yet engaged in discovery, the parties believe alternative dispute resolution is premature. Following this Court's rulings on class certification and/or summary judgment, the parties may be ready to revisit whether a settlement conference or private mediation would be appropriate.

| | | |
|---|---|---|
|1| DATED: March 9, 2016 | **SCHUBERT JONCKHEER & KOLBE LLP** |
|2| | BY:      /s/ Noah M. Schubert |
| | | NOAH M. SCHUBERT (NO. 278696) |

Robert C. Schubert (No. 62684)
Willem F. Jonckheer (No. 178748)
Noah M. Schubert (No. 278696)
**Schubert Jonckheer & Kolbe LLP**
Three Embarcadero Ctr Ste 1650
San Francisco, CA 94111-4018
Ph: 415.788.4220
Fx: 415.788.0161
rschubert@schubertlawfirm.com
wjonckheer@schubertlawfirm.com
nschubert@schubertlawfirm.com

*Attorneys for Plaintiffs Tim Pozar and Scott Nalick, Individually and on Behalf of All Other Similarly Situated*

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

BY:      /s/ Neil A.F. Popović
         NEIL A.F. POPOVIĆ (NO. 132403)

Neil A.F. Popović (No. 132403)
Anna S. McLean (No. 142233)
Liên H. Payne (No. 291569)
**Sheppard Mullin Richter & Hamilton LLP**
Four Embarcadero Ctr, 17th Floor
San Francisco, CA 94111-4109
Ph: 415.434.9100
Fx: 415.434.3947
npopovic@sheppardmullin.com
amclean@sheppardmullin.com
lpayne@sheppardmullin.com

*Attorneys for Defendant Seagate Technology LLC*

POS-050/EFS-050

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO: 278696<br>NAME: Noah M. Schubert<br>FIRM NAME: Schubert Jonckheer & Kolbe LLP<br>STREET ADDRESS: 3 Embarcadero Ctr Ste 1650<br>CITY: San Francisco   STATE: CA   ZIP CODE: 94111<br>TELEPHONE NO.: 415.788.4220   FAX NO.: 415.788.0161<br>E-MAIL ADDRESS: nschubert@schubertlawfirm.com<br>ATTORNEY FOR (name): Plaintiffs Tim Pozar and Scott Nalick | FOR COURT USE ONLY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>STREET ADDRESS: 400 McAllister St<br>MAILING ADDRESS: 400 McAllister St<br>CITY AND ZIP CODE: San Francisco, CA 94102<br>BRANCH NAME: Civic Center Courthouse | |
| Plaintiff/Petitioner: Tim Pozar and Scott Nalick<br>Defendant/Respondent: Seagate Technology LLC | CASE NUMBER:<br>CGC-15-547787 |
| | JUDICIAL OFFICER:<br>Judge Curtis E.A. Karnow |
| **PROOF OF ELECTRONIC SERVICE** | DEPARTMENT:<br>304 |

1. I am at least 18 years old.

    a. My residence or business address is *(specify):*
    Schubert Jonckheer & Kolbe
    3 Embarcadero Ctr Ste 1650
    San Francisco, CA 94111

    b. My electronic service address is *(specify):*
    File & ServeXpress (https://secure.fileandservexpress.com/)

2. I electronically served the following documents *(exact titles):*
    Joint Case Management Conference Statement

    ☐ The documents served are listed in an attachment *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3. I electronically served the documents listed in 2 as follows:

    a. Name of person served: Neil A.F. Popović, Sheppard Mullin Richter & Hamilton LLP

    On behalf of *(name or names of parties represented, if person served is an attorney):*
    Seagate Technology LLP

    b. Electronic service address of person served *:*
    File & ServeXpress (https://secure.fileandservexpress.com/)

    c. On *(date):* March 9, 2016

    d. At *(time):* 3:30 p.m.

    ☐ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment. *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date: March 9, 2016

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Noah M. Schubert                                                              ▶ *(signature)*
(TYPE OR PRINT NAME OF DECLARANT)                                                (SIGNATURE OF DECLARANT)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
POS-050/EFS-050 [Rev. January 1, 2015]

**PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**

Cal. Rules of Court, rule 2.251
www.courts.ca.gov