United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE SEAGATE TECHNOLOGY LLC LITIGATION<br><br>CONSOLIDATED ACTION | Case No. 16-cv-00523-RMW<br><br>**ORDER DENYING MOTION FOR APPOINTMENT AS INTERIM CO-LEAD CLASS COUNSEL**<br><br>Re: Dkt. No. 42 |

Before the court is plaintiffs' Motion for Appointment as Interim Co-Lead Class Counsel filed on May 13, 2016. Dkt. No. 42. Plaintiffs move for the appointment of their attorneys Hagens Berman Sobol Shapiro LLP ("Hagens Berman") and Axler Goldich LLC ("Axler Goldich") as interim co-lead counsel for the putative class. The court heard argument on June 17, 2016. For the reasons set forth below, the court DENIES without prejudice the Motion for Appointment as Interim Co-Lead Class Counsel.

## I. BACKGROUND

Plaintiffs bring this putative consumer class action against defendant Seagate Technology LLC, alleging that Seagate's misrepresentations and failure to disclose the latent defects of certain internal and external hard disk drives constitute breach of consumer protection, unfair competition, and false advertising laws; breach of express and implied warranties; and unjust enrichment. Dkt.

United States District Court
Northern District of California

No. 39 ¶¶ 1-12.

**A. Procedural History**

The original complaint in this case was filed on February 1, 2016, under the name *Nelson v. Seagate Technology LLC*. Dkt. No. 1. A similar complaint was filed on February 5, 2016 in *Ginsberg, et al. v. Seagate Technology LLC.* Case No. 16-cv-00612, Dkt. No. 1. Plaintiffs filed an amended complaint for *Nelson* on May 4, 2016. Dkt. No. 36. The amended complaint for *Ginsburg* was filed on the same day. Case No. 16-cv-00612, Dkt. No. 36. On May 6, 2016, the court consolidated the two actions. Dkt. No. 38. Plaintiffs filed a Consolidated Amended Complaint on May 9, 2016. Dkt. No. 39.

**B. Motion for Appointment as Interim Co-Lead Class Counsel**

Plaintiffs now move to appoint Hagens Berman and Axler Goldich as interim co-lead counsel for the putative class pursuant to Federal Rule of Civil Procedure 23(g)(3). Plaintiffs contend that doing so will protect the interests of the putative class and empower counsel to move the case forward. Plaintiffs aver that Hagens Berman and Axler Goldich are the most qualified firms to represent the putative class during the pre-certification stage because both firms have expended a considerable amount of time investigating the underlying claims, have significant experience litigating complex consumer class action cases, are intimately familiar with the applicable law, and have substantial resources to devote to this case. Plaintiffs also note the firms' willingness and ability to commit to a time-consuming process, in addition to their geographic diversity.

Defendant's opposition rests on two arguments. First, defendant opposes the motion as premature and unnecessary, stating that there are no overlapping, duplicative, or competing lawsuits against Seagate pending before this court or any other federal court, and thus no other firms competing for appointment. Second, defendant asserts that counsel for plaintiffs have failed to demonstrate efficiency in these proceedings. Defendant points to the multiple complaints and amended complaints filed before the Consolidated Amended Complaint, which required defendant to brief its 12(b)(6) motion three times.

United States District Court
Northern District of California

Plaintiffs reject defendant's contention that plaintiffs' counsel have litigated this case inefficiently, maintaining instead that they have timely navigated each procedural issue. Plaintiffs allege that other firms have been investigating the underlying claims and that some of these firms have contacted plaintiffs' counsel seeking involvement. Finally, plaintiffs discuss *Pozar v. Seagate Technology LLC* (No. CGC-15-547787), a similar lawsuit pending in California Superior Court. To ensure efficient coordination between the state and federal actions, particularly during discovery, plaintiffs argue that all parties should be clear that Hagens Berman and Axler Goldich are authorized to act on behalf of the putative federal class.

## II. ANALYSIS

Pursuant to Rule 23(g)(3), the court may designate interim counsel to act on behalf of a putative class before determining whether to certify a class. Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, courts typically look to the factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A). *See, e.g.*, *Ramirez v. Trans Union, LLC*, No. 12-cv-00632-JSC, 2013 U.S. Dist. LEXIS 37186, at *2 (N.D. Cal. Mar. 13, 2013). These factors are:

> (1) the work counsel has done in identifying or investigating potential claims in the action;
>
> (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (3) counsel's knowledge of the applicable law; and
>
> (4) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

The appointment of interim class counsel is discretionary and particularly suited to complex actions:

> If the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary. If, however, there are a number of

> overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment. In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities . . .

Manual for Complex Litigation (Fourth) § 21.11 (2004). The commentary to Rule 23 notes that although precertification work is ordinarily handled by the lawyer who filed the action, "[i]n some cases . . . there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate." Fed. R. Civ. P. 23 advisory committee's note, 2003 amend. Courts are more likely to appoint interim class counsel where doing so would achieve "greater efficiency and clarity[.]" *In re Nest Labs Litig.*, No. 14-cv-01363-BLF, 2014 U.S. Dist. LEXIS 115596, at *4 (N.D. Cal. Aug. 18, 2014).

Plaintiffs have sufficiently established that their proposed interim class counsel satisfy the Rule 23(g)(1)(A) factors. There is no question that Hagens Berman and Axler Goldich have worked to identify and investigate potential claims in this action. Both firms are qualified advocates with extensive experience in complex litigation, including consumer class actions. Nor does the court doubt that both firms are willing and able to commit sufficient resources to representation of the class. However, the analysis does not end there. The court must also consider whether this is the type of case that warrants appointment of interim class counsel, including whether such appointment would achieve "greater efficiency and clarity." *In re Nest Labs Litig.*, 2014 U.S. Dist. LEXIS 115596 at *4. After carefully considering the papers submitted by both parties, the court finds that appointment of interim class counsel is unnecessary at this juncture.

Appointment of interim class counsel is appropriate where it is necessary to protect the interests of the putative class. *See* Fed. R. Civ. P. 23 advisory committee's note, 2003 amend. (Rule "authorizes the court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class"). Where there are no competing lawsuits or firms, courts in this district have been unwilling to appoint interim class counsel. *See, e.g.*, *Ramirez*, 2013 U.S. Dist. LEXIS 37186 at *2 (noting that "the type of situation in which interim class counsel is appointed is one where 'a number of overlapping, duplicative, or competing suits



United States District Court
Northern District of California

are present'" and denying plaintiff's motion); *Wang v. OCZ Tech. Group, Inc.*, No. C 11-01415 PSG, 2011 U.S. Dist. LEXIS 69803, at *4 (N.D. Cal. June 29, 2011) (finding appointment of interim counsel unnecessary where there were no competing lawsuits or firms before the court and denying plaintiff's motion), *Nutz for Candy v. Ganz, Inc.*, No. C 08-2873 JSW, 2008 U.S. Dist. LEXIS 79340, at *5 (N.D. Cal. Sept. 19, 2008) (finding that "the responsibility for protecting the interests of the class in this court is clear" where there were no competing lawsuits or firms and denying plaintiff's motion); *Parrish v. NFL Players Inc.*, No. C 07-00943 WHA, 2007 U.S. Dist. LEXIS 43732, at *25 (N.D. Cal. June 4, 2007) (denying plaintiff's motion to appoint interim class counsel after noting a lack of competing lawsuits and firms); *Italian Colors Rest. v. Am. Express Co.*, No. C 03-3719 SI, 2003 U.S. Dist. LEXIS 20338, at *20 (N.D. Cal. Nov. 7, 2003) (noting that "[n]o competition exists among counsel that requires refereeing by the Court" and denying plaintiff's motion).

Similarly, this case does not involve competing lawsuits pending in district court that may be consolidated in the near future, "nor is there a gaggle of law firms jockeying to be appointed class counsel." *Parrish*, 2007 U.S. Dist. LEXIS 43732 at *25. Plaintiffs cite to three cases wherein the court granted motions to appoint interim class counsel in the absence of competing lawsuits or firms. *See Roe v. Arch Coal, Inc.*, No. 15-CV-910 (CEJ), 2015 U.S. Dist. LEXIS 148057 (E.D. Mo. Nov. 2, 2015); *Douglas v. Haier Am. Trading, LLC*, No. 11-cv-02911 EJD (PSG), 2011 U.S. Dist. LEXIS 91695 (N.D. Cal. Aug. 17, 2011); *In re Axa Wage & Hour Litig*., No. C 06-04291 JSW, 2007 U.S. Dist. LEXIS 87910 (N.D. Cal. Nov. 19, 2007). These cases, however, are distinguishable. In *Douglas* and *Axa Wage*, the motion to appoint interim lead counsel was unopposed. In *Roe v. Arch Coal, Inc.*, the court granted plaintiffs' motion to appoint interim co-lead counsel because the firms would have competed against each other had they not resolved to work together. *See* 2015 U.S. Dist. LEXIS 148057 at *8. Counsel here have never alleged that they considered competing with one another, and it appears to the court that counsel intended to cooperate with one another from the start of the case, rendering appointment of interim class

counsel unnecessary. The lack of rivalry suggests that there is no threat to the interests of the putative class.

This case is analogous to *In Re Nest Labs Litigation*, where the court rejected appointment of interim class counsel as unnecessary due to a lack of rivalry between the two firms involved. *See* 2014 U.S. Dist. LEXIS 115596 at *5. As in this case, *Nest Labs* involved two separate cases with similar complaints that were consolidated into one action. *See id*. at *3. The court in *Nest Labs* noted that "the only two law firms on the case seek appointment as co-interim class counsel" and that this was unnecessary because there was no "uncertainty as to their respective roles." *Id*. at *4. In fact, the court pointed out that both firms had been cooperating and that "greater efficiency and clarity can only be realized if the Court appoints *one* firm as interim class counsel." *Id*. The court then declined to make an appointment because plaintiffs' motion did not request that the court choose one firm over the other. *Id*. at *4-5. Given that Hagens Berman and Axler Goldich have been collaborating on this case from the start, the court is not persuaded that appointment of interim counsel would achieve greater efficiency and clarity.

Plaintiffs distinguish the instant case from *Nest Labs* by pointing out that *Nest Labs* did not involve an overlapping lawsuit pending in state or federal court, whereas this case involves a similar action pending in California Superior Court: *Pozar v. Seagate Technology LLC* (No. CGC-15-547787). However, there is currently no threat that *Pozar* will be consolidated with the instant case or that the *Pozar* firms will seek to compete with plaintiffs' counsel here. Though plaintiffs vaguely mention the possibility of tag-a-long lawsuits and competing firms in the future, these assertions appear speculative at best. Furthermore, because plaintiffs' counsel have been coordinating between the state and federal actions thus far, and because there appears to be no confusion as to counsels' role, the court finds it unnecessary at this juncture to appoint interim counsel. Such appointment would accomplish little other than "merely to maintain the status quo." *In re Nest Labs Litig.*, 2014 U.S. Dist. LEXIS 115596 at *5. Because the court finds that appointment is unnecessary at this time, the court need not reach the question of whether

United States District Court
Northern District of California

plaintiffs' counsel have demonstrated efficiency in these proceedings. Accordingly, the court DENIES plaintiffs' motion without prejudice.

## III. CONCLUSION

For the foregoing reasons, the court DENIES without prejudice the Motion for Appointment as Interim Co-Lead Class Counsel.

**IT IS SO ORDERED.**

Dated: June 21, 2016

Ronald M. Whyte
United States District Judge