Jeff D. Friedman (173886)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Marc A. Goldich (*pro hac vice*)
AXLER GOLDICH, LLC
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (267) 207-2920
mgoldich@axgolaw.com

*Attorneys for Plaintiffs*
[additional counsel on signature page]

Anna S. McLean, Cal. Bar No. 142233
Neil A.F. Popović, Cal. Bar No. 132403
David E. Snyder, Cal. Bar No. 262001
Liên H. Payne, Cal. Bar No. 291569
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947
amclean@sheppardmullin.com
npopovic@sheppardmullin.com
dsnyder@sheppardmullin.com
lpayne@sheppardmullin.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE SEAGATE TECHNOLOGY LLC LITIGATION<br><br>CONSOLIDATED ACTION | No. 5:16-cv-00523-RMW<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Complaint filed: May 9, 2016 |

010581-11 881889 V1

1    The parties to the above actions jointly submit this UPDATED JOINT CASE
2    MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Court's Modified Order
3    Granting Unopposed Motion to Consolidate and Civil Local Rule 16-9 (Dkt. No. 54).

4    **1.    Jurisdiction & Service**

5    This Court has subject matter jurisdiction over this action pursuant to the Class Action
6    Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because there are more than 100 proposed Class
7    Members, some members of the proposed class and Defendant Seagate Technology LLC
8    ("Defendant") are citizens of different states, and Plaintiffs allege that the amount in controversy
9    exceeds $5 million. Defendant has been served.  At this time, the parties are not aware of any issues
10   regarding personal jurisdiction or venue, or of any parties remaining that need to be served.

11   **2.    Facts**

12   **Plaintiffs' Statement:** The ten Plaintiffs named in the Consolidated Amended Complaint
13   assert claims relating to their purchases of three-terabyte hard disk drives ("Drives") which were
14   manufactured, distributed, and sold by Seagate.  Plaintiffs allege that Seagate violated state consumer
15   protection laws and unjustly enriched itself by misrepresenting and omitting material facts regarding
16   the reliability, failure rates, and other qualities and specifications of the Drives, which contained
17   latent, model-wide defects that caused them to fail prematurely at extremely high rates compared to
18   comparable products.  Plaintiffs further allege that Seagate advertised the Drives as ideal for use in
19   Network Attached Storage ("NAS") devices and Redundant Array of Independent Disks ("RAID")
20   configurations, but the Drives were not designed for RAID-5, a common home RAID setup, and
21   were not suitable for any other RAID or NAS configuration.

22   Plaintiffs further allege that Defendant breached its express and implied warranties.
23   Defendant warranted that it would replace defective Drives with "functionally equivalent" Drives,
24   but the replacement drives were also inherently defective and failed at extremely high rates. Because
25   Defendant did not deliver conforming, non-defective Drives, the express and implied warranties
26   failed of their essential purpose.  Plaintiffs also allege that Seagate failed to satisfy its implied
27   warranty obligations because all Drives contained latent, model-wide defects, which were present
28

1   when each Drive left the exclusive control of Defendant, rendering the Drives non-merchantable and
2   unfit for the ordinary purposes for which they were used.
3       The principal factual issues in dispute will center around Defendant's knowledge of the
4   defects, the omissions of material fact and misleading representations regarding the Drives,
5   Defendant's failure to fulfill its warranty obligations by providing defective replacements, and the
6   extent of damages allegedly suffered by Plaintiffs and the Class.
7       **3.**    **Defendant's Statement:**
8       In their Consolidated Amended Complaint, the ten named Plaintiffs allege the same core
9   factual allegations about certain Seagate three-terabyte hard disk drives ("3TB HDDs"), which
10  Plaintiffs claim they purchased, used, and replaced pursuant to Seagate's limited warranty, but the
11  replacements later failed.  Seagate moved to dismiss both earlier complaints under Federal Rule of
12  Civil Procedure 12(b)(6) and/or Federal Rule of Civil Procedure 9(b), and Plaintiffs amended.  Those
13  amendments, however, do not address the fundamental factual deficiencies set forth below, which
14  remain.
15      (1)    Plaintiffs fail to allege they have identified *any* common manufacturing, design, or
16  other defect in their drives.  Rather, they merely allege that the drives failed during the warranty
17  period, were replaced pursuant to the warranty, and that some of those replacement drives eventually
18  also failed.  The unsupported allegation that a product failed is not an allegation that the product had
19  any manufacturing, design, or other defect, and the allegation that a product does not last forever is
20  not an allegation that any warranty has been breached.
21      (2)    Although some of the Plaintiffs now allege in boilerplate language that they saw
22  and/or "relied on" statements made by Seagate, whether any such statements were false, misleading,
23  or material, or whether Plaintiffs could have reasonably relied on such statements, are questions of
24  law that can and should be resolved at the pleading stage.  Which, if any, of the snippets of
25  marketing materials and data sheets alleged in the Complaint were statements that any of the
26  Plaintiffs actually saw and relied on, and whether any could be considered materially misleading will
27  be key factual issues, if the Complaint is not dismissed because it fails to meet Rule 9(b) pleading
28  standards.

UPDATED JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER  - 2
Case No.: 5:16-cv-00523-RMW
010581-11  881889 V1

(3)    The Complaint continues to be based largely on blog postings by low-cost cloud storage company Backblaze, Inc., which admittedly misused Seagate's consumer-grade 3TB drives by using them in a 24/7 commercial environment and "shucking" them from their protective casings. These blog posts have no bearing on *Plaintiffs'* alleged drive failures, except to the extent Plaintiffs themselves also misused the drives, which will be a key factual issue in the event the Complaint is not dismissed for failure to meet the pleading standards of Rule 9(b). In that event, whether Backblaze's reports are valid, admissible, or applicable to the consumer setting will also be key issues to be resolved by the trier of fact.

**4.    Legal Issues**

The Consolidated Amended Complaint alleges violation of California's Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), and Consumers Legal Remedies Act ("CLRA"); violation of the consumer protection and unfair competition statutes of New York, Florida, Massachusetts, Illinois, Tennessee, South Carolina, Texas, and South Dakota; breach of express and implied warranties; and unjust enrichment. The parties anticipate that the disputed points of law will include:

- Whether Plaintiffs' consumer protection and unjust enrichment claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) and, if so, whether the allegations in the complaint satisfy Rule 9(b) with respect to whether Plaintiffs saw, relied on, and were harmed by any of the alleged misstatements or omissions, and whether such misstatements or omissions were material;

- Whether Plaintiffs have alleged actionable misrepresentations or omissions;

- Whether Defendant's warranties failed of their essential purposes and whether Defendant breached its warranties by providing nonconforming and defective replacement Drives;

- Alternatively, whether Defendant fully performed its obligations under the express warranty by providing replacement drives;

- Whether privity is required for express or implied warranty claims when a manufacturer includes written representations regarding the warranty on product labels or advertising materials and when Plaintiffs are third-party beneficiaries to an implied warranty;

- Whether Plaintiffs' claims under the California Consumer Legal Remedies Act is procedurally adequate or deficient;

- Whether Plaintiffs can bring claims for unjust enrichment and money had and received where, among other things, there is an underlying agreement and no sum certain is sought; or

- Whether Plaintiffs are permitted to plead unjust enrichment in the alternative to contractual based claims, including breach of warranty.

### 5. Motions

On April 6, 2016, Seagate filed a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) in *Ginsberg v. Seagate Technology LLC*, No. 5:16-cv-00612-RMW and *Nelson v. Seagate Technology LLC*, No. 5:16-cv-00523-RMW. On May 6, 2016, the Court granted Plaintiffs' Unopposed Motion to Consolidate *Ginsberg* and *Nelson* and vacated the deadlines pertaining to the motions to dismiss. The Consolidated Amended Complaint was filed on May 9, 2016, and the parties subsequently stipulated to the following schedule, which the Court granted on June 9, 2016:

- Second Consolidated Amended Complaint: July 11, 2016.
- Answer/Motion to Dismiss: August 5, 2016.
- Opposition to Motion to Dismiss: September 2, 2016;
- Reply In Support of Motion to Dismiss: September 23, 2016;
- Motion to Dismiss hearing: October 7, 2016.

### 6. Amendment to Pleadings

As stipulated by the parties and ordered by the Court, on or before July 11, 2016, Plaintiffs will file a Second Consolidated Amended Complaint, which will be limited to: 1) amendments regarding Plaintiffs' claims brought pursuant to the California Consumers Legal Remedies Act, Cal. Civ. Code § 1770 et seq.; the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Comm. Code § 71.46, et seq.; and Massachusetts General Law chapter 93A; and 2) a limited amendment to paragraph 265 to add allegations regarding an alleged South Dakota Subclass.

### 7. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that the parties have met and conferred pursuant to Fed.

R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

### 8. Disclosures

On May 6, 2016, the parties exchanged initial disclosures. Disclosures in the Consolidated case are due and will be exchanged on July 1, 2016.

### 9. Discovery

The parties are in the process of negotiating proposed ESI protocol and protective orders for Court approval. Plaintiffs also proposed search terms to be used by Defendant in responding to Plaintiffs' requests for production, which Defendant is testing.

Plaintiffs served on Defendant their First Request for Production of Documents on June 1, 2016, and Defendant's responses are due July 1, 2016. Defendant has not yet served any discovery requests on Plaintiffs. The parties anticipate that discovery will focus on at least the following issues:

- The defective nature of the Drives and related warranty claim data regarding the Drives;

- Whether Defendant engaged in a pattern of deceptive and misleading conduct;

- Whether Defendant's acts and omissions violated consumer protection, unfair competition, and/or false advertising statutes;

- Whether Defendant made material misrepresentations of fact or omitted stating material facts to Plaintiffs and the Classes regarding the defective nature, high failure rate, and suitable uses of the Drives;

- Whether Defendant breached its express and implied warranties;

- Whether the Plaintiffs and members of the Classes have sustained ascertainable loss and damages as a result of Defendant's acts and omissions, and the proper measure thereof;

- Whether Plaintiffs saw or relied on any of the alleged statements or omissions alleged in the Complaint, and whether such statements or omissions would have been materially misleading to a reasonable consumer;

- Whether Plaintiffs have identified evidence of a common defect;

- The reliability and applicability of third-party reports regarding Defendant's hard drives.

**10.   Class Actions**

Plaintiffs seek to maintain this case as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), and, in the alternative, 23(c)(4).  Members of the proposed Classes are fully ascertainable and can be identified using Defendant's records of online retail sales (including records of retail sales by its authorized resellers and dealers), product registrations, and other information kept by Defendant in the usual course of business and/or in the control of Defendant. The members of the proposed Classes are so numerous that joinder of all members would be impracticable because they contain, at a minimum, thousands of members.

There are common questions of law or fact that predominate including:

- Whether the Drives contain a latent, model-wide defect that causes them to fail prematurely;

- Whether Defendant engaged in a pattern of fraudulent, deceptive and misleading conduct;

- Whether Defendant represented that its Drives are of a particular standard, quality, or grade when they are of another; or represented that its Drives have characteristics, uses, or benefits that they do not;

- Whether Defendant made material misrepresentations of fact or omitted stating material facts to Plaintiffs and the Classes regarding the defective nature, high failure rate, and suitable uses of the Drives;

- Whether Defendant's acts and omissions violated consumer protection, unfair competition, and/or false advertising statutes;

- Whether the Drives are of the same quality as those generally acceptable in the market, are fit for the ordinary purposes for which hard drives are used, and are adequately contained, packaged, and labeled;

- Whether Defendant breached its express and implied warranties;

- Whether, as a result of Defendant's misconduct, Plaintiffs and the Classes are entitled to relief, and, if so, the nature of such relief;

- Whether, by the misconduct set forth herein, Defendant violated the common law of unjust enrichment; whether the Plaintiffs and members of the Classes have sustained ascertainable loss and damages as a result of Defendant's acts and omissions, and the proper measure thereof.

The representative Plaintiffs' claims are also typical of the claims of the members of the Classes they seek to represent. Plaintiffs and members of the Classes have been injured by the same wrongful practices in which Defendant has engaged. Plaintiffs' claims arise from the same practices and course of conduct that give rise to the claims of the members of the Classes and are based on the same legal theories. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all Class Members is economically unfeasible and procedurally impracticable. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

In the alternative, Plaintiffs seek certification pursuant to Rule 23(c)(4) on the issues of: 1) whether Defendant breached its warranty contracts with Plaintiffs and the Class; and 2) whether Defendant engaged in deceptive, confusing, or misleading practices in connection with the sale and warranting of the Drives.

Plaintiffs seek to maintain this action on behalf of the following classes:

- All individuals in the United States who purchased, not for resale, at least one Seagate model ST3000DM001 hard drive, or at least one external drive that contained a drive with the aforesaid model number.

- Plaintiffs bring this action as a class action on behalf of the following Subclasses:[1]

    o All individuals in California who purchased, not for resale, at least one Seagate model ST3000DM001 hard drive, or at least one external drive that contained a drive with the aforesaid model number.

    o All individuals in South Carolina who purchased, not for resale, at least one Seagate model ST3000DM001 hard drive, or at least one external drive that contained a drive with the aforesaid model number.

    o All individuals in New York who purchased, not for resale, at least one Seagate model ST3000DM001 hard drive, or at least one external drive that contained a drive with the aforesaid model number.

    o All individuals in Florida who purchased, not for resale, at least one Seagate model ST3000DM001 hard drive, or at least one external drive that contained a drive with the aforesaid model number.

---

[1] As discussed *supra*, Plaintiffs will add a South Dakota subclass in the Second Consolidated Amended Complaint.

UPDATED JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER  - 7
Case No.: 5:16-cv-00523-RMW
010581-11  881889 V1

- All individuals in Illinois who purchased, not for resale, at least one Seagate model ST3000DM001 hard drive, or at least one external drive that contained a drive with the aforesaid model number.

- All individuals in Massachusetts who purchased, not for resale, at least one Seagate model ST3000DM001 hard drive, or at least one external drive that contained a drive with the aforesaid model number.

- All individuals in Tennessee who purchased, not for resale, at least one Seagate model ST3000DM001 hard drive, or at least one external drive that contained a drive with the aforesaid model number.

- All individuals in Texas who purchased, not for resale, at least one Seagate model ST3000DM001 hard drive, or at least one external drive that contained a drive with the aforesaid model number.

(b)   Defendant believes that no class should be certified in this case. Defendant claims that Plaintiffs fail to allege a common defect—indeed, they fail to identify *any* specific defect—and, with respect to Plaintiffs' consumer fraud-based claims, individual issues of exposure, reliance, and damages will predominate. Additional defenses to class certification will likely be revealed upon discovery.

**11.   Scheduling**

The parties propose the following case schedule:

- Defendant shall respond to Plaintiffs' First Set of Requests for Production of Documents on or before July 1, 2016.

- The parties will exchange initial disclosures in the Consolidated action on or before July 1, 2016.

- Second Consolidated Amended Complaint: July 11, 2016

- Motion to Dismiss Scheduling:
    - Motion to Dismiss or Answer: August 5, 2016
    - Response: September 2, 2016
    - Reply: September 23, 2016
    - Hearing: October 7, 2016

- Close of Fact Discovery: March 3, 2017

- Plaintiffs' Expert Reports Concerning Class Certification: April 7, 2017

- Defendant's Expert Reports Concerning Class Certification: May 5, 2017

- Supplemental Expert Reports Concerning Class Certification: May 26, 2017

- Motion for Class Certification
    - Motion for Class Certification: June 2, 2017
    - Opposition: June 30, 2017
    - Reply: July 21, 2017
    - Hearing: August 4, 2017, or as soon thereafter as is convenient for the Court

- Plaintiffs' Expert Reports: August 18, 2017

- Defendant's Expert Reports: September 15, 2017

- Supplemental expert reports: September 29, 2017

- Motion for Summary Judgment filing cut-off date: 90 days after the Court has ruled on the Motion for Class Certification

**12.   Related Cases**

A putative class action containing similar allegations about Seagate's 3TB hard drives is currently pending before Judge Karnow in San Francisco Superior Court, *Pozar v. Seagate Technology LLC*, CGC-15-547787 (filed September 4, 2015) (alleging California class). The *Pozar* plaintiffs filed a First Amended Complaint on November 20, 2015, Seagate filed a demurrer on December 15, 2015, and, following a hearing on February 10, 2016, the court overruled Seagate's demurrer. Seagate answered the First Amended Complaint on February 23, 2016, and discovery subsequently commenced. The parties here have agreed to informally coordinate discovery with the *Pozar* matter to the extent feasible, to avoid duplication and promote efficiency.

**13.   Relief**

Plaintiffs seek restitution, actual damages, consequential damages, and/or incidental damages caused by the Drives' failure, treble damages, pre-judgment and post-judgment interest, other relief as provided by the statutes, equitable relief in the form of restitution and/or disgorgement, injunctive relief, and attorney's fees and costs.

**14.   Settlement and ADR**

Given Plaintiffs' forthcoming Second Consolidated Amended Complaint and Defendant's likely motion to dismiss, the parties believe alternative dispute resolution is premature. The parties have complied with ADR L.R. 3-5 and, pursuant to same, participated in an ADR Phone Conference

on May 2, 2016 (which the parties and the Court's ADR attorney agreed was for both *Ginsberg* and *Nelson*), at which it was decided that a further ADR Phone Conference will take place on November 1, 2016, after the pleadings are settled. The parties agreed that they may be willing to discuss early resolution at a later time.

### 15. Consent to Magistrate Judge For All Purposes

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*   ____ YES   __X__ NO

### 16. Other References

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 17. Narrowing of Issues

Presently, there are no issues that the parties believe can be narrowed by agreement or by motion, or suggestions to expedite the presentation of evidence at trial.

### 18. Expedited Trial Procedure

The parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64.

### 19. Trial

The case will be tried by a jury, except with respect to the UCL, FAL, and other equitable claims, and the parties currently anticipate the trial will not take longer than one week.

### 20. Disclosure of Non-party Interested Entities or Persons

Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.

Other than the parties themselves, Plaintiffs are unaware of any persons, firms, partnerships, corporations (including parent corporations) or other entities which have: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Defendant identified the applicable related entities in its Certificate of Interested Entities or

Persons, filed April 6, 2016. Seagate also notes that plaintiffs in the *Pozar* case pending in state court may also have an interest in the outcome of these proceedings.

**21.    Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**22.    Other**

At this time, the parties are unaware of any other matters that may further facilitate the just, speedy, and inexpensive disposition of this matter.

| | | |
|---|---|---|
| 1 | DATED: June 30, 2016 | **HAGENS BERMAN SOBOL SHAPIRO LLP** |

By: _____*/s/ Steve W. Berman*_____
      Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Jeff D. Friedman (173886)
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com

**AXLER GOLDICH, LLC**

DATED: June 30, 2016          By: _____*/s/ Marc A. Goldich*_____
                                                    Marc A. Goldich (*pro hac vice*)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (267) 207-2920
mgoldich@axgolaw.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**

Bryan L. Clobes (*pro hac vice*)
1101 Market Street, Suite 2650
Philadelphia, PA 19107
Telephone: (215) 864-2810
Facsimile: (215) 864-2810
bclobes@caffertyclobes.com

Nyran Rose Rasche (*pro hac vice*)
150 South Wacker Drive, Suite 3000
Chicago, IL 60606
Telephone: (312)782-4880
Facsimile: (312) 782-4485
nrasche@caffertyclobes.com

*Attorneys for Plaintiffs*

| | |
|---|---|
| | **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**<br>A Limited Liability Partnership<br>Including Professional Corporations |
| DATED: June 30, 2016 | By:   */s/ Anna S. McLean*<br>ANNA S. McLEAN, Cal. Bar No. 142233<br>amclean@sheppardmullin.com<br>NEIL A.F. POPOVIĆ, Cal. Bar No. 132403<br>npopovic@sheppardmullin.com<br>DAVID E. SNYDER, Cal. Bar No. 262001<br>dsnyder@sheppardmullin.com<br>LIÊN H. PAYNE, Cal. Bar No. 291569<br>lpayne@sheppardmullin.com<br>Four Embarcadero Center, 17th Floor<br>San Francisco, California 94111-4109<br>Telephone: 415.434.9100<br>Facsimile: 415.434.3947<br><br>*Attorneys for Defendant* |

### ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Steve W. Berman, am the ECF User whose identification and password are being used to file this Updated Joint Case Management Statement and [Proposed] Order. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

Dated: June 30, 2016         By:   */s/ Steve W. Berman*
                                              Steve W. Berman

**CASE MANAGEMENT ORDER**

The above UPDATED JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

**IT IS SO ORDERED.**

Dated: _____          _____
                                       UNITED STATES DISTRICT JUDGE