Jeff D. Friedman (173886)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Marc A. Goldich (*pro hac vice*)
AXLER GOLDICH, LLC
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (267) 207-2920
mgoldich@axgolaw.com

*Attorneys for Plaintiffs*
[additional counsel on signature page]

Anna S. McLean, Cal. Bar No. 142233
Neil A.F. Popović, Cal. Bar No. 132403
David E. Snyder, Cal. Bar No. 262001
Liên H. Payne, Cal. Bar No. 291569
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947
amclean@sheppardmullin.com
npopovic@sheppardmullin.com
dsnyder@sheppardmullin.com
lpayne@sheppardmullin.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE SEAGATE TECHNOLOGY LLC LITIGATION<br><br>CONSOLIDATED ACTION | No. 3:16-cv-00523-JCS<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Complaint filed: May 9, 2016 |

010581-11 881889 V1

The parties to the above actions jointly submit this UPDATED JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the ORDER SETTING CASE MANAGEMENT CONFERENCE and Civil Local Rule 16-10.  (ECF 86.)  This is the second Case Management Statement; the first was filed with the Court (Whyte, J.) on June 30, 2016.  (ECF 58.)

### 1.   Jurisdiction & Service

This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because there are more than 100 proposed Class Members, some members of the proposed class and Defendant Seagate Technology LLC ("Defendant") are citizens of different states, and Plaintiffs allege that the amount in controversy exceeds $5 million. Defendant has been served.  At this time, the parties are not aware of any issues regarding personal jurisdiction or venue, or of any parties remaining that need to be served.  The parties have further consented to the jurisdiction of Chief Magistrate Judge Spero.  (ECF 82.)

### 2.   Facts

**Plaintiffs' Statement:** Plaintiffs assert claims relating to their purchases of three-terabyte hard disk drives ("Drives") which were manufactured, distributed, and sold by Seagate.  Plaintiffs allege that Seagate violated state consumer protection laws and unjustly enriched itself by misrepresenting and omitting material facts regarding the reliability, failure rates, and other qualities and specifications of the Drives, which contained latent, model-wide defects that caused them to fail prematurely at extremely high rates compared to comparable products.  Plaintiffs allege that Seagate advertised the Drives as ideal for use in Network Attached Storage ("NAS") devices and Redundant Array of Independent Disks ("RAID") configurations, but the Drives were not designed for RAID-5, a common home RAID setup, and were not suitable for any other RAID or NAS configuration.

Plaintiffs further allege that Defendant breached its express and implied warranties. Defendant warranted that it would replace defective Drives with "functionally equivalent" Drives, but the replacement drives were also inherently defective and failed at extremely high rates. Because Defendant did not deliver conforming, non-defective Drives, the express and implied warranties failed of their essential purpose.  Plaintiffs also allege that Seagate failed to satisfy its implied warranty obligations because all Drives contained latent, model-wide defects, which were present

when each Drive left the exclusive control of Defendant, rendering the Drives non-merchantable and unfit for the ordinary purposes for which they were used.

The principal factual issues in dispute center around Defendant's knowledge of the defects, the omissions of material fact and misleading representations regarding the Drives, Defendant's failure to fulfill its warranty obligations by providing defective replacements, and the extent of damages allegedly suffered by Plaintiffs and the Class.

**Defendant's Statement:**

In their Second Consolidated Amended Complaint, the nine named Plaintiffs allege the same core factual allegations about certain Seagate three-terabyte hard disk drives ("3TB HDDs"), which Plaintiffs claim they purchased, used, and replaced pursuant to Seagate's limited warranty, but the replacements later failed. Seagate moved to dismiss both earlier complaints under Federal Rule of Civil Procedure 12(b)(6) and/or Federal Rule of Civil Procedure 9(b), and Plaintiffs amended. Those amendments, however, do not address the fundamental factual deficiencies set forth below, which remain.

(1) Plaintiffs fail to allege they have identified *any* common manufacturing, design, or other defect in their drives. Rather, they merely allege that the drives failed during the warranty period, were replaced pursuant to the warranty, and that some of those replacement drives eventually also failed. The unsupported allegation that a product failed is not an allegation that the product had any manufacturing, design, or other defect, and the allegation that a product does not last forever is not an allegation that any warranty has been breached. The failure to identify a defect and allege how it is causally connected to the alleged harm is also fatal to Plaintiffs' new allegations about RAID and NAS uses of the Drives.

(2) Although some of the Plaintiffs now allege in boilerplate language that they saw and/or "relied on" statements made by Seagate, whether any such statements were false, misleading, or material, or whether Plaintiffs could have reasonably relied on such statements, are questions of law that can and should be resolved at the pleading stage. Which, if any, of the snippets of marketing materials and data sheets alleged in the Complaint were statements that any of the Plaintiffs actually saw and relied on, and whether any could be considered materially misleading will

be key factual issues, if the Complaint is not dismissed because it fails to meet applicable pleading standards under Rules 9(b) and 8.

(3)   The Complaint continues to be based largely on blog postings by low-cost cloud storage company Backblaze, Inc., which admittedly misused Seagate's consumer-grade 3TB drives by using them in a 24/7 commercial environment and "shucking" them from their protective casings.  These blog posts have no bearing on *Plaintiffs'* alleged drive failures, except to the extent Plaintiffs themselves also misused the drives, which will be a key factual issue in the event the Complaint is not dismissed.  In that event, whether Backblaze's reports are valid, admissible, or applicable to the consumer setting will also be key issues to be resolved by the Court.

### 3.   Legal Issues

The Second Consolidated Amended Complaint alleges violation of California's Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), and Consumers Legal Remedies Act ("CLRA"); violation of the consumer protection and unfair competition statutes of New York, Florida, Massachusetts, Illinois, Tennessee, South Carolina, Texas, and South Dakota; breach of express and implied warranties; and unjust enrichment.  The parties anticipate that the disputed points of law will include:

- Whether Plaintiffs' consumer protection and unjust enrichment claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) and, if so, whether the allegations in the complaint satisfy Rule 9(b) with respect to whether Plaintiffs saw, relied on, and were harmed by any of the alleged misstatements or omissions, and whether such misstatements or omissions were material;

- Whether Plaintiffs have alleged actionable misrepresentations or omissions;

- Whether Defendant's warranties failed of their essential purposes and whether Defendant breached its warranties by providing nonconforming and defective replacement Drives;

- Alternatively, whether Defendant fully performed its obligations under the express warranty by providing replacement drives;

- Whether privity is required for express or implied warranty claims when a manufacturer includes written representations regarding the warranty on product labels or advertising materials and when Plaintiffs are third-party beneficiaries to an implied warranty;

- Whether Plaintiffs' claim under the California Consumer Legal Remedies Act are procedurally adequate or deficient;

- Whether Plaintiffs can bring claims for unjust enrichment and money had and received where, among other things, there is an underlying agreement and no sum certain is sought; or

- Whether Plaintiffs are permitted to plead unjust enrichment in the alternative to contract-based claims, including breach of warranty.

**4.     Motions**

Defendant filed its Motion to Dismiss the Second Consolidated Amended Complaint on August 5, 2016.  (ECF 68.)  Plaintiffs filed their Opposition on September 2.  (ECF 72.)  Defendant filed its Reply in Support on September 23.  (ECF 77.)  The parties argued the motion before Judge Whyte on October 7.  That motion is currently pending before this Court.

**5.     Amendment to Pleadings**

The parties do not anticipate further amendment to the pleadings absent a ruling from the Court on the pending motion to dismiss.

**6.     Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.      Disclosures**

The parties have exchanged initial disclosures.

**8.     Discovery**

The parties reached agreements on the protective order and ESI protocol, which the Court approved (ECF 59 (protective order); 73 (ESI protocol)).  Both parties have served discovery requests and responded, with rolling productions ongoing.  Most recently, on November 29, 2016, with Defendant's motion to dismiss under submission, Plaintiffs served Defendant with a First Set of Interrogatories and Second Set of Requests for Production.  The parties have agreed to a 45-day extension to respond and that Defendant will respond to Interrogatory 9 in advance of the extension deadline.

The parties anticipate that discovery will focus on at least the following issues:

- The defective nature of the Drives;

- Related warranty claim data regarding the Drives;

- Whether Defendant engaged in a pattern of deceptive and misleading conduct;

- Whether Defendant's acts and omissions violated consumer protection, unfair competition, and/or false advertising statutes;

- Whether Defendant made material misrepresentations of fact or omitted stating material facts to Plaintiffs and the Classes regarding the defective nature, high failure rate, and suitable uses of the Drives;

- Whether Defendant breached its express and implied warranties;

- Whether the Plaintiffs and members of the Classes have sustained ascertainable loss and damages as a result of Defendant's acts and omissions, and the proper measure thereof;

- Whether Plaintiffs saw or relied on any of the alleged statements or omissions alleged in the Complaint, and whether such statements or omissions would have been materially misleading to a reasonable consumer;

- Whether Plaintiffs have identified evidence of a common defect;

- The reliability and applicability of third-party reports regarding the Drives.

**9.    Class Actions**

(a)    Plaintiffs seek to maintain this case as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), and, in the alternative, 23(c)(4). Members of the proposed Classes are fully ascertainable and can be identified using Defendant's records of online retail sales (including records of retail sales by its authorized resellers and dealers), product registrations, and other information kept by Defendant in the usual course of business and/or in the control of Defendant. The members of the proposed Classes are so numerous that joinder of all members would be impracticable because they contain, at a minimum, thousands of members.

There are common questions of law or fact that predominate including:

- Whether the Drives contain a latent, model-wide defect that causes them to fail prematurely;

- Whether Defendant engaged in a pattern of fraudulent, deceptive, and misleading conduct;

- Whether Defendant represented that its Drives are of a particular standard, quality, or grade when they are of another; or represented that its Drives have characteristics, uses, or benefits that they do not;

- Whether Defendant made material misrepresentations of fact or omitted stating material facts to Plaintiffs and the Classes regarding the defective nature, high failure rate, and suitable uses of the Drives;

- Whether Defendant's acts and omissions violated consumer protection, unfair competition, and/or false advertising statutes;

- Whether the Drives are of the same quality as those generally acceptable in the market, are fit for the ordinary purposes for which hard drives are used, and are adequately contained, packaged, and labeled;

- Whether Defendant breached its express and implied warranties;

- Whether, as a result of Defendant's misconduct, Plaintiffs and the Classes are entitled to relief, and, if so, the nature of such relief;

- Whether, by the misconduct set forth herein, Defendant violated the common law of unjust enrichment;

- Whether the Plaintiffs and members of the Classes have sustained ascertainable loss and damages as a result of Defendant's acts and omissions, and the proper measure thereof.

The representative Plaintiffs' claims are also typical of the claims of the members of the Classes they seek to represent. Plaintiffs and members of the Classes have been injured by the same wrongful practices in which Defendant has engaged. Plaintiffs' claims arise from the same practices and course of conduct that give rise to the claims of the members of the Classes and are based on the same legal theories. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all Class Members is economically unfeasible and procedurally impracticable. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

In the alternative, Plaintiffs seek certification pursuant to Rule 23(c)(4) on the issues of: 1) whether Defendant breached its warranty contracts with Plaintiffs and the Class; and 2) whether

Defendant engaged in deceptive, confusing, or misleading practices in connection with the sale and warranting of the Drives.

Plaintiffs seek to maintain this action on behalf of the following classes:

- All individuals in the United States who purchased, not for resale, at least one Seagate model ST3000DM001 hard drive, or at least one external drive that contained a drive with the aforesaid model number.

- Plaintiffs bring this action as a class action on behalf of the following Subclasses:

  o All individuals in California who purchased, not for resale, at least one Seagate model ST3000DM001 hard drive, or at least one external drive that contained a drive with the aforesaid model number.

  o All individuals in South Carolina who purchased, not for resale, at least one Seagate model ST3000DM001 hard drive, or at least one external drive that contained a drive with the aforesaid model number.

  o All individuals in New York who purchased, not for resale, at least one Seagate model ST3000DM001 hard drive, or at least one external drive that contained a drive with the aforesaid model number.

  o All individuals in Florida who purchased, not for resale, at least one Seagate model ST3000DM001 hard drive, or at least one external drive that contained a drive with the aforesaid model number.

  o All individuals in Illinois who purchased, not for resale, at least one Seagate model ST3000DM001 hard drive, or at least one external drive that contained a drive with the aforesaid model number.

  o All individuals in Massachusetts who purchased, not for resale, at least one Seagate model ST3000DM001 hard drive, or at least one external drive that contained a drive with the aforesaid model number.

  o All individuals in Tennessee who purchased, not for resale, at least one Seagate model ST3000DM001 hard drive, or at least one external drive that contained a drive with the aforesaid model number.

  o All individuals in Texas who purchased, not for resale, at least one Seagate model ST3000DM001 hard drive, or at least one external drive that contained a drive with the aforesaid model number.

  o All individuals in South Dakota who purchased, not for resale, at least one Seagate model ST3000DM001 hard drive, or at least one external drive that contained a drive with the aforesaid model number.

(b) Defendant believes that no class should be certified in this case. Defendant claims that Plaintiffs fail to allege a common defect—indeed, they fail to identify *any* specific defect—and, with respect to Plaintiffs' consumer fraud-based claims, individual issues of exposure, reliance, and damages will predominate. Additional defenses to class certification will likely be revealed upon discovery.

**10. Scheduling**

As noted above, both parties have engaged in discovery requests and responded, with rolling productions ongoing. On November 29, Plaintiffs served Defendant with a First Set of Interrogatories and Second Set of Requests for Production. Given Defendant's ongoing document production obligations, the parties have agreed to a 45-day extension to respond and that Defendant will respond to Interrogatory 9 in advance of the extension deadline.

Additionally, the parties propose the following extended case schedule:

- Close of Fact Discovery: June 2, 2017

- Plaintiffs' Expert Reports Concerning Class Certification: July 7, 2017

- Defendant's Expert Reports Concerning Class Certification: August 4, 2017

- Supplemental Expert Reports Concerning Class Certification: August 25, 2017

- Motion for Class Certification
    - Motion for Class Certification: September 1, 2017
    - Opposition: September 29, 2017
    - Reply: October 20, 2017
    - Hearing: November 3, 2017, or as soon thereafter as is convenient for the Court

- Plaintiffs' Expert Reports: November 17, 2017

- Defendant's Expert Reports: December 15, 2017

- Supplemental Expert Reports: January 5, 2018

- Motion for Summary Judgment filing cut-off date: 90 days after the Court has ruled on the Motion for Class Certification

**11.    Related Cases**

As previously reported by the parties, a putative class action containing similar allegations about Seagate's 3TB hard drives is currently pending before Judge Karnow in San Francisco Superior Court, *Pozar v. Seagate Technology LLC*, CGC-15-547787 (filed September 4, 2015) (alleging California class).  That case, which has survived motion to dismiss, is similarly in the midst of discovery.  In an effort to avoid duplication and promote efficiency, the parties here have agreed to informally coordinate discovery with the *Pozar* matter to the extent feasible.

**12.    Relief**

Plaintiffs seek restitution, actual damages, consequential damages, and/or incidental damages caused by the Drives' failure, treble damages, pre-judgment and post-judgment interest, other relief as provided by the statutes, equitable relief in the form of restitution and/or disgorgement, injunctive relief, and attorney's fees and costs.

**13.    Settlement and ADR**

The parties have complied with ADR L.R. 3-5 and, pursuant to same, participated in an ADR Phone Conference on May 2, 2016.  Given the pending motion to dismiss and current procedural posture of the case, the parties believe alternative dispute resolution is premature but have agreed that they may be willing to discuss early resolution at a later time.

**14.    Consent to Magistrate Judge For All Purposes**

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*   __X__ YES     ____ NO

As set forth above, the parties have consented to the jurisdiction of Chief Magistrate Judge Spero.  (ECF 82.)

**15.     Other References**

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**16.    Narrowing of Issues**

Presently, there are no issues that the parties believe can be narrowed by agreement or by motion, or suggestions to expedite the presentation of evidence at trial.

**17.   Expedited Trial Procedure**

The parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64.

**18.   Trial**

The case will be tried by a jury, except with respect to the UCL, FAL, and other equitable claims, and the parties currently anticipate the trial will not take longer than one week.

**19.   Disclosure of Non-party Interested Entities or Persons**

Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.

Other than the parties themselves, Plaintiffs are unaware of any persons, firms, partnerships, corporations (including parent corporations) or other entities which have: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Defendant identified the applicable related entities in its Certificate of Interested Entities or Persons, filed April 6, 2016. Seagate also notes that plaintiffs in the *Pozar* case pending in state court may also have an interest in the outcome of these proceedings.

**20.   Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.   Other**

At this time, the parties are unaware of any other matters that may further facilitate the just, speedy, and inexpensive disposition of this matter.

| | | |
|---|---|---|
| 1 | DATED: December 2, 2016 | **HAGENS BERMAN SOBOL SHAPIRO LLP** |

By: _____*/s/ Steve W. Berman*_____
    Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Jeff D. Friedman (173886)
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com

**AXLER GOLDICH, LLC**

DATED: December 2, 2016

By: _____*/s/ Marc A. Goldich*_____
    Marc A. Goldich (*pro hac vice*)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (267) 207-2920
mgoldich@axgolaw.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**

Bryan L. Clobes (*pro hac vice*)
1101 Market Street, Suite 2650
Philadelphia, PA 19107
Telephone: (215) 864-2810
Facsimile: (215) 864-2810
bclobes@caffertyclobes.com

Nyran Rose Rasche (*pro hac vice*)
150 South Wacker Drive, Suite 3000
Chicago, IL 60606
Telephone: (312)782-4880
Facsimile: (312) 782-4485
nrasche@caffertyclobes.com

*Attorneys for Plaintiffs*

| | |
|---|---|
| DATED: December 2, 2016 | **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**<br>A Limited Liability Partnership<br>Including Professional Corporations<br><br>By:   */s/ Anna S. McLean*<br>     ANNA S. McLEAN, Cal. Bar No. 142233<br>amclean@sheppardmullin.com<br>NEIL A.F. POPOVIĆ, Cal. Bar No. 132403<br>npopovic@sheppardmullin.com<br>DAVID E. SNYDER, Cal. Bar No. 262001<br>dsnyder@sheppardmullin.com<br>LIÊN H. PAYNE, Cal. Bar No. 291569<br>lpayne@sheppardmullin.com<br>Four Embarcadero Center, 17th Floor<br>San Francisco, California 94111-4109<br>Telephone: 415.434.9100<br>Facsimile: 415.434.3947<br><br>*Attorneys for Defendant* |

### ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Steve W. Berman, am the ECF User whose identification and password are being used to file this Updated Joint Case Management Statement and [Proposed] Order. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

Dated:  December 2, 2016                                By:   */s/ Steve W. Berman*
                                                                              Steve W. Berman

| | |
|---|---|
| 1 | **CASE MANAGEMENT ORDER** |
| 2 | The above UPDATED JOINT CASE MANAGEMENT STATEMENT & PROPOSED |
| 3 | ORDER is approved as the Case Management Order for this case and all parties shall comply with |
| 4 | its provisions. |
| 5 | **IT IS SO ORDERED.** |
| 6 | |
| 7 | Dated: _____                    _____ |
| 8 |                                                                                   UNITED STATES MAGISTRATE JUDGE |