SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
NEIL A.F. POPOVIĆ, Cal. Bar No. 132403
ANNA S. McLEAN, Cal. Bar No. 142233
TENAYA RODEWALD, Cal. Bar No. 248563
MUKUND H. SHARMA, Cal. Bar No. 249125
LIÊN H. PAYNE, Cal. Bar No. 291569
JOY O. SIU, Cal. Bar No. 307610
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:     415.434.9100
Facsimile:     415.434.3947
Email:     npopovic@sheppardmullin.com
               amclean@sheppardmullin.com
               trodewald@sheppardmullin.com
               msharma@sheppardmullin.com
               lpayne@sheppardmullin.com
               jsiu@sheppardmullin.com

Attorneys for Defendant
SEAGATE TECHNOLOGY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SEAGATE TECHNOLOGY LLC LITIGATION | Case No. 5:16-cv-00523-JCS |
| CONSOLIDATED ACTION | **SEAGATE TECHNOLOGY LLC'S ANSWER TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT ("SACC")** |

Defendant Seagate Technology, LLC ("Seagate") hereby answers Plaintiffs' Second

Consolidated Amended Complaint (the "SACC") for alleged violations of the Unfair Competition

Law, Business & Professions Code §§ 17200, *et seq*. ("UCL"), California False Advertising Law,

Business & Professions Code §§ 17500, *et seq.* ("FAL"), the California Consumer Legal

Remedies Act, Civil Code §§ 1750 *et seq.*, Breach of Express Warranty, Breach of Implied

Warranty, Violation of the New York Deceptive Acts and Practices Statute, violation of Florida's

Unfair and Deceptive Trade Practices Act, violation of Massachusetts Deceptive Acts and

1    Practices Statute, violation of Illinois' Consumer Fraud and Deceptive Business Practices Act,

2    violation of Tennessee Consumer Protection Act, violation of South Carolina Unfair Trade

3    Practices Act, violation of Texas' Deceptive Trade Practices Act, violation of South Dakota

4    Deceptive Trade Practices and Consumer Protection Statute, and unjust enrichment as follows:

5         Adam Ginsberg ("Plaintiff Ginsberg") was voluntarily dismissed from this action on July

6    27, 2016 (*see* Dkt. No. 67), and on that basis, Seagate denies that Plaintiff Ginsberg is a party to

7    this action.  Seagate admits that the other individuals listed in the prefatory paragraph of the

8    SACC—Christopher Nelson, Dennis Crawford, Joshuah Enders, David Schechner, Chadwick

9    Hauff, James Hagey, Nikolas Manak, John Smith and Dudley Lane Dortch IV (herein collectively

10   "Plaintiffs")—are named as plaintiffs to this action.  The remaining allegations of the prefatory

11   paragraph of the SACC are legal arguments and conclusions to which no response is required.  To

12   the extent a response is required, Seagate denies the allegations of the prefatory paragraph of the

13   SACC except as expressly admitted.

## I.    INTRODUCTION

15        1.    Paragraph 1 contains legal arguments and conclusions to which no response is

16   required.  To the extent a response is required, Seagate denies the allegations of Paragraph 1 of the

17   SACC.

18        2.    Seagate admits that in October 2011, it made available for sale a 3 Terabyte (TB)

19   internal hard drive containing the name "Barracuda," and that it subsequently made available for

20   sale an external 3TB hard drive containing the name "Backup Plus" and an external 3TB drive

21   containing the name "FreeAgent GoFlex".  Seagate interprets the term "Drives" to refer to the

22   3TB hard drive products purchased by Plaintiffs and named in this paragraph.  Except as expressly

23   admitted, Seagate denies the remaining allegations of Paragraph 2 of the SACC.

24        3.    Paragraph 3 contains allegations that have been dismissed by the Court, and as

25   such, no response is required.  To the extent that a response is required, Seagate denies the

26   allegations of Paragraph 3 of the SACC.

27        4.    Paragraph 4 contains allegations that have been dismissed by the Court, and as

28   such, no response is required.  To the extent that a response is required, Seagate denies the

allegations of Paragraph 4 of the SACC.

5.      Seagate admits that Backblaze, Inc. is a company that offers an online data backup service.  Unless expressly admitted, Seagate denies the allegations of Paragraph 5 of the SACC.

6.      Paragraph 6 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent that a response is required, Seagate denies the allegations of Paragraph 6 of the SACC.

7.      Seagate denies the allegations of Paragraph 7 of the SACC.

8.      Paragraph 8 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 8 have not dismissed by the Court, such allegations are legal arguments and conclusions to which no response is required. To the extent a response is required, Seagate denies the allegations of Paragraph 8 of the SACC.

9.      Paragraph 9 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 9 have not dismissed by the Court, such allegations are legal arguments and conclusions to which no response is required. To the extent a response is required, Seagate denies the allegations of Paragraph 9 of the SACC.

10.      Paragraph 10 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 10 have not dismissed by the Court, such allegations are legal arguments and conclusions to which no response is required. To the extent a response is required, Seagate denies the allegations of Paragraph 10 of the SACC.

11.      Paragraph 11 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 11 of the SACC.

12.      Paragraph 12 contains legal arguments and conclusions to which no response is required.  Paragraph 12 also contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent a response is required, Seagate admits that this action purports to have been brought on behalf of the named Plaintiffs and a class or classes and purports to assert claims under various state statutes.  Seagate denies this lawsuit brings claims for breach

of express warranties, and unless expressly admitted, denies the allegations of Paragraph 12 of the SACC.

13.    Paragraph 13 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 13.

## II.    PARTIES

14.    Seagate lacks knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 14 of the SACC and on that basis denies such allegations.

15.    Seagate lacks knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 15 of the SACC and on that basis denies such allegations.

16.    Seagate lacks knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 16 of the SACC and on that basis denies such allegations.

17.    Seagate lacks knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 17 of the SACC and on that basis denies such allegations.

18.    Plaintiff Ginsberg was voluntarily dismissed from this action on July 27, 2016 (*see* Dkt. No. 67), and as such no response is required to Paragraph 18 of the SACC.

19.    Seagate lacks knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 19 of the SACC and on that basis denies such allegations.

20.    Seagate lacks knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 20 of the SACC and on that basis denies such allegations.

21.    Seagate lacks knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 21 of the SACC and on that basis denies such allegations.

22.    Seagate lacks knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 22 of the SACC and on that basis denies such allegations.

23.    Seagate lacks knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 23 of the SACC and on that basis denies such allegations.

24.    Paragraph 24 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 24.

25.     Seagate admits that it distributes hard drives, that it is an entity organized under the laws of Delaware, and that it has its principal place of business in Cupertino, California.  Seagate lacks knowledge or information sufficient to form a belief as to whether it is "the second largest hard drive manufacturer in the world."  Unless expressly admitted, Seagate denies the allegations of Paragraph 25 of the SACC.

### III.    JURISDICTION AND VENUE

26.     Paragraph 26 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 26 of the SACC.

27.     Seagate admits this Court has personal jurisdiction over it.  The remaining allegations of Paragraph 27 constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 27 unless expressly admitted.

28.     Seagate admits that venue is proper in this District.  The remaining allegations of Paragraph 28 constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the remaining allegations of Paragraph 28 unless expressly admitted.

29.     Seagate admits that assignment to the San Jose division of this Court would be appropriate but that the parties stipulated to assignment to Magistrate Judge Spero in the San Francisco division.  Seagate admits that it has its principal place of business and headquarters in Cupertino, California.  The remaining allegations of Paragraph 29 constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 29 unless expressly admitted.

### IV.    FACTUAL ALLEGATIONS

**A.    Background Information**

    **1.    Hard Drives Generally.**

30.     Seagate admits that the term hard disk drive ("HDD" or "hard drive") can refer to an electromechanical data storage device used for storing and retrieving information for a

SEAGATE TECHNOLOGY LLC'S ANSWER TO PLAINTIFFS' SECOND
CONSOLIDATED AMENDED COMPLAINT ("SACC")

1  computer using rotating discs -- which can be called platters coated with magnetizable material,

2  and containing motors to spin or 'drive' the discs.  Unless expressly admitted, Seagate denies the

3  allegations of Paragraph 32 of the SACC.

4        31.     Seagate admits that some hard disk drives ("HDDs") use a read/write head

5  assembly to detect and modify the magnetization of the material on the area of disk passing

6  immediately under the head assembly.  In some HDDs, an actuator motor positions the read/write

7  head assembly across the spinning disks.  Unless expressly admitted, Seagate denies the

8  allegations of Paragraph 31 of the SACC.

9        32.     Seagate admits that the term "firmware" has a variety of definitions and uses.

10 Seagate admits that sometimes the term "firmware" is used to refer to software that is embedded in

11 a device's read-only memory and controls the some functionality of hardware.  Unless expressly

12 admitted, Seagate denies the allegations of Paragraph 32 of the SACC.

13       33.     Seagate admits that currently, the capacity of consumer-grade HDDs are typically

14 measured in terms of gigabytes ("GB") and terabytes ("TB") where the term gigabyte refers to

15 1,000,000,000 ($10^9$) bytes and the term terabyte refers to 1,000,000,000,000 ($10^{12}$) bytes.  Unless

16 expressly admitted, Seagate denies the allegations of Paragraph 33 of the SACC.

17       34.     Seagate admits that hard drives that are installed within the case of a desktop

18 computer are sometimes referred to as "internal hard drives."  Seagate admits that the term

19 "external hard drive" can refer to a hard drive that is enclosed in its own casing with a power

20 supply, and that such drives may be connected to computers via Universal Serial Bus ("USB")

21 cables or other technologies.  Unless expressly admitted, Seagate denies the allegations of

22 Paragraph 34 of the SACC.

23       35.     Seagate admits that some hard drives can be used in network attached storage

24 systems or devices and Redundant Array of Intelligent Disk (RAID) systems or devices.  Unless

25 expressly admitted, Seagate denies the allegations of Paragraph 35 of the SACC.

26       36.     Paragraph 36 contains allegations that have been dismissed by the Court, and as

27 such, no response is required.  To the extent a response is required, Seagate admits some network

28 attached storage (NAS) configurations operate to provide data storage, to support file storage and

1  sharing across a computer network, and/or to support streaming multimedia files between devices.

2  Unless expressly admitted, Seagate denies the allegations of Paragraph 36 of the SACC.

3      37.     Seagate avers that Figure 1 does not contain allegations, and as such, no response is

4  required.  Paragraph 37 contains allegations that have been dismissed by the Court, and as such,

5  no response is required.  To the extent a response is required, Seagate admits some network

6  attached storage (NAS) configurations include an enclosure, a motherboard, a central processing

7  unit (CPU), memory, and a hard-disk drive.  Unless expressly admitted, Seagate denies the

8  allegations of Paragraph 37 of the SACC.

9      38.     Seagate admits that some NAS devices can be sold without hard drives.  Seagate

10  lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

11  remaining allegations of Paragraph 38 of the SACC, and on that basis, unless expressly admitted,

12  Seagate denies the allegations of Paragraph 38 of the SACC.

13      39.     Seagate admits that "RAID" can refer to a data storage technology that combines

14  multiple hard drives into a functional unit for the purposes of data redundancy, performance

15  improvement, or both.  Except as expressly admitted, Seagate denies the allegations of Paragraph

16  39 of the SACC.

17      40.     Seagate admits that "RAID 0," "RAID 1" and "RAID 5" are terms used to refer to

18  different types of "RAID" configurations.  Seagate admits that a RAID system can comprise an

19  enclosure, hard drives, and other components, but denies that every RAID system contains all of

20  these components.  Seagate denies that "RAID 5" is a common RAID configuration for home use.

21  Except as expressly admitted, Seagate denies the allegations of Paragraph 40 of the SACC.

22      41.     Seagate admits that as sometimes implemented, RAID 0 does not provide any data

23  redundancy but can be used to increase data transfer speeds.  Except as expressly admitted,

24  Seagate denies the allegations of Paragraph 41 of the SACC.

25      42.     Seagate admits that as sometimes implemented, RAID 1 uses two or more hard

26  drives, each containing a copy of any saved data, and providing a form of data redundancy.

27  Except as expressly admitted, Seagate denies the allegations of Paragraph 42 of the SACC.

28

SMRH:481971417.10
SEAGATE TECHNOLOGY LLC'S ANSWER TO PLAINTIFFS' SECOND
CONSOLIDATED AMENDED COMPLAINT ("SACC")

43.     Seagate admits that as sometimes implemented, RAID 5 utilizes at least three hard drives, with data distributed across all drives to support data redundancy.  Except as expressly admitted, Seagate denies the allegations of Paragraph 43 of the SACC.

44.     Seagate admits that some NAS systems can use some RAID configurations to back up data.  Unless expressly admitted, Seagate denies the allegations of Paragraph 44 of the SACC.

**2.     The Drives.**

45.     The allegations of Paragraph 45 constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate admits this action purports to be an action concerning the Drives named in Paragraph 2 of this Answer.  Unless expressly admitted, Seagate denies the allegations of Paragraph 45 of the SACC.

46.     Seagate admits that it sold 3TB drives with the model number ST3000DM001under names that contained the words "Barracuda" and "Desktop HDD."  Unless expressly admitted, Seagate denies the allegations of Paragraph 46 of the SACC.

47.     Seagate admits that at one time it sold external hard drives under names that contained the words "Backup Plus" and "GoFlex."  Unless expressly admitted, Seagate denies the allegations of Paragraph 47 of the SACC.

48.     Seagate admits that at one time it sold external hard drives containing drives with model number ST3000DM001.  Unless expressly admitted, Seagate denies the allegations of Paragraph 48 of the SACC.

**B.     Seagate Markets and Advertises Its Drives as Highly Reliable, Having Extremely Low Failure Rates, and Suitable for RAID and NAS**

Seagate submits that the use of a heading containing allegations is improper, and therefore no response to it is required to Plaintiffs' heading.  To the extent a response is required, Seagate denies the allegations contained in this heading.

49.     Seagate admits that it has at various times sold hard drives under the name "Barracuda" and that some of these drives may be available through resellers.  Unless expressly admitted, Seagate denies the allegations of Paragraph 49 of the SACC.

SMRH:481971417.10
SEAGATE TECHNOLOGY LLC'S ANSWER TO PLAINTIFFS' SECOND
CONSOLIDATED AMENDED COMPLAINT ("SACC")

50.     Seagate admits that its model number ST3000DM001 hard drives utilized three platters of approximately 1 TB each.  On information and belief, Seagate admits that its model number ST3000DM001 hard drives were the first commercially available consumer-grade hard drives to utilize three platters of approximately 1 TB each.  Seagate lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 50 of the SACC, and on that basis, unless expressly admitted, Seagate denies the allegations of Paragraph 50 of the SACC.

51.     Paragraph 51 contains allegations that have been dismissed by the Court, and as such, no response is required.  Seagate avers that all claims and allegations related to Exhibit A have been dismissed by the Court, and on that further basis, no response is required.  To the extent any allegations in Paragraph 51 have not dismissed by the Court, Seagate avers that Exhibit A speaks for itself.  Seagate denies the allegations of Paragraph 51 of the SACC except as expressly admitted.

52.     Paragraph 52 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 52 have not been dismissed by the Court, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 and on that basis denies the allegations of Paragraph 52 of the SACC.

53.     Paragraph 53 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 53 have not been dismissed by the Court, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 and on that basis denies the allegations of Paragraph 53 of the SACC.

54.     Paragraph 54 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 54 have not been dismissed by the Court, Seagate avers that Exhibit B speaks for itself.  Seagate denies the allegations of Paragraph 54 of the SACC except as expressly admitted.

55.     Paragraph 55 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 55 have not been dismissed by the Court, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 and on that basis denies the allegations of Paragraph 56 of the SACC.

56.     Paragraph 56 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 56 have not been dismissed by the Court, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 and on that basis denies the allegations of Paragraph 56 of the SACC.

57.     Paragraph 57 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 57 have not been dismissed by the Court, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 and on that basis denies the allegations of Paragraph 57 of the SACC.

58.     Paragraph 58 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 58 have not been dismissed by the Court, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 and on that basis denies the allegations of Paragraph 58 of the SACC.

59.     Paragraph 59 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, Seagate does not know to which alleged "marketing" Paragraph 59 refers and thus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 and on that basis denies the allegations of Paragraph 59 of the SACC.

60.     Paragraph 60 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 60 have not been dismissed by the Court, Seagate admits that a 2011 Seagate press release stated, in part, that "The

1  new Barracuda hard drive … is designed for … home and small-business RAID solutions."

2  Unless expressly admitted, Seagate denies the allegations of Paragraph 60 of the SACC.

3       61.    Paragraph 61 contains allegations that have been dismissed by the Court, and as

4  such, no response is required.  To the extent any allegations in Paragraph 61 have not been

5  dismissed by the Court, Seagate admits that at one time a Seagate website contained the statement

6  that the Barracuda drive is "[p]erfect when you need to … [i]mplement a desktop RAID."  Unless

7  expressly admitted, Seagate denies the allegations of Paragraph 61 of the SACC.

8       62.    Paragraph 62 contains allegations that have been dismissed by the Court, and as

9  such, no response is required.  To the extent any allegations in Paragraph 62 have not been

10  dismissed by the Court, Seagate lacks knowledge or information sufficient to form a belief as to

11  the truth of the allegations therein and on that basis denies the allegations of Paragraph 62 of the

12  SACC.

13       63.    Paragraph 63 contains allegations that have been dismissed by the Court, and as

14  such, no response is required.  To the extent any allegations in Paragraph 63 have not been

15  dismissed by the Court, Seagate avers that Exhibit C speaks for itself.  Unless expressly admitted,

16  Seagate denies the allegations of Paragraph 63 of the SACC.

17       64.    Paragraph 64 contains allegations that have been dismissed by the Court, and as

18  such, no response is required.  To the extent any such allegations have not been dismissed by the

19  Court, they are legal arguments and conclusions to which no response is required.  To the extent a

20  response is required, Seagate denies the allegations of Paragraph 64 of the SACC.

21       65.    Paragraph 65 contains allegations that have been dismissed by the Court, and as

22  such, no response is required.  To the extent any such allegations have not been dismissed by the

23  Court, they are legal arguments and conclusions to which no response is required.  To the extent a

24  response is required, Seagate denies the allegations of Paragraph 65 of the SACC.

25       66.    Paragraph 66 contains allegations that have been dismissed by the Court, and as

26  such, no response is required.  To the extent any allegations in Paragraph 66 have not been

27  dismissed by the Court, such allegations are legal arguments and conclusions to which no response

28

SMRH:481971417.10

1   is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 66 of

2   the SACC.

3         67.     Paragraph 67 contains allegations that have been dismissed by the Court, and as

4   such, no response is required.  To the extent any allegations in Paragraph 67 have not been

5   dismissed by the Court, Seagate lacks knowledge or information sufficient to form a belief as to

6   the truth of the allegations of Paragraph 67 and on that basis denies the allegations of Paragraph 67

7   of the SACC

8         68.     Paragraph 68 contains allegations that have been dismissed by the Court, and as

9   such, no response is required.  To the extent any allegations in Paragraph 68 have not been

10  dismissed by the Court, Seagate avers that Exhibit D speaks for itself but avers that all claims and

11  allegations related to Exhibit D have been dismissed by the Court, and on that basis, no response is

12  required.  Seagate denies the allegations of Paragraph 68 of the SACC except as expressly

13  admitted.

14        69.     Paragraph 69 contains allegations that have been dismissed by the Court, and as

15  such, no response is required.  To the extent any allegations in Paragraph 69 have not been

16  dismissed by the Court, Seagate lacks knowledge or information sufficient to form a belief as to

17  the truth of the allegations of Paragraph 69 and on that basis denies the allegations of Paragraph 69

18  of the SACC.

19        70.     Paragraph 70 contains allegations that have been dismissed by the Court, and as

20  such, no response is required.  To the extent any allegations in Paragraph 70 have not been

21  dismissed by the Court, such allegations are legal arguments and conclusions to which no response

22  is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 70 of

23  the SACC.

24        71.     Paragraph 71 contains allegations that have been dismissed by the Court, and as

25  such, no response is required.  To the extent any allegations in Paragraph 71 have not been

26  dismissed by the Court, such allegations are legal arguments and conclusions to which no response

27  is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 71 of

28  the SACC.

72.      Paragraph 72 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent a response is required, Seagate states that it does not know to which "reliability and data integrity specifications" Paragraph 72 purports to refer and therefore Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 and on that basis denies the allegations of Paragraph 72 of the SACC.

73.      Paragraph 73 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 73 have not been dismissed by the Court, Seagate avers that Exhibit B speaks for itself.  Except as expressly admitted, Seagate denies the allegations of Paragraph 73 of the SACC.

74.      Paragraph 74 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent a response is required, Seagate admits a read error rate is measured in relation to a number of bits transferred or read.  Unless expressly admitted, Seagate denies the allegations of Paragraph 74 of the SACC.

75.      Paragraph 75 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent a response is required, Seagate admits that 10E14 can mean 10 to the power of 14.  Unless expressly admitted, Seagate denies the allegations of Paragraph 75 of the SACC.

76.      Paragraph 76 contains legal conclusions or arguments to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 76 of the SACC.

77.      Seagate admits a hard drive's AFR can be calculated by the manufacturer using tests and/or mathematical formulas. Unless expressly admitted, Seagate denies the allegations of Paragraph 77 of the SACC.

78.      Seagate denies the allegations of Paragraph 78 of the SACC.

79.      Paragraph 79 contains legal conclusions or arguments to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 79 of the SACC.

80.     Paragraph 80 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 80 have not been dismissed by the Court, they are legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 80 of the SACC.

81.     Paragraph 81 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 81 have not been dismissed by the Court, they are legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 81 of the SACC.

**C.    Defendant's Statements and Data Are False, Misleading, and Deceptive, and Defendant Failed to Disclose the Drives' Defects and Unsuitability for RAID/NAS**

Seagate submits that the use of a heading containing allegations is improper, and therefore no response to it is required to Plaintiffs' heading.  To the extent a response is required, Seagate denies the allegations contained in this heading.

**1.    The Backblaze Reports.**

82.     Paragraph 82 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent a response is required, Seagate admits that Backblaze, Inc. is a company that offers an online data backup service.  Unless expressly admitted, Seagate denies the allegations of Paragraph 82 of the SACC.

83.     Seagate admits that Backblaze uses "storage pods" consisting of numerous consumer-grade hard drives.  Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 and on that basis denies the allegations of Paragraph 83 of the SACC unless expressly admitted.

84.     Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 and on that basis denies the allegations of Paragraph 84 of the SACC.

SMRH:481971417.10

85.     Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 and on that basis denies the allegations of Paragraph 85 of the SACC.

86.     Seagate denies that Backblaze properly or accurately determined any information about the Drives at issue in this action.  Seagate lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 86 and on that basis denies the remaining allegations of Paragraph 86 of the SACC.

87.     Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87 and on that basis denies the allegations of Paragraph 87 of the SACC.

88.     Seagate avers that Figure 2 does not contain allegations, and as such, no response is required.  Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88 and on that basis denies the allegations of Paragraph 88 of the SACC.

89.     Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 and on that basis denies the allegations of Paragraph 89 of the SACC.

90.     Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 and on that basis denies the allegations of Paragraph 90 of the SACC.

91.     Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91 and on that basis denies the allegations of Paragraph 91 of the SACC.

92.     Seagate denies Backblaze properly or accurately determined "AFR" for any Seagate drives and denies the allegations of Paragraph 92 of the SACC.

93.     Seagate denies Backblaze properly or accurately determined "AFR" or "failure rate" for any Seagate drives and denies the allegations of Paragraph 92 of the SACC.

94.     Seagate denies that Backblaze properly or accurately determined "AFR" for any hard drives and denies the allegations of Paragraph 94 of the SACC.

SEAGATE TECHNOLOGY LLC'S ANSWER TO PLAINTIFFS' SECOND
CONSOLIDATED AMENDED COMPLAINT ("SACC")

95.     Seagate denies that Backblaze properly or accurately determined "failure rate" for any hard drives and denies the allegations of Paragraph 95 of the SACC.

96.     Seagate denies Backblaze properly or accurately determined the "failure rate" for any hard drives and denies the allegations of Paragraph 96 of the SACC.

97.     Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97 and on that basis denies the allegations of Paragraph 96 of the SACC.

98.     Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98 and on that basis denies the allegations of Paragraph 98 of the SACC.

99.     Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99 and on that basis denies the allegations of Paragraph 99 of the SACC.

100.     Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 and on that basis denies the allegations of Paragraph 1 of the SACC.

101.     Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101 and on that basis denies the allegations of Paragraph 101 of the SACC.

102.     Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 and on that basis denies the allegations of Paragraph 102 of the SACC.

103.     Seagate denies Backblaze properly or accurately determined failure rate for any hard drives.  Seagate lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 103 and on that basis denies the allegations of Paragraph 103 of the SACC.

SMRH:481971417.10

104.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104 and on that basis denies the allegations of Paragraph 104 of the SACC.

105.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105 and on that basis denies the allegations of Paragraph 105 of the SACC.

106.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106 and on that basis denies the allegations of Paragraph 106 of the SACC.

107.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 107 and on that basis denies the allegations of Paragraph 107 of the SACC.

108.    Seagate denies that the Drives at issue contain any "model-wide defect."  Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 108 and on that basis denies the allegations of Paragraph 108 of the SACC.

109.    Paragraph 109 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 109 and on that basis denies the allegations of Paragraph 109 of the SACC.

**2.    The Drives Are Not Designed for RAID 5 and Are Not Suitable for Any Level of RAID or NAS.**

Seagate submits that the use of a heading containing allegations is improper, and therefore no response to it is required to Plaintiffs' heading.  To the extent a response is required, Seagate denies the allegations contained in this heading.

110.    Paragraph 110 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 110 of the SACC.

SMRH:481971417.10

111.    Paragraph 111 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 111 and on that basis denies the allegations of Paragraph 111 of the SACC.

112.    Paragraph 112 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, Seagate avers that Exhibits B and C to the SACC speak for themselves.  Seagate admits that a 2011 Seagate press release stated that "[t]he new Barracuda hard drive … is designed for … home and small-business RAID solutions."  Unless expressly admitted, Seagate denies the allegations of Paragraph 112 of the SACC.

113.    Paragraph 113 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 113 of the SACC.

114.    Paragraph 114 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, Seagate denies the allegations of Paragraph 114 of the SACC.

115.    Paragraph 115 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 115 of the SACC.

**3.    Defendant Failed to Disclose the Drives' Defects and Their Unsuitability for RAID and NAS.**

Seagate submits that the use of a heading containing allegations is improper, and therefore no response to it is required to Plaintiffs' heading.  To the extent a response is required, Seagate denies the allegations contained in this heading.

116.    Paragraph 116 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 116 of the SACC.

117.    Paragraph 117 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 117 of the SACC.

118.    Paragraph 118 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies that the Drives at issue contain any "model-wide defect" and otherwise denies the allegations of Paragraph 118 of the SACC.

119.    Paragraph 119 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent a response is required, Seagate admits that it has a return program for hard drives under warranty, and it generally refurbishes or recycles returned hard drives.  Seagate avers that Exhibit F speaks for itself.  Seagate denies that its decision to take back drives and refurbish or recycle them means such drives are defective.  Unless expressly admitted, Seagate denies the allegations of Paragraph 119 of the SACC.

120.    Paragraph 120 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 120 of the SACC.

121.    Paragraph 121 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any such allegations have not been dismissed by the Court, they are legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 121 of the SACC.

**D.    Seagate's Warranty on the Drives**

Seagate submits that the use of a heading containing allegations is improper, and therefore no response to it is required to Plaintiffs' heading.  To the extent a response is required, Seagate denies the allegations contained in this heading.

122.    Paragraph 122 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any such allegations have not been dismissed by the Court, they are legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 122 of the SACC.

Case No. 5:16-cv-00523-JCS
SEAGATE TECHNOLOGY LLC'S ANSWER TO PLAINTIFFS' SECOND
CONSOLIDATED AMENDED COMPLAINT ("SACC")

123.    Paragraph 123 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 123 and on that basis denies the allegations of Paragraph 123 of the SACC.

124.    Paragraph 124 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent a response is required, Seagate admits that the warranty period for hard drives sold under the name "Barracuda" has varied in duration.  Seagate admits that the warranty for hard drives sold under the names "Backup Plus" or "GoFlex" also varied in duration.  Unless expressly admitted, Seagate denies the allegations of Paragraph 124 of the SACC.

125.    Paragraph 125 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any such allegations have not dismissed by the Court, they are legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 125 and on that basis denies the allegations of Paragraph 125 of the SACC.

126.    Paragraph 126 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 126 have not dismissed by the Court, such allegations are legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate states that the terms of any express warranty offered by Seagate speak for themselves, and that Seagate lacks knowledge or information sufficient to determine to which "warranty" Paragraph 126 refers, and therefore lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 126 and on that basis denies the allegations of Paragraph 126 of the SACC.  Unless expressly admitted, Seagate denies the remaining allegations of Paragraph 126 of the SACC.

127.    Paragraph 127 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent a response is required, Seagate lacks knowledge or

SMRH:481971417.10

SEAGATE TECHNOLOGY LLC'S ANSWER TO PLAINTIFFS' SECOND
CONSOLIDATED AMENDED COMPLAINT ("SACC")

1    information sufficient to form a belief as to the truth of the allegations of Paragraph 127 and on

2    that basis denies the allegations of Paragraph 127 of the SACC.

3         128.    Paragraph 128 contains allegations that have been dismissed by the Court, and as

4    such, no response is required.  To the extent a response is required, Seagate states that it lacks

5    knowledge or information sufficient to determine to which warranty or warranties Paragraph 128

6    refers, and therefore lacks knowledge or information sufficient to form a belief as to the truth of

7    the allegations of Paragraph 128 and on that basis denies the allegations of Paragraph 128 of the

8    SACC.  Unless expressly admitted, Seagate denies the allegations of Paragraph 128 of the SACC.

9         129.    Paragraph 129 contains allegations that have been dismissed by the Court, and as

10   such, no response is required.  To the extent any allegations in Paragraph 129 have not been

11   dismissed by the Court, Seagate denies that the Drives at issue contain any "model-wide defect"

12   and otherwise denies the allegations of Paragraph 129 of the SACC.

13        130.    Paragraph 130 contains allegations that have been dismissed by the Court, and as

14   such, no response is required.  To the extent any allegations have not been dismissed, Seagate

15   lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

16   Paragraph 130 and on that basis denies the allegations of Paragraph 130 of the SACC.

17        131.    Paragraph 131 contains allegations that have been dismissed by the Court, and as

18   such, no response is required.  To the extent any such allegations have not been dismissed by the

19   Court, they are legal arguments and conclusions to which no response is required.  To the extent a

20   response is required, Seagate denies the allegations of Paragraph 131 of the SACC.

21        132.    Paragraph 132 contains allegations that have been dismissed by the Court, and as

22   such, no response is required.  To the extent any such allegations have not been dismissed by the

23   Court, they are legal arguments and conclusions to which no response is required.  To the extent a

24   response is required, Seagate denies the allegations of Paragraph 132 of the SACC.

25        133.    Paragraph 133 contains allegations that have been dismissed by the Court, and as

26   such, no response is required.  To the extent any such allegations have not been dismissed by the

27   Court, they are legal arguments and conclusions to which no response is required.  To the extent a

28   response is required, Seagate denies the allegations of Paragraph 133 of the SACC.

134.    Paragraph 134 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any such allegations have not been dismissed by the Court, they are legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 134 of the SACC.

**E.    The Plaintiffs' and the Class' Experience With Failed Seagate Drives**

Seagate submits that the use of a heading containing allegations is improper, and therefore no response to it is required to Plaintiffs' heading.  To the extent a response is required, Seagate denies the allegations contained in this heading.

**1.    Plaintiff Nelson.**

135.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 135 and on that basis denies the allegations of Paragraph 135 of the SACC.

136.    Seagate admits that Best Buy is an authorized retailer of Seagate hard drives. Seagate lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 136 and on that basis denies the allegations of Paragraph 136 of the SACC except as expressly admitted.

137.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 137 and on that basis denies the allegations of Paragraph 137 of the SACC.

138.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 138 and on that basis denies the allegations of Paragraph 138 of the SACC.

139.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 139 and on that basis denies the allegations of Paragraph 139 of the SACC.

140.    Paragraph 140 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, Seagate

1   lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

2   Paragraph 140 and on that basis denies the allegations of Paragraph 140 of the SACC.

3          141.   Seagate lacks knowledge or information sufficient to form a belief as to the truth of

4   the allegations of Paragraph 141 and on that basis denies the allegations of Paragraph 141 of the

5   SACC.

6          142.   Seagate admits that "power-on" time can refer to the total time a hard drive is

7   powered on during a year or some other specific duration of time.  Except as expressly admitted,

8   Seagate denies the allegations of Paragraph 142 of the SACC.

9          143.   Paragraph 143 contains allegations that have been dismissed by the Court, and as

10  such, no response is required.  To the extent any such allegations have not been dismissed by the

11  Court, they are legal arguments and conclusions to which no response is required.  To the extent a

12  response is required, Seagate denies the allegations of Paragraph 143 of the SACC.

13         144.   Seagate lacks knowledge or information sufficient to form a belief as to the truth

14  of the allegations of Paragraph 144 and on that basis denies the allegations of Paragraph 144 of the

15  SACC.

16         145.   Seagate lacks knowledge or information sufficient to form a belief as to the truth

17  of the allegations of Paragraph 145 and on that basis denies the allegations of Paragraph 145 of the

18  SACC.

19         146.   Seagate lacks knowledge or information sufficient to form a belief as to the truth

20  of the allegations of Paragraph 146 and on that basis denies the allegations of Paragraph 146 of the

21  SACC.

22         147.   Seagate lacks knowledge or information sufficient to form a belief as to the truth

23  of the allegations of Paragraph 147 and on that basis denies the allegations of Paragraph 147 of the

24  SACC.

25         148.   Seagate denies that the Drives at issue contain any "model-wide defect."  Seagate

26  lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of

27  Paragraph 148 and on that basis denies the allegations of Paragraph 148 of the SACC.

28

2.      **Plaintiff Hauff.**

149.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 149 and on that basis denies the allegations of Paragraph 149 of the SACC.

150.    Seagate admits that Amazon is an authorized retailer of Seagate hard drives. Paragraph 150 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 150 and on that basis denies the allegations of Paragraph 150 of the SACC except as expressly admitted.

151.    Paragraph 151 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 151 and on that basis denies the allegations of Paragraph 151 of the SACC.

152.    Paragraph 152 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 152 and on that basis denies the allegations of Paragraph 152 of the SACC.

153.    Paragraph 153 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 153 and on that basis denies the allegations of Paragraph 153 of the SACC.

154.    Paragraph 154 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 154 and on that basis denies the allegations of Paragraph 154 of the SACC.

155. Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 155 and on that basis denies the allegations of Paragraph 155 of the SACC.

156. Paragraph 156 contains allegations that have been dismissed by the Court, and as such, no response is required. To the extent any allegations have not been dismissed, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 156 and on that basis denies the allegations of Paragraph 156 of the SACC.

157. Paragraph 157 contains allegations that have been dismissed by the Court, and as such, no response is required. To the extent any such allegations have not been dismissed by the Court, they are legal arguments and conclusions to which no response is required. To the extent a response is required, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 157 and on that basis denies the allegations of Paragraph 157 of the SACC.

158. Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 158 and on that basis denies the allegations of Paragraph 158 of the SACC.

159. Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 159 and on that basis denies the allegations of Paragraph 159 of the SACC.

160. Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 160 and on that basis denies the allegations of Paragraph 160 of the SACC.

161. Paragraph 161 contains allegations that have been dismissed by the Court, and as such, no response is required. To the extent any allegations in Paragraph 161 have not been dismissed by the Court, Seagate denies that the Drives at issue contain any "model-wide defect." Seagate lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 161 and on that basis denies the allegations of Paragraph 161 of the SACC.

1

      **3.**      **Plaintiff Schechner.**

2        162.      Seagate lacks knowledge or information sufficient to form a belief as to the truth of

3 the allegations of Paragraph 162 and on that basis denies the allegations of Paragraph 162 of the

4 SACC.

5        163.      Seagate admits that Amazon is an authorized retailer of Seagate hard drives.

6 Seagate lacks knowledge or information sufficient to form a belief as to the truth of the other

7 allegations of Paragraph 163 and on that basis denies the allegations of Paragraph 163 of the

8 SACC except as expressly admitted.

9        164.      Paragraph 164 contains allegations that have been dismissed by the Court, and as

10 such, no response is required.  To the extent any allegations have not been dismissed, Seagate

11 lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

12 Paragraph 164 and on that basis denies the allegations of Paragraph 164 of the SACC.

13       165.      Paragraph 165 contains allegations that have been dismissed by the Court, and as

14 such, no response is required.  To the extent any allegations have not been dismissed, Seagate

15 lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

16 Paragraph 165 and on that basis denies the allegations of Paragraph 165 of the SACC.

17       166.      Paragraph 166 contains allegations that have been dismissed by the Court, and as

18 such, no response is required.  To the extent any allegations have not been dismissed, Seagate

19 lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

20 Paragraph 166 and on that basis denies the allegations of Paragraph 166 of the SACC.

21       167.      Paragraph 167 contains allegations that have been dismissed by the Court, and as

22 such, no response is required.  To the extent any allegations have not been dismissed, Seagate

23 lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

24 Paragraph 167 and on that basis denies the allegations of Paragraph 167 of the SACC.

25       168.      Paragraph 168 contains allegations that have been dismissed by the Court, and as

26 such, no response is required.  To the extent any such allegations have not been dismissed by the

27 Court, they are legal arguments and conclusions to which no response is required.  To the extent a

28 response is required, Seagate denies the allegations of Paragraph 168 of the SACC.

SMRH:481971417.10

169.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 169 and on that basis denies the allegations of Paragraph 169 of the SACC.

170.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 170 and on that basis denies the allegations of Paragraph 170 of the SACC.

171.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 171 and on that basis denies the allegations of Paragraph 171 of the SACC.

172.    Paragraph 172 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 172 have not been dismissed by the Court, Seagate denies that the Drives at issue contain any "model-wide defect." Seagate lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 172 and on that basis denies the allegations of Paragraph 172 of the SACC.

173.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 173 and on that basis denies the allegations of Paragraph 173 of the SACC.

**4.    Plaintiff Hagey.**

174.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 174 and on that basis denies the allegations of Paragraph 174 of the SACC.

175.    Seagate admits that Best Buy is an authorized retailer of Seagate hard drives. Seagate lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 175 and on that basis denies the allegations of Paragraph 175 of the SACC except as expressly admitted.

176.    Paragraph 176 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, Seagate

1  lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

2  Paragraph 176 and on that basis denies the allegations of Paragraph 176 of the SACC.

3       177.    Paragraph 177 contains allegations that have been dismissed by the Court, and as

4  such, no response is required.  To the extent any allegations have not been dismissed, Seagate

5  lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

6  Paragraph 177 and on that basis denies the allegations of Paragraph 177 of the SACC.

7       178.    Seagate lacks knowledge or information sufficient to form a belief as to the truth

8  of the allegations of Paragraph 178 and on that basis denies the allegations of Paragraph 178 of

9  the SACC.

10       179.    Paragraph 179 contains allegations that have been dismissed by the Court, and as

11  such, no response is required.  To the extent any allegations have not been dismissed, Seagate

12  lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

13  Paragraph 179 and on that basis denies the allegations of Paragraph 179 of the SACC.

14       180.    Seagate lacks knowledge or information sufficient to form a belief as to the truth

15  of the allegations of Paragraph 180 and on that basis denies the allegations of Paragraph 180 of

16  the SACC.

17       181.    Paragraph 181 contains allegations that have been dismissed by the Court, and as

18  such, no response is required.  To the extent any such allegations have not dismissed by the Court,

19  they are legal arguments and conclusions to which no response is required.  To the extent a

20  response is required, Seagate denies the allegations of Paragraph 181 of the SACC.

21       182.    Seagate denies that the Drives at issue contain any "model-wide defect."  Seagate

22  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

23  allegations of Paragraph 182 and on that basis denies the allegations of Paragraph 182 of the

24  SACC.

25       183.    Seagate lacks knowledge or information sufficient to form a belief as to the truth

26  of the allegations of Paragraph 183 and on that basis denies the allegations of Paragraph 183 of

27  the SACC.

28

SMRH:481971417.10

184.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 184 and on that basis denies the allegations of Paragraph 184 of the SACC.

185.    Paragraph 185 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 185 have not dismissed by the Court, Seagate denies that the Drives at issue contain any "model-wide defect."  Seagate lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 185 and on that basis denies the allegations of Paragraph 185 of the SACC.

**5.    Plaintiff Crawford.**

186.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 186 and on that basis denies the allegations of Paragraph 186 of the SACC.

187.    Seagate admits that TigerDirect is an authorized retailer of Seagate hard drives. Seagate lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 187 and on that basis denies the allegations of Paragraph 187 of the SACC except as expressly admitted.

188.    Paragraph 188 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 188 and on that basis denies the allegations of Paragraph 188 of the SACC.

189.    Paragraph 189 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 189 and on that basis denies the allegations of Paragraph 189 of the SACC.

190.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 190 and on that basis denies the allegations of Paragraph 190 of the SACC.

191.    Paragraph 191 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 191 and on that basis denies the allegations of Paragraph 191 of the SACC.

192.    Paragraph 192 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 192 and on that basis denies the allegations of Paragraph 192 of the SACC.

193.    Paragraph 193 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 193 and on that basis denies the allegations of Paragraph 193 of the SACC.

194.    Paragraph 194 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any such allegations have not dismissed by the Court, they are legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies that the Drives at issue contain any "model-wide defect." Seagate lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 194 and on that basis denies the allegations of Paragraph 194 of the SACC.

195.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 195 and on that basis denies the allegations of Paragraph 195 of the SACC.

196.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 196 and on that basis denies the allegations of Paragraph 196 of the SACC.

197.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 197 and on that basis denies the allegations of Paragraph 197 of the SACC.

198.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 198 and on that basis denies the allegations of Paragraph 198 of the SACC.

199.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 199 and on that basis denies the allegations of Paragraph 199 of the SACC.

200.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 200 and on that basis denies the allegations of Paragraph 200 of the SACC.

201.    Paragraph 201 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 201 and on that basis denies the allegations of Paragraph 201 of the SACC.

202.    Paragraph 202 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 202 have not dismissed by the Court, Seagate denies that the Drives at issue contain any "model-wide defect" and denies that the Drives at issue were unsuitable for RAID.  Seagate lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 202 and on that basis denies the allegations of Paragraph 202 of the SACC.

**6.    Plaintiff Ginsberg.**

203.    Plaintiff Ginsberg was voluntarily dismissed from this action on July 27, 2016 (*see* Dkt. No. 67), and as such no response is required to Paragraph 203 of the SACC.

204.    Plaintiff Ginsberg was voluntarily dismissed from this action on July 27, 2016 (*see* Dkt. No. 67), and as such no response is required to Paragraph 204 of the SACC.

205.    Plaintiff Ginsberg was voluntarily dismissed from this action on July 27, 2016 (*see* Dkt. No. 67), and as such no response is required to Paragraph 205 of the SACC.

206.    Plaintiff Ginsberg was voluntarily dismissed from this action on July 27, 2016 (*see* Dkt. No. 67), and as such no response is required to Paragraph 206 of the SACC.

207.    Plaintiff Ginsberg was voluntarily dismissed from this action on July 27, 2016 (*see* Dkt. No. 67), and as such no response is required to Paragraph 207 of the SACC.

208.    Plaintiff Ginsberg was voluntarily dismissed from this action on July 27, 2016 (*see* Dkt. No. 67), and as such no response is required to Paragraph 208 of the SACC.

209.    Plaintiff Ginsberg was voluntarily dismissed from this action on July 27, 2016 (*see* Dkt. No. 67), and as such no response is required to Paragraph 209 of the SACC.

210.    Plaintiff Ginsberg was voluntarily dismissed from this action on July 27, 2016 (*see* Dkt. No. 67), and as such no response is required to Paragraph 210 of the SACC.

**7.    Plaintiff Manak.**

211.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 211 and on that basis denies the allegations of Paragraph 211 of the SACC.

212.    Seagate admits that Newegg is an authorized retailer of Seagate hard drives. Seagate lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 212 and on that basis denies the allegations of Paragraph 212 of the SACC except as expressly admitted.

213.    Paragraph 213 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 213 and on that basis denies the allegations of Paragraph 213 of the SACC.

214.    Paragraph 214 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 214 and on that basis denies the allegations of Paragraph 214 of the SACC.

215.    Paragraph 215 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 215 and on that basis denies the allegations of Paragraph 215 of the SACC.

216.    Paragraph 216 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 216 and on that basis denies the allegations of Paragraph 216 of the SACC.

217.    Paragraph 217 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 217 and on that basis denies the allegations of Paragraph 217 of the SACC.

218.    Paragraph 218 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 218 and on that basis denies the allegations of Paragraph 218 of the SACC.

219.    Paragraph 219 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 219 of the SACC.

220.    Paragraph 220 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 220 have not dismissed by the Court, Seagate denies that the Drives at issue contain any "model-wide defect."  Seagate lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 220 and on that basis denies the allegations of Paragraph 220 of the SACC.

221.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 221 and on that basis denies the allegations of Paragraph 221 of the SACC.

222.    Paragraph 222 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 222 have not dismissed by the Court, Seagate denies that the Drives at issue contain any "model-wide defect."  Seagate lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 222 and on that basis denies the allegations of Paragraph 222 of the SACC.

**8.      Plaintiff Enders.**

223.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 223 and on that basis denies the allegations of Paragraph 223 of the SACC.

224.    Seagate admits that Amazon is an authorized retailer of Seagate hard drives. Seagate lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 224 and on that basis denies the allegations of Paragraph 224 of the SACC except as expressly admitted.

225.    Paragraph 225 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 225 and on that basis denies the allegations of Paragraph 225 of the SACC.

226.    Paragraph 226 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 226 and on that basis denies the allegations of Paragraph 226 of the SACC.

227.    Paragraph 227 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 227 and on that basis denies the allegations of Paragraph 227 of the SACC.

228.    Paragraph 228 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 228 and on that basis denies the allegations of Paragraph 228 of the SACC.

229.    Paragraph 229 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 229 and on that basis denies the allegations of Paragraph 229 of the SACC.

SMRH:481971417.10

230.    Paragraph 230 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any such allegations have not dismissed by the Court, they are legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies that the Drives at issue contain any "model-wide defect" and denies that the drives are unsuitable for RAID.  Seagate lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 230 and on that basis denies the allegations of Paragraph 230 of the SACC.

231.    Paragraph 231 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any such allegations have not dismissed by the Court, they are legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies that the Drives at issue contain any "model-wide defect" and denies that the drives are unsuitable for RAID.  Seagate lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 231 and on that basis denies the allegations of Paragraph 231 of the SACC.

**9.    Plaintiff Dortch.**

232.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 232 and on that basis denies the allegations of Paragraph 232 of the SACC.

233.    Seagate admits that TigerDirect is an authorized retailer of Seagate hard drives. Seagate lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 233 and on that basis denies the allegations of Paragraph 233 of the SACC except as expressly admitted.

234.    Paragraph 234 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 234 and on that basis denies the allegations of Paragraph 234 of the SACC.

235.    Paragraph 235 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, Seagate

1    lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

2    Paragraph 235 and on that basis denies the allegations of Paragraph 235 of the SACC.

3          236.    Paragraph 236 contains allegations that have been dismissed by the Court, and as

4    such, no response is required.  To the extent any allegations have not been dismissed, Seagate

5    lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

6    Paragraph 236 and on that basis denies the allegations of Paragraph 236 of the SACC.

7          237.    Paragraph 237 contains allegations that have been dismissed by the Court, and as

8    such, no response is required.  To the extent a response is required, Seagate denies the allegations

9    of Paragraph 237 of the SACC.

10         238.    Paragraph 238 contains allegations that have been dismissed by the Court, and as

11   such, no response is required.  To the extent any allegations in Paragraph 238 have not dismissed

12   by the Court, Seagate denies that the Drives at issue contain any "model-wide defect."  Seagate

13   lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of

14   Paragraph 238 and on that basis denies the allegations of Paragraph 238 of the SACC.

15         239.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of

16   the allegations of Paragraph 239 and on that basis denies the allegations of Paragraph 239 of the

17   SACC.

18         240.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of

19   the allegations of Paragraph 240 and on that basis denies the allegations of Paragraph 240 of the

20   SACC.

21         241.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of

22   the allegations of Paragraph 241 and on that basis denies the allegations of Paragraph 241 of the

23   SACC.

24         242.    Paragraph 242 contains allegations that have been dismissed by the Court, and as

25   such, no response is required.  To the extent any allegations in Paragraph 242 have not dismissed

26   by the Court, Seagate denies that the Drives at issue contain any "model-wide defect."  Seagate

27   lacks knowledge or information sufficient to form a belief as to the truth of the other allegations of

28   Paragraph 242 and on that basis denies the allegations of Paragraph 242 of the SACC.

1          **10.    Plaintiff Smith.**

2          243.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of

3    the allegations of Paragraph 243 and on that basis denies the allegations of Paragraph 243 of the

4    SACC.

5          244.    Seagate admits that Newegg and TigerDirect are authorized retailers of Seagate

6    hard drives.  Seagate lacks knowledge or information sufficient to form a belief as to the truth of

7    the other allegations of Paragraph 244 and on that basis denies the allegations of Paragraph 244 of

8    the SACC except as expressly admitted.

9          245.    Paragraph 245 contains allegations that have been dismissed by the Court, and as

10    such, no response is required.  To the extent any allegations have not been dismissed, Seagate

11    lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

12    Paragraph 245 and on that basis denies the allegations of Paragraph 245 of the SACC.

13          246.    Paragraph 246 contains allegations that have been dismissed by the Court, and as

14    such, no response is required.  To the extent any allegations have not been dismissed, Seagate

15    lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

16    Paragraph 246 and on that basis denies the allegations of Paragraph 246 of the SACC.

17          247.    Paragraph 247 contains allegations that have been dismissed by the Court, and as

18    such, no response is required.  To the extent any allegations have not been dismissed, Seagate

19    lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

20    Paragraph 247 and on that basis denies the allegations of Paragraph 247 of the SACC.

21          248.    Paragraph 248 contains allegations that have been dismissed by the Court, and as

22    such, no response is required.  To the extent a response is required, Seagate denies the allegations

23    of Paragraph 248 of the SACC.

24          249.    Paragraph 249 contains allegations that have been dismissed by the Court, and as

25    such, no response is required.  To the extent any allegations in Paragraph 249 have not dismissed

26    by the Court, Seagate denies that the Drives at issue contain any "model-wide defect" and denies

27    that the drives are "unsuitable" for RAID.  Seagate lacks knowledge or information sufficient to

28

1  form a belief as to the truth of the other allegations of Paragraph 249 and on that basis denies the

2  allegations of Paragraph 249 of the SACC.

3      250.    Paragraph 250 contains allegations that have been dismissed by the Court, and as

4  such, no response is required.  To the extent any allegations have not been dismissed, Seagate

5  lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

6  Paragraph 250 and on that basis denies the allegations of Paragraph 250 of the SACC.

7      251.    Paragraph 251 contains allegations that have been dismissed by the Court, and as

8  such, no response is required.  To the extent any allegations in Paragraph 251 have not dismissed

9  by the Court, Seagate denies that the Drives at issue contain any "model-wide defect" and denies

10  that the drives are "unsuitable" for RAID.  Seagate lacks knowledge or information sufficient to

11  form a belief as to the truth of the other allegations of Paragraph 251 and on that basis denies the

12  allegations of Paragraph 251 of the SACC.

13      252.    Paragraph 252 contains allegations that have been dismissed by the Court, and as

14  such, no response is required.  To the extent any allegations have not been dismissed, Seagate

15  lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

16  Paragraph 252 and on that basis denies the allegations of Paragraph 252 of the SACC.

17  **F.    Class Members' Experience with the Drives**

18      Seagate submits that the use of a heading containing allegations is improper, and therefore

19  no response to it is required to Plaintiffs' heading "F. Class Members' Experience with the

20  Drives."  To the extent a response is required, Seagate denies the allegations contained in this

21  heading.

22      253.    Paragraph 253 contains legal arguments and conclusions to which no response is

23  required.  To the extent a response is required, Seagate denies the allegations of Paragraph 253 of

24  the SACC.

25      254.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of

26  the allegations of Paragraph 254 and on that basis denies the allegations of Paragraph 254 of the

27  SACC.

28      255.    Seagate denies the allegations of Paragraph 255 of the SACC.

SEAGATE TECHNOLOGY LLC'S ANSWER TO PLAINTIFFS' SECOND
CONSOLIDATED AMENDED COMPLAINT ("SACC")

256.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 256 and on that basis denies the allegations of Paragraph 256 of the SACC.

257.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 257 and on that basis denies the allegations of Paragraph 257 of the SACC.

258.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 258 and on that basis denies the allegations of Paragraph 258 of the SACC.

259.    Seagate denies the allegations of Paragraph 259 of the SACC.

260.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 260 and on that basis denies the allegations of Paragraph 260 of the SACC.

261.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 261 and on that basis denies the allegations of Paragraph 261 of the SACC.

262.    Seagate denies the allegations of Paragraph 262 of the SACC.

263.    Seagate lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 263 and on that basis denies the allegations of Paragraph 263 of the SACC.

## V.    CLASS ACTION ALLEGATIONS

264.    Paragraph 264 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 264 of the SACC.

265.    Paragraph 265 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 265 of the SACC.

SMRH:481971417.10
SEAGATE TECHNOLOGY LLC'S ANSWER TO PLAINTIFFS' SECOND
CONSOLIDATED AMENDED COMPLAINT ("SACC")

266.     Paragraph 266 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 266 of the SACC.

267.     Paragraph 267 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 267 of the SACC.

268.     Paragraph 268 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies each and every allegation of Paragraph 268 of the SACC.

269.     Paragraph 269 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies each and every allegation of Paragraph 269 of the SACC.

270.     Paragraph 270 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies each and every allegation of Paragraph 270 of the SACC.

271.     Paragraph 271 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies each and every allegation of Paragraph 271 of the SACC.

272.     Paragraph 272 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies each and every allegation of Paragraph 272 of the SACC.

273.     Paragraph 273 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 273 of the SACC.

# VI.    VIOLATIONS ALLEGED

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW

### (ON BEHALF OF PLAINTIFFS AND THE CLASS)

274.    Seagate incorporates by reference its denials as set forth in paragraphs 1–273 of this Answer.  In addition, Paragraph 274 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 274 of the SACC.

275.    Paragraph 275 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 275 of the SACC.

276.    Paragraph 276 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 276 of the SACC.

277.    Paragraph 276 contains legal arguments and conclusions, to which no response is required.  To the extent a response is required, Seagate admits that it is headquartered in California, and that, for its products in general, it performs a portion of its marketing, advertising, product planning, public relations planning, consumer data analysis, drive design, and publishing of advertisements, materials and statements from California.  Seagate admits that it employs web development managers and online marketing personnel at its headquarters and that, for its products in general, it devises, implements, and directs online marketing strategies in part from California.  Seagate admits that it employs materials science and analytical engineering professionals both within and outside California.  Except as expressly admitted, Seagate denies the allegations of Paragraph 277 of the SACC.

278.    Paragraph 278 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 278 of the SACC.

SMRH:481971417.10
SEAGATE TECHNOLOGY LLC'S ANSWER TO PLAINTIFFS' SECOND
CONSOLIDATED AMENDED COMPLAINT ("SACC")

1       279.    Paragraph 279 contains allegations that have been dismissed by the Court, and as

2  such, no response is required.  To the extent any allegations in Paragraph 279 have not been

3  dismissed by the Court, such allegations are legal arguments and conclusions to which no response

4  is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 279

5  of the SACC.

6       280.    Paragraph 280 incorporates by reference allegations that have been dismissed by

7  the Court, and as such, no response is required.  To the extent any allegations in Paragraph 280

8  have not been dismissed by the Court, such allegations are legal arguments and conclusions to

9  which no response is required.  To the extent a response is required, Seagate denies the allegations

10  of Paragraph 280 of the SACC.

11       281.    Paragraph 281 contains allegations that have been dismissed by the Court, and as

12  such, no response is required.  To the extent any allegations in Paragraph 281 have not dismissed

13  by the Court, they constitute legal arguments and conclusions, no response is required.  To the

14  extent a response is required, Seagate denies the allegations of Paragraph 281 of the SACC.

15       282.    Paragraph 282 contains allegations that have been dismissed by the Court, and as

16  such, no response is required.  To the extent any allegations in Paragraph 282 have not been

17  dismissed by the Court, such allegations are legal arguments and conclusions to which no response

18  is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 282

19  of the SACC.

20       283.    Paragraph 283 contains legal arguments and conclusions to which no response is

21  required.  To the extent a response is required, Seagate denies the allegations of Paragraph 283 of

22  the SACC.

23       284.    Paragraph 284 contains allegations that have been dismissed by the Court, and as

24  such, no response is required.  To the extent any allegations in Paragraph 284 have not been

25  dismissed by the Court, such allegations are legal arguments and conclusions to which no response

26  is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 284

27  of the SACC.

28

SMRH:481971417.10

Case No. 5:16-cv-00523-JCS
SEAGATE TECHNOLOGY LLC'S ANSWER TO PLAINTIFFS' SECOND
CONSOLIDATED AMENDED COMPLAINT ("SACC")

285.    Paragraph 285 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 285 have not been dismissed by the Court, such allegations are legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 285 of the SACC.

286.    Paragraph 286 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent that a response is required, Seagate denies that the Drives at issue contain any "model-wide defect," and denies the allegations of Paragraph 286 of the SACC.

287.    Paragraph 287 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 287 of the SACC.

288.    Paragraph 288 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 288 of the SACC.

289.    Paragraph 289 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate lacks knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 289 of the SACC and on that basis denies such allegations.

290.    Paragraph 290 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent that a response is required, Seagate denies that the Drives at issue contain any defects, and avers that Seagate lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 290 of the SACC and on that basis denies such allegations.

291.    Paragraph 291 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they

SMRH:481971417.10
SEAGATE TECHNOLOGY LLC'S ANSWER TO PLAINTIFFS' SECOND
CONSOLIDATED AMENDED COMPLAINT ("SACC")

1    constitute legal arguments and conclusions to which no response is required.  To the extent a

2    response is required, Seagate denies the allegations of Paragraph 291 of the SACC.

3            292.    Paragraph 292 contains allegations that have been dismissed by the Court, and as

4    such, no response is required.  To the extent any allegations have not been dismissed, they

5    constitute legal arguments and conclusions to which no response is required.  To the extent that a

6    response is required, Seagate denies that the Drives at issue contain any "model-wide defect,"

7    denies that the Drives at issue are unsuitable for RAID and denies the allegations of Paragraph 292

8    of the SACC.

9            293.    Paragraph 293 contains legal arguments and conclusions to which no response is

10   required.  To the extent a response is required, Seagate denies the allegations of Paragraph 293 of

11   the SACC.

12           294.    Paragraph 294 contains legal arguments and conclusions to which no response is

13   required.  To the extent a response is required, Seagate denies the allegations of Paragraph 294 of

14   the SACC.

15           295.    Paragraph 295 contains legal arguments and conclusions to which no response is

16   required.  To the extent a response is required, Seagate lacks knowledge or information sufficient

17   to form a belief as to the truth of the allegations of Paragraph 295 and on that basis denies the

18   allegations of Paragraph 295 of the SACC.

19           296.    Paragraph 296 contains legal arguments and conclusions to which no response is

20   required.  To the extent a response is required, Seagate denies the allegations of Paragraph 296 of

21   the SACC.

22           297.    Paragraph 297 contains legal arguments and conclusions to which no response is

23   required.  To the extent a response is required, Seagate denies the allegations of Paragraph 297 of

24   the SACC.

25

26

27

28

**SECOND CLAIM FOR RELIEF**

**VIOLATION OF THE CALIFORNIA FALSE ADVERTISING LAW**

**(ON BEHALF OF PLAINTIFFS AND THE CLASS)**

298.    Seagate incorporates by reference its denials as set forth in paragraphs 1–297 of this Answer.  In addition, Paragraph 298 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 298 of the SACC.

299.    Paragraph 299 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 299 of the SACC.

300.    Paragraph 300 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 300 of the SACC.

301.    To the extent Paragraph 301 incorporates by reference the allegations in Paragraph 277 of the SACC, Seagate incorporates by reference its allegations, admissions, and denials to Paragraph 277 in this Answer to Plaintiffs' SACC.  Except as expressly admitted, Seagate denies the remaining allegations of Paragraph 301 of the SACC.

302.    Paragraph 302 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 302.

303.    Paragraph 303 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 303 of the SACC.

304.    Seagate admits that it offered the Drives, as defined in Paragraph 2 of this Answer, for sale and that it published some materials related to the Drives.  Unless expressly admitted, Seagate denies the allegations of Paragraph 304 of the SACC.

305.    Paragraph 305 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they

SMRH:481971417.10

1  constitute legal arguments and conclusions to which no response is required.  To the extent that a

2  response is required, Seagate denies the allegations of Paragraph 305 of the SACC.

3      306.    Paragraph 306 incorporates by reference and contains allegations that have been

4  dismissed by the Court, and as such, no response is required.  To the extent any allegations in

5  Paragraph 306 have not been dismissed by the Court, such allegations are legal arguments and

6  conclusions to which no response is required.  To the extent a response is required, Seagate denies

7  that the Drives at issue contain any "model-wide defect," denies that the Drives at issue are

8  unsuitable for RAID and denies the allegations of Paragraph 306 of the SACC.

9      307.    Paragraph 307 contains allegations that have been dismissed by the Court, and as

10  such, no response is required.  To the extent any allegations have not been dismissed, they

11  constitute legal arguments and conclusions to which no response is required.  To the extent a

12  response is required, Seagate denies the allegations of Paragraph 307 of the SACC.

13      308.    Paragraph 308 contains allegations that have been dismissed by the Court, and as

14  such, no response is required.  To the extent any allegations have not been dismissed, they

15  constitute legal arguments and conclusions to which no response is required.  To the extent a

16  response is required, Seagate denies the allegations of Paragraph 308 of the SACC.

17      309.    Paragraph 309 contains allegations that have been dismissed by the Court, and as

18  such, no response is required.  To the extent any allegations have not been dismissed, they

19  constitute legal arguments and conclusions to which no response is required.  To the extent a

20  response is required, Seagate denies that the Drives at issue contain any defects and otherwise

21  denies the allegations of Paragraph 309 of the SACC.

22      310.    Paragraph 310 contains allegations that have been dismissed by the Court, and as

23  such, no response is required.  To the extent any allegations have not been dismissed, they

24  constitute legal arguments and conclusions to which no response is required.  To the extent a

25  response is required, Seagate lacks knowledge or information sufficient to form a belief as to the

26  truth of the allegations of Paragraph 310 and on that basis denies the allegations of Paragraph 310

27  of the SACC.

28

SMRH:481971417.10

SEAGATE TECHNOLOGY LLC'S ANSWER TO PLAINTIFFS' SECOND
CONSOLIDATED AMENDED COMPLAINT ("SACC")

311.    Paragraph 311 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 311 of the SACC.

312.    Paragraph 312 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 312 of the SACC.

**THIRD CLAIM FOR RELIEF**

**VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT**

**(ON BEHALF OF PLAINTIFFS AND THE CLASS)**

313.    Seagate incorporates by reference its denials as set forth in paragraphs 1–312 of this Answer.  In addition, Paragraph 313 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 313 of the SACC.

314.    Paragraph 314 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 314 of the SACC.

315.    Paragraph 315 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 315 of the SACC.

316.    Paragraph 316 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 316 of the SACC.

317.    Paragraph 317 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate lacks knowledge or information sufficient

to form a belief as to the truth or falsity of Paragraph 317 of the SACC and on that basis denies such allegations.

318.    Paragraph 318 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 318 of the SACC.

319.    Paragraph 319 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 319 of the SACC.

320.    Paragraph 320 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 320 have not been dismissed by the Court, such allegations are legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 320 of the SACC.

321.    Paragraph 321 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 321 of the SACC.

322.    Paragraph 322 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 322 have not been dismissed by the Court, such allegations are legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 322 of the SACC.

323.    Paragraph 323 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 323 have not been dismissed by the Court, such allegations are legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 323 of the SACC.

324.    Seagate denies the allegations of Paragraph 324 of the SACC.

325.    Paragraph 325 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 325 of the SACC.

326.    Paragraph 325 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 326 of the SACC.

327.    Paragraph 327 incorporates by reference allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 327 have not been dismissed by the Court, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 327 of the SACC.

328.    Paragraph 328 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 326 of the SACC.

329.    Paragraph 329 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 329 of the SACC.

330.    Paragraph 330 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 330 of the SACC.

331.    Paragraph 331 contains legal arguments and conclusions to which no response is required.  Seagate denies that Exhibit G was served by counsel for the Subclass as this Court has not yet certified Plaintiffs' putative class, and therefore has not designated counsel for the Class or

Subclasses, if any.  Except as expressly admitted, Seagate denies the allegations of Paragraph 331 of the SACC.

332.    Seagate denies the allegations of Paragraph 332 of the SACC.

## FOURTH CLAIM FOR RELIEF

## BREACH OF EXPRESS WARRANTY

## (ON BEHALF OF PLAINTIFFS AND THE CLASS)

333.    Seagate incorporates by reference its denials as set forth in paragraphs 1–332 of this Answer.  In addition, Paragraph 333 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 333 of the SACC.

334.    Paragraph 334 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 334 of the SACC.

335.    Paragraph 335 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 335 of the SACC.

336.    Paragraph 336 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 336 of the SACC.

337.    Paragraph 337 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 337 of the SACC.

SMRH:481971417.10

338.    Paragraph 338 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 338 of the SACC.

339.    Paragraph 339 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 339 of the SACC.

340.    Paragraph 340 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 340 of the SACC.

341.    Paragraph 341 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 341 of the SACC.

342.    Paragraph 342 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 342 of the SACC.

343.    Paragraph 343 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 343 of the SACC.

344.    Paragraph 344 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 344 of the SACC.

SMRH:481971417.10

345.     Paragraph 345 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 345 of the SACC.

346.     Paragraph 346 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 346 of the SACC.

347.     Paragraph 347 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 347 of the SACC.

348.     Paragraph 348 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 348 of the SACC.

349.     Paragraph 349 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 349 of the SACC.

350.     Paragraph 350 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 350 of the SACC.

**FIFTH CLAIM FOR RELIEF**

**BREACH OF IMPLIED WARRANTY**

**(ON BEHALF OF ALL PLAINTIFFS AND THE CLASS)**

351.     Seagate incorporates by reference its denials as set forth in paragraphs 1–350 of this Answer.  In addition, Paragraph 351 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 351 of the SACC.

352.     Paragraph 352 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 352 of the SACC.

353.     Paragraph 353 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 353 of the SACC.

354.     Paragraph 354 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate lacks knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 354 of the SACC and on that basis denies such allegations.

355.     Paragraph 355 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate lacks knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 355 of the SACC and on that basis denies such allegations.

356.     Paragraph 356 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies allegations of Paragraph 356 of the SACC.

357.     Paragraph 357 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 357 have not been

SMRH:481971417.10

1    dismissed by the Court, such allegations are legal arguments and conclusions to which no response

2    is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 357

3    of the SACC.

4          358.    Paragraph 358 contains allegations that have been dismissed by the Court, and as

5    such, no response is required.  To the extent any allegations in Paragraph 358 have not been

6    dismissed by the Court, Seagate denies that the Drives at issue contain any "model-wide defect,"

7    denies that the Drives at issue are unsuitable for RAID and denies the allegations of Paragraph 358

8    of the SACC.

9          359.    Paragraph 359 contains allegations that have been dismissed by the Court, and as

10   such, no response is required.  To the extent any allegations have not been dismissed, they

11   constitute legal arguments and conclusions to which no response is required.  To the extent a

12   response is required, Seagate denies the allegations of Paragraph 359 of the SACC.

13         360.    Paragraph 360 contains allegations that have been dismissed by the Court, and as

14   such, no response is required.  To the extent any allegations in Paragraph 360 have not been

15   dismissed by the Court, such allegations are legal arguments and conclusions to which no response

16   is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 360

17   of the SACC.

18         361.    Paragraph 361 contains legal arguments and conclusions to which no response is

19   required.  To the extent a response is required, Seagate denies the allegations of Paragraph 361 of

20   the SACC.

21         362.    Paragraph 362 contains allegations that have been dismissed by the Court, and as

22   such, no response is required.  To the extent any allegations have not been dismissed, they

23   constitute legal arguments and conclusions to which no response is required.  To the extent a

24   response is required, Seagate denies the allegations of Paragraph 362 of the SACC.

25         363.    Seagate admits it is presently aware of some "blog posts" published by Backblaze.

26   Except as expressly admitted, Seagate denies the remaining allegations of Paragraph 363 of the

27   SACC.

28

364.    Paragraph 364 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 364 have not been dismissed by the Court, such allegations are legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 364 of the SACC.

365.    Paragraph 365 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 365 have not been dismissed by the Court, such allegations are legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 365 of the SACC.

366.    Paragraph 366 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 366 of the SACC.

367.    Paragraph 367 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 367 of the SACC.

### SIXTH CLAIM FOR RELIEF
### BREACH OF EXPRESS WARRANTY
### (ON BEHALF OF THE CALIFORNIA, NEW YORK, ILLINOIS, FLORIDA, MASSACHUSETTS, TENNESSEE, SOUTH CAROLINA, TEXAS, AND SOUTH DAKOTA SUBCLASSES)

368.    Seagate incorporates by reference its denials as set forth in paragraphs 1–367 of this Answer.  In addition, Paragraph 368 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 368 of the SACC.

369.    Paragraph 369 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they

constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 369 of the SACC.

370.    Paragraph 370 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 370 of the SACC.

371.    Paragraph 371 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 371 of the SACC.

372.    Paragraph 372 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 372 of the SACC.

373.    Paragraph 373 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 373 of the SACC.

374.    Paragraph 374 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 374 of the SACC.

375.    Paragraph 375 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 375 of the SACC.

376.    Paragraph 376 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they

1  constitute legal arguments and conclusions to which no response is required.  To the extent a

2  response is required, Seagate denies the allegations of Paragraph 376 of the SACC.

3      377.    Paragraph 377 contains allegations that have been dismissed by the Court, and as

4  such, no response is required.  To the extent any allegations have not been dismissed, they

5  constitute legal arguments and conclusions to which no response is required.  To the extent a

6  response is required, Seagate denies the allegations of Paragraph 377 of the SACC.

7      378.    Paragraph 378 contains allegations that have been dismissed by the Court, and as

8  such, no response is required.  To the extent any allegations have not been dismissed, they

9  constitute legal arguments and conclusions to which no response is required.  To the extent a

10 response is required, Seagate denies the allegations of Paragraph 378 of the SACC.

11     379.    Paragraph 379 contains allegations that have been dismissed by the Court, and as

12 such, no response is required.  To the extent any allegations have not been dismissed, they

13 constitute legal arguments and conclusions to which no response is required.  To the extent a

14 response is required, Seagate denies the allegations of Paragraph 379 of the SACC.

15     380.    Paragraph 380 contains allegations that have been dismissed by the Court, and as

16 such, no response is required.  To the extent any allegations have not been dismissed, they

17 constitute legal arguments and conclusions to which no response is required.  To the extent a

18 response is required, Seagate denies the allegations of Paragraph 380 of the SACC.

19     381.    Paragraph 381 contains allegations that have been dismissed by the Court, and as

20 such, no response is required.  To the extent any allegations have not been dismissed, they

21 constitute legal arguments and conclusions to which no response is required.  To the extent a

22 response is required, Seagate denies the allegations of Paragraph 381 of the SACC.

23     382.    Paragraph 382 contains allegations that have been dismissed by the Court, and as

24 such, no response is required.  To the extent any allegations have not been dismissed, they

25 constitute legal arguments and conclusions to which no response is required.  To the extent a

26 response is required, Seagate denies the allegations of Paragraph 382 of the SACC.

27     383.    Paragraph 383 contains allegations that have been dismissed by the Court, and as

28 such, no response is required.  To the extent any allegations have not been dismissed, they

1  constitute legal arguments and conclusions to which no response is required.  To the extent a

2  response is required, Seagate denies the allegations of Paragraph 383 of the SACC.

3      384.    Paragraph 384 contains allegations that have been dismissed by the Court, and as

4  such, no response is required.  To the extent any allegations have not been dismissed, they

5  constitute legal arguments and conclusions to which no response is required.  To the extent a

6  response is required, Seagate denies the allegations of Paragraph 384 of the SACC.

7                          **SEVENTH CLAIM FOR RELIEF**

8                        **BREACH OF IMPLIED WARRANTY**

9      **(ON BEHALF OF THE CALIFORNIA, NEW YORK, ILLINOIS, FLORIDA,**

10     **MASSACHUSETTS, TENNESSEE, SOUTH CAROLINA, TEXAS, AND SOUTH**

11                            **DAKOTA SUBCLASSES)**

12     385.    Seagate incorporates by reference its denials as set forth in paragraphs 1–384 of

13  this Answer.  In addition, Paragraph 385 contains allegations that have been dismissed by the

14  Court, and as such, no response is required.  To the extent any allegations have not been

15  dismissed, they constitute legal arguments and conclusions to which no response is required.  To

16  the extent a response is required, Seagate denies the allegations of Paragraph 385 of the SACC.

17     386.    Paragraph 386 contains allegations that have been dismissed by the Court, and as

18  such, no response is required.  To the extent any allegations in Paragraph 386 have not been

19  dismissed by the Court, such allegations are legal arguments and conclusions to which no response

20  is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 386

21  of the SACC.

22     387.    Paragraph 387 contains legal arguments and conclusions to which no response is

23  required.  To the extent a response is required, Seagate denies the allegations of Paragraph 387 of

24  the SACC.

25     388.    Paragraph 388 contains legal arguments and conclusions to which no response is

26  required.  To the extent a response is required, Seagate lacks knowledge or information sufficient

27  to form a belief as to the truth or falsity of Paragraph 388 of the SACC and on that basis denies

28  such allegations.

389.    Seagate lacks knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 389 of the SACC and on that basis denies such allegations.

390.    Paragraph 356 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 356 of the SACC.

391.    Paragraph 391 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 391 have not been dismissed by the Court, such allegations are legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 391 of the SACC.

392.    Paragraph 392 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 392 have not been dismissed by the Court, such allegations are legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 392 of the SACC.

393.    Paragraph 393 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 393 of the SACC.

394.    Paragraph 394 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 394 have not been dismissed by the Court, such allegations are legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 360 of the SACC.

395.    Paragraph 395 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 395 of the SACC.

396.    Paragraph 396 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 396 of the SACC.

397.    Seagate admits it is presently aware of some "blog posts" published by Backblaze. Except as expressly admitted, Seagate denies the remaining allegations of Paragraph 397 of the SACC.

398.    Paragraph 398 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 398 have not been dismissed by the Court, such allegations are legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 398 of the SACC.

399.    Paragraph 399 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations in Paragraph 399 have not been dismissed by the Court, such allegations are legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 399 of the SACC.

400.    Paragraph 400 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 400 of the SACC.

401.    Paragraph 401 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 401 of the SACC.

**EIGHTH CLAIM FOR RELIEF**

**VIOLATION OF THE NEW YORK DECEPTIVE ACTS AND PRACTICES STATUTE**

**(ON BEHALF OF PLAINTIFF CRAWFORD AND THE NEW YORK SUBCLASS)**

402.    Seagate incorporates by reference its denials as set forth in paragraphs 1–401 of this Answer.  In addition, Paragraph 402 incorporates allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been

1   dismissed, they constitute legal arguments and conclusions to which no response is required.  To

2   the extent a response is required, Seagate denies the allegations of Paragraph 402 of the SACC.

3          403.    Paragraph 403 contains legal arguments and conclusions to which no response is

4   required.  To the extent a response is required, Seagate denies the allegations of Paragraph 403 of

5   the SACC.

6          404.    Paragraph 404 contains legal arguments and conclusions to which no response is

7   required.  To the extent a response is required, Seagate denies the allegations of Paragraph 404 of

8   the SACC.

9          405.    Paragraph 405 contains legal arguments and conclusions to which no response is

10  required.  To the extent a response is required, Seagate denies the allegations of Paragraph 405 of

11  the SACC.

12         406.    Paragraph 406 contains legal arguments and conclusions to which no response is

13  required.  To the extent a response is required, Seagate denies the allegations of Paragraph 406 of

14  the SACC.

15         407.    Paragraph 407 contains legal arguments and conclusions to which no response is

16  required.  To the extent a response is required, Seagate denies the allegations of Paragraph 407 of

17  the SACC.

18         408.    Paragraph 408 contains allegations that have been dismissed by the Court, and as

19  such, no response is required.  To the extent that a response is required, Seagate denies the

20  allegations of Paragraph 408 of the SACC.

21         409.    Paragraph 409 contains allegations that have been dismissed by the Court, and as

22  such, no response is required.  To the extent that a response is required, Seagate denies that the

23  Drives at issue contain any "model-wide defect," denies that the Drives at issue are unsuitable for

24  RAID and denies the allegations of Paragraph 409 of the SACC.

25         410.    Paragraph 410 contains allegations that have been dismissed by the Court, and as

26  such, no response is required.  To the extent that a response is required, Seagate denies that the

27  Drives at issue contain any "model-wide defect" and denies the allegations of Paragraph 410 of

28  the SACC.

411.    Paragraph 411 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 411 of the SACC.

412.    Paragraph 412 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 412 of the SACC.

413.    Paragraph 413 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent that a response is required, Seagate denies that the Drives at issue contain any "model-wide defect" and denies the allegations of Paragraph 413 of the SACC.

414.    Paragraph 414 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 414 of the SACC.

415.    Paragraph 415 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 415 of the SACC.

416.    Paragraph 416 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 416 of the SACC.

417.    Paragraph 417 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 417 of the SACC.

SMRH:481971417.10

**NINTH CLAIM FOR RELIEF**

**VIOLATION OF FLORIDA'S UNFAIR AND DECEPTIVE TRADE PRACTICES ACT**

**(ON BEHALF OF PLAINTIFF SCHECHNER AND THE FLORIDA SUBCLASS)**

418.    Seagate incorporates by reference its denials as set forth in paragraphs 1–417 of this Answer.  In addition, Paragraph 418 incorporates allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 418 of the SACC.

419.    Paragraph 419 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 419 of the SACC.

420.    Paragraph 420 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 420 of the SACC.

421.    Paragraph 421 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 421 of the SACC.

422.    Paragraph 422 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 422 of the SACC.

423.    Paragraph 423 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 423 of the SACC.

424.    Paragraph 424 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they

1    constitute legal arguments and conclusions to which no response is required.  To the extent a

2    response is required, Seagate denies the allegations of Paragraph 424 of the SACC.

3          425.    Paragraph 425 contains allegations that have been dismissed by the Court, and as

4    such, no response is required.  To the extent any allegations have not been dismissed, they

5    constitute legal arguments and conclusions to which no response is required.  To the extent a

6    response is required, Seagate denies the allegations of Paragraph 425 of the SACC.

7          426.    Paragraph 426 contains allegations that have been dismissed by the Court, and as

8    such, no response is required.  To the extent that a response is required, Seagate denies that the

9    Drives at issue contain any "model-wide defect," denies that the Drives at issue are unsuitable for

10   RAID and denies the allegations of Paragraph 426 of the SACC.

11         427.    Paragraph 427 contains allegations that have been dismissed by the Court, and as

12   such, no response is required.  To the extent any allegations have not been dismissed, they

13   constitute legal arguments and conclusions to which no response is required.  To the extent a

14   response is required, Seagate denies the allegations of Paragraph 427 of the SACC.

15         428.    Paragraph 428 contains allegations that have been dismissed by the Court, and as

16   such, no response is required.  To the extent any allegations have not been dismissed, they

17   constitute legal arguments and conclusions to which no response is required.  To the extent a

18   response is required, Seagate denies the allegations of Paragraph 428 of the SACC.

19         429.    Paragraph 429 contains allegations that have been dismissed by the Court, and as

20   such, no response is required.  To the extent any allegations have not been dismissed, they

21   constitute legal arguments and conclusions to which no response is required.  To the extent that a

22   response is required, Seagate denies that the Drives at issue contain any "model-wide defect,"

23   denies that the Drives at issue are unsuitable for RAID and denies the allegations of Paragraph 429

24   of the SACC.

25         430.    Paragraph 430 contains allegations that have been dismissed by the Court, and as

26   such, no response is required.  To the extent any allegations have not been dismissed, they

27   constitute legal arguments and conclusions to which no response is required.  To the extent that a

28   response is required, Seagate denies that the Drives at issue contain any "model-wide defect,"

SMRH:481971417.10

1    denies that the Drives at issue were unsuitable for RAID, and denies the allegations of Paragraph

2    430 of the SACC.

3        431.    Paragraph 431 contains allegations that have been dismissed by the Court, and as

4    such, no response is required.  To the extent any allegations have not been dismissed, they

5    constitute legal arguments and conclusions to which no response is required.  To the extent a

6    response is required, Seagate denies the allegations of Paragraph 431 of the SACC.

7        432.    Paragraph 432 contains allegations that have been dismissed by the Court, and as

8    such, no response is required.  To the extent any allegations have not been dismissed, they

9    constitute legal arguments and conclusions to which no response is required.  To the extent a

10   response is required, Seagate denies the allegations of Paragraph 432 of the SACC.

11       433.    Paragraph 433 contains allegations that have been dismissed by the Court, and as

12   such, no response is required.  To the extent any allegations have not been dismissed, they

13   constitute legal arguments and conclusions to which no response is required.  To the extent a

14   response is required, Seagate denies the allegations of Paragraph 433 of the SACC.

15       434.    Paragraph 434 contains allegations that have been dismissed by the Court, and as

16   such, no response is required.  To the extent any allegations have not been dismissed, they

17   constitute legal arguments and conclusions to which no response is required.  To the extent a

18   response is required, Seagate denies the allegations of Paragraph 434 of the SACC.

19       435.    Paragraph 435 contains allegations that have been dismissed by the Court, and as

20   such, no response is required.  To the extent any allegations have not been dismissed, they

21   constitute legal arguments and conclusions to which no response is required.  To the extent a

22   response is required, Seagate denies the allegations of Paragraph 435 of the SACC.

23       436.    Paragraph 436 contains allegations that have been dismissed by the Court, and as

24   such, no response is required.  To the extent any allegations have not been dismissed, they

25   constitute legal arguments and conclusions to which no response is required.  To the extent a

26   response is required, Seagate denies the allegations of Paragraph 436 of the SACC.

27

28

**TENTH CLAIM FOR RELIEF**

**DECEPTIVE ACTS OR PRACTICES PROHIBITED BY MASSACHUSETTS LAW**

**(ON BEHALF OF PLAINTIFF HAUFF AND THE MASSACHUSETTS SUBCLASS)**

437.    Seagate incorporates by reference its denials as set forth in paragraphs 1–436 of this Answer.  In addition, Paragraph 437 incorporates allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 437 of the SACC.

438.    Paragraph 438 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 438 of the SACC.

439.    Paragraph 439 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 439 of the SACC.

440.    Paragraph 440 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 440 of the SACC.

441.    Paragraph 441 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 441 of the SACC.

442.    Paragraph 442 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 442 of the SACC.

443.    Paragraph 443 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a

1   response is required, Seagate denies the allegations of Paragraph 443 of the SACC.

2       444.    Paragraph 444 contains allegations that have been dismissed by the Court, and as

3   such, no response is required.  To the extent any allegations have not been dismissed, they

4   constitute legal arguments and conclusions to which no response is required.  To the extent a

5   response is required, Seagate denies the allegations of Paragraph 444 of the SACC.

6       445.    Paragraph 445 contains allegations that have been dismissed by the Court, and as

7   such, no response is required.  To the extent any allegations have not been dismissed, they

8   constitute legal arguments and conclusions to which no response is required.  To the extent a

9   response is required, Seagate denies the allegations of Paragraph 445 of the SACC.

10      446.    Paragraph 446 contains allegations that have been dismissed by the Court, and as

11   such, no response is required.  To the extent any allegations have not been dismissed, they

12   constitute legal arguments and conclusions to which no response is required.  To the extent a

13   response is required, Seagate denies the allegations of Paragraph 446 of the SACC.

14      447.    Paragraph 447 contains legal arguments and conclusions to which no response is

15   required.  To the extent a response is required, Seagate denies the allegations of Paragraph 447 of

16   the SACC.

17      448.    Paragraph 448 contains allegations that have been dismissed by the Court, and as

18   such, no response is required.  To the extent any allegations have not been dismissed, they

19   constitute legal arguments and conclusions to which no response is required.  To the extent that a

20   response is required, Seagate denies that the Drives at issue contain any "model-wide defect,"

21   denies that the Drives at issue were unsuitable for RAID, and denies the allegations of Paragraph

22   448 of the SACC.

23      449.    Paragraph 449 contains allegations that have been dismissed by the Court, and as

24   such, no response is required.  To the extent any allegations have not been dismissed, they

25   constitute legal arguments and conclusions to which no response is required.  To the extent a

26   response is required, Seagate denies the allegations of Paragraph 449 of the SACC.

27      450.    Paragraph 450 contains allegations that have been dismissed by the Court, and as

28   such, no response is required.  To the extent any allegations have not been dismissed, they

constitute legal arguments and conclusions to which no response is required.  To the extent a

response is required, Seagate denies the allegations of Paragraph 450 of the SACC.

451.   Paragraph 451 contains allegations that have been dismissed by the Court, and as

such, no response is required.  To the extent any allegations have not been dismissed, they

constitute legal arguments and conclusions to which no response is required.  To the extent that a

response is required, Seagate denies that the Drives at issue contain any "model-wide defect,"

denies that the Drives at issue were unsuitable for RAID, and denies the allegations of Paragraph

451 of the SACC.

452.   Paragraph 452 contains allegations that have been dismissed by the Court, and as

such, no response is required.  To the extent any allegations have not been dismissed, they

constitute legal arguments and conclusions to which no response is required.  To the extent a

response is required, Seagate denies the allegations of Paragraph 452 of the SACC.

453.   Paragraph 453 contains allegations that have been dismissed by the Court, and as

such, no response is required.  To the extent any allegations have not been dismissed, they

constitute legal arguments and conclusions to which no response is required.  To the extent a

response is required, Seagate denies the allegations of Paragraph 453 of the SACC.

454.   Paragraph 454 contains allegations that have been dismissed by the Court, and as

such, no response is required.  To the extent any allegations have not been dismissed, they

constitute legal arguments and conclusions to which no response is required.  To the extent that a

response is required, Seagate denies that the Drives at issue contain any "model-wide defect,"

denies that the Drives at issue were unsuitable for RAID, and denies the allegations of Paragraph

454 of the SACC.

455.   Paragraph 455 contains allegations that have been dismissed by the Court, and as

such, no response is required.  To the extent any allegations have not been dismissed, they

constitute legal arguments and conclusions to which no response is required.  To the extent a

response is required, Seagate denies the allegations of Paragraph 455 of the SACC.

456.   Paragraph 456 contains allegations that have been dismissed by the Court, and as

such, no response is required.  To the extent any allegations have not been dismissed, they

SEAGATE TECHNOLOGY LLC'S ANSWER TO PLAINTIFFS' SECOND
CONSOLIDATED AMENDED COMPLAINT ("SACC")

1    constitute legal arguments and conclusions to which no response is required.  To the extent a

2    response is required, Seagate denies the allegations of Paragraph 456 of the SACC.

3          457.    Paragraph 457 contains allegations that have been dismissed by the Court, and as

4    such, no response is required.  To the extent any allegations have not been dismissed, they

5    constitute legal arguments and conclusions to which no response is required.  To the extent a

6    response is required, Seagate denies the allegations of Paragraph 457 of the SACC.

7          458.    Paragraph 458 contains allegations that have been dismissed by the Court, and as

8    such, no response is required.  To the extent any allegations have not been dismissed, they

9    constitute legal arguments and conclusions to which no response is required.  To the extent that a

10   response is required, Seagate denies that the Drives at issue contain any "model-wide defect,"

11   denies that the Drives at issue were unsuitable for RAID, and denies the allegations of Paragraph

12   458 of the SACC.

13         459.    Paragraph 459 contains legal arguments and conclusions to which no response is

14   required.  To the extent a response is required, Seagate denies the allegations of Paragraph 459 of

15   the SACC.

16         460.    Paragraph 460 contains allegations that have been dismissed by the Court, and as

17   such, no response is required.  To the extent any allegations have not been dismissed, they

18   constitute legal arguments and conclusions to which no response is required.  To the extent a

19   response is required, Seagate denies the allegations of Paragraph 460 of the SACC.

20         461.    Paragraph 461 contains allegations that have been dismissed by the Court, and as

21   such, no response is required.  To the extent any allegations have not been dismissed, they

22   constitute legal arguments and conclusions to which no response is required.  To the extent a

23   response is required, Seagate denies the allegations of Paragraph 461 of the SACC.

24         462.    Paragraph 462 contains allegations that have been dismissed by the Court, and as

25   such, no response is required.  To the extent any allegations have not been dismissed, they

26   constitute legal arguments and conclusions to which no response is required.  To the extent a

27   response is required, Seagate denies the allegations of Paragraph 462 of the SACC.

28

463.    Paragraph 463 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 463 of the SACC.

464.    Paragraph 464 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 464 of the SACC.

### ELEVENTH CLAIM FOR RELIEF

### VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

### (ON BEHALF OF PLAINTIFF SMITH AND THE ILLINOIS SUBCLASS)

465.    Seagate incorporates by reference its denials as set forth in paragraphs 1–464 of this Answer.  In addition, Paragraph 465 incorporates allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 465 of the SACC.

466.    Paragraph 466 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 466 of the SACC.

467.    Paragraph 467 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 467 of the SACC.

468.    Paragraph 468 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 468 of the SACC.

469.    Paragraph 469 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they

1  constitute legal arguments and conclusions to which no response is required.  To the extent a

2  response is required, Seagate denies the allegations of Paragraph 469 of the SACC.

3        470.    Paragraph 470 contains allegations that have been dismissed by the Court, and as

4  such, no response is required.  To the extent any allegations have not been dismissed, they

5  constitute legal arguments and conclusions to which no response is required.  To the extent a

6  response is required, Seagate denies the allegations of Paragraph 470 of the SACC.

7        471.    Paragraph 471 contains allegations that have been dismissed by the Court, and as

8  such, no response is required.  To the extent that a response is required, Seagate denies that the

9  Drives at issue contain any "model-wide defect," denies that the Drives at issue are unsuitable for

10  RAID and denies the allegations of Paragraph 471 of the SACC.

11        472.    Paragraph 472 contains allegations that have been dismissed by the Court, and as

12  such, no response is required.  To the extent any allegations have not been dismissed, they

13  constitute legal arguments and conclusions to which no response is required.  To the extent a

14  response is required, Seagate denies the allegations of Paragraph 472 of the SACC.

15        473.    Paragraph 473 contains allegations that have been dismissed by the Court, and as

16  such, no response is required.  To the extent any allegations have not been dismissed, they

17  constitute legal arguments and conclusions to which no response is required.  To the extent a

18  response is required, Seagate denies the allegations of Paragraph 473 of the SACC.

19        474.    Paragraph 474 contains legal arguments and conclusions to which no response is

20  required.  To the extent a response is required, Seagate denies the allegations of Paragraph 474 of

21  the SACC.

22        475.    Paragraph 475 contains allegations that have been dismissed by the Court, and as

23  such, no response is required.  To the extent any allegations have not been dismissed, they

24  constitute legal arguments and conclusions to which no response is required.  To the extent a

25  response is required, Seagate denies the allegations of Paragraph 475 of the SACC.

26        476.    Paragraph 476 contains allegations that have been dismissed by the Court, and as

27  such, no response is required.  To the extent any allegations have not been dismissed, they

28  constitute legal arguments and conclusions to which no response is required.  To the extent that a

1    response is required, Seagate denies that the Drives at issue contain any "model-wide defect,"

2    denies that the Drives at issue are unsuitable for RAID and denies the allegations of Paragraph 476

3    of the SACC.

4            477.    Paragraph 477 contains allegations that have been dismissed by the Court, and as

5    such, no response is required.  To the extent any allegations have not been dismissed, they

6    constitute legal arguments and conclusions to which no response is required.  To the extent a

7    response is required, Seagate denies the allegations of Paragraph 477 of the SACC.

8            478.    Paragraph 478 contains allegations that have been dismissed by the Court, and as

9    such, no response is required.  To the extent any allegations have not been dismissed, they

10   constitute legal arguments and conclusions to which no response is required.  To the extent a

11   response is required, Seagate denies the allegations of Paragraph 478 of the SACC.

12           479.    Paragraph 479 contains allegations that have been dismissed by the Court, and as

13   such, no response is required.  To the extent any allegations have not been dismissed, they

14   constitute legal arguments and conclusions to which no response is required.  To the extent a

15   response is required, Seagate denies the allegations of Paragraph 479 of the SACC.

16           480.    Paragraph 480 contains allegations that have been dismissed by the Court, and as

17   such, no response is required.  To the extent any allegations have not been dismissed, they

18   constitute legal arguments and conclusions to which no response is required.  To the extent a

19   response is required, Seagate denies the allegations of Paragraph 480 of the SACC.

20           481.    Paragraph 481 contains allegations that have been dismissed by the Court, and as

21   such, no response is required.  To the extent any allegations have not been dismissed, they

22   constitute legal arguments and conclusions to which no response is required.  To the extent a

23   response is required, Seagate denies the allegations of Paragraph 481 of the SACC.

24           482.    Paragraph 482 contains allegations that have been dismissed by the Court, and as

25   such, no response is required.  To the extent any allegations have not been dismissed, they

26   constitute legal arguments and conclusions to which no response is required.  To the extent a

27   response is required, Seagate denies the allegations of Paragraph 482 of the SACC.

28

**TWELFTH CLAIM FOR RELIEF**

**VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT**

**(ON BEHALF OF PLAINTIFF HAGEY AND THE TENNESSEE SUBCLASS)**

483.     Seagate incorporates by reference its denials as set forth in paragraphs 1–483 of this Answer.  In addition, Paragraph 483 incorporates allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 483 of the SACC.

484.     Paragraph 484 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 484 of the SACC.

485.     Paragraph 485 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 485 of the SACC.

486.     Paragraph 486 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 486 of the SACC.

487.     Paragraph 487 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 487 of the SACC.

488.     Paragraph 488 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 488 of the SACC.

489.     Paragraph 489 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent that a response is required, Seagate denies that the Drives at issue contain any "model-wide defect," denies that the Drives at issue are unsuitable for

1  RAID and denies the allegations of Paragraph 489 of the SACC.

2       490.   Paragraph 490 contains allegations that have been dismissed by the Court, and as

3  such, no response is required.  To the extent any allegations have not been dismissed, they

4  constitute legal arguments and conclusions to which no response is required.  To the extent a

5  response is required, Seagate denies the allegations of Paragraph 490 of the SACC.

6       491.   Paragraph 491 contains allegations that have been dismissed by the Court, and as

7  such, no response is required.  To the extent any allegations have not been dismissed, they

8  constitute legal arguments and conclusions to which no response is required.  To the extent a

9  response is required, Seagate denies the allegations of Paragraph 491 of the SACC.

10      492.   Paragraph 492 contains allegations that have been dismissed by the Court, and as

11 such, no response is required.  To the extent any allegations have not been dismissed, they

12 constitute legal arguments and conclusions to which no response is required.  To the extent a

13 response is required, Seagate denies the allegations of Paragraph 492 of the SACC.

14      493.   Paragraph 493 contains allegations that have been dismissed by the Court, and as

15 such, no response is required.  To the extent any allegations have not been dismissed, they

16 constitute legal arguments and conclusions to which no response is required.  To the extent a

17 response is required, Seagate denies the allegations of Paragraph 493 of the SACC.

18      494.   Paragraph 494 contains allegations that have been dismissed by the Court, and as

19 such, no response is required.  To the extent any allegations have not been dismissed, they

20 constitute legal arguments and conclusions to which no response is required.  To the extent that a

21 response is required, Seagate denies that the Drives at issue contain any "model-wide defect,"

22 denies that the Drives at issue are unsuitable for RAID and denies the allegations of Paragraph 494

23 of the SACC.

24      495.   Paragraph 495 contains allegations that have been dismissed by the Court, and as

25 such, no response is required.  To the extent any allegations have not been dismissed, they

26 constitute legal arguments and conclusions to which no response is required.  To the extent that a

27 response is required, Seagate denies that the Drives at issue contain any "model-wide defect,"

28

1   denies that the Drives at issue are unsuitable for RAID and denies the allegations of Paragraph 495

2   of the SACC.

3        496.    Paragraph 496 contains allegations that have been dismissed by the Court, and as

4   such, no response is required.  To the extent any allegations have not been dismissed, they

5   constitute legal arguments and conclusions to which no response is required.  To the extent a

6   response is required, Seagate denies the allegations of Paragraph 496 of the SACC.

7        497.    Paragraph 497 contains allegations that have been dismissed by the Court, and as

8   such, no response is required.  To the extent any allegations have not been dismissed, they

9   constitute legal arguments and conclusions to which no response is required.  To the extent a

10  response is required, Seagate denies the allegations of Paragraph 497 of the SACC.

11       498.    Paragraph 498 contains allegations that have been dismissed by the Court, and as

12  such, no response is required.  To the extent any allegations have not been dismissed, they

13  constitute legal arguments and conclusions to which no response is required.  To the extent a

14  response is required, Seagate denies the allegations of Paragraph 498 of the SACC.

15       499.    Paragraph 499 contains allegations that have been dismissed by the Court, and as

16  such, no response is required.  To the extent any allegations have not been dismissed, they

17  constitute legal arguments and conclusions to which no response is required.  To the extent a

18  response is required, Seagate denies the allegations of Paragraph 499 of the SACC.

19       500.    Paragraph 500 contains allegations that have been dismissed by the Court, and as

20  such, no response is required.  To the extent any allegations have not been dismissed, they

21  constitute legal arguments and conclusions to which no response is required.  To the extent a

22  response is required, Seagate denies the allegations of Paragraph 500 of the SACC.

23       501.    Paragraph 501 contains allegations that have been dismissed by the Court, and as

24  such, no response is required.  To the extent any allegations have not been dismissed, they

25  constitute legal arguments and conclusions to which no response is required.  To the extent a

26  response is required, Seagate denies the allegations of Paragraph 501 of the SACC.

27

28

Case No. 5:16-cv-00523-JCS
SEAGATE TECHNOLOGY LLC'S ANSWER TO PLAINTIFFS' SECOND
CONSOLIDATED AMENDED COMPLAINT ("SACC")

**THIRTEENTH CLAIM FOR RELIEF**

**VIOLATIONS OF THE SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT**

**(ON BEHALF OF PLAINTIFF DORTCH AND SOUTH CAROLINA SUBCLASS)**

502.    Seagate incorporates by reference its denials as set forth in paragraphs 1–501 of this Answer.  In addition, Paragraph 502 incorporates allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 502 of the SACC.

503.    Paragraph 503 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 503 of the SACC.

504.    Paragraph 504 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 504 of the SACC.

505.    Paragraph 505 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 505 of the SACC.

506.    Paragraph 506 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent that a response is required, Seagate denies that the Drives at issue contain any "model-wide defect," denies that the Drives at issue are unsuitable for RAID and denies the allegations of Paragraph 506 of the SACC.

507.    Paragraph 507 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent that a response is required, Seagate denies that the Drives at issue contain any "model-wide defect," denies that the Drives at issue are unsuitable for RAID and denies the allegations of Paragraph 507 of the SACC.

508.    Paragraph 508 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 508 of the SACC.

509.    Paragraph 509 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 509 of the SACC.

510.    Paragraph 510 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 510 of the SACC.

511.    Paragraph 511 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 511 of the SACC.

512.    Paragraph 512 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent that a response is required, Seagate denies that the Drives at issue contain any "model-wide defect," denies that the Drives at issue are unsuitable for RAID and denies the allegations of Paragraph 512 of the SACC.

513.    Paragraph 513 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent that a response is required, Seagate denies that the Drives at issue contain any "model-wide defect," denies that the Drives at issue are unsuitable for RAID and denies the allegations of Paragraph 513 of the SACC.

514.    Paragraph 514 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 514 of the SACC.

515.    Paragraph 515 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 515 of the SACC.

516.    Paragraph 516 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 516 of the SACC.

517.    Paragraph 517 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 517 of the SACC.

518.    Paragraph 518 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 518 of the SACC.

519.    Paragraph 519 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 519 of the SACC.

520.    Paragraph 520 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 520 of the SACC.

521.    Paragraph 521 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 521 of the SACC.

<strong>FOURTEENTH CLAIM FOR RELIEF</strong>

<strong>VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT</strong>

<strong>(ON BEHALF OF PLAINTIFF MANAK AND TEXAS SUBCLASS)</strong>

522.    Seagate incorporates by reference its denials as set forth in paragraphs 1–521 of this Answer.  In addition, Paragraph 522 incorporates allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 522 of the SACC.

523.    Paragraph 523 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 523 of the SACC.

524.    Paragraph 524 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 524 of the SACC.

525.    Paragraph 525 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 525 of the SACC.

526.    Paragraph 526 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 526 of the SACC.

527.    Paragraph 527 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 527 of the SACC.

528.    Paragraph 528 contains allegations that have been dismissed by the Court, and as

such, no response is required.  To the extent any allegations have not been dismissed, they

constitute legal arguments and conclusions to which no response is required.  To the extent a

response is required, Seagate denies the allegations of Paragraph 528 of the SACC.

529.    Paragraph 529 contains allegations that have been dismissed by the Court, and as

such, no response is required.  To the extent any allegations have not been dismissed, they

constitute legal arguments and conclusions to which no response is required.  To the extent a

response is required, Seagate denies the allegations of Paragraph 529 of the SACC.

530.    Paragraph 530 contains allegations that have been dismissed by the Court, and as

such, no response is required.  To the extent any allegations have not been dismissed, they

constitute legal arguments and conclusions to which no response is required.  To the extent a

response is required, Seagate denies the allegations of Paragraph 530 of the SACC.

531.    Paragraph 531 contains allegations that have been dismissed by the Court, and as

such, no response is required.  To the extent any allegations have not been dismissed, they

constitute legal arguments and conclusions to which no response is required.  To the extent a

response is required, Seagate denies the allegations of Paragraph 531 of the SACC.

532.    Paragraph 532 contains allegations that have been dismissed by the Court, and as

such, no response is required.  To the extent any allegations have not been dismissed, they

constitute legal arguments and conclusions to which no response is required.  To the extent a

response is required, Seagate denies the allegations of Paragraph 532 of the SACC.

533.    Paragraph 533 contains allegations that have been dismissed by the Court, and as

such, no response is required.  To the extent any allegations have not been dismissed, they

constitute legal arguments and conclusions to which no response is required.  To the extent a

response is required, Seagate denies the allegations of Paragraph 533 of the SACC.

534.    Paragraph 534 contains allegations that have been dismissed by the Court, and as

such, no response is required.  To the extent any allegations have not been dismissed, they

constitute legal arguments and conclusions to which no response is required.  To the extent that a

response is required, Seagate denies that the Drives at issue contain any "model-wide defect,"

SMRH:481971417.10

1   denies that the Drives at issue are unsuitable for RAID and denies the allegations of Paragraph 534

2   of the SACC.

3          535.    Paragraph 535 contains allegations that have been dismissed by the Court, and as

4   such, no response is required.  To the extent any allegations have not been dismissed, they

5   constitute legal arguments and conclusions to which no response is required.  To the extent a

6   response is required, Seagate denies the allegations of Paragraph 535 of the SACC.

7          536.    Paragraph 536 contains allegations that have been dismissed by the Court, and as

8   such, no response is required.  To the extent any allegations have not been dismissed, they

9   constitute legal arguments and conclusions to which no response is required.  To the extent a

10  response is required, Seagate denies the allegations of Paragraph 536 of the SACC.

11         537.    Paragraph 537 contains allegations that have been dismissed by the Court, and as

12  such, no response is required.  To the extent any allegations have not been dismissed, they

13  constitute legal arguments and conclusions to which no response is required.  To the extent that a

14  response is required, Seagate denies that the Drives at issue contain any "model-wide defect,"

15  denies that the Drives at issue are unsuitable for RAID and denies the allegations of Paragraph 537

16  of the SACC.

17         538.    Paragraph 538 contains allegations that have been dismissed by the Court, and as

18  such, no response is required.  To the extent any allegations have not been dismissed, they

19  constitute legal arguments and conclusions to which no response is required.  To the extent a

20  response is required, Seagate denies the allegations of Paragraph 538 of the SACC.

21         539.    Paragraph 539 contains allegations that have been dismissed by the Court, and as

22  such, no response is required.  To the extent any allegations have not been dismissed, they

23  constitute legal arguments and conclusions to which no response is required.  To the extent a

24  response is required, Seagate denies the allegations of Paragraph 539 of the SACC.

25         540.    Paragraph 540 contains allegations that have been dismissed by the Court, and as

26  such, no response is required.  To the extent any allegations have not been dismissed, they

27  constitute legal arguments and conclusions to which no response is required.  To the extent a

28  response is required, Seagate denies the allegations of Paragraph 540 of the SACC.

SMRH:481971417.10

541.    Paragraph 541 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 541 of the SACC.

542.    Paragraph 542 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 542 of the SACC.

543.    Paragraph 543 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 543 of the SACC.

544.    Paragraph 544 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 544 of the SACC.

## FIFTEENTH CLAIM FOR RELIEF

## VIOLATION OF THE SOUTH DAKOTA DECEPTIVE TRADE PRACTICES AND CONSUMER PROTECTION STATUTE

## (ON BEHALF OF PLAINTIFF NELSON AND THE SOUTH DAKOTA SUBCLASS)

545.    Seagate incorporates by reference its denials as set forth in paragraphs 1–544 of this Answer.  In addition, Paragraph 545 incorporates allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 545 of the SACC.

546.    Paragraph 546 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 546 of the SACC.

547.    Paragraph 547 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 547 of the SACC.

548.    Paragraph 548 contains allegations that have been dismissed by the Court, and as such, no response is required. To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required. To the extent a response is required, Seagate denies the allegations of Paragraph 548 of the SACC.

549.    Paragraph 549 contains allegations that have been dismissed by the Court, and as such, no response is required. To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required. To the extent a response is required, Seagate denies the allegations of Paragraph 549 of the SACC.

550.    Paragraph 550 contains allegations that have been dismissed by the Court, and as such, no response is required. To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required. To the extent a response is required, Seagate denies the allegations of Paragraph 550 of the SACC.

551.    Paragraph 551 contains allegations that have been dismissed by the Court, and as such, no response is required. To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required. To the extent that a response is required, Seagate denies that the Drives at issue contain any "model-wide defect," denies that the Drives at issue are unsuitable for RAID and denies the allegations of Paragraph 551 of the SACC.

552.    Paragraph 552 contains allegations that have been dismissed by the Court, and as such, no response is required. To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required. To the extent a response is required, Seagate denies the allegations of Paragraph 552 of the SACC.

553.    Paragraph 553 contains allegations that have been dismissed by the Court, and as such, no response is required. To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required. To the extent a response is required, Seagate denies the allegations of Paragraph 553 of the SACC.

554.    Paragraph 554 contains allegations that have been dismissed by the Court, and as such, no response is required. To the extent any allegations have not been dismissed, they

SMRH:481971417.10

1    constitute legal arguments and conclusions to which no response is required.  To the extent that a

2    response is required, Seagate denies that the Drives at issue contain any "model-wide defect,"

3    denies that the Drives at issue are unsuitable for RAID and denies the allegations of Paragraph 554

4    of the SACC.

5         555.    Paragraph 555 contains allegations that have been dismissed by the Court, and as

6    such, no response is required.  To the extent any allegations have not been dismissed, they

7    constitute legal arguments and conclusions to which no response is required.  To the extent a

8    response is required, Seagate denies the allegations of Paragraph 555 of the SACC.

9         556.    Paragraph 556 contains allegations that have been dismissed by the Court, and as

10   such, no response is required.  To the extent any allegations have not been dismissed, they

11   constitute legal arguments and conclusions to which no response is required.  To the extent a

12   response is required, Seagate denies the allegations of Paragraph 556 of the SACC.

13                          **SIXTEENTH CLAIM FOR RELIEF**

14                              **UNJUST ENRICHMENT**

15                     **(ON BEHALF OF PLAINTIFFS AND THE CLASS)**

16        557.    Paragraph 557 contains legal arguments and conclusions to which no response is

17   required.  To the extent a response is required, Seagate denies the allegations of Paragraph 557 of

18   the SACC.

19        558.    Paragraph 558 contains allegations that have been dismissed by the Court, and as

20   such, no response is required.  To the extent any allegations have not been dismissed, they

21   constitute legal arguments and conclusions to which no response is required.  To the extent a

22   response is required, Seagate denies the allegations of Paragraph 558 of the SACC.

23        559.    Paragraph 559 contains allegations that have been dismissed by the Court, and as

24   such, no response is required.  To the extent any allegations have not been dismissed, they

25   constitute legal arguments and conclusions to which no response is required.  To the extent that a

26   response is required, Seagate denies that the Drives at issue contain any "model-wide defect,"

27   denies that the Drives at issue are unsuitable for RAID and denies the allegations of Paragraph 559

28   of the SACC.

560.    Paragraph 560 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 560 of the SACC.

561.    Paragraph 561 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 561 of the SACC.

562.    Paragraph 562 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 562 of the SACC.

563.    Paragraph 563 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 563 of the SACC.

564.    Paragraph 564 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 564 of the SACC.

565.    Paragraph 565 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 565 of the SACC.

566.    Paragraph 566 contains allegations that have been dismissed by the Court, and as such, no response is required.  To the extent any allegations have not been dismissed, they constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, Seagate denies the allegations of Paragraph 566 of the SACC.

1

**GENERAL DENIAL**

2      567.     Unless specifically admitted herein, Seagate denies the truth of each and every

3    allegation set forth in the SACC.

4

**ANSWER TO THE PRAYER FOR RELIEF**

5      568.     Answering the prayer for relief on pages 88-89 of the SACC, Seagate denies that

6    Plaintiffs or the putative class members are entitled to any of the remedies or relief set forth in

7    their prayer for relief. Seagate further denies that Plaintiffs or the putative class members are

8    entitled to any form of relief based on the allegations of the SACC or the events from which the

9    SACC allegedly arise.

10

**AFFIRMATIVE DEFENSES**

11      569.     Seagate alleges its separate and affirmative defenses as follows.  By alleging the

12    matters set forth in these defenses, Seagate does not allege or admit that it has the burden of proof

13    and/or persuasion with respect to any of these matters.  Seagate reserves the right to raise

14    additional affirmative defenses as they become known to it through discovery in this case.

15

**First Affirmative Defense**

16

(Failure to State a Claim)

17      570.     Each and every purported cause of action in the SACC fails to state facts sufficient

18    to constitute a claim for relief against Seagate.

19

**Second Affirmative Defense**

20

(Excuse)

21      571.     Seagate is excused from any liability for alleged harms suffered by Plaintiffs and/or

22    putative class members to the extent that Plaintiffs and/or putative class members breached their

23    warranties with Seagate or otherwise modified or misused the products.

24

**Third Affirmative Defense**

25

(Unclean Hands)

26      572.     To the extent that Plaintiffs and/or putative class members breached their

27    warranties, modified, or otherwise misused the products, their claims against Seagate are barred by

28    the doctrine of unclean hands.

SMRH:481971417.10

SEAGATE TECHNOLOGY LLC'S ANSWER TO PLAINTIFFS' SECOND
CONSOLIDATED AMENDED COMPLAINT ("SACC")

**Fourth Affirmative Defense**

(Waiver)

573.     Plaintiffs' and/or putative class members' claims against Seagate are barred by the doctrine of waiver.

**Fifth Affirmative Defense**

(Estoppel)

574.     Plaintiffs' and/or putative class members' claims against Seagate are barred by the doctrine of estoppel.

**Sixth Affirmative Defense**

(Statutes of Limitation)

575.     Plaintiffs' and/or putative class members' claims are barred by the applicable statutes of limitation, including, but not limited to, Cal. Code Civ. Proc. sections 337, 338, Cal. Civ. Code section 1783, Cal. Bus. & Profs. Code section 17208, Cal. Comm. Code § 2725(1), N.Y. U.C.C. § 2-725(1), N.Y. C.P.L.R. rule 214, Fla. Stat. § 95.11(3)(f), Fla. Stat. Ann. section 501.207(5), Mass. Gen. Laws Ann. ch. 106, § 2-725, Mass. Gen. Laws ch. 260, § 5A, 815, 810 Ill. Comp. Stat. Ann. 5/2-725(1), 810 Ill. Comp. Stat. Ann. 5/2A-506(1), Ill. Comp. Stat. 505/10a(e), Tenn. Code Ann. sections 47-2-725 and 47-18-110, S.C. Code Ann. sections 36-2-725 and 39-5-150, Tex. Bus. & Com. Code sections 2.725(b) and 17.565, S.D. Codified Laws sections 57A-2-725 and 37-24-33.

**Seventh Affirmative Defense**

(Laches)

576.     Plaintiffs' and/or putative class members' claims are barred by the doctrine of laches because Plaintiffs and putative class members delayed an unreasonable period of time before bringing this action, and such delay caused detriment and prejudice to Seagate.

**Eighth Affirmative Defense**

(Excessive Penalty)

577.     Plaintiffs' and/or putative class members' claims for restitution and/or disgorgement under California Business & Professions Code sections 17200 *et seq.* are precluded

1  because such recovery would constitute an excessive penalty and forfeiture in violation of

2  Seagate's Eighth Amendment and federal and California due process rights, applicable statutory

3  provisions, and rules of equity, among other things.

4  **Ninth Affirmative Defense**

5  (Release)

6  578.    Plaintiffs' and/or putative class members' claims are precluded to the extent that

7  such members of the putative class previously released some or all of their claims against Seagate.

8  **Tenth Affirmative Defense**

9  (Lack of Causation/Misuse)

10  579.    Any alleged loss, damage or injury suffered by Plaintiffs and/or putative class

11  members was not proximately caused by any act or omission, wrongful or otherwise, of Seagate,

12  but was the direct and proximate result of their unforeseeable misuse of the products at issue.

13  **Eleventh Affirmative Defense**

14  (Ratification)

15  580.    Plaintiffs' and/or putative class members' claims are precluded to the extent that

16  they previously ratified Seagate's conduct with respect to their Drives.

17  **Twelfth Affirmative Defense**

18  (Accord and Satisfaction)

19  581.    Plaintiffs' and/or putative class members' claims are precluded to the extent that

20  they are barred by the doctrine of accord and satisfaction.

21  **Thirteenth Affirmative Defense**

22  (Comparative Fault)

23  582.    To the extent that Plaintiffs and/or putative class members are at fault with respect

24  to the matters complained of herein, and/or the alleged harm suffered, any recovery by them

25  should be reduced by the proportion of such harm, if any, caused by said comparative fault.

26  **Fourteenth Affirmative Defense**

27  (Failure to Mitigate)

28  583.    To the extent that Plaintiffs and/or putative class members have suffered harm,

SMRH:481971417.10
SEAGATE TECHNOLOGY LLC'S ANSWER TO PLAINTIFFS' SECOND
CONSOLIDATED AMENDED COMPLAINT ("SACC")

those claims are barred to the extent that they have failed to mitigate such harm.

## Fifteenth Affirmative Defense

(Consent)

584.    By their own conduct, acts, and omissions, Plaintiffs and/or putative class members consented to and acquiesced in Seagate's conduct.

## Sixteenth Affirmative Defense

(Lack of Standing)

585.    Plaintiffs and/or putative class members lack standing to bring any of the claims alleged in the SACC.

## Seventeenth Affirmative Defense

(Lack of Injury)

586.    The purported claims made by Plaintiffs and members of the purported classes on whose behalf they purport to sue are barred by Article III of the United States Constitution and California Business & Professions Code section 17204, in that they have not suffered injury in fact or lost money or property as a result of any alleged unfair business practices by Seagate.

## Eighteenth Affirmative Defense

(Good Faith)

587.    Plaintiffs' and/or putative class members' claims are barred by the fact that Seagate acted reasonably and in good faith at all times material herein.

## Nineteenth Affirmative Defense

(Adequate Remedy at law)

588.    To the extent Plaintiffs and members of the purported class on whose behalf they purport to sue would be adequately compensated in an action at law for damages, they have a complete and adequate remedy at law and are not entitled to seek equitable relief.

## Twentieth Affirmative Defense

(Plaintiffs' and Members' of the Purported Class' Failure to Perform)

589.    The claims made by Plaintiffs and members of the purported class on whose behalf they purport to sue are precluded or limited to the extent they failed to properly maintain or use the

SMRH:481971417.10

product or products in accordance with the product instructions or applicable warranty agreements accompanying the products, and/or other misuse, abuse or alteration of the product or products.

## Twenty-First Affirmative Defense

### (Lack of Privity)

590.    The claims made by Plaintiffs and members of the purported class on whose behalf they purport to sue are precluded or limited to the extent there is no privity between such persons, on the one hand, and Seagate, on the other hand.

## Twenty-Second Affirmative Defense

### (Warranty Exclusive Remedy)

591.    The claims made by Plaintiffs and members of the purported class on whose behalf they purport to sue are barred because the applicable warranty agreements accompanying the products they purchased control their transactions and set forth the sole and exclusive remedies in connection therewith, which remedies are expressly limited.

## Twenty-Third Affirmative Defense

### (Limitation of Warranties)

592.    The claims made by Plaintiffs and members of the purported class on whose behalf they purport to sue are barred to the extent that sales to them included an express warranty containing, among other things, a conspicuous statement that expressly excludes or disclaims all other warranties, express or implied.

## Twenty-Fourth Affirmative Defense

### (Lack of Timely Notice)

593.    The claims made by Plaintiffs and members of the purported class on whose behalf they purport to sue are precluded or limited by their failure to give notice within a reasonable time of any alleged breach of warranty.

## Twenty-Fifth Affirmative Defense

### (Useful Life)

594.    The claims made by Plaintiffs and members of the purported class on whose behalf they purport to sue for are precluded or limited to account for the useful life of the products and

SMRH:481971417.10
SEAGATE TECHNOLOGY LLC'S ANSWER TO PLAINTIFFS' SECOND
CONSOLIDATED AMENDED COMPLAINT ("SACC")

1    services at issue.

2    **Twenty-Sixth Affirmative Defense**

3    (Fault of Third Parties)

4    595.    Any injury or damage allegedly suffered by Plaintiffs and members of the

5    purported class on whose behalf they purport to sue was caused or contributed to by the conduct of

6    persons or entities other than Seagate and such conduct offsets, eliminates, or comparatively

7    reduces the liability, if any, of Seagate.

8    **Twenty-Seventh Affirmative Defense**

9    (Intervening or Superseding Cause)

10    596.    Plaintiffs' and/or putative class members' damages, if any, resulted from the acts or

11    omissions of third parties.  The acts or omissions of these third parties constitute intervening or

12    superseding causes of the harm, if any, suffered by Plaintiffs and the putative class members, and

13    these third parties should bear the responsibility of compensating Plaintiffs' and/or putative class

14    members for any alleged damages.

15    **PRAYER FOR RELIEF**

16    WHEREFORE, Seagate prays for judgment as follows:

17    1.    That Plaintiffs and members of the putative class on whose behalf Plaintiffs purport

18    to sue take nothing by reason of the SACC and that judgment be rendered in favor of Seagate;

19    2.    That Seagate recover its expenses, costs, and attorneys' fees incurred in defense of

20    this lawsuit;

21    3.    That this Court grant Seagate such other and further relief as it deems just and

22    proper.

23    Dated: March 24, 2017                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

24                                By    _____
                                            */s/ Tenaya Rodewald*

25                                        TENAYA RODEWALD
26                                        Attorneys for Defendant
                                        SEAGATE TECHNOLOGY LLC

27

28