SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
NEIL A.F. POPOVIĆ, Cal. Bar No. 132403
ANNA S. McLEAN, Cal. Bar No. 142233
TENAYA RODEWALD, Cal. Bar No. 248563
MUKUND H. SHARMA, Cal. Bar No. 249125
LIÊN H. PAYNE, Cal. Bar No. 291569
JOY O. SIU, Cal. Bar No. 307610
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:   415.434.9100
Facsimile:   415.434.3947
Email:        npopovic@sheppardmullin.com
              amclean@sheppardmullin.com
              msharma@sheppardmullin.com
              rodewald@sheppardmullin.com
              lpayne@sheppardmullin.com
              jsiu@sheppardmullin.com

Attorneys for Defendant,
SEAGATE TECHNOLOGY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SEAGATE TECHNOLOGY LLC LITIGATION<br><br>CONSOLIDATED ACTION | Case No. 3:16-cv-00523-JCS<br><br>**[PROPOSED] ORDER GRANTING SEAGATE'S MOTION TO STRIKE AND FOR JUDGMENT ON THE PLEADINGS**<br><br>**Date:** June 23, 2017<br>**Time:** 9:30 a.m.<br>**Place:** Courtroom G<br>**Judge:** Hon. Joseph C. Spero<br><br>Second Consolidated Amended Complaint filed: July 11, 2016 |

1    Having considered defendant Seagate Technology LLC's ("Seagate's") Motion to Strike
2  and for Judgment on the Pleadings ("Motion") with regard to Plaintiffs' Second Consolidated
3  Amended Complaint ("SCAC") pursuant to Fed. R. Civ. P. 12(c) and Fed. R. Civ. P. 12(f), as well
4  as the opposition filed by Plaintiffs, Seagate's reply papers and the arguments of counsel, and
5  good cause appearing, the Court hereby GRANTS Seagate's motion as follows:

    a.    The allegations and claims previously dismissed by the Court are hereby STRICKEN, including:

        (1)    the Fourth and Sixth Causes of Action for express warranty;

        (2)    the Fifth and Seventh Causes of Action to the extent they allege a breach of California Commercial Code section 2314;

        (3)    all allegations of misrepresentations or omissions except those related to RAID or AFR.

The allegations and claims that are hereby stricken are reflected in red, strikethrough text in Exhibit 1 to Seagate's Motion.

    b.    Judgment on the Pleadings in favor of Seagate is GRANTED on the Ninth, Fourteenth, and Fifteenth Causes of Action because they depend entirely on factual allegations that were previously dismissed. Nor may class allegations be maintained under any of these claims. Because it would be futile to grant further leave to amend, the Ninth, Fourteenth, and Fifteenth Causes of Action are hereby DISMISSED with prejudice.

    c.    Judgment on the Pleadings in favor of Seagate is GRANTED on the implied warranty claims in the Fifth and Seventh Causes of Action. Nor may class allegations be maintained under any of these claims. Because it would be futile to grant further leave to amend, the Fifth and Seventh Causes of Action are DISMISSED with prejudice.

     d.     Plaintiffs' nationwide class allegations are STRICKEN with prejudice. Under *Mazza v. American Honda Motor Co.,* 666 F.3d 581, 594 (9th Cir. 2012), each class member's consumer protection claims should be governed by the consumer protection laws of the jurisdiction in which the transaction took place. The same is true of the unjust enrichment claim, which is derivative of the others.

The allegations and causes of action that are dismissed and stricken under items b-d are reflected in blue, strikethrough text in Exhibit 1 to Seagate's Motion. Plaintiffs are ordered to file a Third Amended Complaint consistent with this order by _____.

IT IS SO ORDERED.

DATED: _____, 2017

                                      The Honorable Joseph C. Spero
                                      United States Magistrate Judge