

T 206.623.7292  F 206.623.0594

Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WA 98101
www.hbsslaw.com
**steve@hbsslaw.com**

May 31, 2017

<u>VIA ECF</u>

Magistrate Judge Joseph C. Spero
U.S. District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *In re Seagate Technology LLC Litigation*, No. 3:16-cv-00523 (N.D. Cal.)
              Discovery Dispute Regarding Model Hard Drives

Dear Magistrate Judge Spero:

      By joint letter, the parties seek resolution of their discovery dispute regarding the scope of discovery that Plaintiffs are permitted to seek. The parties confirm that they have complied with the procedures set forth in Your Honor's Standing Order, including lead counsel participating in an in-person meet-and-confer on May 23, 2017.

### I.    PLAINTIFFS' POSITION

      This dispute is about Defendant's effort to frustrate the efficient determination of class certification by refusing to produce baseline information and documents regarding all of the hard drives at issue. This class action concerns Defendant's representations regarding and distribution of its 3TB hard drives, model ST3000DM001. Plaintiffs issued discovery requests for documents, information, and data pertaining to all of the Defendant's 3TB hard drives, model ST3000DM001. Defendant unilaterally limited its responses to only the Barracuda 3TB Internal Hard Disk Drive, Backup Plus 3TB External Hard Disk Drive, and FreeAgent GoFlex 3TB External Hard Disk Drive. Defendant should be compelled to produce relevant documents for the remaining ST3000DM01 drives.

#### A.    <u>Rule 26 Permits Discovery on All ST3000DM001 Drives</u>

      Rule 26(b)(1) permits broad discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ." Under the Rule, "[i]nformation . . . need not be admissible in evidence to be discoverable." Rule 26 "make[s] clear the broad scope of examination and that it may cover not only evidence for use at the trial but also inquiry into matters in themselves inadmissible as evidence but which will lead to the discovery of such evidence." Fed. R. Civ. P. 26 advisory committee's note.

      Plaintiffs have sought discovery only as to the ST3000DM001 hard drives—the drives that are the subject of this litigation. This dispute does not involve discovery of other model hard drives not directly implicated by the complaint. The discovery sought is relevant to the parties'

SEATTLE  BOSTON  CHICAGO  COLORADO SPRINGS  LOS ANGELES  NEW YORK  PHOENIX  SAN DIEGO  SAN FRANCISCO  WASHINGTON, D.C.

010581-11 960669 V1

May 31, 2017
Page 2

claims, defenses, and class certification; or, at the very least, the information is likely to lead to the discovery of admissible evidence.

Defendant has not claimed the requests are unreasonably cumulative. Defendant has not argued proportionality. Instead, Defendant has simply refused to produce documents, data, and information beyond those related to three specific drives because it disagrees with Plaintiffs' class definition. This is not a proper basis to withhold relevant data, information, and documents about the very drives at issue. This discovery is permitted by Rule 26.

**B.    All ST3000DM001 Drives Are Part of This Case**

All of the ST3000DM001 model drives are very much a part of this litigation. The putative class consists of purchasers of the ST3000DM001, without limitation.[1] The complaint alleges that all drives with the model ST3000DM001 suffer from high failure rates.[2]

Defendant has filed two motions to dismiss, and never once challenged Plaintiffs' standing to bring claims with respect to all drives containing ST3000DM001 model drives. (ECF Nos. 20, 68.) There is no order limiting claims to only the Barracuda 3TB Internal Hard Disk Drive, Backup Plus 3TB External Hard Disk Drive, and FreeAgent GoFlex 3TB External Hard Disk Drive. Plaintiffs are entitled to discovery on all ST3000DM001 models.

**C.    The Parties Agree the ST3000DM001 Drives Will Be an Issue at Class Certification**

The parties agree that all of the ST3000DM001 drives, not just the three Defendant has produced documents for, are germane to the lawsuit and class certification. The information sought is directly related to class certification issues such as commonality, typicality, and predominance. Indeed, assuming Defendant plans to attack Plaintiffs' class definition, it must provide discovery on all the ST3000DM001 models at this stage, when discovery may be focused on certification issues.[3]

---

[1] SACC ¶ 264 (defining the class as "All individuals in the United States who purchased, not for resale, at least one Seagate model ST3000DM001 hard drive, or at least one external drive that contained a drive with the aforesaid model number); ¶ 265 (subclasses).

[2] *Id.* at ¶¶ 82-109 (describing high failure rates of ST3000DM001 drives and citing https://www.backblaze.com/blog/3tb-hard-drive-failure/, which discusses the high failure rate of "4,829 Seagate 3TB hard drives, model ST3000DM001.").

[3] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) ("[D]iscovery often has been used to illuminate issues upon which a district court must pass in deciding whether a suit should proceed as a class action under Rule 23, such as numerosity, common questions, and adequacy of representation."); *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1312–13 (9th Cir. 1977).

May 31, 2017
Page 3

In *Long v. Hewlett-Packard, Co.*, the Northern District granted plaintiffs' motion to compel discovery on less.[4] Plaintiffs alleged that their HP Pavilion screens were defective. Plaintiffs moved to compel discovery on all HP Pavilion series computers, except those explicitly excluded in the lawsuit. HP produced documents only concerning the models owned by plaintiffs and refused to produce other responsive documents. Plaintiffs argued that the computers "may share common internal components and similar display issues with a host of other Pavilion series computers." The court granted plaintiffs' motion to compel, stating the documents, even if they "show that there is no relationship between plaintiffs' alleged problems and those of the putative class" as HP claimed, were otherwise "precisely the kind of information which will aid the District Court's analysis of numerosity, commonality, typicality and adequacy . . . and its determination whether class certification is appropriate." Here, unlike HP, Defendant does not even argue that there is no relationship between the problems with Plaintiffs' drives and those of the putative class. This is no surprise given that Plaintiffs seek information and documents for drives containing the model number at issue—ST3000DM001. Without this basic information about the very class Plaintiffs seek to certify, Plaintiffs will be unfairly prejudiced in their efforts to meet the requirements of Rule 23.[5]

## II.     DEFENDANT'S POSITION

This dispute arises from Plaintiffs' efforts to obtain discovery relating to products that no named plaintiff purchased and for which there are no allegations of wrongdoing in the Second Amended Consolidated Complaint ("SACC").[6] The SACC alleges named plaintiffs purchased the Barracuda, Backup Plus, and FreeAgent GoFlex products and alleges misrepresentations and/or omissions as to these three products only. Plaintiffs' assertion that the subject matter of this litigation is all hard drives containing the ST3000DM001 is unsupported by the pleadings.

Moreover, this Court's order on Seagate's Motion to Dismiss provided Plaintiffs an opportunity to amend their complaint for the third time; they chose not to take it. After nearly two years of litigation and a million dollars' worth of discovery, if Plaintiffs had a basis to

---

[4] 2006 WL 3751447 (N.D. Cal. Dec. 19, 2006).

[5] *See also Houdini, Inc. v. Gabriel*, 2005 WL 6070171, at *2 (C.D. Cal. Oct. 21, 2005) (discovery regarding all of defendant's website domain names was proper even though plaintiff only alleged one of defendant's websites infringed); *Barnhart v. Safeway Stores, Inc.*, 1992 WL 443561, at *3-4 (E.D. Cal. Dec. 14, 1992) (defendant recognized relevance of pre-class period policies and practices at issue, and court noted "[i]t is this court's duty to permit the parties to give the district court *all* information that the district court *might* find relevant in making a class action determination." (emphasis in original)).

[6] Plaintiffs claim that "[t]he parties agree that all the ST3000DM001 drives, not just the three Defendant has produced documents for, are germane to the lawsuit and class certification." Not true. Seagate has maintained the position throughout this litigation that the only products relevant to this lawsuit are those the named plaintiffs purchased—the Barracuda, Backup Plus, and FreeAgent GoFlex.

May 31, 2017
Page 4

amend the SACC to add additional plaintiffs or products, they would have done so. Plaintiffs' request for discovery about products unrelated to the allegations in the SACC should be denied.

A.  **The SACC Defines the Products at Issue as the Barracuda, Backup Plus, and FreeAgent GoFlex**

Paragraph 2 of the SACC identifies the Barracuda, the Backup Plus, and the FreeAgent GoFlex as the specific products at issue in this litigation: "In October 2011, Defendant released the Seagate Barracuda 3TB Internal Hard Disk Drive . . . Defendant subsequently released external versions of the Barracuda such as the Seagate Backup Plus . . . and the Seagate FreeAgent GoFlex 3TB External Hard Disk Drive [] (collectively referred to as "Drives")." SACC, ¶ 2. Moreover, Plaintiffs specifically referenced the "Drives" defined in paragraph 2 in each cause of action, including those related to alleged misrepresentations by Seagate.[7]

Plaintiffs defined the products at issue, not Seagate. They are now frustrated that Seagate abided by their definition in its discovery responses. Yet they do not propose to add (1) additional plaintiffs who claim to have been harmed by other products, or (2) statements in which Seagate purportedly misrepresented any such products. That is because they cannot do so.

B.  **The Court Should Not Permit Discovery About Products Plaintiffs Did Not Purchase**

Plaintiffs selectively quote Rule 26(b)(1), omitting the proportionality limits added with the 2015 amendments. Rule 26(b)(1) now provides a balancing test, which includes a determination as to whether the discovery sought is "proportional to the needs of the case" and "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26. This difference is dispositive.[8]

In putative class actions involving claims based on allegedly defective products or false advertising, this Court has denied named plaintiffs discovery regarding products they did not purchase. In *Herskowitz v. Apple Inc.*, for example, the named plaintiffs purchased songs from Apple's iTunes store. 940 F. Supp. 2d 1131, 1136 (N.D. Cal. 2013). Each plaintiff was later unable to access some of the purchased songs and was charged again upon re-downloading them.

---

[7] No claim in the SACC references any hard drive other than the "Drives" as defined in paragraph 2 of the SACC. *See, e.g.*, SACC, ¶¶ 280, 306, 320, 338, 357.

[8] Plaintiffs cite *Houdini, Inc. v. Gabriel*, in which the court allowed plaintiff to obtain discovery about all of defendant's website domain names even though plaintiff alleged trademark infringement with regard to only one of them. 2005 WL 6070171 at *1. But the court's holding there was based on former Rule 26(b), prior to the 2015 amendments, and defendant failed to supply admissible evidence of burden. Here, Plaintiffs' discovery requests place a disproportionate burden on Seagate as compared to the benefit conferred to Plaintiffs, as is established by the Payne declaration filed herewith.

May 31, 2017
Page 5

*Id*. Plaintiffs sued Apple for, among other things, violations of the CLRA and the UCL on behalf of a nationwide class that included persons who purchased items from Apple stores other than iTunes. *Id*. at 1134, 1136. The court found that neither named plaintiff could allege claims on behalf of customers who bought non-iTunes products, and denied related discovery until Plaintiffs could establish standing to assert claims regarding such products. *Id*. at 1150, fn. 7.

Here, Plaintiffs likewise seek discovery on behalf of a putative class including consumers who purchased products they did not. SACC, ¶ 2. Plaintiffs do not allege that Seagate's alleged misrepresentations or omissions as to these three products were also made as to all other products containing a drive with the model number ST3000DM001. Nor do Plaintiffs claim that Seagate's alleged mis-statements as to these products are representative of those made for other ST3000DM001 products. As in *Herskowitz*, Plaintiffs lack standing to assert claims regarding products they did not purchase and should be denied discovery absent a demonstration of same.[9]

Finally, the burden and expense to Seagate of discovery regarding additional products outweighs the likely benefit to Plaintiffs. Seagate has collected millions of documents, employed a team of contract attorneys to review them, and spent over $1,000,000 on such discovery efforts to date. Payne Decl., ¶¶ 4-11. The existing production should provide a sufficient basis, if any, to establish the claimed defect with ST3000DM001 model hard drive.

For all of the reasons set forth above, this Court should deny Plaintiffs their request for discovery with regard to products the named plaintiffs did not purchase.

---

[9] *Long v. Hewlett-Packard, Co.* is inapposite. In *Long*, plaintiff alleged that all HP Pavilion model computers shared a defect, with the exclusion of certain specified models. 2006 WL 3751447 at *1, *2. Defendant limited discovery to the HP Pavilion models the named plaintiffs purchased, excluding the other HP Pavilion models plaintiffs alleged were defective. *Id*. Here, the SACC contains factual allegations *only* as to the Barracuda, Backup Plus, and FreeAgent GoFlex, and fails to allege a common defect encompassing other products. Seagate has properly limited discovery to the three products at issue.

*Doninger v. Pac. Nw. Bell, Inc*. is also distinguishable. There, the court considered "the probability of discovery resolving any factual issue necessary for the [class certification] determination," 564 F.2d at 1313, but upheld the trial court's denial of such discovery given plaintiffs' lack of diligence in pursuing it. *Id*. Here, there are no factual issues to resolve, as Plaintiffs still have not alleged a theory of defect after nearly a year and a half of litigation. At a minimum, Plaintiffs should be required to make a *prima facie* showing that the elements of Rule 23 are met to obtain discovery regarding products they did not purchase. *See Fah v. Wolverine World Wide, Inc*., No. SACV130010JVSJPRX, 2013 WL 12132036, at *1 (C.D. Cal. Aug. 26, 2013) (applying Rule 23 analysis in the context of plaintiffs' motion to compel and finding plaintiffs established *prima facie* case Rule 23 requirements were met because plaintiffs' complaint alleged defendant made same advertising claims as to *all* its products, not just the products purchased by the named plaintiff). Plaintiffs here have made no such a showing.

Case 3:16-cv-00523-JCS   Document 115   Filed 05/31/17   Page 6 of 6

May 31, 2017
Page 6

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

  /s/ Steve W. Berman

Steve W. Berman (*pro hac vice*)
Ashley Bede (*pro hac vice*)
Jeff D. Friedman (173886)
Shana E. Scarlett (217895)

Marc A. Goldich (*pro hac vice*)
Noah Axler (*pro hac vice*)
AXLER GOLDICH

*Counsel for Plaintiffs and Putative Class*

SHEPPARD MULLIN RICHTER & HAMPTON LLP

  /s/ Anna S. McLean

Neil A.F. Popović
Anna S. McLean
Mukund Sharma
Liên Payne
Tenaya Rodewald
Joy O. Sui

*Counsel for Defendant*

**ATTESTATION PURSUANT TO LOCAL RULE 5-1(i)(3)**

I, Steve W. Berman, am the ECF User whose identification and password are being used to file the foregoing document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

DATED: May 31, 2017          HAGENS BERMAN SOBOL SHAPIRO LLP

                             By:      /s/ Steve W. Berman
                                   STEVE W. BERMAN

010581-11 960669 V1