1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   NEIL A.F. POPOVIĆ, Cal. Bar No. 132403
3  ANNA S. McLEAN, Cal. Bar No. 142233
   TENAYA RODEWALD, Cal. Bar No. 248563
4  MUKUND H. SHARMA, Cal. Bar No. 249125
   LIÊN H. PAYNE, Cal. Bar No. 291569
5  JOY O. SIU, Cal. Bar No. 307610
   Four Embarcadero Center, 17th Floor
6  San Francisco, California 94111-4109
   Telephone:    415.434.9100
7  Facsimile:    415.434.3947
   Email:        npopovic@sheppardmullin.com
8                amclean@sheppardmullin.com
                 msharma@sheppardmullin.com
9                rodewald@sheppardmullin.com
                 lpayne@sheppardmullin.com
10               jsiu@sheppardmullin.com

11  Attorneys for Defendant,
    SEAGATE TECHNOLOGY LLC
12

13                 UNITED STATES DISTRICT COURT

14       NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

15

16  IN RE SEAGATE TECHNOLOGY LLC          Case No. 3:16-cv-00523-JCS
    LITIGATION
17  ─────────────────────────────────     **DECLARATION OF LIÊN H. PAYNE IN
                                           SUPPORT OF DEFENDANT SEAGATE
18  CONSOLIDATED ACTION                    TECHNOLOGY LLC'S OPPOSITION TO
                                           PLAINTIFFS' INFORMAL MOTION TO
19                                         COMPEL**

20                                         Filed Concurrently with the Parties' Joint
                                           Letter Submission Regarding Hard Drive
21                                         Discovery Dispute

22

23                                         Second Consolidated Amended Complaint
                                           filed:  July 11, 2016
24

25

26

27

28

SMRH:483058733.1                                    DECLARATION OF LIÊN H. PAYNE]

I, Liên H. Payne, declare as follows:

      1.      I am an attorney admitted to practice before this Court. I am an associate with the law firm of Sheppard, Mullin, Richter & Hampton LLP, counsel of record for Defendant SEAGATE TECHNOLOGY LLC ("Seagate"). I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, could and would competently testify to their truth.

      2.      On February 1 and February 5, 2016, Plaintiffs filed their initial Complaints in this Action. Plaintiffs alleged a class on behalf of, among other subclasses, "All individuals in the United States who purchased, not for resale, at least one Seagate model ST3000DM001 hard drive, or at least one external hard drive that contained a drive with the aforesaid model number." (*Nelson v. Seagate Technology LLC*, Case No. 5:16-cv-00523-PSG, Dkt. No. 1; *Ginsberg et al. v. Seagate Technology LLC*, Case No. 5:16-cv-00612 PSG, Dkt. No. 1.).

      3.      Plaintiffs served their First Demand for the Production of Documents ("First Document Request") in June 2016. Seagate collected 6,651,952 documents in response to Plaintiffs' First Document Request. After Seagate's discovery vendor ran agreed-upon keyword searches, 183,182 documents were returned as potentially responsive to the First Document Request ("keyword documents"). In addition, Seagate collected several thousand subject-matter-specific documents potentially responsive to Plaintiffs' discovery requests ("non-keyword documents").

      4.      A team of 7-8 contract attorneys hired by Sheppard Mullin in August 2016 reviewed the 183,182 potentially responsive keyword documents.[1] To date, 4,269 documents were determined responsive and non-privileged; these have been produced. Seagate made regular productions of keyword documents to Plaintiffs until December 30, 2016. Seagate has continued to make productions to Plaintiffs as documents become available.

      5.      As of May 30, 2017, Seagate has expended over $462,998.00 for the contract attorneys' time in reviewing documents potentially responsive to Plaintiffs' discovery

---

[1] Seagate reviewed documents and incurred expenses concurrently for document productions in the federal and state cases. The productions are approximately 97% the same.

-1-

1   requests.[2] As of the same date, the contract attorneys have spent over 8,419 hours reviewing

2   documents responsive to Plaintiffs' discovery requests. Only two contract attorneys remain

3   presently employed by Sheppard Mullin for purposes of this project.

4           6.      In addition, I have spent over 752 hours on document production tasks,

5   including reviewing documents, supervising contract attorneys, and managing quality control of

6   document production. At present, Seagate has expended over $359,246.00 for my time on

7   document production tasks.

8           7.      My colleague, Mukund Sharma has also spent over 178 hours on document

9   production tasks, including reviewing documents, supervising contract attorneys, and managing

10  quality control of document production. At present, Seagate has expended over $97,400.00 for

11  Mr. Sharma's time on document production tasks.

12          8.      To date, Seagate has expended over $919,644.00 for attorney time alone for

13  the production of documents responsive to Plaintiffs' document requests. This number does not

14  include partner time spent on supervising the discovery efforts. Seagate has also expended

15  approximately $295,334.00 for the services of discovery vendors, including vendors used to

16  collect documents, execute keyword searches, and facilitate the review.

17          9.      It would present a significant burden to Seagate, in terms of cost, time, and

18  other factors, to execute new keyword searches for new products on the existing population of

19  6,651,952 documents and review the potentially responsive documents—many of which will

20  likely have been reviewed before.

21          10.     Seagate also would likely have to incur significant expense to train new

22  contract attorneys for the review, as many of the contract attorneys who reviewed the keyword

23  documents before are no longer available.

24          I declare under penalty of perjury under the laws of the State of California that the

25  foregoing is true and correct.

26  _____

27  [2]  A small portion of costs incurred for contract attorney time and vendor time relate to the
       collection, export, and review of documents from Backblaze. We estimate that no more
28     than 20% of contract attorney costs or hours worked and 10% of total vendor costs are
       attributable to documents collected from Backblaze.

-2-

1    Executed on this 31st day of May, 2017, at San Francisco, California.

2

3

4    _____

5    Liên H. Payne

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-