**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
415.434.9100 main
415.434.3947 fax
www.sheppardmullin.com

415.774.3156 direct
File Number: 20AS-223768

May 31, 2017

The Honorable Joseph C. Spero
United States Magistrate Judge
Northern District of California
United States District Court
450 Golden Gate Avenue, Box 36060
San Francisco, California 94102-3489

Re: <u>*In re Seagate Technology, LLC*, Case No. 3:16-cv-00523-JCS; Joint Letter re Discovery Dispute Arising from Setting the Location of Named Plaintiff's Deposition</u>

Your Honor:

The Parties submit this Joint Letter to the Court to resolve a dispute concerning the location of named plaintiff Dudley Lane Dortch IV's deposition.

By way of relevant background, the Parties have coordinated since late April 2017 to set the depositions of named plaintiffs. To date, the Parties have reached mutually-agreeable dates and locations for all depositions except that of Mr. Dortch. On May 6, 2017, plaintiffs informed Seagate that Mr. Dortch was unable to travel outside the Charleston area as he is required to be on-call for his job. Through the meet and confer process, Seagate offered to hold Mr. Dortch's deposition on a weekend to comply with Mr. Dortch's work schedule, or travel to take his deposition in South Carolina or a third location accessible by direct, non-stop flights if plaintiffs would reimburse Seagate's travel costs. Plaintiffs offered to pay for videoconferencing or telephonic deposition services, and repeatedly offered to make Mr. Dortch available in Charleston (or any location Defendant preferred within 100 miles) in June. A face-to-face meet and confer was held on May 23, 2017, at which no agreement was reached.

**I.      Summary of Seagate's Substantive Position and Proposed Compromise**

As a general matter, absent a compelling reason, plaintiffs are required to appear for deposition in the forum where they chose to file suit. *See* IV J. Beverly Reid O'Connell & J. Karen L. Stevenson, Rutter Group Practice Guide: Federal Civil Procedure Before Trial, Calif. & 9th Cir. Ed.*,* § 11:1457 (2017). The rule is "based not only upon the fact that plaintiffs choose the forum but also upon pragmatic considerations . . . . 'as a rule depositions should be taken in the district where the action is being litigated. This not only permits predictability in prospective litigation, it also pragmatically permits the trial court to resolve disputes which may take place during the course of depositions without undue expenditure of time.'" *Lexington Ins. Co. v. Commonwealth Ins. Co.*, No. C98-3477CRB (JCS), 1999 WL 33292943, at *9 (N.D. Cal. Sept. 17, 1999) (Spero, J.) (internal quotation omitted) (ordering plaintiffs' Rule 30(b)(6) witnesses to appear for deposition in San Francisco, even though witnesses were based in Houston and London); *see also Fenerjian v. Nong Shim Co., Ltd*, No. 13CV04115WHODMR, 2016 WL 1019669, at *2 (N.D. Cal. Mar. 15, 2016) ("Courts ordinarily presume that a plaintiff may be deposed in the judicial district where the action was brought, inasmuch as the plaintiff, in selecting the forum, has effectively consented to participation in legal proceedings there.").

**SheppardMullin**

The Honorable Joseph C. Spero
May 31, 2017
Page 2

   To overcome the general presumption that a plaintiff's deposition takes place in the district in which the plaintiff filed suit, the plaintiff must "persuasively demonstrate" in seeking a protective order that traveling to the forum for his deposition "would, for physical and financial reasons, be practically impossible, or that it would otherwise be fundamentally unfair."  *P.Y.M.T. v. City of Fresno*, No. 1:15-cv-710-JAM-BAM, 2016 WL 2930539, at *2 (E.D. Cal. May 19, 2016) (quoting *Rulo v. Ricoh Ams. Corp.*, 2015 U.S. Dist. LEXIS 153432, at *3, 2015 WL 9688060 (N.D. Cal. Nov. 12, 2015) (no undue hardship in compelling deposition in San Diego even though plaintiffs lived outside the country and lacked the knowledge of how to obtain a visa to travel to the United States lawfully for depositions).  "This general rule applies to class action suits." *Mullins v. Premier Nutrition Corp*, 2014 WL 4058484, at *1 (N.D. Cal. Aug. 15, 2014) (citation omitted).

   For plaintiffs seeking to avoid being deposed in the forum, the burden to establish an exception to the general rule is difficult to meet.  For example, in *Fenerjian*, 2016 WL 1019669, at *3, the court granted defendants' motion to compel plaintiffs' depositions in San Francisco, rejecting named plaintiffs' contentions that they should be permitted to be deposed via videoconference due to health problems, childcare and work responsibilities, medical treatment, and the financial burden of missing work.  *Id.* at 3.  The court explained that the plaintiffs bore "the burden of demonstrating undue burden or exceptional circumstances[,]" and that "[t]he meager record submitted by the [plaintiffs] does not persuade the court that their personal circumstances hamper them in any significant way from traveling to appear for depositions in the forum in which they chose to file this class action." *Id.* at *4.  The court concluded that because plaintiffs sought "to vindicate not only their own injuries, but the injuries of the class members they wish to represent . . . Defendants are allowed to evaluate the credibility of the named plaintiffs through in-person depositions."  *Id.*

   Plaintiffs' citations to the contrary are inapposite.  First, most of plaintiffs' cases address circumstances where a *plaintiff* noticed a deposition, which implicates the presumption that "[g]enerally, a defendant is entitled to be deposed in the district in which he resides[,]" *TCGIVego Inf. Technologies PVT Ltd. v. Karna Global Technologies, Inc.*, No. C05-05222 JF (HRL), 2007 WL 1795698 (N.D. Cal. June 20, 2007).  These cases are irrelevant to the instant dispute.  See *Carrico v. Samsung Elecs. Co., Ltd.*, 2016 WL1265854, at *1-2 (N.D. Cal. Apr. 1, 2016); *Kaseberg v. Conaco, LLC*, 2016 WL 8729927, at *5-6 (S.D. Cal. Aug. 2016); *Gullien v. Bank of Am. Corp.*, 2011 WL 3939690, at *1 (N.D. Cal. Aug. 31, 2011); *SEC v. Aly*, 2017 WL 798527, at *3 (S.D.N.Y. Mar. 1, 2017); *Mikola v Penn Lyon Homes, Inc.*, 2008 WL 2050807 (M.D. Pa. May 13, 2008); *Johnson v. Sager*, 2012 WL 213471, at *1-2 (W.D. Wash. Jan. 24, 2012).  Second, other than in the context of the Fair Labor Standards Act, in which different rules apply, plaintiffs' cases do not involve a class action where plaintiff resists being deposed in the forum where he or she filed suit.  *Fenerjian* is the only case like this one, and there the Court recognized that defendants have the right to evaluate a named plaintiff's credibility in person. See *Lopez v. CIT Bank, N.A.*, 2015 WL 10374104, at *2 (N.D. Cal. Dec. 18, 2015); *Schoenherr v. Smith*, 2013 WL 2239304, at *2 (E.D. Mich. May 21, 2013); *Connell v. City of N.Y.,* 230 F. Supp. 2d 432, 437 (S.D.N.Y. 2002).  Plaintiffs' other authorities all arise either (1) under the FLSA, in which courts relied on the express policy of the FLSA to reduce costs to individual

**SheppardMullin**

The Honorable Joseph C. Spero
May 31, 2017
Page 3

litigants,[1] or (2) where the deponent could not attend his deposition in the forum for immigration reasons.[2]

Plaintiffs have cited no significant circumstances that prevent Mr. Dortch, "for physical and financial reasons," from being deposed in San Francisco. Certainly, a deposition would be inconvenient in light of Mr. Dortch's work commitments, but he agreed to be a named plaintiff in a lawsuit pending in this Court, and plaintiffs have provided no facts that make Mr. Dortch's deposition less convenient than any other deposition.[3] In addition, in a case where plaintiffs have sought millions of dollars in relief, Seagate is entitled to evaluate the credibility of Mr. Dortch through an in-person deposition. *See Fenerjian*, 2016 WL 1019669, at *3.

In compromise, Seagate has offered, and reaffirms its offer, to take Mr. Dortch's deposition on the weekend in San Francisco to prevent Mr. Dortch from having to take time off work. Seagate is also willing to take Mr. Dortch's deposition in or near Charleston, so long as plaintiffs reimburse Seagate for the costs it will incur to accommodate his request.

**II.       Summary of Plaintiffs' Substantive Position and Proposed Compromise**

Despite being notified only in late April of Defendant's desire to conduct all the plaintiffs' depositions in June, Plaintiffs successfully arranged for seven plaintiffs to be deposed in San Francisco. This dispute involves the deposition of Dudley Lane Dortch, who is obligated by his employment to remain within 100 miles of Charleston.[4] Mr. Dortch has only one day off per week, which is insufficient time to travel to and from Charleston to San Francisco and participate in a full-day deposition.[5] Plaintiffs seek a protective order regarding Mr. Dortch's deposition, which Defendant noticed to occur in San Francisco on Friday, June 16 at 9:30 a.m.

By refusing to compromise on this single deposition, Defendant is callously asking Mr. Dortch to subject himself job termination and any other remedies available to his employer. Defendant's only offered justification for refusing to accommodate Mr. Dortch's inability to travel is that there is a default presumption that plaintiffs' depositions should occur in the forum. Defendant, a company valued at almost $14 billion and that paid for three attorneys to attend the in-person meet-and-confer on this very topic, claims that the potential of Mr. Dortch losing his job does not amount to good cause. This unreasonable position, which is merely pretext for the multinational company to retaliate against a consumer who had the courage to take action, is not what the courts require.

---

[1] *E.g.*, *Gee v. Suntrust Mortg., Inc.*, 2011 WL 5597124 (N.D. Cal. Nov. 15, 2011); *Solais v. Vesuvio's II Pizza & Grill, Inc.*, 2015 WL 6110859, at *10 (M.D.N.C. Oct. 16, 2015); *Brasfield v. Source Broadband Servs., LLC,* 255 F.R.D. 447, 450 (W.D. Tenn. 2008).
[2] *Gould v. Motel 6 Inc.*, 2011 WL 13128160, at *6-*7 (C.D. Cal. Mar. 28, 2011); *Multiven, Inc. v. Cisco Sys., Inc.*, 2010 WL 1222310, at *2 (N.D. Cal. Mar. 24, 2010); *U.S. v. Li*, 2013 WL 6729895, at *3 (D. Ariz. Dec. 19, 2013).
[3] Surely Mr. Dortch could take a vacation day if needed.
[4] Exhibit A: Declaration of Dortch ("Dortch Decl."), ¶¶ 6, 8, 9.
[5] *Id.*, ¶¶ 6, 8.

**SheppardMullin**

The Honorable Joseph C. Spero
May 31, 2017
Page 4

   **Defendant's Exclusive Reliance on *Fenerjian* is Misplaced.** As a threshold matter, Defendant misrepresents the applicability of *Fenerjian*. There, the court found plaintiffs did not meet their burden for a video deposition because they provided "sparse details" as to why travel was an undue hardship.[6] The court did not address a party's contractual obligation not to travel. *Fenerjian* stands only for the principle that a party give more than "sparse details"—details that Mr. Dortch provides in this case by this letter and attached declaration.

   In passing, Defendant also cites *Lexington Ins. Co.*, where this court rejected plaintiffs' argument that they did not choose the forum of the Northern District of California, because plaintiffs did choose to issue policies to California entities. The *Lexington* dispute was between two commercial entities, and did not involve the burdens present for individuals, like Mr. Dortch's unique employment circumstances. Like *Fenerjian*, *Lexington* is similarly inapplicable.

   **Mr. Dortch Has Good Cause Not to Appear in San Francisco in June.** In granting a protective order or setting deposition terms, courts examine whether there is "good cause."[7] "Good cause" includes the burden and cost of significant travel (akin to what Defendant is requesting here),[8] or something even less, like "plaintiffs work schedule."[9]

   The terms of Mr. Dortch' s employment are more than "good cause" as to why he cannot spend three days away from Charleston; in fact, it even meets Defendant's wrongly heightened standard of "practically impossible" or "fundamentally unfair." He is contractually obligated to remain on-call within 100 miles of Charleston and receives one day off each week. There is <u>no</u> combination of flights that allow him to fly from Charleston to San Francisco, sit for a full deposition, and return within 24 hours. Even *without* accounting for travel to-and-from the airport, security, and boarding/landing processes, flight time plus an 8 hour deposition alone amounts to 23 hours.[10] Defendant's demand is physically impossible and "fundamentally unfair."

---

[6] 2016 WL 1019669, at *2 (N.D. Cal. Mar. 15, 2016).
[7] FED. R. CIV. P. 26(c)(1); *Carrico v. Samsung Elecs. Co., Ltd.*, 2016 WL1265854, at *1-2 (N.D. Cal. Apr. 1, 2016) (standard is good cause); *Gould v. Motel 6 Inc.*, 2011 WL 13128160, at *6-*7 (C.D. Cal. Mar. 28, 2011); *Multiven, Inc. v. Cisco Sys., Inc.*, 2010 WL 1222310, at *2 (N.D. Cal. Mar. 24, 2010).
[8] *Lopez v. CIT Bank, N.A.*, 2015 WL 10374104, at *2 (N.D. Cal. Dec. 18, 2015) (granting video depositions for out-of-state witnesses in the interest of saving costs); *Gee v. Suntrust Mortg., Inc.*, 2011 WL 5597124 (N.D. Cal. Nov. 15, 2011) ("One of the chief advantages of opting into a collective action, such as the one brought by Plaintiffs, is that it 'lower[s] individual costs to vindicate rights by the pooling of resources.' Here, this advantage would be significantly reduced or even eliminated if the proposed deponents are required to travel hundreds of miles for their depositions." (quoting *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165 (1989)).
[9] *Solais v. Vesuvio's II Pizza & Grill, Inc.*, 2015 WL 6110859, at *10 (M.D.N.C. Oct. 16, 2015) (granting protection order where "plaintiff's work schedule made it difficult" to travel from Ohio to North Carolina); *Schoenherr v. Smith*, 2013 WL 2239304, at *2 (E.D. Mich. May 21, 2013) (rejecting defendants' argument that because plaintiff chose the forum, defendant can force plaintiff to travel from California to Michigan and granting video deposition).
[10] Flying from Charleston to San Francisco takes at best 6 hours, and many flights last 8 hours. Flying from San Francisco to Charleston takes at best 5.5 hours, and many last over 7 hours.

**SheppardMullin**

The Honorable Joseph C. Spero
May 31, 2017
Page 5

**There Are Reasonable Alternatives.**  Fortunately, Rule 30(b)(4) allows for remote depositions, which courts freely grant upon a "legitimate reason."[11]  This is a low bar: "Courts in [the Northern District of California] have found that remote videoconference depositions can be an effective and efficient means of reducing costs.  Likewise, courts have noted that leave to conduct depositions by telephone should be liberally granted and that a desire to save money constitutes good cause to depose out-of-state witnesses through remote means."[12]

The burden shifts to Defendant to show how it would be prejudiced.[13]  Defendant's only argument— that the deposition be in-person to evaluate credibility— has been explicitly rejected:  "[Defendant's] contentions are unpersuasive.  A videoconference deposition overcomes obstacles relating to observing the impact of questions, the witness's nonverbal responses, and whether someone is listening and coaching the witness." [14]  It is particularly appropriate here, where the facts Mr. Dortch would testify to are simple: namely, his purchase and failure of Defendant's defective product.[15]  And Plaintiffs offered to pay for the video or telephonic deposition services, so that the multibillion dollar company would actually *save* costs.  Defendant may apply that cost towards traveling to Charleston if it so chooses.  There is no basis for its request that Plaintiffs pay their full travel costs,[16] or to require Mr. Dortch to violate the terms of his employment when Plaintiffs have made a free (to Defendant), well-established, reliable alternative available to Defendant.

---

[11] *Kaseberg v. Conaco, LLC*, 2016 WL 8729927, at *5-*6 (S.D. Cal. Aug. 2016).

[12] *Carrico*, 2016 WL 1265854, at *1.  *See also Kaseberg*, 2016 WL 8729927, at *5-*6 (stating same and citing cases); *Gullien v. Bank of Am. Corp.*, 2011 WL 3939690, at *1 (N.D. Cal. Aug. 31, 2011) ("A desire to save money constitutes good cause to depose out-of-state witnesses [via] telephone or remote means.").

[13] *Carrico*, 2016 WL 1265854, at *1; *Gullien v. Bank of Am. Corp.*, 2011 WL 3939690, at *1.

[14] *Gould*, 2011 WL 13128160, at *7; *see also Carrico*, 2016 WL 1265854, at *1; *SEC v. Aly*, 2017 WL 798527, at *3 (S.D.N.Y. Mar. 1, 2017) (citing cases) (rejecting argument that video deposition prevented SEC from evaluating defendant's credibility); *U.S. v. Li*, 2013 WL 6729895, at *3 (D. Ariz. Dec. 19, 2013) (ordering video deposition as "most reasonable, cost-efficient manner" in the face of defendant's argument that it would hinder ability to assess credibility); *Mikola v Penn Lyon Homes, Inc.*, 2008 WL 2050807 (M.D. Pa. May 13, 2008) ("If this observation [of demeanor] is so pivotal, plaintiffs' counsel may travel to Vermont to conduct the deposition or arrange for the deposition to be conducted by video conference."); *Connell v. City of N.Y.*, 230 F. Supp. 2d 432, 437 (S.D.N.Y. 2002) (video deposition resolves any concerns about observing plaintiff's demeanor).

[15] *See Ins. Distribs. Int'l (Bermuda) Ltd. v. Edgewater Consulting Grp. Ltd.*, 2010 WL 567233, at *2 (W.D. Tex. Feb. 10, 2010) ("given the narrow focus of the testimony, and the location of the witnesses, it may be most efficient to arrange the deposition via a video conference"); *Brasfield v. Source Broadband Servs., LLC,* 255 F.R.D. 447, 450 (W.D. Tenn. 2008) ("The court sees no reason why the relatively simple, straightforward issues in this case would require a deposition [of an out-of-state plaintiff] that could not be conducted by . . . phone or video conferencing.").

[16] *Johnson v. Sager*, 2012 WL 213471, at *1-*2 (W.D. Wash. Jan. 24, 2012) (granting motion for telephonic deposition, unless the party "pays the out-of-pocket expenses for in-person depositions in order to personally observe [the other party's] responses and demeanors.").  Further, Plaintiffs have not requested Defendant share in the thousands of dollars of costs to fly the seven other named plaintiffs across the country to San Francisco.  *See Lexington Ins. Co.*, 1999 WL 33292943, at *10 (directing the parties share travel and other costs for depositions).

**SheppardMullin**

The Honorable Joseph C. Spero
May 31, 2017
Page 6

Jointly Submitted,

/s/ Neil A.F. Popović
Neil A.F. Popović
Anna S. McLean
*Counsel for Seagate Technology, LLC*

/s/ Steve W. Berman
Steve W. Berman
*Counsel for Plaintiffs and Putative Class*

SMRH:483034002.7