1  Jeff D. Friedman (173886)
   HAGENS BERMAN SOBOL SHAPIRO LLP
2  715 Hearst Avenue, Suite 202
   Berkeley, California 94710
3  Telephone: (510) 725-3000
   Facsimile: (510) 725-3001
4  jefff@hbsslaw.com

5  Steve W. Berman (*pro hac vice*)
   Ashley A. Bede (*pro hac vice*)
6  HAGENS BERMAN SOBOL SHAPIRO LLP
   1918 Eighth Avenue, Suite 3300
7  Seattle, Washington 98101
   Telephone: (206) 623-7292
8  Facsimile: (206) 623-0594
   steve@hbsslaw.com
9  ashleyb@hbsslaw.com

10 Marc A. Goldich (*pro hac vice*)
   Noah Axler (*pro hac vice*)
11 AXLER GOLDICH, LLC
   1520 Locust Street, Suite 301
12 Philadelphia, PA 19102
   Telephone: (267) 534-7400
13 Facsimile: (267) 534-7407
   mgoldich@axgolaw.com
14 naxler@axgolaw.com

15 *Attorneys for Plaintiffs*

   Neil A.F. Popović, Cal. Bar No. 132403
   Anna S. McLean, Cal. Bar No. 142233
   Liên H. Payne, Cal. Bar No. 291569
   SHEPPARD, MULLIN, RICHTER &
   HAMPTON LLP
   Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4109
   Telephone: 415.434.9100
   Facsimile: 415.434.3947
   amclean@sheppardmullin.com
   npopovic@sheppardmullin.com
   lpayne@sheppardmullin.com

   *Attorneys for Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE SEAGATE TECHNOLOGY LLC LITIGATION<br><br>CONSOLIDATED ACTION | No. 3:16-cv-00523-JCS<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT**<br><br>Complaint filed: May 9, 2016 |
|---|---|

## I. INTRODUCTORY STATEMENT

Pursuant to the Case Management and Pretrial Order (ECF 91), the parties to the above actions jointly submit this UPDATED JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER.  This is the fourth such Case Management Statement: the first was filed with the Court (Whyte, J.) on June 30, 2016 (ECF 58); the second was filed on December 2, 2016 (ECF 89); and the third and was filed on February 3, 2017 (ECF 99).

## II. JOINT CASE MANAGEMENT STATEMENT

### 1. Motions

Defendant filed its Motion to Dismiss on August 5, 2016.  (ECF 68.)   On February 9, 2017, the Court entered its order Granting in Part and Denying in Part Seagate's Motion to Dismiss Plaintiffs' Second Amended Complaint.  Plaintiffs did not file a Third Amended Complaint.  Seagate answered the Second Amended Complaint on March 24, 2017.

Seagate filed a Motion to Strike and for Judgment on the Pleadings on May 26, 2017.  The Court issued its Order Regarding Motion to Strike and for Judgment on the Pleadings on August 25, 2017.

Plaintiffs filed their Motion for Class Certification on November 8, 2017.  Seagate's opposition to Plaintiffs' Motion for Class Certification is due on December 8, 2017 and Plaintiffs' reply is due on January 5, 2018.  The hearing on Plaintiffs' Motion for Class Certification is set for February 9, 2018 at 9:30 a.m.

### 2. Modification of Briefing Schedule

#### a. Plaintiffs' Position

On the parties' stipulation, on August 8, 2017, the Court set the current class certification briefing schedule provided above. (ECF 126.)  For the first time, *after* the filing of plaintiffs' motion for class certification, Seagate proposed extending the briefing schedule.

This Court previously ruled that "[p]arties may file a stipulation to extend the class certification discovery deadlines, but they may not change the briefing schedule and hearing date on class certification." (ECF No. 102). Seagate now asks this Court to overrule its prior scheduling order, but presents no facts or reasons that have changed its circumstances since August.  Certainly

Seagate was aware that plaintiffs would use experts (the identity of whom plaintiffs disclosed to Seagate months ago, as early as April 2017) in support of class certification. Moreover, plaintiffs have moved for certification of class based on narrowed theory of liability from the original complaint, greatly streamlining the issues in this case. Plaintiffs oppose an extension of the schedule and will work cooperatively with Seagate to schedule any expert depositions.

        **b.**        **Defendant's Position:**

The Court's original Case Management and Pretrial Order, entered December 15, 2016, provided a two-month period for expert discovery on class certification issues prior to the filing of Plaintiffs' class certification motion. (ECF 91.) That schedule was reiterated in a Stipulation and Order Amending Case Schedule entered February 16, 2017 (ECF 104), which included the briefing dates *but omitted the expert discovery dates*. Instead, the parties provided: "The Parties shall submit a revised schedule for the remaining pre-class certification dates set forth in ECF 91, after Plaintiffs' Third Amended Complaint is filed and any further pleadings motions are resolved or otherwise after the settlement conference currently scheduled for April 26, 2017." The schedule set forth in ECF No. 104 was later continued at Plaintiffs' request, to accommodate ongoing fact discovery. (ECF 126). In the course of completing that discovery, the parties neglected to submit the revised schedule for expert discovery promised in ECF 104.

Plaintiffs filed their class certification motion on November 8, 2017 with the declarations of a damages expert, Mr. Boedeker, and a technical expert, Mr. Hospodor. No expert report was previously produced, and neither has been deposed. Plaintiffs note that they disclosed the names of several experts in order to provide them with documents under the protective order. Of course, Seagate had no idea what they might say or even whether they were merits or class certification experts. They address complex matters. Mr. Boedeker, in particular, testifies to empirical studies he performed in support of his damages theory that will need to be reviewed and rebutted by Seagate's expert, and both experts will need to be deposed. That is what the original class certification schedule contemplated. Especially in light of the upcoming holiday, it is unrealistic to expect that process, and the required briefing, to be completed in four weeks. Seagate asks for a four-week

continuance, until January 5, 2018. The parties and the Court can address the reply and hearing dates at the upcoming Case Management Conference.[1]

### 3. Related Cases

As previously reported by the parties, a putative class action containing similar allegations about Seagate's 3TB hard drives is currently pending before Judge Karnow in San Francisco Superior Court, *Pozar v. Seagate Technology LLC*, CGC-15-547787 (filed September 4, 2015) (alleging California class). On November 1, 2017 Judge Karnow certified a California class under UCL and CLRA based on omissions. To the extent feasible, to avoid duplication and promote efficiency, the parties here have agreed to informally coordinate discovery with the *Pozar* matter. *Pozar* counsel participated in a number of depositions and discovery meet-and-confers, and in the settlement conference held with Magistrate Judge Corley on April 26, 2017.

### 4. Status of Discovery

As previously reported, the parties reached agreements on the protective order and ESI protocol, which the Court approved (ECF 59 (protective order); ECF 73 (ESI protocol)). Each of the parties has served discovery requests and responded. Each of the named plaintiffs has been deposed, as have seven current or former Seagate employees. Only two discovery disputes have required Court intervention. Seagate was required to produce all documents concerning products containing the ST3000DM001 hard drive. That production remains ongoing. The Court ordered the parties to attempt to reach a negotiated solution regarding the location of the deposition of Dudley Dortch, which the parties did.

### 5. Other

On January 25, 2017 this Court entered a Notice and Order Regarding Settlement Conference. (ECF 97.) The parties participated in a conference with Magistrate Judge Corley on April 26, 2017 at 11:00 a.m. (ECF 98.). Follow-on communications continue.

---

[1] Seagate does not interpret the Court's Minute Order, ECF. No. 102, as a prohibition on further continuances of the class certification hearing date. The Court instructed the parties they could not *stipulate* to such a continuance without Court approval. Seagate is asking for Court approval based on a showing of good cause.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: November 10, 2017 | **HAGENS BERMAN SOBOL SHAPIRO LLP** |
| 3 | | |
| 4 | | By:    */s/ Steve W. Berman* <br>    Steve W. Berman (*pro hac vice*) |
| 5 | | HAGENS BERMAN SOBOL SHAPIRO LLP <br> 1918 Eighth Avenue, Suite 3300 <br> Seattle, Washington 98101 |
| 6 | | Telephone: (206) 623-7292 <br> Facsimile: (206) 623-0594 |
| 7 | | steve@hbsslaw.com |
| 8 | | Jeff D. Friedman (173886) <br> 715 Hearst Avenue, Suite 202 |
| 9 | | Berkeley, California 94710 <br> Telephone: (510) 725-3000 |
| 10 | | Facsimile: (510) 725-3001 <br> jefff@hbsslaw.com |
| 11 | | |
| 12 | | **AXLER GOLDICH, LLC** |
| 13 | DATED: November 10, 2017 | By:    */s/ Marc A. Goldich* <br>    Marc A. Goldich (*pro hac vice*) |
| 14 | | Marc A. Goldich (*pro hac vice*) <br> Noah Axler (*pro hac vice*) |
| 15 | | AXLER GOLDICH, LLC <br> 1520 Locust Street, Suite 301 |
| 16 | | Philadelphia, PA 19102 <br> Telephone: (267) 534-7400 |
| 17 | | Facsimile: (267) 534-7407 <br> mgoldich@axgolaw.com |
| 18 | | naxler@axgolaw.com |
| 19 | | **CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP** |
| 20 | | |
| 21 | | Bryan L. Clobes (*pro hac vice*) <br> 1101 Market Street, Suite 2650 |
| 22 | | Philadelphia, PA 19107 <br> Telephone: (215) 864-2810 |
| 23 | | Facsimile: (215) 864-2810 <br> bclobes@caffertyclobes.com |
| 24 | | Nyran Rose Rasche (*pro hac vice*) |
| 25 | | 150 South Wacker Drive, Suite 3000 <br> Chicago, IL 60606 |
| 26 | | Telephone: (312)782-4880 <br> Facsimile: (312) 782-4485 |
| 27 | | nrasche@caffertyclobes.com |
| 28 | | *Attorneys for Plaintiffs* |

|  |  |
|---|---|
|  | **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP** |
|  | A Limited Liability Partnership |
|  | Including Professional Corporations |
| DATED: November 10, 2017 | By: */s/ Anna S. McLean* |
|  | ANNA S. McLEAN, Cal. Bar No. 142233 |
|  | amclean@sheppardmullin.com |
|  | NEIL A.F. POPOVIĆ, Cal. Bar No. 132403 |
|  | npopovic@sheppardmullin.com |
|  | DAVID E. SNYDER, Cal. Bar No. 262001 |
|  | dsnyder@sheppardmullin.com |
|  | LIÊN H. PAYNE, Cal. Bar No. 291569 |
|  | lpayne@sheppardmullin.com |
|  | Four Embarcadero Center, 17th Floor |
|  | San Francisco, California 94111-4109 |
|  | Telephone: 415.434.9100 |
|  | Facsimile: 415.434.3947 |
|  | *Attorneys for Defendant* |

### ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Steve W. Berman, am the ECF User whose identification and password are being used to file this Updated Joint Case Management Statement and [Proposed] Order. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

Dated: November 10, 2017                                By: */s/ Steve W. Berman*
                                                                                    Steve W. Berman