# EXHIBIT C

Seagate Redacted Version of Plaintiffs' Exhibit 28

Steve W. Berman (*pro hac vice*)
Ashley Bede (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
ashleyb@hsslaw.com

Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Marc A. Goldich (*pro hac vice*)
Noah Axler (*pro hac vice*)
AXLER GOLDICH, LLC
1520 Locust Street, Suite 301
Philadelphia, PA 19102
Telephone: (267) 534-7400
mgoldich@axgolaw.com
naxler@axgolaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SEAGATE TECHNOLOGY LLC LITIGATION | No. 3:16-cv-00523-JCS<br><br>EXHIBIT 28 TO DECLARATION OF STEVE W. BERMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION |

**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

010581-11 990646V1

HIGHLY CONFIDENTIAL

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
NEIL A.F. POPOVIĆ, Cal. Bar No. 132403
ANNA S. McLEAN, Cal. Bar No. 142233
TENAYA RODEWALD, Cal. Bar No. 248563
MUKUND H. SHARMA, Cal. Bar No. 249125
LIÊN H. PAYNE, Cal. Bar No. 291569
JOY O. SIU, Cal. Bar No. 307610
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:   415.434.9100
Facsimile:   415.434.3947
Email:       npopovic@sheppardmullin.com
             amclean@sheppardmullin.com
             trodewald@sheppardmullin.com
             msharma@sheppardmullin.com
             lpayne@sheppardmullin.com
             jsiu@sheppardmullin.com

Attorneys for Defendant,
SEAGATE TECHNOLOGY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE SEAGATE TECHNOLOGY, LLC LITIGATION<br><br>CONSOLIDATED ACTION | Case No. 3:16-cv-00523 JCS<br><br>**DEFENDANT SEAGATE TECHNOLOGY LLC'S SUPPLEMENTAL RESPONSES TO PLAINTIFF CHRISTOPHER NELSON'S FIRST SET OF INTERROGATORIES** |
|---|---|

PROPOUNDING PARTY:    PLAINTIFF CHRISTOPHER NELSON

RESPONDING PARTY:     SEAGATE TECHNOLOGY, LLC

SET NO.:              ONE

HIGHLY CONFIDENTIAL

Defendant Seagate Technology LLC ("Seagate") hereby supplements its responses to Interrogatories Number 1, 2, and 8 in the First Set of Interrogatories propounded by plaintiff Christopher Nelson ("Plaintiff").

## GENERAL STATEMENT AND OBJECTIONS

## GENERAL OBJECTIONS

1. The following responses are made solely for purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of any statements contained herein, if such statements were made by a witness present and testifying at court, all of which objections and grounds are reserved and may be interposed at the time of trial.

2. The following responses are based upon information presently available to Seagate. Seagate is not making any incidental or implied admissions regarding the contents of these responses. Seagate's objections, and any subsequent responses, are at all times subject to such additional or different information as may result from further discovery, investigation, and/or refreshing of recollection. Seagate reserves the right to alter, amend, or supplement any responses it makes to Plaintiff's First Set of Interrogatories. Seagate reserves the right to make any use of, or to introduce at any hearing and at trial, information responsive to the First Set of Interrogatories, but discovered subsequent to the date of any responses to the First Set of Interrogatories, including, but not limited to, any such information obtained in discovery herein. The fact that Seagate has answered part or all of any Interrogatory is not intended to and shall not be construed to be a waiver by Seagate of all or any part of any objections to any Interrogatory.

3. Seagate objects to the Interrogatories to the extent they seek information outside the possession, custody, or control of Seagate and that is not within Seagate's personal knowledge.

**OBJECTIONS TO DEFINITIONS**

1. Seagate objects to the definition of SEAGATE or YOU as overbroad to the extent Plaintiffs purport to ask for privileged information from Seagate attorneys.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

State the total annual unit sales, by year and by state, of Hard Drives sold within the United States.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Seagate incorporates the General Objections set forth above to the extent applicable. Seagate objects to this interrogatory because it is premature and seeks information irrelevant to class certification or liability. Seagate further objects to this interrogatory because it seeks sensitive commercial and business information protected by California law. Subject to and without waiving the foregoing objections, Seagate responds as follows:

Pursuant to the Parties' meet and confer agreement, Seagate agreed to, and did, provide data responsive to this interrogatory for each of the Drives identified in the Second Consolidated Amended Complaint ("SCAC") by year pursuant to state and federal mediation privileges. *Cf.* Fed. R. Evid. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."); Cal. Evid. Code §§ 1115 *et seq.*; *see also* Fed. R. Evid. 408 (protecting conduct and communications made for purposes of offers of compromise or negotiations).

[REDACTED]

**INTERROGATORY NO. 2:**

State the total annual revenue, by year and by state, from sales of Hard Drives within the United States.

HIGHLY CONFIDENTIAL

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Seagate incorporates the General Objections set forth above to the extent applicable.  Seagate objects to this interrogatory because it is premature and seeks information irrelevant to class certification or liability.  Seagate further objects to this interrogatory because it seeks sensitive commercial and business information protected by California law.  Subject to and without waiving the foregoing objections, Seagate responds as follows:

Pursuant to the Parties' meet and confer agreement, Seagate agreed to, and did, provide data responsive to this interrogatory for each of the Drives identified in the SCAC by year pursuant to the mediation privilege.  *Cf.* Fed. R. Evid. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."); Cal. Evid. Code §§ 1115 *et seq.*; *see also* Fed. R. Evid. 408 (protecting conduct and communications made for purposes of offers of compromise or negotiations).

[REDACTED]

**INTERROGATORY NO. 8:**

State the total annual revenue, by year and by state, from any recovery services paid to You by consumers for Hard Drives sold in the United States.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

Seagate incorporates the General Objections set forth above to the extent applicable. Seagate objects to this interrogatory to the extent that it seeks sensitive commercial and business information protected by California law.  Seagate further objects to this interrogatory on grounds that it seeks information related to consequential damages, which are not recoverable, and thus not relevant to Plaintiff's claims or defenses.  As such, the interrogatory falls outside the permissible scope of discovery.  Seagate further objects to this interrogatory to the extent it seeks confidential consumer information protected by the California Constitution.  Subject to and without waiving the foregoing objections, Seagate responds as follows:

HIGHLY CONFIDENTIAL

1  Pursuant to the Parties' meet and confer agreement, Seagate agreed to, and did,
2  provide data responsive to this interrogatory for each of the Drives identified in the SCAC by year
3  pursuant to state and federal mediation privileges. *Cf.* Fed. R. Evid. 501 ("[I]n a civil case, state
4  law governs privilege regarding a claim or defense for which state law supplies the rule of
5  decision."); Cal. Evid. Code §§ 1115 *et seq*.; *see also* Fed. R. Evid. 408 (protecting conduct and
6  communications made for purposes of offers of compromise or negotiations).

7  [REDACTED]
8  [REDACTED]
9  [REDACTED]
10 [REDACTED]

11
12 Dated: August 18, 2017

13                                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

14
15              By            */s/ Anna S. McLean*
                              NEIL A.F. POPOVIĆ
16                            ANNA S. McLEAN
                              MUKUND H. SHARMA
17                            TENAYA RODEWALD
                              LIÊN H. PAYNE
18                            JOY O. SIU

19                            Attorneys for Defendant
20                            SEAGATE TECHNOLOGY, LLC

HIGHLY CONFIDENTIAL

**Table 1: U.S. Net Unit Sales of Drives Containing Drive Model Number ST3000DM001**

| Year | Business 1 Bay NAS | Business 2 Bay NAS | Business 4 Bay NAS | D3 Station | Desktop Ext. Drive | Barracuda – Desktop Internal HDD Kit. | FreeAgent GoFlex Desk | FreeAgent GoFlex Home | GoFlex Desk For Mac | Backup Plus Desk | Backup Plus Mac | Seagate Expansion Desk | Seagate Expansion Desk Plus |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2011 | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ |
| 2012 | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ |
| 2013 | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ |
| 2014 | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ |
| 2015 | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ |
| 2016 | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ |
| 2017* | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ |
| Total | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ |

* Data for 2017 is through May 2017.

HIGHLY CONFIDENTIAL

**Table 2: U.S. Net Revenues of Drives Containing Drive Model Number ST3000DM001**

| Year | Business 1 Bay NAS | Business 2 Bay NAS | Business 4 Bay NAS | D3 Station | Desktop Ext. Drive | Barracuda – Desktop Internal HDD Kit. | FreeAgent GoFlex Desk | FreeAgent GoFlex Home | GoFlex Desk For Mac | Backup Plus Desk | Backup Plus Mac | Seagate Expansion Desk | Seagate Expansion Desk Plus |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2011 | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ |
| 2012 | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ |
| 2013 | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ |
| 2014 | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ |
| 2015 | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ |
| 2016 | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ |
| 2017* | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ |
| Total | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ |

\* Data for 2017 is through May 2017.

HIGHLY CONFIDENTIAL

## VERIFICATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

I have read the foregoing DEFENDANT SEAGATE TECHNOLOGY, LLC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES and know its contents.

I am the  Director of Supply Chain  of Seagate Technology, LLC, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.  I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on  August 10 , 2017, at  Cupertino , California.

Scott Robbeleth
Print Name of Signatory                    Signature

Case No. 3:16-cv-00523-JCS
SMRH:483623802.2    DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

PROOF OF SERVICE
*In re Seagate Technology LLC Litigation*
USDC Case No. 5:16-cv-00523-JCS

I am over eighteen years old, not a party to the within action, and made the following service from my place of employment—Sheppard, Mullin, Richter & Hampton, 379 Lytton Ave., Palo Alto, CA 94301.  On August 18, 2017, I served the following document:

DEFENDANT SEAGATE TECHNOLOGY, LLC'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

in pdf format from my email address (msharma@sheppardmullin.com) to the persons at the email addresses listed below:

- **Steve W. Berman**
  steve@hbsslaw.com; heatherw@hbsslaw.com; nicolleg@hbsslaw.com; josephs@hbsslaw.com;
- **Jeff D Friedman**
  jefff@hbsslaw.com; jeanethd@hbsslaw.com; sf_filings@hbsslaw.com; nicolleg@hbsslaw.com
- **Shana E. Scarlett**
  shanas@hbsslaw.com
- **Bryan L. Clobes**
  bclobes@caffertyclobes.com
- **Marc Adam Goldich**
  mgoldich@axgolaw.com; mstrout@axgolaw.com
- **Ashley A. Bede**
  AshleyB@hbsslaw.com
- **Noah Axler**
  naxler@axgolaw.com
- **Nyran Rose Rasche**
  nrasche@caffertyclobes.com, docket@caffertyclobes.com, snyland@caffertyclobes.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 18, 2017, at Palo Alto, California.

                                            */s/ Mukund H. Sharma*
                                            Mukund H. Sharma