1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
       A Limited Liability Partnership
2      Including Professional Corporations
   NEIL A.F. POPOVIĆ, Cal. Bar No. 132403
3  ANNA S. McLEAN, Cal. Bar No. 142233
   TENAYA RODEWALD, Cal. Bar No. 248563
4  MUKUND H. SHARMA, Cal. Bar No. 249125
   LIÊN H. PAYNE, Cal. Bar No. 291569
5  JOY O. SIU, Cal. Bar No. 307610
   Four Embarcadero Center, 17th Floor
6  San Francisco, California 94111-4109
   Telephone:    415.434.9100
7  Facsimile:    415.434.3947
   Email:    npopovic@sheppardmullin.com
8             amclean@sheppardmullin.com
              msharma@sheppardmullin.com
9             rodewald@sheppardmullin.com
              lpayne@sheppardmullin.com
10            jsiu@sheppardmullin.com

11 Attorneys for Defendant,
   SEAGATE TECHNOLOGY LLC
12

13                  UNITED STATES DISTRICT COURT

14        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

15

16 IN RE SEAGATE TECHNOLOGY LLC         Case No. 3:16-cv-00523-JCS
   LITIGATION
17                                       **[PROPOSED] ORDER GRANTING
                                         MOTION TO SEAL PORTIONS OF
18 CONSOLIDATED ACTION                   PLAINTIFFS' MOTION FOR CLASS
                                         CERTIFICATION**
19                                       **Date:**    February 9, 2018
                                         **Time:**    9:30 a.m.
20                                       **Place:**   Courtroom G
                                         **Judge:**   Hon. Joseph C. Spero
21

22                                       Second Consolidated Amended Complaint
                                         filed:  July 11, 2016
23

24

25

26

27

28

SMRH:484707705.3        [PROPOSED] ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL

The Court has reviewed the Administrative Motion to File Documents Under Seal filed in connection with Plaintiffs' Motion for Class Certification and related documents (ECF Nos. 133, 138-140). It has also reviewed the Declaration of Ronald Lane filed by Seagate Technology LLC (Seagate) in Support of the Administrative Motion to Seal. The Court rules as follows.

In this district, a party seeking to file a document under seal must comply with a two-prong requirement. The party must "(1) comply with Civil Local Rule 79-5; and (2) rebut the [] strong presumption in favor of access that applies to all documents other than grand jury transcripts or pre-indictment warrant materials." *Gaudin v. Saxon Mortg. Servs*., 2013 U.S. Dist. LEXIS 82059, at *2 (N.D. Cal. June 11, 2013) (internal citations and quotations omitted).

The first prong requires that the party seeking to seal the document establish that (1) "the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law; and (2) is narrowly tailored to seek sealing only of sealable material." *Id.* (citing Civil L.R. 79-5). "With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached." *Id.* With regard to dispositive motions, the "presumption can be overcome only if the party presents 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Id.* (quoting *Damakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).

The documents proposed to be filed under seal satisfy both the first and second prongs articulated by the Ninth Circuit: (1) Seagate has narrowly tailored its request to seal documents or redacted portions of only those documents which are "privileged or protectable as a trade secret or otherwise entitled to protection under the law" and (2) there are "compelling reasons" for Seagate to protect its sensitive business information from being released to competitors or to the public. In addition, there are compelling reasons for documents reflecting personal identifying information of Seagate's customers to be redacted of such information.[1]

---

[1] Exhibit 26 contains the names, email addresses, and phone numbers of various Seagate customers.

1    **A.    Seagate's Documents Contain Trade Secrets**

2    A trade secret is generally defined as information that (1) derives independent economic

3    value from not being generally known to the public, and (2) is the subject of efforts to maintain its

4    secrecy.*"  La. Pac. Corp. v. James Hardie Bldg. Prods.*, 2013 U.S. Dist. LEXIS 94875, at *6

5    (N.D. Cal. July 8, 2013) (citing 18 U.S.C. § 1839(3); Cal. Civ. Code § 3426.1(d)).  Documents

6    detailing a party's "business and pricing strategies" are treated as "trade secret[s]" or "confidential

7    information."  *Stanislaus Food Prods. Co. v. USS-POSCO Indus.*, 2012 U.S. Dist. LEXIS 176346,

8    at *6 (E.D. Cal. Dec. 11, 2012).

9    Additionally, documents dealing with a party's internal business strategy and financial

10   performance assessment are treated as protected trade secrets for the purposes of a sealing motion.

11   *See In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2013 U.S. Dist. LEXIS 68611,

12   at *12 (N.D. Cal. May 13, 2013) (sealing document that was "marked confidential," and which

13   "reveal[ed] the internal strategy and decision making process" where "disclosure could harm [the

14   requesting party's] competitive standing"); *Apple, Inc. v. Samsung Elecs. Co*., 2012 U.S. Dist.

15   LEXIS 30562, at *2 (N.D. Cal. Mar. 6, 2012) (sealing "confidential business and marketing

16   strategy," which "was created at a significant cost to [the requesting party], and could be used by

17   [the requesting party's] competitors to its disadvantage, particularly because it discusses [the

18   requesting party's] customers"); *Muench Photography, Inc. v. Pearson Educ., Inc.*, 2013 U.S.

19   Dist. LEXIS 115847, at *11-12 (N.D. Cal. Aug. 15, 2013) (sealing document which contained

20   information relating to requesting party's "product development efforts and business strategies to

21   competitors," when "competitors could use these strategies themselves—strategies that [the

22   requesting party] spent significant resources to create").

23   The Lane Declaration demonstrates that the documents Seagate proposes to seal contain

24   information regarding product testing and development, internal business strategy and measures of

25   performance, steps Seagate engages in to respond to consumer concerns and complaints, and its

26   pricing data that it shares only with its authorized distributors.  This information is sealable under

27   Civil Local Rule 79-5 as protectable trade secret information and/or otherwise protectable by law.

28   *See Gaudin*, 2013 U.S. Dist. LEXIS 82059, at *5.

**B.      There Are Compelling Reasons For Sealing The Documents**

There are also "compelling reasons" to seal this information.  *Gaudin*, 2013 U.S. Dist. LEXIS 82059, at *5.  Seagate takes considerable effort to ensure all of this information is kept from the public.  Lane Decl. ¶ 4.  The information is also commercially sensitive and highly valuable to Seagate.  *Id*. ¶¶ 4, 5, 9, 11, 14, 21.  Should information regarding Seagate's product development and market strategy become available to its competitors, such competitors could use the information to undercut Seagate, predict future strategies or practices, or re-structure their sourcing and product delivery methodologies in a way that would be harmful to Seagate's profitability.  *Id.*; *see also Stanislaus Food Prods. Co*., 2012 U.S. Dist. LEXIS 176346, at *6; *NCAA Student-Athlete Name & Likeness Licensing Litig*., 2013 U.S. Dist. LEXIS 68611, at *12; *Apple, Inc.,* 2012 U.S. Dist. LEXIS 30562, at *2; *Muench Photography, Inc.*, 2013 U.S. Dist. LEXIS 115847, at *11-12.

COMPELLING REASONS APPEARING THEREFORE, the Administrative Motion to Seal is GRANTED.  The documents identified below shall remain filed under seal:

| Document | Portion(s) To Be Sealed |
|---|---|
| Declaration of Steve W. Berman in Support of Plaintiffs' Motion for Class Certification | Exhibit 9<br>A portion of Exhibit 20, attached hereto as Exhibit A<br>Exhibit 21<br>Exhibit 22<br>Exhibit 23<br>Exhibit 24<br>A portion of Exhibit 25, attached hereto as Exhibit B<br>Exhibit 26<br>A portion of Exhibit 28, attached hereto as Exhibit C<br>Exhibit 36<br>Exhibit 38<br>Exhibit 39<br>Exhibit 40<br>Exhibit 42<br>Exhibit 43<br>Exhibit 44<br>Exhibit 45<br>Exhibit 46<br>Exhibit 48<br>Exhibit 49 |

| Document | Portion(s) To Be Sealed |
|---|---|
| Portions of Declaration of Stefan Boedeker in Support of Plaintiffs' Motion for Class Certification | This document shall not be sealed. |
| Portions of Declaration of Andrew Hospodor in Support of Plaintiffs' Motion for Class Certification | The last two sentences of ¶ 2<br>¶ 17<br>¶¶ 23-212, and corresponding figures and footnotes |
| Plaintiffs' Motion for Class Certification | Portions of 1:19-1:21 (citing generally Hospodor Decl.)<br>2:5-2:6 (citing Hospodor Decl., ¶¶ 183-193, 176)<br>7:11-14 (quoting Berman Decl., Ex. 20)<br>8:5-12 (citing Hospodor Decl., ¶¶ 65, 83-84)<br>8:14 (citing Hospodor Decl., ¶ 135; Berman Decl., Ex. 21)<br>8:16-17 (citing Hospodor Decl., ¶¶ 118-169, 193)<br>8:23-9:6 (citing Hospodor Decl., ¶¶ 183-193, 176; Berman Decl., Exs. 22, 23)<br>9:13-14 (citing Hospodor Decl., ¶207)<br>9:15-16 (citing Hospodor Decl., ¶ 210; Berman Decl., Ex. 26)<br>13:8-10 & n.48 (Berman Decl., Exs. 20, 36) |

**IT IS SO ORDERED**.

DATED: _____, 2017


_____
HON. JOSEPH C. SPERO
UNITED STATES MAGISTRATE JUDGE