**APPENDIX A TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**
*In re Seagate Technology LLC Litigation*

| State Consumer Protection Law | Intent Required? | Omissions Theory Acceptable? | Reliance Required? | Available Remedies | Legal Authority |
|---|---|---|---|---|---|
| California's Unfair Competition Law | No | Yes | No | Injunctive, Restitution | *Corbett v. Sup. Ct.*, 101 Cal. Rptr. 2d 46, 71 (Cal. Ct. App. 2002) ("[A]ll that need be shown in UCL actions is that the challenged business practice is likely to deceive consumers, not that it has actually done so."); *Anunziato v. eMachines, Inc.*, 402 F.Supp.2d 1133, 1137 (C.D. Cal. 2005) ("Omissions alone can form the basis for UCL and FAL liability"); Cal. Bus. & Prof. Code § 17203 (allowing restitution and injunctive relief). |
| California's False Advertising Law | No | Yes | No | Injunctive, Restitution | *Punian v. Gillette Co.*, 2015 WL 4967535, at *9 (N.D. Cal. Aug. 20, 2015) ("[A] plaintiff bringing a claim under the FAL must allege sufficient facts to show that a defendant knew that any allegedly false or misleading statements were false or misleading when made."); *Hodson v. Mars, Inc.*, 162 F. Supp. 3d 1016, 1023-24 (N.D. Cal. 2016) (citing cases) (omissions may proceed where "the defendant actually made a statement, but omitted information that undercuts the veracity of the statement."); Cal. Bus. & Prof. Code § 17500 (providing available forms of relief). |
| California's Consumers' Legal Remedies Act | No | Yes | No | Injunctive, Restitution, Actual damages, Punitive, Attorneys' fees | *Chamberlan v. Ford Motor Co.*, 369 F. Supp. 2d 1138, 1144 (N.D. Cal. 2005) (intentional breach or intent to deceive not required for CLRA claim, and recognizing omissions as actionable); Cal. Civ. Code § 1780(a) (providing available forms of relief). |
| Florida | No | Yes | No | Actual damages | *Davis v. Powertel, Inc.*, 776 So. 2d 971, 974 (Fla. Ct. App. 2000) (quoting *In re Int'l Harvester* |

**APPENDIX A TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**
*In re Seagate Technology LLC Litigation*

| State Consumer Protection Law | Intent Required? | Omissions Theory Acceptable? | Reliance Required? | Available Remedies | Legal Authority |
|---|---|---|---|---|---|
| | | | | | *Co.*, 104 F.T.C. 949 (1984)) (under Florida's consumer protection act, a "deceptive" practice "is one that is 'likely to mislead' consumers'" not one that defendant intended to be deceptive); *State, Office of Att'y Ge. Dep't of Legal Affairs v. Wyndham Int'l, Inc.*, 869 So.2d 592, 598 (Fla. Ct. App. 2004) (stating for FDUTPA, plaintiff need not show reliance "on the representation *or omission* at issue." (emphasis added)); *In re Seagate Technology LLC*, No. 3:16-cv-00523-JCS, Order Regarding Mot. to Strike & for Judgment on the Pleadings, ECF 130 at 10 (citing cases) (reasoning reliance not required); Fla. Stat. § 501.211(2) (actual damages recoverable). |
| Massachusetts | No | Yes | No | Actual damages, Injunctive | *Aspinall v. Philip Morris Cos.*, 442 Mass. 381, 394, 399 (2004) (under Massachusetts law prohibiting unfair or deceptive acts or practices, plaintiff need not show intent to deceive and stating benefit of bargain damages recoverable); *Casavant v. Norwegian Cruise Line, Ltd.*, 919 N.E.2d 165, 169 (Mass. Ct. App. 2009) (defendant's failure to furnish its refund policy was unfair or deceptive practice under Massachusetts law); *Baker v. Goldman Sachs & Co.*, 949 F. Supp. 2d 298, 307 (actual reliance not necessary); (actual reliance not necessary); M.G.L. c. 93A §11 (actual damages recoverable). |
| New York | No | Yes | No | Actual damages | *Stutman v. Chem. Bank*, 731 N.E.2d 608, 611 (N.Y. 2000) (stating elements for New York's Deceptive Acts and Practices Statute, including |

**APPENDIX A TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**
*In re Seagate Technology LLC Litigation*

| State Consumer Protection Law | Intent Required? | Omissions Theory Acceptable? | Reliance Required? | Available Remedies | Legal Authority |
|---|---|---|---|---|---|
| | | | | | the practice must be objectively likely to mislead a reasonable consumer, and not stating intent is required); *id.* at 612-13 (stating objective standard applies for both omissions and misrepresentations, and that the act does not require traditional reliance); *Wilner v. Allstate Ins. Co.*, 893 N.Y.S2d 208, 218 (N.Y. App. Div. 2010) (stating actual damages recoverable). |
| South Carolina | No | Yes | No | Actual damages | *City of Charleston, SC v. Hotels.com, LP*, 487 F. Supp. 2d 676 (D.S.C. 2007) (elements of SCUTPA claim and intent is not one); *Wilson v. Ortho-McNeil-Janssen Pharma., Inc.*, 777 S.E.2d 176, 195-96 (S.C. 2015) (upholding jury instruction for South Carolina's Unfair Trade Practices Act in accordance with FTC guidance that included "representations or omissions in connection with the sale of a product without adequate disclosures"); *Gentry v. Yonce*, 522 S.E.2d 137, 143 (S.C. 1999) (stating practice is unfair under South Carolina statute when it has a tendency to deceive); S.C. CODE § 39-5-140(a) (providing for actual damages). |
| South Dakota | Yes | Yes | No | Actual damages, Injunctive | S.D. Codified Laws § 37-24-6(1) (requiring defendant "knowingly and intentionally" use a deceptive act or practice; states unlawful to engage in deceptive act or practice "or [to] omit any material fact in connection with the sale or advertisement of any merchandise, regardless of whether any person has in fact been misled, deceived, or damaged thereby"); S.D. Codified |

**APPENDIX A TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**
*In re Seagate Technology LLC Litigation*

| State Consumer Protection Law | Intent Required? | Omissions Theory Acceptable? | Reliance Required? | Available Remedies | Legal Authority |
|---|---|---|---|---|---|
| | | | | | Laws § 37-24-31 (providing for actual damages). |
| Tennessee | No | Yes | No | Actual damages | *GenTech Const., LLC v. Nature Corp.*, 2011 WL 1257943, *25 (E.D. Tenn. Mar. 31, 2011) (intent to deceive not required under TCPA); *Cloud Nine, LLC v. Whaley*, 650 F. Supp. 2d 789, 796-97 (E.D. Tenn. 2009) (omissions are sufficient under Tennessee Consumer Protection Act and unfair or deceptive acts include those likely to mislead a reasonable consumer); Tenn. Code Ann. § 47-18-109(a)(1). |
| Texas | No | Yes | No | Actual damages or out-of-pocket, Injunctive | *Miller v. Keyser*, 90 S.W.3d 712, 716 (Tex. 2002) (intent to misrepresent or knowledge is not necessary under DTPCPA); Tex. Bus. & Comm. Code § 17.46(b)(23) (allowing for omissions); *Alford Chevrolet-Geo v. Murphy*, 2002 WL 31398487, at *1 (Tx. Ct. App. Oct. 25, 2002) (reliance not required for DTPCPA, only that the act or omission was "a substantial factor in bringing out the injury"); Tex. Bus. & Comm. Code § 17.50(b), (d); *Kinerd v. Colonial Leasing Co.*, 800 S.W.2d 187 (Tex. 1990) (buyer awarded out-of-pocket expenses plus difference between purchase price and product's actual value); *Integrated Title Data Sys. V. Dulaney*, 800 S.W.2d 336 (Tex. App. 1990) (damages equaled purchase price because product was found to have no value). |

-4-