SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
NEIL A.F. POPOVIĆ, Cal. Bar No. 132403
ANNA S. McLEAN, Cal. Bar No. 142233
TENAYA RODEWALD, Cal. Bar No. 248563
LIÊN H. PAYNE, Cal. Bar No. 291569
JOY O. SIU, Cal. Bar No. 307610
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
Email:    npopovic@sheppardmullin.com
    amclean@sheppardmullin.com
    rodewald@sheppardmullin.com
    lpayne@sheppardmullin.com
    jsiu@sheppardmullin.com

Attorneys for Defendant,
SEAGATE TECHNOLOGY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SEAGATE TECHNOLOGY LLC LITIGATION<br><br>CONSOLIDATED ACTION | Case No. 3:16-cv-00523-JCS<br><br>**SEAGATE TECHNOLOGY LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>**Date:** March 30, 2018<br>**Time:** 9:30 a.m.<br>**Place:** Courtroom G<br>**Judge:** Hon. Joseph C. Spero<br><br>Second Consolidated Amended Complaint filed: July 11, 2016 |

## I. INTRODUCTION

Pursuant to N.D. Cal. Civil L.R. 79-5(d), Seagate Technology LLC ("Seagate") submits this administrative motion to seal portions of the following documents in support of its Opposition to Plaintiffs' Motion for Class Certification:

| Document | Portion(s) to Be Sealed |
|---|---|
| Declaration of Donald Adams in Response to the Declaration of Andrew Hospodor and in Opposition to Plaintiffs' Motion for Class Certification | Declaration ¶¶ 11-12; 15-119 |
| Declaration of Glen Almgren in Support of Seagate's Opposition to Plaintiffs' Motion for Class Certification | Declaration ¶¶ 5-30 |
| Declaration of Patrick Dewey in Support of Seagate's Opposition to Plaintiffs' Motion for Class Certification | Declaration ¶¶ 5-39 |
| Declaration of Harrie Netel in Support of Seagate's Opposition to Plaintiffs' Motion for Class Certification | Declaration ¶¶ 7-40 |
| Declaration of Itamar Simonson, Ph.D. in Support of Seagate's Opposition to Plaintiffs' Motion for Class Certification | Portion of page 5 n.5 |
| Declaration of Liên H. Payne in Support of Seagate's Opposition to Plaintiffs' Motion for Class Certification | Exhibit 1 – Begin Bates FED_SEAG0026697<br>Exhibit 2 – Begin Bates FED_SEAG0026839<br>Exhibit 3 – Begin Bates FED_SEAG0026867<br>Exhibit 4 – Begin Bates FED_SEAG0026751<br>Exhibit 5 – Begin Bates FED_SEAG0057277<br>Exhibit 6 – Begin Bates FED_SEAG0056259<br>Exhibit 7 – Begin Bates  FED_SEAG0008927 reproduced as FED_SEAG0054950<br>Exhibit 8 – Begin Bates FED_SEAG0055094<br>Exhibit 9 – Begin Bates FED_SEAG0009670<br>Exhibit 10 – Begin Bates FED_SEAG0071085<br>Exhibit 11 – Excerpt of Confidential Hospodor Depo.<br>Exhibit 12 – Excerpt of Dewey Depo.<br>Exhibit 13 – Excerpt of Almgren Depo.<br>Exhibit 14 – Excerpt of Khurshodov Depo.<br>Exhibit 15 – Begin Bates FED_SEAG0002320<br>Exhibit 16 – Begin Bates FED_SEAG0009095<br>Exhibit 19 – Begin Bates FED_SEAG0026135<br>Exhibit 20 – Begin Bates FED_SEAG0026244<br>Exhibit 21 – Begin Bates FED_SEAG0009883 |

The authority and grounds for sealing these documents, referred to herein as "Confidential Information," are set forth below and in the Declaration of Joy O. Siu in Support of Seagate's Administrative Motion to Seal, filed concurrently herewith, and in the Declaration of Ronald Lane ("Lane Declaration"), filed on November 13, 2017, Dkt. 143.  Pursuant to Civil L.R. 79-5, Seagate has submitted redacted and unredacted versions of the Exhibits sought to be sealed.

## II.    THE CONFIDENTIAL INFORMATION IS SEALABLE

In this district, a party seeking to file a document under seal must satisfy a two-step process.  The party must "(1) comply with Civil Local Rule 79-5; and (2) rebut the [] strong presumption in favor of access that applies to all documents other than grand jury transcripts or pre-indictment warrant materials."  *Gaudin v. Saxon Mortg. Servs.*, No. 11-cv-01663-JST, 2013 2013 WL 2631074, at *1, 2 (N.D. Cal. June 11, 2013) (internal citations and quotations omitted).

The first prong requires that the party seeking to seal the document establish that (1) "the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law; and (2) is narrowly tailored to seek sealing only of sealable material."  *Id.* (citing Civil L.R. 79-5).

"With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached."  *Id*.  With regard to dispositive motions, the "presumption can be overcome only if the party presents 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'"  *Id.* (quoting *Damakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  With regard to non-dispositive motions, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records[,]" and those records may be filed under seal upon a showing of "good cause."  *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam) (internal quotation marks and citation omitted); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying "good cause" standard to all non-dispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action") (internal quotation marks and citation omitted).  "[T]he vast majority of other courts within this circuit" apply the

1  "good cause" standard to sealing documents filed in connection with a Motion for Class
2  Certification.  *See In re High-Tech Emp. Antitrust Litig.*, No. 5:11-cv-02509-LHK, 2013 WL
3  5486230, at *2 n.1 (N.D. Cal. Sept. 30, 2013) (collecting cases); *Gaudin*, 2013 WL 2631074, at *2
4  (same); *Dugan v. Lloyds TSB Bank, PLC*, No. 12-cv-02549-WHA (NJV), 2013 WL 1435223, at
5  *1 (N.D. Cal. Apr. 9, 2013) ("Unless the denial of a motion for class certification would constitute
6  the death knell of a case, 'the vast majority of courts within this circuit' treat motions for class
7  certification as non-dispositive standard applies") (internal formatting omitted).

8        The Confidential Information proposed to be filed under seal satisfies the Northern
9  District's two-part test.  First, Seagate has narrowly tailored its request to seal documents and
10 redacted portions of only those documents "privileged or protectable as a trade secret or otherwise
11 entitled to protection under the law." L.R. 79-5(b).  Second, good cause exists to protect Seagate's
12 sensitive business information from being released to competitors or to the public.  The Adams,
13 Almgren, Dewey, and Netel Declarations all reference Seagate's internal testing documents and
14 procedures, which are set forth in the Exhibits to the Payne Declaration.

15 **A.  Seagate's Documents Contain Trade Secrets**

16       The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement
17 of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation
18 of information which is used in one's business, and which gives him an opportunity to obtain an
19 advantage over competitors who do not know or use it." *In re High-Tech Emp. Antitrust Litig.*,
20 2013 WL 163779, at *1 (citing *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)).  Generally,
21 a trade secret "relates to the production of good . . . . It may, however, relate to the sale of goods or
22 to other operations in the business . . . ." *Id.*; *see also Muench Photography, Inc. v. Pearson
23 Educ., Inc.*, No. 12-cv-01927-WHO, 2013 WL 01927, at *4-5 (N.D. Cal. Aug. 15, 2013) (sealing
24 document containing information relating to requesting party's "product development efforts and
25 business strategies to competitors," when "competitors could use these strategies themselves—
26 strategies that [the requesting party] spent significant resources to create").

27       As explained in the Lane Declaration, the Hospodor Declaration relies on "Seagate's Drive
28 Development and Manufacturing Process" documents, as well as Seagate's product testing

procedures, and product performance analysis. Dkt. 143 ("Lane Decl.") ¶ 22, 3. The Confidential Information is used to rebut Hospodor's Declaration, and thus is inextricably intertwined with Hospodor's reliance on Seagate's proprietary information, *or* the documents sought to be sealed themselves contain the proprietary and trade secret information Hospodor relied upon. Specifically, the exhibits to the Payne Declaration sought to be sealed are expressly referenced and relied upon by Mr. Hospodor in support of his expert opinion. *See* Dkt. 146, Ex. B, Appendix 1, Ex. A (detailing Bates numbers of documents Hospodor analyzed). Thus, the Confidential Information is sealable under Civil Local Rule 79-5 as protectable trade secret information and/or otherwise protectable by law. *See Gaudin*, 2013 WL 2631074, at *2.

**B.    Good Cause Supports Seagate's Request to Seal the Confidential Information**

There is also "good cause" to seal the Confidential Information. *Gaudin*, 2013 WL 2631074, at *2. Seagate takes considerable effort to ensure all of this information is kept from the public; indeed, this information was only disclosed in this case pursuant to a stipulated Protective Order. Lane Decl. ¶ 3-4; Dkt. 61. The information is also commercially sensitive and highly valuable to Seagate. *Id.* ¶¶ 4, 21-22. Should information regarding Seagate's product design, development, and testing become available to its competitors, it could be used to harm Seagate's "competitive standing." *Id.*; *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (sealing appropriate to prevent documents from being used to harm to litigant's competitive standing); *Muench Photography, Inc.*, 2013 WL 4475900, at *4-5.

**III.    CONCLUSION**

For the foregoing reasons, this Court should seal the Confidential Information.

Dated: January 5, 2018

By    */s/ Anna S. McLean*
ANNA S. McLEAN

Attorneys for Defendant,
SEAGATE TECHNOLOGY LLC