SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
NEIL A.F. POPOVIĆ, Cal. Bar No. 132403
ANNA S. McLEAN, Cal. Bar No. 142233
TENAYA RODEWALD, Cal. Bar No. 248563
LIÊN H. PAYNE, Cal. Bar No. 291569
JOY O. SIU, Cal. Bar No. 307610
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:   415.434.9100
Facsimile:   415.434.3947
Email:   npopovic@sheppardmullin.com
         amclean@sheppardmullin.com
         rodewald@sheppardmullin.com
         lpayne@sheppardmullin.com
         jsiu@sheppardmullin.com

Attorneys for Defendant,
SEAGATE TECHNOLOGY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| IN RE SEAGATE TECHNOLOGY LLC LITIGATION<br><br>CONSOLIDATED ACTION | Case No. 3:16-cv-00523-JCS<br><br>**DECLARATION OF PATRICK DEWEY IN SUPPORT OF MOTION TO SEAL PORTIONS OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>**Date:**  March 30, 2018<br>**Time:**  9:30 a.m.<br>**Place:**  Courtroom G<br>**Judge:**  Hon. Joseph C. Spero<br><br>Second Consolidated Amended Complaint filed:  July 11, 2016 |
|---|---|

I, Patrick Dewey, declare as follows:

1. I have worked for Seagate Technology LLC (Seagate) since 1996. I am currently a core team leader, and was the core team lead for the Grenada hard drives, including the Grenada Classic, Grenada BP and Grenada BP2, in which role I oversaw the design, development and transfer to mass production of these drives. The team I managed oversaw the reliability testing for the Grenada drives and was responsible for corrective actions required. I prepared many of the documents cited in the Hospodor Declarations submitted in support of Plaintiffs' Motion for Class Certification.

2. Unless otherwise indicated, I have personal knowledge of the facts set forth in this declaration, and if called as a witness, could and would competently testify as to their truth.

3. I submit this declaration in support of the Administrative Motion to File Under Seal Plaintiffs' Reply in Support of Motion for Class Certification. ECF No. 158.

4. It is my understanding the Plaintiffs filed the Declaration of Steve W. Berman in Further Support of Motion for Class Certification (Berman Decl. II), which attaches four additional exhibits designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the Stipulated Protective Order in this case. ECF No. 158-4 & 158-5. It is also my understanding that portions of Plaintiffs' Reply in Support Motion for Class Certification, Declaration of Stefan Boedeker in Further Support of Plaintiffs' Motion for Class Certification, and Rebuttal Declaration of Andrew Hospodor in Support of Plaintiffs' Motion for Class Certification (Hospodor Decl. II) reference or incorporate materials that have also been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by Seagate pursuant to the Stipulated Protective Order and provisionally filed under seal. ECF Nos. 158-3, 158-6, 158-7. I have reviewed the documents filed conditionally under seal.

5. Due to the confidential nature of the information in certain of these documents, Seagate seeks an order sealing certain of these documents, or portions thereof, from the public record as set forth in the chart below. As will be explained *infra*, these documents contain trade secret information, from which Seagate derives independent economic value because the information in these documents is not generally known to the public. Because of the

commercially sensitive nature of these documents, Seagate takes great efforts to protect their secrecy.  Indeed, Seagate only produced these documents in this litigation subject to the Stipulated Protective Order, and has marked these documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Further, Seagate has a compelling reason for desiring this sensitive business information not to be released to its competitors or the public:  namely, because there is a risk of competitive harm should this information be generally known.

| Document Filed Under Seal by Plaintiffs | Portion(s) Sought To Be Sealed |
| --- | --- |
| Berman Decl. II | Exhibit 54<br>Exhibit 57<br><br>With the exception of the exhibits identified above, Seagate does not seek to maintain the remaining Exhibits 55 and 56 under seal. |
| Declaration of Stefan Boedeker in Further Support of Plaintiffs' Motion for Class Certification | Seagate does not seek to seal the additional Boedeker declaration. |
| Hospodor Decl. II | ¶¶ 5-96, and corresponding figures and footnotes<br><br>With the exception of the portions identified above, Seagate does not seek to maintain the remaining designated material under seal. |
| Plaintiffs' Reply in Support of Motion for Class Certification | MPA 5:8-21 (citing Hospodor Decl. II ¶¶ 8, 20, 77-96, 128-29; Berman Decl. II, Ex. 54).<br><br>With the exception of the portions identified above, Seagate does not seek to maintain the remaining designated material under seal. |

## I. The Exhibits to Berman Declaration II Should Be Sealed

6. The exhibits to the Declaration of Steve W. Berman that Seagate seeks to seal include information that is treated as confidential by Seagate and would be of value to Seagate's competitors if it were to be disclosed, which would cause Seagate financial and competitive harm. Several of these exhibits detail Seagate's business strategies, from which Seagate derives value based on the fact that this information is not generally known to the public.

7. Exhibit 54 is an email chain designated as "HIGHLY CONFIDENTIAL," which discusses Seagate's internal product testing and business strategy for addressing issues discovered during product testing. If publicly disclosed, this document could be used and misconstrued by Seagate's competitors.

8. Exhibit 57 is a Grenada/Bacall BP2 CTU and Grenada SAD Approval Request designated as "HIGHLY CONFIDENTIAL," which document seeks approval to start shipping the drive. This document provides information regarding Seagate's internal product testing and design, its strategy for getting product to market, and forecasted improvements to drive design. If publicly disclosed, this document could provide Seagate's competitors with information regarding Seagate's drive's key features and would allow competitors to anticipate Seagate's development strategy.

9. Both of these documents show Seagate's internal business strategies and decision making processes. Seagate goes to great lengths to ensure the confidentiality of its documents: for example, as a general matter, any presentations generated by Seagate employees are marked confidential and disclosure is limited and internal to Seagate.

## II. Portions of the Hospodor Declaration II Should Be Sealed

10. The Hospodor Declaration II rebuts the Declaration of Donald Adams, which critiqued Hospodor's original Declaration in Support of Plaintiffs' Motion for Class Certification. As set forth in prior Motions to Seal, ECF Nos. 143, 149, 153-155, these documents all involve an analysis of "Seagate's Drive Development and Manufacturing Process[,]" Seagate's product testing procedures throughout the lifecycle of its products, its analysis of return trends and how its products perform in the field, and its long-term performance objectives. The documents analyzed

by Mr. Hospodor detail Seagate's proprietary information, which could be used by Seagate's competitors to replicate its testing methods and predict Seagate's future strategies.

### III. The Portions of Plaintiffs' Reply in Support of Motion for Class Certification That Cite the Confidential Information in the Hospodor Declaration II and Berman Declaration II Should Be Sealed

11. The portions of Plaintiffs' Reply in Support of Motion for Class Certification that reference and quote the confidential information in the exhibits to the Berman Declaration II and in the Hospodor Declaration II, reflected at page 5:8-21 of their Memorandum of Points and Authorities, should be sealed for the same reasons set forth above.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 26th day of February, 2018, in Longmont, Colorado.

*/s/ Patrick Dewey*
Patrick Dewey