SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
NEIL A.F. POPOVIĆ, Cal. Bar No. 132403
ANNA S. McLEAN, Cal. Bar No. 142233
TENAYA RODEWALD, Cal. Bar No. 248563
LIÊN H. PAYNE, Cal. Bar No. 291569
JOY O. SIU, Cal. Bar No. 307610
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:   415.434.9100
Facsimile:   415.434.3947
Email:   npopovic@sheppardmullin.com
            amclean@sheppardmullin.com
            rodewald@sheppardmullin.com
            lpayne@sheppardmullin.com
            jsiu@sheppardmullin.com

Attorneys for Defendant,
SEAGATE TECHNOLOGY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SEAGATE TECHNOLOGY LLC LITIGATION<br><br>CONSOLIDATED ACTION | Case No. 3:16-cv-00523-JCS<br><br>**[PROPOSED] ORDER GRANTING MOTION TO SEAL PORTIONS OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>**Date:** March 30, 2018<br>**Time:** 9:30 a.m.<br>**Place:** Courtroom G<br>**Judge:** Hon. Joseph C. Spero<br><br>Second Consolidated Amended Complaint filed: July 11, 2016 |

The Court has reviewed the Administrative Motion to File Documents Under Seal filed in connection with Plaintiffs' Reply in Support of Motion for Class Certification and related documents. ECF Nos. 158. It has also reviewed the Declaration of Patrick Dewey filed by Seagate Technology LLC (Seagate) in Support of the Administrative Motion to Seal. The Court rules as follows.

In this district, a party seeking to file a document under seal must satisfy a two-step process. The party must "(1) comply with Civil Local Rule 79-5; and (2) rebut the [] strong presumption in favor of access that applies to all documents other than grand jury transcripts or pre-indictment warrant materials." *Gaudin v. Saxon Mortg. Servs.*, No. 11-cv-01663-JST, 2013 2013 WL 2631074, at *1, 2 (N.D. Cal. June 11, 2013) (internal citations and quotations omitted).

The first prong requires that the party seeking to seal the document establish that (1) "the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law; and (2) is narrowly tailored to seek sealing only of sealable material." *Id.* (citing Civil L.R. 79-5).

"With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached." *Id*. With regard to dispositive motions, the "presumption can be overcome only if the party presents 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Id.* (quoting *Damakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). With regard to non-dispositive motions, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records[,]" and those records may be filed under seal upon a showing of "good cause." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam) (internal quotation marks and citation omitted); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying "good cause" standard to all non-dispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action") (internal quotation marks and citation omitted). "[T]he vast majority of other courts within this circuit" apply the "good cause" standard to sealing documents filed in connection with a Motion for Class

Certification.  *See In re High-Tech Emp. Antitrust Litig.*, No. 5:11-cv-02509-LHK, 2013 WL 5486230, at *2 n.1 (N.D. Cal. Sept. 30, 2013) (collecting cases); *Gaudin*, 2013 WL 2631074, at *2 (same); *Dugan v. Lloyds TSB Bank, PLC*, No. 12-cv-02549-WHA (NJV), 2013 WL 1435223, at *1 (N.D. Cal. Apr. 9, 2013) ("Unless the denial of a motion for class certification would constitute the death knell of a case, 'the vast majority of courts within this circuit' treat motions for class certification as non-dispositive standard applies") (internal formatting omitted).

The confidential information proposed to be filed under seal satisfies the Northern District's two-part test.  First, Seagate has narrowly tailored its request to seal documents and seeks to seal only portions of documents "privileged or protectable as a trade secret or otherwise entitled to protection under the law." L.R. 79-5(b).  Second, good cause exists to protect Seagate's sensitive business information from being released to competitors or to the public.

**A.   Seagate's Documents Contain Trade Secrets**

The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re High-Tech Emp. Antitrust Litig.*, 2013 WL 163779, at *1 (citing *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)).  Generally, a trade secret "relates to the production of good . . . . It may, however, relate to the sale of goods or to other operations in the business . . . ." *Id.*; *see also Muench Photography, Inc. v. Pearson Educ., Inc.*, No. 12-cv-01927-WHO, 2013 WL 01927, at *4-5 (N.D. Cal. Aug. 15, 2013) (sealing document containing information relating to requesting party's "product development efforts and business strategies to competitors," when "competitors could use these strategies themselves—strategies that [the requesting party] spent significant resources to create").

As explained in the Dewey Declaration, as well as the previously filed Declaration of Ronald Lane, ECF No. 143, the information sought to be sealed involves Seagate's internal drive testing, documents referencing drive design specifications, and development strategy.  Thus, the information is sealable under Civil Local Rule 79-5 as protectable trade secret information and/or otherwise protectable by law.  *See Gaudin*, 2013 WL 2631074, at *2.

**B.    Good Cause Supports Seagate's Request to Seal the Confidential Information**

There is also "good cause" to seal the requested information. *Gaudin*, 2013 WL 2631074, at *2. Seagate takes considerable effort to ensure all of this information is kept from the public; indeed, this information was only disclosed in this case pursuant to a stipulated Protective Order. Dewey Decl. ¶¶ 4-5. The information is also commercially sensitive and highly valuable to Seagate. *Id*. ¶ 5. Should information regarding Seagate's product design, development, and testing become available to its competitors, it could be used to harm Seagate's "competitive standing." *Id.*; *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (sealing appropriate to prevent documents from being used to harm to litigant's competitive standing); *Muench Photography, Inc.*, 2013 WL 4475900, at *4-5.

GOOD CAUSE APPEARING THEREFOR, the Administrative Motion to Seal is GRANTED. The documents identified below shall remain filed under seal:

| Document Filed Under Seal by Plaintiffs | Portion(s) Sought To Be Sealed |
|---|---|
| Declaration of Steve W. Berman in Further Support of Motion for Class Certification | Exhibit 54<br>Exhibit 57<br><br>With the exception of the exhibits identified above, Seagate does not seek to maintain the remaining Exhibits 55 and 56 under seal. |
| Declaration of Stefan Boedeker in Further Support of Plaintiffs' Motion for Class Certification | Seagate does not seek to seal the additional Boedeker declaration. |
| Rebuttal Declaration of Andrew Hospodor in Support of Plaintiffs' Motion for Class Certification | ¶¶ 5-96, and corresponding figures and footnotes<br><br>With the exception of the portions identified above, Seagate does not seek to maintain the remaining designated material under seal. |
| Plaintiffs' Reply in Support of Motion for Class Certification | MPA 5:8-21 (citing Hospodor Decl. II ¶¶ 8, 20, 77-96, 128-29; Berman Decl. II, Ex. 54).<br><br>With the exception of the portions identified above, Seagate does not seek to maintain the remaining designated material under seal. |

1 **IT IS SO ORDERED**.

2 DATED: _____, 2018

_____
HON. JOSEPH C. SPERO
UNITED STATES MAGISTRATE JUDGE