SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
NEIL A.F. POPOVIĆ, Cal. Bar No. 132403
ANNA S. McLEAN, Cal. Bar No. 142233
TENAYA RODEWALD, Cal. Bar No. 248563
LIÊN H. PAYNE, Cal. Bar No. 291569
JOY O. SIU, Cal. Bar No. 307610
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
Email:        npopovic@sheppardmullin.com
              amclean@sheppardmullin.com
              trodewald@sheppardmullin.com
              lpayne@sheppardmullin.com
              jsiu@sheppardmullin.com

Attorneys for Defendant SEAGATE TECHNOLOGY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE SEAGATE TECHNOLOGY, LLC LITIGATION<br><br>CONSOLIDATED ACTION | Case No. 3:16-cv-00523 JCS<br><br>**SEAGATE TECHNOLOGY LLC'S MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO LOCAL RULE 7-11: (1) TO STRIKE PORTIONS OF PLAINTIFFS' REPLY IN SUPPORT OF CLASS CERTIFICATION MOTION, OR, IN THE ALTERNATIVE (2) FOR LEAVE TO FILE A SUR-REPLY**<br><br>Underlying Motion Hearing:<br><br>Date:   March 30, 2018<br>Time:   9:30 a.m.<br>Dept.:  Hon. Joseph C. Spero<br>        Courtroom G, 15th Floor |
|---|---|

Pursuant to Civil Local Rule 7-11, Defendant Seagate Technology LLC ("Seagate") hereby moves for administrative relief in the form of an order striking portions of Plaintiffs' reply brief on class certification ("Reply").[1] ECF No. 158-2. The Reply advances new "pure omission" theories of liability based on "reliability"—as opposed to omissions arising out of affirmative representations about AFR and RAID. *Id.* at 1:3-20, 2:13-6:9. Plaintiffs' new theories are outside the scope of this matter, as narrowed by the Court's Order on Seagate's Motion to Dismiss the Second Consolidated Amended Complaint. Order Granting in Part and Den. in Part Mot. to Dismiss Second Consolidated Amended Compl., ECF No. 100 at 25:3-10. Nor did Plaintiffs advance these theories as a basis for class certification in their opening brief. *See* ECF No. 135.[2] Seagate should not be required to respond to arguments raised for the first time on reply. Accordingly, this Court should strike the portions of Plaintiffs' Reply that assert new disclosure obligations. *See, e.g.*, *Traschel v. Buchholz*, No. C-08-02248 RMW, 2009 WL 839117, at *4 (N.D. Cal. Mar. 30, 2009) (striking portions of plaintiffs' reply that raised new arguments not addressed in prior briefing).

In the alternative, Seagate seeks leave to file the six-page sur-reply brief attached hereto as Exhibit A. Seagate is mindful of the fact that sur-replies are generally disfavored. However, Plaintiffs' Reply contains new arguments that—although available to Plaintiffs at the time of their opening motion—Seagate has not had an opportunity to address. For Seagate to address these new arguments prior to the hearing—and to afford the Court the opportunity to hear both sides' points on these issues—Seagate respectfully requests leave to submit the attached short sur-reply brief. Indeed, Courts allow sur-replies in precisely these circumstances. *Crump v. City & County*

---

[1] Plaintiffs' Reply was filed on February 20, 2018, 38 days before the March 30, 2018 hearing on class certification. As the Court is aware, Civil L.R. 7-2 requires that a motion hearing be set at least 35 days after the notice of motion is filed. Three days was insufficient time to prepare a noticed motion, so Seagate is proceeding by administrative motion to enable the Court to consider its motion and surreply concurrently with the other class certification briefing. If the Court prefers, Seagate can file a noticed motion, but that would presumably require a continuance of the hearing date.

[2] Indeed, Plaintiffs expressly chose not to advance such theories in prior briefing. Pl.s' Opp'n to Mot. to Dismiss, ECF No. 72 at 9:19-10:5 (advancing theory of omissions based on affirmative misrepresentations to avoid acknowledged split of authority on whether a duty to disclose exists for pure omissions claims in the absence of a safety concern).

*of San Francisco*, 2007 U.S. Dist. LEXIS 58768 at *5 (N.D. Cal. August 1, 2007) (allowing sur-reply where defendant raised new arguments in its reply brief); *Pfohl v. Farmers Ins. Group*, 2004 U.S. Dist. LEXIS 6447 at *4 n.1 (C.D. Cal. March 1, 2004) (permitting sur-reply where plaintiff submitted new evidence and raised new argument in reply); *Hammet v. Am. Bankers Ins. Co.*, 203 F.R.D. 690, 695 n. 1 (S.D. Fla. 2001) ("Because Plaintiff presented new arguments and a new theory for certification in her Reply the Court will grant Defendants' Motion for Leave to File a Sur-Reply. . . .").

It is well-established that a moving party may not introduce new facts or legal theories on reply. *See Rollins v. Dignity Health*, 19 F. Supp. 3d 909, 918 (N.D. Cal. 2013) (declining to consider new arguments moving party failed to raise prior to reply brief); *Nevada v. Watkins*, 914 F.2d 1545, 1560 (9th Cir. 1990) ("[Parties] cannot raise a new issue for the first time in their reply briefs."). Good cause for granting a motion exists where a moving party presents new material on reply. *Altavion, Inc. v. Konica-Minolta Systems Laboratory, Inc.*, No. C 07-06358 MHP, 2008 WL 2020593, at *1 n.1 (N.D. Cal. May 8, 2008) ("Defendants also filed a motion for leave to file a sur-reply in opposition to plaintiff's motion to remand, arguing that this court should grant leave because plaintiff's reply brief posed new arguments and relied upon cases which had not been previously cited. Because defendant has shown good cause, defendants' motion is GRANTED.").

Accordingly, Seagate respectfully requests that this Court strike the portions of Plaintiffs Reply that raise new arguments not asserted in their opening brief.[3] Alternatively, Seagate requests that this Court grant leave to file the attached sur-reply.

Dated: February 27, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   */s/ Anna S. McLean*
　　　ANNA S. McLEAN

Attorneys for SEAGATE TECHNOLOGY, LLC

---

[3] *See* Reply, ECF No. 158-2 at 1:3-20, 2:13-6:9, which address the new "pure omissions" theory.