# EXHIBIT A

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2  Including Professional Corporations
   NEIL A.F. POPOVIĆ, Cal. Bar No. 132403
3  ANNA S. McLEAN, Cal. Bar No. 142233
   TENAYA RODEWALD, Cal. Bar No. 248563
4  LIÊN H. PAYNE, Cal. Bar No. 291569
   JOY O. SIU, Cal. Bar No. 307610
5  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4109
6  Telephone:    415.434.9100
   Facsimile:    415.434.3947
7  Email:        npopovic@sheppardmullin.com
                 amclean@sheppardmullin.com
8                rodewald@sheppardmullin.com
                 lpayne@sheppardmullin.com
9                jsiu@sheppardmullin.com

10 Attorneys for Defendant,
   SEAGATE TECHNOLOGY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| IN RE SEAGATE TECHNOLOGY LLC LITIGATION<br><br>CONSOLIDATED ACTION | Case No. 3:16-cv-00523-JCS<br><br>**SEAGATE TECHNOLOGY LLC'S SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>**Date:** March 30, 2018<br>**Time:** 9:30 a.m.<br>**Place:** Courtroom G<br>**Judge:** Hon. Joseph C. Spero<br><br>Second Consolidated Amended Complaint filed: July 11, 2016 |
|---|---|

SMRH:485585588.3

Case No. 3:16-cv-00523-JCS
SEAGATE TECHNOLOGY LLC'S SUR-REPLY IN OPPOSITION
TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

# I. INTRODUCTION

Throughout this litigation, Plaintiffs have consistently asserted a duty to disclose arising from Seagate's alleged affirmative misrepresentations. For example, in their Opposition to Seagate's Motion to Dismiss, Plaintiffs made clear their omissions theory of liability derived from alleged misrepresentations:

> While there is some debate in federal court as to whether there is a need for a safety concern to support a duty to disclose with respect to a pure omission claim brought under California law, there is no question that material misrepresentations support a duty to disclose omitted information to the contrary. As discussed above, Seagate has made material misrepresentations to consumers regarding the performance, reliability, and suitable uses of its drives and these in turn support a duty to disclose the omitted characteristics, lack of reliability, true suitable uses, and defective nature of the drives

ECF No. 72 at 9:19-10:5. Indeed, the Court acknowledged that Plaintiffs predicated their claim that Seagate owed a disclosure obligation on Seagate's alleged misrepresentations:

> In their opposition brief, Plaintiffs contend that their omissions claims arise out of Seagate's affirmative misrepresentations. . . Plaintiffs adequately allege affirmative misrepresentations as to the drives' AFR and suitability for use in RAID configurations.
> . . . .
> [However], Plaintiffs have not plausibly alleged Seagate's representations regarding the drives' NAS capabilities or error read rates to be false or misleading. Similarly, Plaintiffs have not plausibly alleged that Seagate withheld any relevant information on those subjects. The Court therefore GRANTS Seagate's motion as to wrongful omission claims based on those subjects, and DISMISSES such claims with leave to amend. ***The remaining categories of alleged wrongful omission set forth above and at paragraph 285 of the complaint, however, are sufficiently tied to the alleged misrepresentations regarding AFR and RAID capabilities to proceed.***

Order Granting in Part and Den. in Part Mot. to Dismiss Second Consolidated Amended Compl., ECF No. 100. at 24:9-15, 25:3-10 (emphasis added).[1]

Consistent with this theory, Plaintiffs moved for class certification, arguing Seagate made material misrepresentations in its "widespread campaign regarding the reliability of its drives, its

---

[1] Indeed, Plaintiffs concede the Court declined to address whether "an independent duty to disclose existed beyond that which was triggered by the alleged affirmative misrepresentations" *precisely because* they failed to advance it as an independent basis for liability and thus its resolution would not have affected the outcome of the motion. Reply, ECF No. 158-2 at 2 n. 1.

1  AFRs, and the suitability of its drives for RAID arrays." Mot. Class Certification, ECF No. 135 at
2  21:6-7; 4:21-7:9.  Indeed, Plaintiffs predicated their asserted presumption of classwide reliance on
3  the basis of Seagate's alleged "material misrepresentations." *Id.* at 21:11-16, 20:3-7.  Seagate
4  opposed Plaintiffs' motion on grounds that, *inter alia*, it had not made common material
5  misrepresentations so as to give rise to a classwide disclosure obligation.

6        On reply, Plaintiffs reversed course and now argue Seagate had a duty to disclose "separate
7  from any misrepresentations." ECF No. 158-2 at 2:13-3:7.  Plaintiffs further contend that
8  Seagate's omissions are actionable because (1) Seagate had exclusive knowledge of material facts
9  not known to the putative class, (2) Seagate allegedly actively concealed material information, and
10 (3) Seagate made partial misrepresentations.[2] *Id.* at 2:15-3:7; 6:11-12.  These arguments fail for at
11 least three reasons:  (1) they should not be considered on reply, (2) the asserted bases for new
12 disclosure obligations do not apply, and (3) even if they could give rise to a disclosure obligation,
13 such duty did not attach to Seagate.

14       **II.  ARGUMENT**

15       As a threshold issue, as set forth in Seagate's concurrently-filed Motion for Administrative
16 Relief, a moving party may not introduce new facts or legal theories on reply. *See Rollins v.*
17 *Dignity Health*, 19 F. Supp. 3d 909, 918 (N.D. Cal. 2013) (declining to consider arguments raised
18 for the first time on reply); *Nevada v. Watkins*, 914 F.2d 1545, 1560 (9th Cir. 1990) ("[Parties]
19 cannot raise a new issue for the first time in their reply briefs.").  A court has the discretion to
20 disregard portions of a party's reply that assert new arguments not raised in prior briefing.  *See,*
21 *e.g.*, *Traschel v. Buchholz*, No. C-08-02248 RMW, 2009 WL 839117, at *4 (N.D. Cal. Mar. 30,
22 2009) (striking portions of plaintiffs' reply that raised new arguments).  The Court should do so

---

[2] These factors come from *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997), a common law fraud non-disclosure case, which provides "four circumstances in which nondisclosure or concealment may constitute actionable fraud:  (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts."  The factors were then adopted without analysis in Collins v. eMachines, Inc., 202 Cal. App. 4th 249, 255-256 (2011) in evaluating a CLRA claim.  This is discussed further at Section II.A, *infra*.

here. If the Court permitted Plaintiffs to raise the argument notwithstanding their position on the motion to dismiss that they were *not* pursuing a pure omissions claim, Plaintiffs should have argued these alternative bases of disclosure obligations in their opening papers. In fact, Plaintiffs cited the *LiMandri* factors *but failed to apply them to a pure omissions claim*. ECF No. 135 at 20:13-21:10. Plaintiffs merely argued that any omissions liability was predicated on Seagate's "widespread campaign regarding the reliability of its drives, its AFRs, and the suitability of its drives for RAID arrays"—*i.e.*, Seagate's affirmative representations. *Id.* at 21:6-7. Plaintiffs did not argue that Seagate had a disclosure obligation absent any affirmative misrepresentations, and should not be allowed to do so on Reply. This is particularly so where this Court has held that such "pure omissions" claims are not actionable, as discussed below.

### A.   No Duty to Disclose Exists Absent an Issue of Product Safety or Affirmative Misrepresentation

In *Dana v. Hershey Co.*, 180 F. Supp. 3d 652, 664 (N.D. Cal. 2016), this Court concluded that "the weight of authority limits a duty to disclose under the CLRA to issues of product safety, unless disclosure is necessary to counter an affirmative misrepresentation." (Citations omitted.) Indeed, Plaintiffs cited *Dana* in their briefing on the motion to dismiss, noting that "there is some debate in federal court as to whether there is a need for a safety concern to support a duty to disclose with respect to a pure omission claim brought under California law . . . ." ECF No. 72 at 9:21-2.[3] This concession is noticeably absent from their Reply. The main split in the debate stems from two conflicting Court of Appeal opinions. *Compare Collins v. eMachines, Inc.*, 202 Cal.

---

[3]   This debate has been acknowledged by several courts, which explain that "California courts are split on the scope of the duty to disclose in CLRA and UCL omissions and fraudulent concealment claims." *See, e.g.*, *Backhaut v. Apple, Inc.*, 74 F. Supp. 3d 1033, 1049 n.9 (N.D. Cal. 2014) (even assuming a duty to disclose could be triggered by defendant's alleged exclusive knowledge or active concealment, as stated in *Collins*, 202 Cal. App. 4th 249, 255-256, plaintiffs failed to allege defendant had exclusive knowledge of material facts not known or reasonably accessible to plaintiffs); *Doe v. SuccessfulMatch.com*, 70 F. Supp. 3d 1066, 1076 n.4 (N.D. Cal. 2014) (same; applying *Collins* test because both parties adopted it in their briefs); *Herron v. Best Buy Co. Inc.*, 924 F. Supp. 2d 1161, 1174 n.2 (E.D. Cal. 2013) (same); *Herremans v. BMW of N. Am., LLC*, No. CV 14-02363 MMM (PJWx), 2014 WL 5017843, at *13 n.68 (C.D. Cal. Oct. 3, 2014) ("California Courts of Appeal disagree as to whether a failure to disclose can be actionable under the CLRA and UCL if one of the four tests set forth in *Limandri* is met.").

App. 4th 249, 255-256 (2011) (adopting without analysis the four bases of disclosure obligation set forth in *LiMandri*, even though *LiMandri* was a common law fraud case), *with Buller v. Sutter Health*, 160 Cal. App. 4th 981, 988 n.3 (2008) ("respectfully disagree[ing]" with "the proposition that a failure to disclose is actionable under the UCL if it satisfies one of the four tests for the tort of fraud by failure to disclose as set forth in *LiMandri v. Judkins* . . . .").

Seagate has found no California cases that have directly evaluated this split in authority, but federal courts doing so have held that the *LiMandri* factors do not apply to UCL or CLRA claims. *Gray v. Toyota Motor Sales, U.S.A.*, No. CV08-1690 PSG (JCx), 2012 WL 313703, at *4-5 (C.D. Cal. Jan. 23, 2012) ("California Courts of Appeal are split on whether the *LiMandri* test is properly applied to UCL and CLRA claims based on omissions . . . . [A]lthough the authority is again divided, the weight of authority suggests that a 'manufacturer's duty to consumers is limited to its warranty obligations absent either an affirmative misrepresentation or a safety issue.'"); *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 972-3 (N.D. Cal. 2008) (striking UCL and CLRA claims with prejudice, explaining: "In sum, although there is a split among courts, the cases weigh heavily toward *Daugherty* and the circumstances of this case are factually closer to the *Daugherty* line of cases, than to *Falk* and other cases that find a broader duty to disclose. Furthermore, policy reasons militate against following *Falk* in this situation—where a duty to disclose is being imposed on a manufacturer for a latent non-safety related defect in its product."). These cases are in accord with the Court's holding in *Dana*, and provide a better reading of the law: a party should not have a disclosure obligation under consumer protection statutes absent an issue of product safety or an affirmative misrepresentation. To hold otherwise would create "a broad obligation to disclose," which "California courts have generally rejected[,]" *Wilson v. Hewlett Packard Co.*, 668 F.3d 1136, 1141 (9th Cir. 2012), and raise uncertainty "about what information, if any, [a defendant] must disclose to avoid CLRA or UCL liability[,]" *Hodson v. Mars, Inc.*, 162 F. Supp. 3d 1016, 1026 (N.D. Cal. 2016). As a result, Plaintiffs' new pure omission theories both lack merit and fail to establish a common classwide disclosure obligation.[4]

---

[4] Plaintiffs citation to *Gutierrez v. CarMax Auto Superstores Cal.*, No. F073215, slip. op. (Cal. App. Dep't Super. Ct. Jan. 30, 2018), does not command a contrary result. All *Gutierrez*

B.   **Even Applying the Alternate Disclosure Standards, Plaintiffs Cannot Prove Classwide Knowledge or Materiality**

Even assuming that the *LiMandri* factors could create a disclosure obligation under the UCL, CLRA, and FAL, Plaintiffs cannot meet their burden to show that common issues of law and fact predominate.  Under Plaintiffs' new theory, they must demonstrate there is a ***common*** issue of a *high failure rate in consumers' hands*.  If the drives did not fail at unreasonably high rates in consumers' hands, they were not "unreliable" in any way that could possibly disappoint consumer expectations, such that Seagate had any disclosure obligation.  Plaintiffs' original evidence did not even attempt to meet this burden.  *See* Opp'n, ECF Nos. 152 & 156 at 7-8, 24:7-17.  Plaintiffs' new evidence—the Rebuttal Declaration of Andrew Hospodor—continues Plaintiffs' strategy of misusing normal drive development and manufacturing quality control processes to raise a variety of *disconnected* issues with *some* of the drives manufactured in *2012 or early 2013*.  *See* Seagate's Obj. to & Req. to Strike Evid. Submitted in Supp. of Pl.s' Reply, filed herewith, at 3-4.  The evidence neither establishes commonality across the class, nor failure rates *in consumers' hands*.  *Id*.  It is also inadmissible under Rule 702 and *Daubert*.  *Id*.

Nor can Plaintiffs show a classwide disclosure obligation on the basis of active concealment,[5] exclusive knowledge, or partial misrepresentations because they fail to provide classwide evidence of (1) Seagate's knowledge of a high failure rate (assuming such allegations were true), and (2) materiality.  *See Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1095-7

---

does is compound the split among Courts of Appeal.  Of note, Justice Poochigian, in his Concurring and Dissenting Opinion cautions against the expansive interpretation of omissions liability found by the *Gutierrez* majority: "Though the majority assures us that '[n]ot every omission or nondisclosure of fact is actionable' (Maj. opn., ante, at p. 27), its limitations on omission liability are illusory. . . . It is hard to imagine many omissions that would fall outside of this expansive category." *Id.*, Concurring & Dissenting Op. at 5.  In any event, as acknowledged by this Court in *Dana*, 180 F. Supp. 3d at 664, this "Court is not free to deviate from the Ninth Circuit's construction of California law in *Wilson* absent a subsequent interpretation from California's courts that the interpretation was incorrect[,]" which *Gutierrez* does not provide.

[5]   Any claim of a disclosure obligation due to Seagate's alleged active concealment fails for the independent reason that Plaintiffs have not identified specific "affirmative acts on the part of the [D]efendants in hiding, concealing or covering up the matters complained of."  *Herron v. Best Buy Co. Inc.*, 924 F. Supp. 2d 1161, 1176 (E.D. Cal. 2013) (citations omitted).

1  (N.D. Cal. 2007) (defendant's knowledge and materiality of omitted information required to
2  establish duty under *LiMandri*).

3  As set forth in Seagate's Opposition, Plaintiffs fail to demonstrate that Seagate knew of a
4  high failure rate relating to all products containing the ST3000DM001.  Opp'n, ECF Nos. 152 &
5  156 at 7:4-8:11.  While Plaintiffs have pointed to various one-off complaints by customers and
6  certain OEMs, "consumer complaints, standing alone, [are] typically insufficient to show
7  knowledge of a product defect."  *Punian v. Gillette Co.*, No. 14-CV-05028 LHK, 2016 WL
8  1029607, at *10 (N.D. Cal. Mar. 15, 2016).

9  Finally, for information to be material, a plaintiff must show that "had the omitted
10 information been disclosed, one would have been aware of it and behaved differently."
11 *Oestreicher*, 544 F. Supp. 2d at 971 (quotations omitted).  Here, Plaintiffs claim that "Seagate
12 failed to disclose to consumers that [its] drives were suffering from failure rates far exceeding its
13 advertisements and far exceeding industry rates."  Reply, ECF No. 158-2 at 1:4-6.  As the first
14 portion of this alleged omission goes to Seagate's affirmative representations, the only "pure
15 omission" at issue is Seagate's failure to disclose that its drives had a propensity to fail at rates
16 above an unspecified industry standard.  Even assuming this were true—it is not—courts have
17 determined that "an unspecified potential to fail" is insufficient "to allege a material product
18 defect" that consumers would expect to be disclosed.  *Punian*, 2016 WL 1029607, at *14-15.
19 Moreover, Plaintiffs fail to show class members would have been aware of any disclosure by
20 Seagate of the allegedly omitted information.  Because Plaintiffs cannot establish a classwide duty
21 to disclose, they fail to satisfy the requirements of Rule 23.

22                    **III.   CONCLUSION**

23 The Court should deny Plaintiffs' Motion for Class Certification.

24 Dated:  February 27, 2018

25

26                    By      */s/ Anna S. McLean*
                              ANNA S. McLEAN
27                            Attorneys for Defendant,
                              SEAGATE TECHNOLOGY LLC
28