Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Marc A. Goldich (*pro hac vice*)
Noah Axler (*pro hac vice*)
AXLER GOLDICH, LLC
1520 Locust Street, Suite 301
Philadelphia, PA 19102
Telephone: (267) 534-7400
mgoldich@axgolaw.com
naxler@axgolaw.com

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SEAGATE TECHNOLOGY LLC LITIGATION | No. 3:16-cv-00523-JCS<br><br>PLAINTIFFS' OPPOSITION TO SEAGATE TECHNOLOGY LLC'S MOTION FOR ADMINISTRATIVE RELIEF: (1) TO STRIKE PORTIONS OF PLAINTIFFS' REPLY IN SUPPORT OF CLASS CERTIFICATION MOTION, OR IN THE ALTERNATIVE, (2) FOR LEAVE TO FILE A SUR-REPLY |

010581-11 1018246 V1

# I. INTRODUCTION

Seagate Technology LLC (Seagate) is simply wrong that plaintiffs did not argue or advance their theory that Seagate failed to disclose the unreliability and true failure rates of the ST3000DM001 drives to class members. Plaintiffs oppose Seagate's end-run around the local rules with its request to either strike portions of plaintiffs' reply brief in support of class certification or the filing of a sur-reply. Local rules allow the party bearing the burden of the motion – here, the plaintiffs – the last word. Seagate has now filed five pages of objections, a six-page sur-reply and a two-page administrative motion, in an attempt to continue making arguments it should have made in opposition to class certification. Respectfully, plaintiffs request that both Seagate's motion to strike the reply brief and its request to file a sur-reply be denied.

# II. ARGUMENT

Seagate justifies its motion by suggesting that plaintiffs have just now, in their reply in support of class certification, expressed for the first time their intention to proceed on a theory of omissions. Nonsense. Plaintiffs have, from the beginning, articulated a claim that Seagate's failure to disclose the unreliability of its drives violated California's (and other states') laws:

- Second Consolidated Amended Complaint: "Defendant **had a duty to disclose** the Drives' defects . . . for the following three independent reasons: 1) Defendant had exclusive knowledge of these facts at the time of sale; 2) Defendant actively concealed these facts from Plaintiffs and Class Members; and 3) Defendant made partial representations to Plaintiffs and Class Members regarding the reliability, longevity, and suitable uses of the Drives." [1]

- Opposition to Motion to Dismiss: "In addition to affirmative misrepresentation claims, plaintiffs also adequately allege that Seagate **failed to disclose material facts** about the drives, namely that the drives have a defect, are not reliable or suitable for RAID and NAS, have inaccurate published failure rates, and do not last as long as comparable hard drives.." [2]

---

[1] Second Consolidated Amended Complaint, ¶ 322, July 11, 2016, ECF No. 62; *id*., ¶ 9 ("Defendant also violated state consumer protection laws by making material omissions and otherwise failing to disclose the Drives' defects and their true qualities, characteristics, and proper uses. Defendant's factual omissions and concealments regarding the quality, reliability, failure rate, and proper uses of the Drives were material . . ."); *id*., ¶ 287 ("Defendant's omissions and misrepresentations were material because they pertain to the Drives' reliability and longevity[.]").

[2] Plaintiffs' Opposition to Motion to Dismiss Second Consolidated Amended Complaint at 1, Sept. 2, 2016, ECF No. 72.

PLS.' OPPOSITION TO ADMIN. MOTION TO
STRIKE - Case No.: 3:16-cv-00523-JCS                    -1-
010581-11 1018246 V1

And these omissions claims are not "outside the scope of this matter"[3] – this Court expressly left plaintiffs' claims based on Seagate's failure to disclose in its ruling on the motion to dismiss.[4]

Not only have plaintiffs consistently stated their intent to proceed on an omissions theory, plaintiffs clearly outlined this theory in their opening motion for class certification. A handful (not even a complete list) of references from plaintiffs' opening class certification brief makes this clear:

- Notice of Motion: "In the alternative, plaintiffs propose the following state classes *under the omissions theory* in these jurisdictions' consumer protection laws[.]"[5]

- Statement of Issues: "Indeed, Seagate was well aware that the ST3000DM001 had a higher than advertised failure rate, was unsuitable for RAID, and was unreliable by industry standards. However, during the class period, Seagate *did not disclose these material facts* and the true reliability of the ST3000DM001 to consumers."[6]

- Introduction: "In the alternative, plaintiffs propose eight state classes under the consumer protection laws of California, Florida, Massachusetts, New York, South Carolina, South Dakota, Tennessee, and Texas for consumers who purchased the drives before February 1, 2016. *Each of these states recognizes causes of action for omissions*, and share nearly identical showings at trial on whether consumers have been deceived."[7]

- Common questions of law and fact: "Whether the average consumer was likely to be *misled by Seagate's omissions* about the drives' reliability and suitability; Whether *Seagate's omissions* would have caused plaintiffs and the class to act differently and not purchase the drives."[8]

- Typicality: "Seagate failed to disclose these material facts to the plaintiffs and to the entire class, and it cannot be disputed that *plaintiffs' omissions claims* are typical of those of the class."[9]

---

[3] Seagate Technology LLC's Motion for Administrative Relief Pursuant to Local Rule 7-11: (1) to Strike Portions of Plaintiffs' Reply in Support of Class Certification Motion, or, in the Alternative (2) for Leave to File a Sur-Reply, Feb. 27, 2018, ECF No. 161.

[4] Order Granting in Part and Denying in Part Motion to Dismiss Second Consolidated Amended Complaint at 25, Feb. 9, 2017, ECF No. 100 (allowing to proceed plaintiffs' claims that Seagate failed to disclose material facts regarding the drives' reliability, defects causing early failures, unsuitability for storing or protecting data, inaccurate AFRs and longevity).

[5] Plaintiffs' Notice of Motion and Motion for Class Certification at i, Nov. 8, 2017, ECF No. 133-2.

[6] *Id.* at viii.

[7] *Id.* at 2-3.

[8] *Id.* at 11.

[9] *Id.* at 12.

- Choice of law: "'California recognizes that "with respect to regulating or affecting conduct within its borders, the place of the wrong has the predominant interest[,]" which here is the state of California, from where the advertising scheme, ***including the notable omissions***, emanated.'"[10]

What Seagate attempts to do in its sur-reply is address its misstatements of law to this Court made in opposition to class certification. Seagate argued that "an omission claim is actionable only if it (1) concerns information about safety the defendant had an affirmative duty to disclose, or (2) is contrary to an affirmative representation by the defendant."[11] This is not a correct statement of California's law. The California Court of Appeal in *Gutierrez v. Carmax Auto Superstores California*,[12] recently confirmed the long line of California cases which hold an omission is actionable under the CLRA if *either* (1) it is "contrary to a material representation actually made by the defendant" or (2) it "is a fact the defendant was obliged to disclose."[13] In *Gutierrez*, the California Court of Appeal addressed the 2006 opinion of *Daugherty v. American Honda Motor Co.*, 51 Cal.Rptr.3d 118 (Ct.App.2006), and clarified that *Daugherty* did not actually hold "sellers of automobiles are subject to an independent duty to disclose safety concerns. Rather, the references to safety concerns in those opinions appear in dicta."[14] It is this opinion in *Daugherty* which formed the underpinning of the Ninth Circuit's opinion in *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, which Seagate argues vociferously binds this Court. But of course, that is not true.

This Court, sitting in diversity jurisdiction, is bound to "'predict' how the state high court would rule."[15] And where a "state's intermediate appellate court has addressed an issue, the Court is required to follow the intermediate appellate ruling 'unless the federal court finds convincing evidence that the state's supreme court likely would not follow it.'"[16] The California Court of

---

[10] *Id.* at 18.

[11] Seagate's Opposition to Plaintiffs' Motion for Class Certification at 1, Jan. 5, 2018, ECF No. 152.

[12] *Gutierrez v. Carmax Auto Superstores California*, 19 Cal. App. 5th 1234 (Cal. Ct. App. 2018), *as modified on denial of reh'g* (Feb. 22, 2018).

[13] *Id.* at *1257 (internal citations and quotations omitted).

[14] *Id.* at *1259.

[15] *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-2420 YGR, 2014 WL 4955377, at *8 (N.D. Cal. Oct. 2, 2014) (internal citations omitted).

[16] *Id.* (internal citation omitted).

1   Appeals, in an opinion subsequent to the Ninth Circuit's opinion in *Wilson* has confirmed that a duty
2   to disclose exists "when defendants have exclusive knowledge of material facts not known or
3   reasonably accessible to the plaintiff."[17] This Court is required to follow the *Gutierrez* opinion for
4   California law. Moreover, Seagate cannot suggest that it is unaware of California's recognition of a
5   pure omissions claim – it is the basis of the California certified state court case currently pending
6   against it.[18] Finally, Seagate does not even address the law of the **seven other states** at issue here,
7   each of which allow legal claims for omissions.[19]

8   Nevertheless, Seagate's sur-reply only underscores the propriety of certifying a class.
9   Seagate's sur-reply argues essentially three points – first, that California law does not recognize a
10  claim of "pure omissions"; second, that plaintiffs have not demonstrated it was aware of the failure
11  rate of its drives; and third, that the failure rates of the drives were not material.[20] But each of these
12  questions relates to the **merits** of plaintiffs' claims, whether plaintiffs are right or wrong, and not
13  whether it is something that can be decided on a class-wide basis. The Supreme Court held in *Amgen*
14  *Inc. v. Conn. Ret. Plans & Trust Funds* that at class certification, the plaintiff must only show that
15  "*questions* common to the class predominate, not that those questions will be answered, on the
16  merits, in favor of the class."[21] If plaintiffs are wrong on any of these points – the test of law in
17  California, Seagate's knowledge of its drive's unreliability, or the materiality of these drives – then

---

[17] *Gutierrez*, 19 Cal. App. 5th at 1258.

[18] Declaration of Lien Payne in Support of Seagate's Opposition to Plaintiffs' Motion for Class Certification, ECF No. 156-6, Ex. 31 at 28 (Order Granting in Part Plaintiffs' Motion for Class Certification in *Pozar, et al. v. Seagate Technology LLC, et al.*, Case No. CGC-15-547787 (S.F. Super. Ct. Nov. 1, 2017)) (holding "there must be some common basis to impose upon Seagate the obligation to disclose any high failure rate. However, for that duty to arise, Plaintiffs are not necessarily required to prove that Seagate made contrary representations" and certifying omissions class).

[19] *See* Plaintiffs' Reply in Support of Motion for Class Certification at 12 n.50, Feb. 20, 2018, ECF No. 158-3.

[20] Seagate is wrong in suggesting that plaintiffs must show the failure rates of the drives in consumers' hands. *See* [Proposed] Seagate Technology LLC's Sur-Reply in Opposition to Plaintiffs' Motion for Class Certification, Feb. 27, 2018, ECF No. 161-1, at 5. For a claim about misleading advertisement, what matters is the information in Seagate's possession at the time it advertised and sold the drives. For example, in California, the test is framed as defendant's "exclusive knowledge" of material facts not known to plaintiffs. *Gutierrez*, 19 Cal. App. 5th at 1258. How plaintiffs show this exclusive knowledge is up to plaintiffs to decide.

[21] *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 459 (2013) (emphasis in original).

PLS.' OPPOSITION TO ADMIN. MOTION TO
STRIKE - Case No.: 3:16-cv-00523-JCS            -4-
010581-11 1018246 V1

defendants will win at summary judgment. But what Seagate's sur-reply certainly demonstrates, is that the evidence relevant to each of these questions is common to the class.

For example, using evidence common to any class member, plaintiffs show Seagate's knowledge of the reliability issues and failure rates of its drives using internal documents (Hospodor II, ¶¶ 35-52), OEM complaints recalls (*id.*, ¶¶ 20-30, 34), numerous ship holds (*id.*, ¶¶ 6-22), engineering change reports showing serious bugs (*id.*, ¶¶ 77-96), and Backblaze's reports evidencing that Seagate's drives had an increasing failure rate and were significantly less reliable than the drives of other manufacturers (*id.*, ¶¶ 28-60).[22] And for materiality, the Supreme Court in *Amgen* addressed this exact point and held, "[a]s to materiality, therefore, the class is entirely cohesive: It will prevail or fail in unison."[23] That holding is borne out here, where plaintiffs' proof of materiality is common to the class – the results of Boedeker's conjoint analysis (Boedeker I, ¶¶ 145-46), but also the results of defendant's own survey, which showed that 69 percent of survey respondents indicated they valued the reliability of drives above other characteristics (Boedeker II, ¶ 26).[24] All of these common questions, and common evidence, demonstrate the propriety of certifying a class.

### III.   CONCLUSION

In conclusion, the Court should deny defendants' motion to strike, deny their request to file a sur-reply, and grant plaintiffs' motion for class certification.

---

[22] "Hospodor II" refers to the Rebuttal Declaration of Andrew Hospodor in Support of Plaintiffs' Motion for Class Certification, filed Feb. 20, 2018; "Hospodor Decl." refers to the Declaration of Andrew Hospodor in Support of Plaintiffs' Motion for Class Certification, filed Nov. 8, 2017. Seagate cannot contend that Hospodor II introduces "new opinions/analysis that certain issues 'persisted' past 2012" or new opinions or analysis relating to: ship holds, contamination issues, complaints from OEMs, and Seagate's ORT testing. From the start, Dr. Hospodor has proffered his opinion that the drive's "problems and excessive failure rate continued beyond 2012" (Hospodor Decl., ¶ 181), that ship holds evidenced such issues (*id.*, ¶¶ 169-175), that "contamination and head-related failures continued to plague" the drives throughout the class period, (*id.*, ¶ 117), and that OEM complaints regarding high failure and return rates (*id.*, ¶¶ 175-76, 183) and Seagate's internal ORT testing (*id.*, ¶ 179) were similarly probative. Hospodor II is proper rebuttal opinion.

[23] *Amgen*, 568 U.S. at 460.

[24] "Boedeker I" refers to the Corrected Declaration of Stefan Boedeker in Support of Plaintiffs' Motion for Class Certification, Nov. 20, 2017, ECF No. 146-1; "Boedeker II" refers to the Declaration of Stefan Boedeker in Further Support of Plaintiffs' Motion for Class Certification, Feb. 20, 2018, ECF No. 158-6.

| | | |
|---|---|---|
| 1 | DATED: March 5, 2018 | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 2 | | |
| 3 | | By:   s/ Steve W. Berman<br>         STEVE W. BERMAN |
| 4 | | 1918 Eighth Avenue, Suite 3300<br>Seattle, Washington 98101 |
| 5 | | Telephone: (206) 623-7292<br>Facsimile: (206) 623-0594 |
| 6 | | steve@hbsslaw.com |
| 7 | | Shana E. Scarlett (217895) |
| 8 | | 715 Hearst Avenue, Suite 202<br>Berkeley, California 94710 |
| 9 | | Telephone: (510) 725-3000<br>Facsimile: (510) 725-3001 |
| 10 | | shanas@hbsslaw.com |
| 11 | | Marc A. Goldich (*pro hac vice*)<br>Noah Axler (*pro hac vice*) |
| 12 | | AXLER GOLDICH, LLC<br>1520 Locust Street, Suite 301 |
| 13 | | Philadelphia, PA 19102<br>Telephone: (267) 207-2920 |
| 14 | | mgoldich@axgolaw.com<br>naxler@axgolaw.com |
| 15 | | *Attorneys for Plaintiffs and the Proposed Class* |