Shana Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Marc A. Goldich (*pro hac vice*)
Noah Axler (*pro hac vice*)
AXLER GOLDICH, LLC
1520 Locust Street, Suite 301
Philadelphia, PA 19102
Telephone: (267) 534-7400
Facsimile: (267) 534-7407
mgoldich@axgolaw.com
naxler@axgolaw.com

*Attorneys for Plaintiffs*

Neil A.F. Popović, Cal. Bar No. 132403
Anna S. McLean, Cal. Bar No. 142233
Liên H. Payne, Cal. Bar No. 291569
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947
amclean@sheppardmullin.com
npopovic@sheppardmullin.com
lpayne@sheppardmullin.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SEAGATE TECHNOLOGY LLC LITIGATION<br><br>CONSOLIDATED ACTION | No. 3:16-cv-00523-JCS<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT**<br><br>DATE: April 27, 2018<br>TIME: 9:30 a.m.<br>DEPT: Hon. Joseph C. Spero<br>         Courtroom G, 15th Floor<br><br>Complaint filed: May 9, 2016 |

The parties submit the further joint case management statement pursuant to the Standing Order for Judges of the Northern District of California and Civil Local Rule 16-9.

### I. JOINT CASE MANAGEMENT STATEMENT

**1. Jurisdiction and Service**

There are no outstanding issues regarding jurisdiction and service.

**2. Facts**

The parties have extensively discussed the facts in the pending motion for class certification and do not repeat them here.

**3. Legal Issues**

The parties have extensively discussed the legal issues in the pending motion for class certification and do not repeat them here.

**4. Motions**

**Plaintiffs' Position**: Past motions include Seagate's Motion to Dismiss on August 5, 2016. (ECF 68.)   On February 9, 2017, the Court entered its order Granting in Part and Denying in Part Seagate's Motion to Dismiss Plaintiffs' Second Amended Complaint.  Seagate answered the Second Amended Complaint on March 24, 2017. Plaintiffs did not file a third amended complaint.

Seagate also filed a Motion to Strike and for Judgment on the Pleadings on May 26, 2017. The Court issued its Order Regarding Motion to Strike and for Judgment on the Pleadings on August 25, 2017.

Plaintiffs filed their motion for class certification on November 8, 2017.  Seagate filed its opposition to plaintiffs' motion for class certification on January 5, 2018. Plaintiffs filed their reply brief on February 20, 2018. Seagate then filed an Administrative Motion for Order Striking Portions of Plaintiffs' Reply Brief or, in the Alternative, Leave to File a Sur-Reply on February 27, 2018. Plaintiffs filed their opposition to Seagate's administrative motion on March 5, 2018.  The hearing on the motion for class certification is scheduled for April 27, 2018 at 9:30 a.m.

Plaintiffs anticipate filing three additional motions:

1) Seagate produced documents that plaintiffs believe are germane to class certification. In light of this additional document production, plaintiffs plan to file a motion for leave to file a supplemental submission in further support of their Motion for Class Certification.

2) Plaintiffs anticipate filing a discovery motion to compel production of approximately 1,000 spreadsheets that Seagate is currently in the process of redacting to remove customer information.

3) Plaintiffs anticipate filing a discovery motion to compel compliance with this Court's standing order to "confirm in writing that they have produced *all* such materials so described that are locatable after a diligent search of *all* locations at which such materials might plausibly exist."[1]

4) Plaintiffs are considering bringing a motion for sanctions for the cost of re-deposing witnesses given the late-production of the highly relevant documents.

**Defendants' Position**: Plaintiffs have been aware of Seagate's rolling document productions since productions began in September 2016. Until recent calls in April 2018, the parties cooperatively managed the document production process with a now-departed attorney at Hagens Berman who acted as the primary liaison for these matters. Mr. Goldich also attended numerous meet and confer calls. Following the primary liaison's departure from Hagens Berman in late 2017, plaintiffs ceased scheduling regular meet-and-confer calls with Seagate regarding document productions. Now, plaintiffs' failure to designate a new liaison with substantive knowledge of Seagate's conversations with the primary liaison has resulted in discovery disputes about matters that plaintiffs were aware of and had not objected to for many months, if not years. Seagate's responses to plaintiffs' bullet points regarding its anticipated motions are set forth more fully below, addressed in the order in which they appear above.

1. Plaintiffs filed a motion for class certification with full knowledge that Seagate was still producing documents on a rolling basis at the time of filing. Seagate has been in

---

[1] *See* Civil Standing Orders for Magistrate Judge Joseph C. Spero (Revised Nov. 18, 2014), at ¶ 10.

1  the process of producing documents on a rolling basis since September 2016.
2  Moreover, plaintiffs have refused to disclose the documents that they believe require a
3  supplemental submission in support of their Motion for Class Certification, referring
4  only to documents regarding commercial customers' use of the ST3000DM001
5  drives, such as Netflix and Shutterfly.  Seagate has previously produced documents
6  about the commercial use of the drives.  Indeed, plaintiffs referenced issues that
7  Apple, HP, and Dell experienced with the drives in their class certification briefing.
8  *See* Plaintiffs' Notice of Motion and Motion for Class Certification at 8:18-26, Nov.
9  8, 2017, ECF No. 133-2.  Based on the limited description provided by plaintiffs, it
10 appears the documents that plaintiffs seek to include in a supplemental submission are
11 cumulative of documents and information already included in the briefing.

2. Seagate provided notice of its intention to redact personally identifying information of its customers in meet and confer calls as early as December 2016.  As stated above, Seagate's meet and confer calls with plaintiffs were generally limited to Mr. Goldich and the now-departed attorney who acted as the primary liaison. On the April 13, 2018 call with plaintiffs, Mr. Goldich and Ms. Scarlett stated plaintiffs had never been informed of Seagate's redaction of PII information.  However, Seagate included a letter with its February 28, 2017 production that clearly stated PII information had been redacted from the production.  At a minimum, plaintiffs have been on notice of Seagate's redaction of PII information since February 2017, over a year ago.

3. In a letter dated April 13, 2018, plaintiffs asked Seagate to update its document responses to state that it has produced "all materials located after a diligent search of all locations at which such materials may possibly exist." During the April 17, 2018 call, Seagate clarified that it is only obligated to produce all documents it stated it would produce in its discovery responses, i.e. "all *such* materials so described" not "all materials" responsive to plaintiffs' RFPs.  Accordingly, Seagate stated its discovery responses are in compliance with this requirement, as further modified by

    the Amended Stipulated Order Re: Discovery of Electronically Stored Information,

    filed September 9, 2016.  During the April 20, 2018 in-person meet and confer,

    Seagate agreed to provide clarification as to which of its responses the document

    production was complete and which were incomplete.

  **5.**  **Amendment of Pleadings**

  To the extent necessary, plaintiffs will seek leave of court to amend the complaint to comply with any class certification order.

  **6.**  **Evidence Preservation**

  Plaintiffs are unaware of any issues relating to evidence preservation at this time.

  **7.**  **Disclosures**

  Both parties have complied with the initial disclosure requirements of Federal Rule of Civil Procedure 26.

  **8.**  **Discovery**

  Plaintiffs' Position: Seagate produced 144 documents on March 27, 2018 and 125 documents on April 4, 2018. Seagate has informed Plaintiffs that it contemplates producing approximately 2,000 additional documents by the end of May.  Seagate explained to plaintiffs that approximately 1,000 of these documents are spreadsheets that may contain class members' information. Seagate has not yet produced because it is redacting personal information for customers (class members), including the names, addresses, phone numbers, and email addresses. Plaintiffs object to this set of redactions and the delay of production of potentially highly relevant documents.  Seagate also explained that some of the 2,000 documents it has yet to produce are documents tagged internally as "second look." Plaintiffs object to using the "second look" tag as a means of delaying production.

  Despite acknowledging that all of these documents are responsive to plaintiffs' first set of requests for production of documents served in 2016, Seagate's most recent productions occurred after briefing for class certification closed. To prevent further surprise, plaintiffs have requested that Seagate comply with the Court's standing order and write a statement indicating for which document requests Seagate has produced all materials. Seagate has declined.

1    Plaintiffs anticipate filing discovery motions related to these disputes. The parties have already conducted two telephonic meet-and-confers, and in-person meet-and-confer on April 20, 2018.

**Seagate's Position:** As previously stated in Section 4, above, plaintiffs were aware of Seagate's intention to redact the personally identifying information of its customers from its productions as early as December 2016. A letter sent with Seagate's production of February 28, 2017 confirms that plaintiffs were aware of Seagate's redaction of customer PII information for over a year and have not objected until now. The redaction of PII information from spreadsheets is a time- intensive process as spreadsheet redactions cannot be performed in the same database used for document review. As explained to plaintiffs, the documents must be sent to a separate database for redactions and require contract attorneys to review hundreds of cells of information to ensure that while customer PII information is redacted, all other responsive information is left unredacted. As stated on the April 17, 2018 call, Seagate's discovery responses included objections to plaintiffs' requests that sought "information protected by any person's right of privacy under applicable state laws," and Seagate's customers' information is protected by the California Constitution. Plaintiffs have identified no compelling interest in the disclosure of Seagate's customers' information that overrides their right to privacy under the California Constitution.

Plaintiffs have also been previously made aware of Seagate's second look process, most recently in a letter to Marc Goldich dated September 25, 2017. Contrary to plaintiffs' assertion above, the "second look" tag is not used as a means to delay production of relevant documents. As explained to plaintiffs on the April 17, 2018 meet-and-confer call, Seagate's contract attorneys use the "second look" tag when they are unsure whether a document is privileged or cannot determine responsiveness. Once a document is tagged "second look," Sheppard Mullin attorneys review the document to make determinations as to privilege and/or responsiveness. If the Sheppard Mullin attorney is unable to make a determination, the document is reviewed with Seagate for clarification of terms or content. Following clarification of terms or content, the Sheppard Mullin attorney makes

1   a privilege or responsiveness determination. Given the rolling nature of Seagate's document
2   productions, Seagate has turned to documents tagged "second look" as time became available.
3   Finally, Seagate did not represent to plaintiffs that it would produce 2,000 documents by the
4   end of May. On the April 13 and April 17, 2018 meet and confer calls, Seagate stated it expected to
5   produce *no more* than 2,000 documents and hoped to complete the production of those documents
6   prior to the end of May. Seagate is still in the process of reviewing those documents but gave an
7   estimate at plaintiffs' request. Seagate has made 45 productions to plaintiffs in a year and a half.
8   Those productions contain 7,766 documents comprised of 72,861 pages. Seagate immediately
9   employed a team of contract attorneys to begin reviewing documents in August 2016, and has
10  incurred over $1,000,000 in costs as a result of hiring contract attorneys and working with vendors.

**9.   Class Actions**

The motion for class certification is pending.

**10.   Related Cases**

As previously reported by the parties, a putative class action containing similar allegations about Seagate's 3TB hard drives is currently pending before Judge Karnow in San Francisco Superior Court, *Pozar v. Seagate Technology LLC*, CGC-15-547787 (filed September 4, 2015) (alleging California class). Judge Karnow certified a California class under UCL and CLRA based on omissions. To the extent feasible, to avoid duplication and promote efficiency, the parties here have agreed to informally coordinate discovery with the *Pozar* matter. *Pozar* counsel participated in a number of depositions and discovery meet-and-confers, and in the settlement conference held with Magistrate Judge Corley on April 26, 2017.

**11.   Relief**

Plaintiffs seek damages based on Seagate's failure to disclose the unreliability of its drives. The exact amount of the damages will be addressed in plaintiffs' Rule 26 expert reports.

**12.     Settlement and ADR**

On January 25, 2017 this Court entered a Notice and Order Regarding Settlement Conference. (ECF 97.)  The parties participated in a conference with Magistrate Judge Corley on April 26, 2017 at 11:00 a.m.  (ECF 98.) Follow-on communications continue.

**13.     Consent to Magistrate Judge for All Purposes**

The parties have consented to a Magistrate Judge for all purposes.

**14.     Other References**

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues**

The parties are not aware of issues that can be narrowed by agreement or motion at this time.

**16.     Expedited Trial Procedure**

The parties do not believe that this case can be handled under the Expedited Trial Procedure of General Order 64.

**17.     Scheduling**

Plaintiffs request a case management conference following on this Court's ruling on class certification at which point a proposed schedule for the designation of experts, discovery cutoff, hearing on dispositive motions, pretrial conference and trial will be made.

**18.     Trial**

The case will be tried to jury. Plaintiffs believe it would be premature to propose the expected length of the trial until the outcome of class certification is known.

**19.     Disclosure of Non-Party Interested Entities or Persons**

Plaintiffs are unaware of any non-party (other than the absent class members) who have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

1 **20. Professional Conduct**

2 Plaintiffs have reviewed the Guidelines for Professional Conduct for the Northern District of

3 California.

4 Seagate is concerned about a lack of civility on recent discovery calls and may seek the

5 Court's intervention if the conduct continues. Seagate raised the issue of civility in an email to

6 plaintiffs memorializing the parties' April 17, 2018 meet and confer call.

7 **21. Other**

8 The parties are unaware of any other matters as may facilitate the just, speedy and

9 inexpensive disposition of this matter.

10 DATED: April 20, 2018                          **HAGENS BERMAN SOBOL SHAPIRO LLP**

12                                                By:     /s/ Steve W. Berman
                                                       Steve W. Berman (*pro hac vice*)

13                                                HAGENS BERMAN SOBOL SHAPIRO LLP
14                                                1918 Eighth Avenue, Suite 3300
                                                  Seattle, Washington 98101
15                                                Telephone: (206) 623-7292
                                                  Facsimile: (206) 623-0594
                                                  steve@hbsslaw.com
16
17                                                Shana E. Scarlett (217895)
                                                  715 Hearst Avenue, Suite 202
18                                                Berkeley, California 94710
                                                  Telephone: (510) 725-3000
19                                                Facsimile: (510) 725-3001
                                                  shanas@hbsslaw.com
20
                                                  **AXLER GOLDICH, LLC**
21

22 DATED: April 20, 2018                          By:     /s/ Marc A. Goldrich
                                                       Marc A. Goldich (*pro hac vice*)
23                                                Marc A. Goldich (*pro hac vice*)
                                                  Noah Axler (*pro hac vice*)
24                                                AXLER GOLDICH, LLC
                                                  1520 Locust Street, Suite 301
25                                                Philadelphia, PA 19102
                                                  Telephone: (267) 534-7400
26                                                Facsimile: (267) 534-7407
                                                  mgoldich@axgolaw.com
27                                                naxler@axgolaw.com

28

FURTHER JOINT CASE MANAGEMENT
STATEMENT – Case No.: 3:16-cv-00523-JCS
                                              -8-

|   |   |
|---|---|
| | *Attorneys for Plaintiffs* |
| | **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**<br>A Limited Liability Partnership<br>Including Professional Corporations |
| DATED:  April 20, 2018 | By:   /s/ Anna S. McLean<br>     ANNA S. McLEAN, Cal. Bar No. 142233<br>amclean@sheppardmullin.com<br>NEIL A.F. POPOVIĆ, Cal. Bar No. 132403<br>npopovic@sheppardmullin.com<br>DAVID E. SNYDER, Cal. Bar No. 262001<br>dsnyder@sheppardmullin.com<br>LIÊN H. PAYNE, Cal. Bar No. 291569<br>lpayne@sheppardmullin.com<br>Four Embarcadero Center, 17th Floor<br>San Francisco, California 94111-4109<br>Telephone: 415.434.9100<br>Facsimile: 415.434.3947 |
| | *Attorneys for Defendant* |

FURTHER JOINT CASE MANAGEMENT
STATEMENT – Case No.: 3:16-cv-00523-JCS

-9-

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Steve W. Berman, am the ECF User whose identification and password are being used to file this Updated Joint Case Management Statement and [Proposed] Order. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

Dated:  April 20, 2018                                    By:     /s/ Steve W. Berman
                                                                         Steve W. Berman