SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
NEIL A.F. POPOVIĆ, Cal. Bar No. 132403
ANNA S. McLEAN, Cal. Bar No. 142233
TENAYA RODEWALD, Cal. Bar No. 248563
LIÊN H. PAYNE, Cal. Bar No. 291569
JOY O. SIU, Cal. Bar No. 307610
DANIEL R. FONG, Cal. Bar No. 311985
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947
Email: npopovic@sheppardmullin.com
       amclean@sheppardmullin.com
       rodewald@sheppardmullin.com
       lpayne@sheppardmullin.com
       jsiu@sheppardmullin.com
       dfong@sheppardmullin.com

Attorneys for Defendant,
SEAGATE TECHNOLOGY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SEAGATE TECHNOLOGY LLC LITIGATION<br><br>CONSOLIDATED ACTION | Case No. 3:16-cv-00523-JCS<br><br>**DECLARATION OF ALLEN NG IN SUPPORT OF MOTION TO SEAL PORTIONS OF PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF CLASS CERTIFICATION**<br><br>**Date:** May 11, 2018<br>**Time:** 9:30 a.m.<br>**Place:** Courtroom G<br>**Judge:** Hon. Joseph C. Spero<br><br>Second Consolidated Amended Complaint filed: July 11, 2016 |

I, Allen Ng, declare as follows:

1. I am the Director of Customer Technical Support for the Americas Channel and Original Equipment Manufacturers ("OEMs") at Seagate Technology LLC ("Seagate"). Unless otherwise indicated, I have personal knowledge of the facts set forth in this declaration, and if called as a witness, could and would competently testify as to their truth.

2. I submit this declaration in support of Seagate's Motion for an Order Sealing Certain Portions of Plaintiffs' Supplemental Brief in Support of Class Certification.

3. It is my understanding the Plaintiffs filed the Declaration of Steve W. Berman (Berman Decl.), ECF No. 167-4, in support of their proposed Supplemental Brief in Support of Class Certification ("Supplemental Brief"), which attaches 14 exhibits, all of which have been designated as "CONFIDENTIAL" under the Stipulated Protective Order in this case. It is also my understanding that portions of Plaintiffs' proposed Supplemental Brief, ECF No. 167-3, reference or incorporate materials that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by Seagate pursuant to the Stipulated Protective Order and/or previously filed under seal.

4. Due to the confidential nature of the information in certain of these documents, Seagate seeks an order sealing these documents from the public record. As will be explained below, these documents contain trade secret information, from which Seagate derives independent economic value because the information in these documents is not generally known to the public. Because of the sensitive nature of these documents, Seagate takes great efforts to protect their secrecy. Indeed, Seagate only produced these documents in this litigation subject to the Stipulated Protective Order, and has marked these documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Further, Seagate has a compelling reason for desiring this sensitive business information not to be released to its competitors or the public: namely, the risk of competitive harm should this information be generally known.

/ / /

/ / /

## I. Exhibits to the Declaration of Steve W. Berman Should Be Sealed

5. The exhibits to the Declaration of Steve W. Berman that Seagate seeks to seal include (1) information that is treated as confidential by Seagate and would be of value to Seagate's competitors if it were to be disclosed, which would cause Seagate financial and competitive harm, and (2) personal information of Seagate's customers, which Seagate has a legal obligation to protect. Several of these exhibits detail Seagate's business strategies and internal research, from which Seagate derives value based on the fact that this information is not generally known to the public.

6. For example, Exhibits 58 & 59 are email strings by Seagate's engineers that discuss firmware design revisions and changes. These emails further disclose Seagate's customer response procedures, which could be used by competitors to interfere with Seagate's customer relationships and replicate its business strategies.

7. Exhibits 61 and 62 are email strings by Seagate engineers and technical support managers which reveal Seagate's internal failure and error analysis processes.

8. Exhibit 63 is an internal presentation by a data scientist in Seagate's Cloud Health Analytics Group, providing detailed analysis of tests run on a customer's drives. These slides reveal Seagate's methodology and test results in determining potential failure cases and rates.

9. Exhibit 64 is a Seagate Corporate Response Team Log, detailing customer service interactions with users. These logs indicate Seagate's strategies in responding to various customer issues and includes personal identifying information such as an email address and phone numbers.

10. Exhibit 65 is a presentation on Seagate's failure analysis of a customer's drives. These slides reveal Seagate engineers' internal failure analysis methodology as well as a detailed summary of Seagate's findings from such analysis.

11. Exhibit 66 is a Decision Brief assembled by Seagate detailing testing of a customer's hard drives. In this report, Seagate details the reported problem, proposed courses of action, and business/engineering rationales for those various proposed remedies. This document reflects Seagate's internal data as well as strategy.

12. Exhibit 67 is an email string that reflects data regarding failure analysis and measured field return rates from Seagate's Enterprise Data Warehouse, a repository of information Seagate has assembled over time to facilitate product development efforts and inform business strategy. As a result, data from this system are proprietary to Seagate and Seagate makes great efforts to keep such data confidential.

13. Exhibit 68 is an email string involving confidential discussions with a customer regarding a drive's performance. This chain also includes internal discussions on how to respond to a customer's feedback in light of strategic concerns vis a vis another customer.

14. Exhibit 69 details Seagate's internal response to the Backblaze blog post and online content which discussed the Backblaze blog post. These emails detail the business strategy Seagate ultimately developed to understand the cause of the problems Backblaze reported, as well as to address public concerns arising out of the Backblaze post.

15. Exhibits 70 and 71 are internal Seagate presentations regarding a customer's report of drive failures. This analysis incorporates confidential data from the customer and confidential communications with the customer. Disclosure of this presentation could be detrimental to both Seagate and the customer.

16. All of these documents show Seagate's internal business strategies and decision-making processes. Seagate goes to great lengths to ensure the confidentiality of its documents: for example, as a general matter, any presentations generated by Seagate employees are marked confidential and disclosure is limited and internal to Seagate, employees include non-transmittal disclosures in their emails, and Seagate enters into non-disclosure agreements with its customers, distributors, and OEMs. Public release of these documents would threaten Seagate's obligations to these third-parties and damage Seagate by releasing proprietary strategic and engineering decisions.

## II. Portions of Plaintiffs' Supplemental Brief in Further Support of Motion for Class Certification Should Be Sealed

17. The portions of Plaintiffs' Supplemental Brief that reference the confidential information in the exhibits to the Berman Declaration should be sealed for the same reasons set forth above.

18. The portions of Plaintiffs' Supplemental Brief that reference the Declaration of Don Adams in Support of Seagate's Opposition to Plaintiffs' Motion for Class Certification should also be sealed as the Declaration was based upon Seagate's confidential and trade secret information, as set forth in ECF No. 154-1.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 24th day of April, 2018, in Cupertino, California.

_____
Allen Ng

-4- 3:16-cv-00523-JCS
SMRH:486099107.2 DECLARATION OF ALLEN NG ISO
ADMINISTRATIVE MOTION TO SEAL