SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
NEIL A.F. POPOVIĆ, Cal. Bar No. 132403
ANNA S. McLEAN, Cal. Bar No. 142233
TENAYA RODEWALD, Cal. Bar No. 248563
LIÊN H. PAYNE, Cal. Bar No. 291569
JOY O. SIU, Cal. Bar No. 307610
DANIEL R. FONG, Cal. Bar No. 311985
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
Email:        npopovic@sheppardmullin.com
              amclean@sheppardmullin.com
              rodewald@sheppardmullin.com
              lpayne@sheppardmullin.com
              jsiu@sheppardmullin.com
              dfong@sheppardmullin.com

Attorneys for Defendant,
SEAGATE TECHNOLOGY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| IN RE SEAGATE TECHNOLOGY LLC LITIGATION<br><br>CONSOLIDATED ACTION | Case No. 3:16-cv-00523-JCS<br><br>**[PROPOSED] ORDER GRANTING MOTION TO SEAL PORTIONS OF PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>**Date:** May 11, 2018<br>**Time:** 9:30 a.m.<br>**Place:** Courtroom G<br>**Judge:** Hon. Joseph C. Spero<br><br>Second Consolidated Amended Complaint filed: July 11, 2016 |
|---|---|

The Court has reviewed the Administrative Motion to File Documents Under Seal filed in connection with Plaintiffs' Supplemental Brief in Support of Class Certification and related documents.  ECF No. 167.  It has also reviewed the Declaration of Allen Ng filed by Seagate Technology LLC (Seagate) in Support of the Administrative Motion to Seal.  The Court rules as follows:

A party seeking to seal filed documents must "(1) comply with Civil Local Rule 79-5; and (2) rebut the [] strong presumption in favor of access that applies to all documents other than grand jury transcripts or pre-indictment warrant materials." *Gaudin v. Saxon Mortg. Servs.*, No. 11-cv-01663-JST, 2013 2013 WL 2631074, at *1, 2 (N.D. Cal. June 11, 2013) (internal citations and quotations omitted).

First, the party seeking to seal the document must establish that (1) "the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law; and (2) is narrowly tailored to seek sealing only of sealable material." *Id.* (citing Civil L.R. 79-5).

"With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached." *Id*. With regard to non-dispositive motions, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records[,]" and those records may be filed under seal upon a showing of "good cause." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam) (internal quotation marks and citation omitted); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying "good cause" standard to all non-dispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action") (internal quotation marks and citation omitted).  "[T]he vast majority of other courts within this circuit" apply the "good cause" standard to sealing documents filed in connection with a Motion for Class Certification.  *See In re High-Tech Emp. Antitrust Litig.*, No. 5:11-cv-02509-LHK, 2013 WL 5486230, at *2 n.1 (N.D. Cal. Sept. 30, 2013) (collecting cases); *Gaudin*, 2013 WL 2631074, at *2 (same); *Dugan v. Lloyds TSB Bank, PLC*, No. 12-cv-02549-WHA (NJV), 2013 WL 1435223, at *1 (N.D. Cal. Apr. 9, 2013) ("Unless the

denial of a motion for class certification would constitute the death knell of a case, 'the vast majority of courts within this circuit' treat motions for class certification as non-dispositive standard applies") (internal formatting omitted).

The confidential information proposed to be filed under seal satisfies this two-part test. First, the requested portions to be sealed are narrowly tailored to only portions of documents "privileged or protectable as a trade secret or otherwise entitled to protection under the law." L.R. 79-5(b). Second, good cause exists to protect Seagate's sensitive business information from being released to competitors or to the public.

### A.   Seagate's Documents Contain Trade Secrets

The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re High-Tech Emp. Antitrust Litig.*, 2013 WL 163779, at *1 (citing *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)). Generally, a trade secret "relates to the production of good . . . . It may, however, relate to the sale of goods or to other operations in the business . . . ." *Id.*; *see also Muench Photography, Inc. v. Pearson Educ., Inc.*, No. 12-cv-01927-WHO, 2013 WL 01927, at *4-5 (N.D. Cal. Aug. 15, 2013) (sealing document containing information relating to requesting party's "product development efforts and business strategies to competitors," when "competitors could use these strategies themselves—strategies that [the requesting party] spent significant resources to create").

As explained in the Ng Declaration, the information sought to be sealed involves Seagate's internal drive testing and data. Ng Decl. ¶ 4. Thus, the information is sealable under Civil Local Rule 79-5 as protectable trade secret information and/or otherwise protectable by law. *See Gaudin*, 2013 WL 2631074, at *2.

### B.   Good Cause Supports Seagate's Request to Seal the Confidential Information

There is also "good cause" to seal the requested information. *Gaudin*, 2013 WL 2631074, at *2. Seagate takes considerable effort to ensure all of this information is kept from the public; indeed, this information was only disclosed in this case pursuant to a stipulated Protective Order.

1  Ng Decl. ¶ 4.  The information is also commercially sensitive and highly valuable to Seagate.  *Id.*
2  Should information regarding Seagate's product design, development, and testing become
3  available to its competitors, it could be used to harm Seagate's "competitive standing."  *Id.*; *Nixon*
4  *v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (sealing appropriate to prevent documents
5  from being used to harm to litigant's competitive standing); *Muench Photography, Inc.*, 2013 WL
6  4475900, at *4-5.
7         GOOD CAUSE APPEARING THEREFOR, the Administrative Motion to Seal is
8  GRANTED.  The documents identified below shall remain filed under seal:

| Document Filed Under Seal by Plaintiffs | Portion(s) Sought To Be Sealed |
|---|---|
| Exhibits to Declaration of Steve W. Berman in Further Support of Motion for Class Certification, ECF No. 167-5 | Exhibits 58, 59, 61-71 |
| Plaintiffs' Supplemental Brief in Support of Motion for Class Certification, ECF No. 167-3 | Portions of MPA 2:20-21; 3:2-11, 17-26; 4:1-5, 9-17; 4:22-25; 5:1, 5-6, 13-16, 20, 22-23, 25; 6; 7:5-7, 9. |

**IT IS SO ORDERED**.

DATED: _____, 2018

_____
HON. JOSEPH C. SPERO
UNITED STATES MAGISTRATE JUDGE