SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
NEIL A.F. POPOVIĆ, Cal. Bar No. 132403
ANNA S. McLEAN, Cal. Bar No. 142233
TENAYA RODEWALD, Cal. Bar No. 248563
LIÊN H. PAYNE, Cal. Bar No. 291569
JOY O. SIU, Cal. Bar No. 307610
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
Email:        npopovic@sheppardmullin.com
              amclean@sheppardmullin.com
              rodewald@sheppardmullin.com
              lpayne@sheppardmullin.com
              jsiu@sheppardmullin.com

Attorneys for Defendant,
SEAGATE TECHNOLOGY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SEAGATE TECHNOLOGY LLC LITIGATION<br><br>CONSOLIDATED ACTION | Case No. 3:16-cv-00523-JCS<br><br>**SEAGATE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF SEAGATE'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF CLASS CERTIFICATION**<br><br>**Date:** May 11, 2018<br>**Time:** 9:30 a.m.<br>**Place:** Courtroom G<br>**Judge:** Hon. Joseph C. Spero<br><br>Second Consolidated Amended Complaint filed: July 11, 2016 |

SMRH:486089940.1                              -1-

## I. INTRODUCTION

Pursuant to N.D. Cal. Civil L.R. 79-5(d), Seagate Technology LLC ("Seagate") submits this administrative motion to seal portions of its Opposition to Plaintiffs' Administrative Motion for Leave to File Supplemental Brief in Support of Class Certification ("Opposition").

| Document | Portion(s) to Be Sealed |
|---|---|
| Opposition | Pages 2:11-17, incl. portions of n. 2 & n. 4; 3:1-16, incl. portions of n. 5, n. 6, & n. 8; 4:1-2; 4:5-21. |

The authority and grounds for sealing these documents, referred to herein as "Confidential Information," are set forth below and in the Declaration of Allen Ng ("Ng Declaration"), ECF No. 169, filed on April 24, 2018 in response to Plaintiffs' Administrative Motion to Seal, ECF No. 167. The portions of the Opposition that Seagate seeks to seal concern the same documents that were filed under seal in the Berman Declaration, ECF Nos. 167-4, 167-5. Pursuant to Civil L.R. 79-5, Seagate has submitted redacted and unredacted versions of its Opposition.

## II. THE CONFIDENTIAL INFORMATION IS SEALABLE

In this district, a party seeking to file a document under seal must satisfy a two-step process. The party must "(1) comply with Civil Local Rule 79-5; and (2) rebut the [] strong presumption in favor of access that applies to all documents other than grand jury transcripts or pre-indictment warrant materials." *Gaudin v. Saxon Mortg. Servs*., No. 11-cv-01663-JST, 2013 2013 WL 2631074, at *1, 2 (N.D. Cal. June 11, 2013) (internal citations and quotations omitted).

The first prong requires that the party seeking to seal the document establish that (1) "the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law; and (2) is narrowly tailored to seek sealing only of sealable material." *Id.* (citing Civil L.R. 79-5).

"With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached." *Id*. With regard to dispositive motions, the "presumption can be overcome only if the party presents 'compelling reasons supported by specific factual findings that outweigh the general history of

access and the public policies favoring disclosure.'" *Id.* (quoting *Damakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  With regard to non-dispositive motions, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records[,]" and those records may be filed under seal upon a showing of "good cause." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam) (internal quotation marks and citation omitted); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying "good cause" standard to all non-dispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action") (internal quotation marks and citation omitted).  "[T]he vast majority of other courts within this circuit" apply the "good cause" standard to sealing documents filed in connection with a Motion for Class Certification.  *See In re High-Tech Emp. Antitrust Litig.*, No. 5:11-cv-02509-LHK, 2013 WL 5486230, at *2 n.1 (N.D. Cal. Sept. 30, 2013) (collecting cases); *Gaudin*, 2013 WL 2631074, at *2 (same); *Dugan v. Lloyds TSB Bank, PLC*, No. 12-cv-02549-WHA (NJV), 2013 WL 1435223, at *1 (N.D. Cal. Apr. 9, 2013) ("Unless the denial of a motion for class certification would constitute the death knell of a case, 'the vast majority of courts within this circuit' treat motions for class certification as non-dispositive standard applies") (internal formatting omitted).

The Confidential Information proposed to be filed under seal satisfies the Northern District's two-part test.  First, Seagate's request is to redact only portions of the Opposition that are "privileged or protectable as a trade secret or otherwise entitled to protection under the law." L.R. 79-5(b).  Second, good cause exists to protect Seagate's sensitive business information from being released to competitors or to the public.  The Opposition references Seagate internal documents that reveal Seagate's internal failure analysis and testing procedures, data, and business strategy, as set forth in the Ng Declaration.

**A.   Seagate's Documents Contain Trade Secrets**

The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re High-Tech Emp. Antitrust Litig.*,

1  2013 WL 163779, at *1 (citing *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)).  Generally,
2  a trade secret "relates to the production of good . . . . It may, however, relate to the sale of goods or
3  to other operations in the business . . . ."  *Id.*; *see also Muench Photography, Inc. v. Pearson*
4  *Educ., Inc.*, No. 12-cv-01927-WHO, 2013 WL 01927, at *4-5 (N.D. Cal. Aug. 15, 2013) (sealing
5  document containing information relating to requesting party's "product development efforts and
6  business strategies to competitors," when "competitors could use these strategies themselves—
7  strategies that [the requesting party] spent significant resources to create").

8        As explained in the Ng Declaration, the documents cited by Plaintiffs in their proposed
9  Supplemental Brief directly reveal Seagate's efforts to respond to customer complaints regarding
10 their hard drives.  The process of formulating a response entails using internal engineering testing,
11 data analysis, and employment of business strategy.  Revelation of Seagate's field performance
12 and failure analysis methods and methodology, combined with its strategic decisions on how to
13 respond to various customers, goes to the heart of how Seagate manages quality control and
14 business, a key feature of any company.  Thus, the Confidential Information is sealable under
15 Civil Local Rule 79-5 as protectable trade secret information and/or otherwise protectable by law.
16 *See Gaudin*, 2013 WL 2631074, at *2.

17 **B.   Good Cause Supports Seagate's Request to Seal the Confidential Information**

18       There is also "good cause" to seal the Confidential Information.  *Gaudin*, 2013 WL
19 2631074, at *2.  Seagate takes considerable effort to ensure all of this information is kept from the
20 public; indeed, this information was only disclosed in this case pursuant to a stipulated Protective
21 Order.  Ng Decl. ¶¶ 4, 16; ECF No. 61.  The information is also commercially sensitive and highly
22 valuable to Seagate.  Ng. Decl., ¶¶ 4, 16.  Should information regarding Seagate's product design,
23 development, and methods of product analysis become available to its competitors, it could be
24 used to harm Seagate's "competitive standing."  *Id.*; *Nixon v. Warner Commc'ns, Inc.*, 435 U.S.
25 589, 598 (1978) (sealing appropriate to prevent documents from being used to harm to litigant's
26 competitive standing); *Muench Photography, Inc.*, 2013 WL 4475900, at *4-5.

27 **III.  CONCLUSION**

28       For the foregoing reasons, this Court should seal the Confidential Information.

Dated: April 24, 2018

By    */s/ Anna S. McLean*
      ANNA S. McLEAN

      Attorneys for Defendant,
      SEAGATE TECHNOLOGY LLC

SMRH:486089940.1                    -5-