SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
NEIL A.F. POPOVIĆ, Cal. Bar No. 132403
ANNA S. McLEAN, Cal. Bar No. 142233
TENAYA RODEWALD, Cal. Bar No. 248563
LIÊN H. PAYNE, Cal. Bar No. 291569
JOY O. SIU, Cal. Bar No. 307610
DANIEL R. FONG, Cal. Bar No. 311985
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947
Email: npopovic@sheppardmullin.com
       amclean@sheppardmullin.com
       rodewald@sheppardmullin.com
       lpayne@sheppardmullin.com
       jsiu@sheppardmullin.com
       dfong@sheppardmullin.com

Attorneys for Defendant,
SEAGATE TECHNOLOGY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SEAGATE TECHNOLOGY LLC LITIGATION<br><br>CONSOLIDATED ACTION | Case No. 3:16-cv-00523-JCS<br><br>**SEAGATE TECHNOLOGY LLC'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF CLASS CERTIFICATION**<br><br>**Date:** May 11, 2018<br>**Time:** 2:00 p.m.<br>**Place:** Courtroom G<br>**Judge:** Hon. Joseph C. Spero<br><br>Second Consolidated Amended Complaint filed: July 11, 2016 |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

## I. INTRODUCTION

Seagate showed in its Opposition to Plaintiffs' Motion for Class Certification filed March 30, 2018 ("Opposition") that Plaintiffs' motion should be denied because, *inter alia,* (1) Plaintiffs failed to identify any common misrepresentations made by Seagate to the putative class so as to trigger a duty to disclose under *Wilson v. Hewlett-Packard Co.,* 668 F.3d 1136 (9th Cir. 2012) and *Daugherty v. American Honda Motor Co.*, 144 Cal. App. 4th (2006), and (2) Plaintiffs failed to establish a common defect or even a common failure rate that was either materially or consistently higher than Seagate's published AFR during the class period such that, even assuming the existence of a duty, there would have been anything to "disclose." ECF No. 156 at 7:4-8:11, 11:15-26; *Berryman v. Merit Property Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1556-57 (2007) ("[F]ailure to disclose a fact one has no affirmative duty to disclose is [not] 'likely to deceive' anyone").

After the close of briefing, Plaintiffs now submit documents produced in the ordinary course of discovery claiming they justify a supplemental filing. They do not. The documents relate solely to ***commercial users, not putative class members*** and thus do not fix the deficiencies identified above. Nor is this new information. Plaintiffs have long known of issues that arose when commercial entities tried to save money by misusing these consumer-grade drives in environments for which they were neither specified nor designed. Even Plaintiffs' own expert agrees the experience of commercial users does not support conclusions about the failure rate of drives under consumer use. ECF No. 158-7 ("Hospodor Rebuttal Declaration") ¶ 53. The "new" documents still do not show Seagate made common, affirmative misrepresentations that gave rise to a common disclosure obligation or any presumption of class-wide reliance or materiality. Plaintiffs' Administrative Motion should be denied.

## II. ARGUMENT

### A. The "New" Documents Are Irrelevant, Cumulative, and Do Not Support Certification

Plaintiffs assert the newly proffered exhibits provide "direct evidence of Seagate misleading its customers[,]" "emphasize the materiality of Seagate's omissions[,]" and "form conclusions regarding the drive defects." ECF No. 167 at 3:21-27. These issues go to the merits of this case;

they do nothing to establish the requirements for class certification. Plaintiffs' request that the Court consider these supplemental documents is therefore premature and should be denied.[1]

**1. The "New" Documents Establish Neither a Defect Nor a "High Failure Rate" Relevant to Consumers**

First, Plaintiffs proclaim "[t]he new documents prove that the drives were defective." ECF No. 167-3 at 2:4. Then what is the defect? Plaintiffs do not seek to revive their implied warranty claim with this supposed newfound evidence of a defect. In fact, they nowhere point to any document that identifies a defect. Plaintiffs' claim is baseless and should be disregarded.

As to a "high failure rate," the same is true as to any rate that could be relevant to this case. With the exception of Exhibit 64, ***none*** of the "new" documents relate to drive failures in *consumer* use.[2]

---

[1] The discovery issues are discussed in the parties' Further Joint Case Management Statement, ECF No. 166, and will be further addressed in an upcoming discovery motion Plaintiffs have stated they intend to file. As such, Seagate does not address the inflammatory (and factually unsupported) discovery accusations in Plaintiffs' submission here.

[2] Exhibit 64 is the only "new" document that appears to relate to consumers. However, Plaintiffs fail to tell the Court that it concerns many drives not at issue. The document is irrelevant.

[3] All references to "Ex." refer to this docket entry.

[4] *See* ECF No. 167-3 (Proposed Supp. Brief) at 4.



[redacted]

---

[5] [redacted] *See, e.g.*, Ex. 66 at FED_SEAG0071984; Ex. 58 at FED_SEAG0072382.

[6] [redacted]

[7] *See* Joint Case Management Statement, ECF No. 166 at 2:24-3:11; *see also* ECF No. 152-1, Ex. 31, at ¶¶(1)(q), (2)(b) & (g) (state plaintiffs attempted to rely on Cleversafe/Shutterfly documents in support of their class certification motion filed nearly a year ago; all were held inadmissible by Judge Karnow).

[8] Indeed, even though Plaintiffs relied heavily on Backblaze to bring their Complaint, they soon realized the Backblaze data could not establish a defect or a failure rate relevant to consumers, and they never even deposed Backblaze. [redacted] (ECF No. 158-7 [Hospodor "Rebuttal" Report], ¶ 53.) These "new" documents do not support class certification any more than the Backblaze reports or earlier-produced Cleversafe/Shutterfly documents did.

### 2. The Documents Do Not Support Plaintiffs' Claim of "Active Concealment"

Nor do the documents support Plaintiffs' accusation that "Seagate actively concealed information about the drive's true failure rate." ECF No. 167-3 at 5.

## B. The Supplemental Brief and Exhibits Still Do Not Establish a Common Disclosure Obligation, or Permit a Presumption of Classwide Reliance and Materiality

More fundamentally, the documents are irrelevant to the legal issues before the Court on class certification under the correct legal standard. A majority of courts, including this one, have held that "absent affirmative representations, an obligation to disclose under California law extends

[9] Nor do Plaintiffs identify any other "true" failure rate they claim Seagate should have disclosed.

only to matters of product safety." *See, e.g., McCoy v. Nestle USA, Inc.*, 173 F. Supp. 3d 954, 965 (N.D. Cal. 2016) (citing *Wilson*, 668 F.3d at 1136-1141 (9th Cir. 2012) (*Wilson*)) (UCL, CLRA, and FAL claims dismissed because plaintiffs did not allege safety defect or affirmative representation giving rise to duty to disclose); *Dana v. Hershey Co.*, 180 F. Supp. 3d 652, 663 (N.D. Cal. 2016) (same); *Hodson v. Mars, Inc.*, 162 F. Supp. 3d 1016, 1024-26 (N.D. Cal. 2016) (same, collecting cases); *Sud v. Costco Wholesale Corp.*, 229 F. Supp. 3d 1076 (N.D. Cal. 2017) (same); *Marcus v. Apple, Inc.*, No. C 14-03824 WHA, 2015 WL 151489, at *6 (N.D. Cal. Jan. 8, 2015) (*Marcus*); *Gray v. Toyota Motor Sales, U.S.A., Inc.*, 554 Fed. App'x. 608, 609 (9th Cir. 2014) (no claim under UCL or CLRA absent safety issue or affirmative representation); *see also* ECF Nos. 156 (Class Cert. Opp.) at 1:12-21, 5:3-7:3, 9:18-11:14, 20:15-22:2; 158-1 (Seagate's Sur-Reply).[10]

Applying this standard, Plaintiffs still cannot establish that putative class members were exposed to, and relied on, any affirmative representations by Seagate that gave rise to a common duty to disclose. This is because Plaintiffs have only argued that Seagate communicated its affirmative misrepresentations through an "advertising campaign" limited to its website, which provided links to various PDFs that had representations related to RAID and AFR for a fraction of the products at issue in this case. *See* ECF No. 156 at 1:12-21, 5:3-7:3, 9:18-11:14, 20:15-22:2. None of the supplemental evidence changes these fundamental flaws in Plaintiffs' Motion. As such, the materials Plaintiffs propose to submit add nothing to their position on class certification, and the Court should deny their request to file a supplemental brief.

## III. CONCLUSION

The Court should deny Plaintiffs' Motion for Leave to File a Supplemental Brief and their Motion for Class Certification.

[10] Indeed, Judge Alsup, who decided *Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088, 1094-95 (N.D. Cal. 2007), reversed course in *Marcus*, relying on *Wilson* to hold that an omission claim based on the defendant's alleged active concealment of a defect was non-actionable. *Marcus*, 2015 WL 151489, at *5-6. This is significant because the Court of Appeal in *Collins v. eMachines, Inc.*, 202 Cal. App. 4th 249, 255-56 (2011) relied on *Falk* as the basis for applying the *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997) test to consumer protection claims. Of course, this Court also held that a "pure omissions" claim was not actionable under the UCL and/or CLRA in *Dana*, applying *Wilson*. The law has not changed since *Dana* so as to alter the Court's conclusion here.

Dated: April 24, 2018

By *_/s/ Anna S. McLean_*

ANNA S. McLEAN
Attorneys for Defendant,
SEAGATE TECHNOLOGY LLC

-6-
Case No. 3:16-cv-00523-JCS
SMRH:486073602.4
SEAGATE'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF