1 | Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
2 | 1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
3 | Telephone: (206) 623-7292
Facsimile: (206) 623-0594
4 | steve@hbsslaw.com

5 | Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
6 | 715 Hearst Avenue, Suite 202
Berkeley, California 94710
7 | Telephone: (510) 725-3000
Facsimile: (510) 725-3001
8 | shanas@hbsslaw.com

9 | Marc A. Goldich (*pro hac vice*)
Noah Axler (*pro hac vice*)
10 | AXLER GOLDICH, LLC
1520 Locust Street, Suite 301
11 | Philadelphia, PA 19102
Telephone: (267) 534-7400
12 | mgoldich@axgolaw.com
naxler@axgolaw.com
13 |
*Attorneys for Plaintiffs and the
14 | Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE SEAGATE TECHNOLOGY LLC LITIGATION | No. 3:16-cv-00523-JCS<br><br>ADMINISTRATIVE MOTION FOR LEAVE TO FILE PLAINTIFFS' SECOND SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF MOTION FOR CLASS CERTIFICATION; MOTION TO SEAL |
|---|---|

010581-11 1036618 V1

I.      RELIEF REQUESTED

Plaintiffs bring this motion for administrative relief to submit additional, newly produced evidence, which relates to the pending motion for class certification. Plaintiffs' motion for class certification is scheduled for hearing on June 15, 2018 at 9:30 a.m. Plaintiffs respectfully request that the Court consider this newly-produced evidence, which is contained in plaintiffs' supplemental six-page brief as part of plaintiffs' motion for class certification. Courts have routinely recognized that discovery delays on the eve of certification prejudice plaintiffs.[1]

On April 3, 2018 – a mere two weeks before the then-scheduled class certification – Seagate Technology LLC (Seagate) surprised plaintiffs with 125 new documents. On shortened time, plaintiffs reviewed the 125 documents, discovered that they were highly relevant to class certification, and filed an administrative motion requesting that the Court consider these documents at class certification.[2] Shortly thereafter, Seagate disclosed "no more than 2,000 documents" responsive to plaintiffs' first set of requests for production – which were served nearly two years ago.[3] Seagate produced an additional 3,705 documents in four separate productions between April 25, 2018 and May 10, 2018. On May 8, 2018, with the class certification motion only three days away, plaintiffs requested that this Court move the class certification hearing to allow plaintiffs additional time to review and consider these additional documents. This Court granted the request, moving the class certification hearing to June 15, 2018.[4]

Having now reviewed all documents relevant to class certification, plaintiffs respectfully bring this motion to request that the Court consider some of the newly produced evidence. Among the 3,705 newly produced documents were 1,552 detailed spreadsheets – many of which recorded

---

[1] *See Rooney v. Sierra Pac. Windows*, No. 10-CV-00905-LHK, 2011 WL 2149097, at *4 (N.D. Cal. June 1, 2011) (electing to extend the deadline for class certification based on defendants' production of documents); *Orozco v. Illinois Tool Works Inc.*, No. 2:14-CV-2113-MCE-EFB, 2016 WL 5160172, at *3 (E.D. Cal. Sept. 20, 2016) (noting that "late production surely impacted plaintiffs' ability to prepare its motion for class certification" and awarding fees).

[2] *See* Admin. Motion for Leave to File Plaintiffs' Supp. Brief at 1, Apr. 20, 2018, ECF No. 167.

[3] *Id.* at 2.

[4] Order Granting Stipulation Regarding Rescheduling of Class Cert. Hearing, May 9, 2018, ECF No. 174.

1  thousands of customers' direct complaints to Seagate about drive failures throughout the class
2  period. The new documents demonstrate that Seagate monitored and responded to customers'
3  complaints about the drive on third-party sales websites, such as Amazon, Newegg and Best Buy.
4  These spreadsheets are voluminous. Many of the 1,552 spreadsheets contain thousands of customer
5  complaints; some contain more than 10,000 entries. And customer complaints about the drives at
6  issue in this case (the ST3000DM001) are numerous – just one spreadsheet in the new production
7  contains more than 8,000 references to drive "failures."

8        Plaintiffs' supplemental brief relies <u>only</u> on this newly produced evidence. This evidence
9  directly contradicts Seagate's augments made in opposition to plaintiffs' motion for class
10 certification. For example, Seagate has argued that the Grenada Classic drives were the only drives
11 with known reliability issues (Opp. at 8)[5], but the new evidence demonstrates high failure rates for
12 all STM3000DM001 drives at issue, regardless of the name under which they were marketed or
13 product code name. Seagate also claimed that the drive's failure rate was not material to its
14 customers. Opp. at 12. But newly-produced documents prove that reliability and failure rates are the
15 most significant concern for customers.

16       Plaintiffs were unable to obtain a stipulation for this filing, because Seagate required that in
17 exchange for plaintiffs' six-page brief, it also would be entitled to a further filing. Given that it is
18 plaintiffs' motion for class certification, it is plaintiffs who are entitled to file the final set of papers.
19 But Seagate's request also injures the fundamental notions of fairness: Seagate withheld these final
20 3,700 documents from production. In so doing, Seagate forced plaintiffs to review thousands of
21 documents on an abbreviated schedule, and deprived plaintiffs of the ability to show the evidence to
22 plaintiffs' experts. The six-page brief simply attempts to remedy that harm. The brief outlines the
23 most important newly produced documents and explains how this evidence relates to the common
24 questions to the class. For these reasons, plaintiffs respectfully request that the Court consider this
25 evidence.

26
27
28    [5] Seagate's Opposition to Plaintiffs' Motion for Class Certification (Opp.), Jan. 12, 2018, ECF No. 156.

## II. MOTION TO SEAL

Pursuant to Civil Local Rule 7-11 and 79-5, plaintiffs provisionally lodge under seal the following:

1. Portions of Plaintiffs' Supplemental Brief in Further Support of Motion for Class Certification (Supplemental Reply Brief); and

2. Exhibits 72 through 77 to the Declaration of Shana E. Scarlett in Support of Plaintiffs' Second Supplemental Brief in Further Support of Class Certification

because they contain information designated by defendants as "Confidential," or " Highly Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order ("Protective Order") in place in this action.[6] The Protective Order in this action requires that information designated as confidential "qualify for protection under Federal Rule of Civil Procedure 26(c)."[7] In turn, under Rule 26(c), a Court may require "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."[8]

These cases involve the rights of thousands of consumers and businesses across the country – people and entities that should have the ability to see the issues being litigated in this case. The information contained in the Plaintiffs' Supplemental Brief in Further Support of Motion for Class Certification, and Exhibits 72 through 77 to the Scarlett Declaration are exactly the type of information that should be available for the public to review. Pursuant to the Protective Order and Civil Local Rule 79-5(d), the designating party must now demonstrate that the designated information is sealable or must withdraw the designation of confidentiality.

DATED: June 5, 2018                                HAGENS BERMAN SOBOL SHAPIRO LLP

By:   s/ Shana E. Scarlett
       SHANA E. SCARLETT

715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

---

[6] Stipulated Protective Order, July 8, 2016, ECF No. 61.
[7] *Id.*, ¶ 2.4.
[8] Fed. R. Civ. P. 26(c)(1)(G).

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Marc A. Goldich (*pro hac vice*)
Noah Axler (*pro hac vice*)
AXLER GOLDICH, LLC
1520 Locust Street, Suite 301
Philadelphia, PA 19102
Telephone: (267) 207-2920
mgoldich@axgolaw.com
naxler@axgolaw.com

*Attorneys for Plaintiffs and the Proposed Class*

11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

ADMIN. MOT. FOR LEAVE TO FILE SECOND SUPP.
BR. & TO SEAL– Case No.: 3:16-cv-00523-JCS

-4-