SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
NEIL A.F. POPOVIĆ, Cal. Bar No. 132403
ANNA S. McLEAN, Cal. Bar No. 142233
TENAYA RODEWALD, Cal. Bar No. 248563
LIÊN H. PAYNE, Cal. Bar No. 291569
JOY O. SIU, Cal. Bar No. 307610
DANIEL R. FONG, Cal. Bar No. 311985
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
Email:        npopovic@sheppardmullin.com
              amclean@sheppardmullin.com
              rodewald@sheppardmullin.com
              lpayne@sheppardmullin.com
              jsiu@sheppardmullin.com
              dfong@sheppardmullin.com

Attorneys for Defendant,
SEAGATE TECHNOLOGY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| IN RE SEAGATE TECHNOLOGY LLC LITIGATION  CONSOLIDATED ACTION | Case No. 3:16-cv-00523-JCS  **[PROPOSED] ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFFS' SECOND SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF MOTION FOR CLASS CERTIFICATION**  **Date:**  June 15, 2018  **Time:**  9:30 a.m.  **Place:** Courtroom G  **Judge:** Hon. Joseph C. Spero  Second Consolidated Amended Complaint filed: July 11, 2016 |
|---|---|

The Court has reviewed the Administrative Motion to File Documents Under Seal filed in connection with Plaintiffs' Supplemental Brief in Support of Class Certification and related documents.  ECF No. 175.  It has also reviewed the Declaration of Karl J. Schweiss (Schweiss Declaration) filed by Seagate Technology LLC (Seagate) in Support of the Administrative Motion to Seal on June 11, 2018.  The Court rules as follows:

A party seeking to seal filed documents must "(1) comply with Civil Local Rule 79-5; and (2) rebut the [] strong presumption in favor of access that applies to all documents other than grand jury transcripts or pre-indictment warrant materials." *Gaudin v. Saxon Mortg. Servs.*, No. 11-cv-01663-JST, 2013 2013 WL 2631074, at *1, 2 (N.D. Cal. June 11, 2013) (internal citations and quotations omitted).

First, the party seeking to seal the documents must establish that (1) "the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law; and (2) is narrowly tailored to seek sealing only of sealable material." *Id.* (citing Civil L.R. 79-5).

Second, the party seeking to seal the documents must satisfy the showing required for overcoming the strong presumption of access; this showing "depends on the type of motion to which the document is attached." *Id*.  With regard to non-dispositive motions, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records[,]" and those records may be filed under seal upon a showing of "good cause." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam) (internal quotation marks and citation omitted); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying "good cause" standard to all non-dispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action") (internal quotation marks and citation omitted).  "[T]he vast majority of other courts within this circuit" apply the "good cause" standard to sealing documents filed in connection with a Motion for Class Certification.  *See In re High-Tech Emp. Antitrust Litig.*, No. 5:11-cv-02509-LHK, 2013 WL 5486230, at *2 n.1 (N.D. Cal. Sept. 30, 2013) (collecting cases); *Gaudin*, 2013 WL 2631074, at *2 (same); *Dugan v. Lloyds TSB Bank, PLC*, No. 12-cv-02549-WHA (NJV), 2013 WL 1435223, at *1 (N.D. Cal. Apr. 9,

2013) ("Unless the denial of a motion for class certification would constitute the death knell of a case, 'the vast majority of courts within this circuit' treat motions for class certification as non-dispositive standard applies") (internal formatting omitted).

The confidential information proposed to be filed under seal satisfies this two-part test. First, the requested portions to be sealed are narrowly tailored to only portions of documents or documents "privileged or protectable as a trade secret or otherwise entitled to protection under the law." L.R. 79-5(b). Second, as shown by the Schweiss Declaration, good cause exists to protect Seagate from the disclosure of its confidential and sensitive business information, because such disclosure could cause competitive harm to Seagate.

GOOD CAUSE APPEARING THEREFOR, the Administrative Motion to Seal is GRANTED. The documents identified below shall remain filed under seal:

| Document Filed Under Seal by Plaintiffs | Portion(s) Sought To Be Sealed |
| --- | --- |
| Exhibits to Declaration of Shana Scarlett, ECF No. 175-5 | Exhibits 72-77 (ECF Nos. 175-6 through 175-11) |
| Portions of Plaintiffs' Second Supplemental Brief in Support of Motion for Class Certification, ECF Nos. 175-3, 175-4 | Redacted Portions of MPA |

**IT IS SO ORDERED**.

DATED: _____, 2018

_____
HON. JOSEPH C. SPERO
UNITED STATES MAGISTRATE JUDGE