SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
NEIL A.F. POPOVIĆ, Cal. Bar No. 132403
ANNA S. McLEAN, Cal. Bar No. 142233
TENAYA RODEWALD, Cal. Bar No. 248563
LIÊN H. PAYNE, Cal. Bar No. 291569
JOY O. SIU, Cal. Bar No. 307610
DANIEL R. FONG, Cal. Bar No. 311985
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
Email:        npopovic@sheppardmullin.com
              amclean@sheppardmullin.com
              rodewald@sheppardmullin.com
              lpayne@sheppardmullin.com
              jsiu@sheppardmullin.com
              dfong@sheppardmullin.com

Attorneys for Defendant,
SEAGATE TECHNOLOGY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SEAGATE TECHNOLOGY LLC LITIGATION<br><br>CONSOLIDATED ACTION | Case No. 3:16-cv-00523-JCS<br><br>**SEAGATE TECHNOLOGY LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF SEAGATE'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF CLASS CERTIFICATION**<br><br>**Date:** June 15, 2018<br>**Time:** 9:30 a.m.<br>**Place:** Courtroom G<br>**Judge:** Hon. Joseph C. Spero<br><br>Second Consolidated Amended Complaint filed: July 11, 2016 |

SMRH:486634669.1                    -1-

## I. INTRODUCTION

Pursuant to N.D. Cal. Civil L.R. 79-5(d), Seagate Technology LLC ("Seagate") submits this administrative motion to seal portions of its Opposition to Plaintiffs' Administrative Motion for Leave to File a Second Supplemental Brief in Support of Class Certification ("Opposition") as follows:

| Document | Portion(s) to Be Sealed |
|---|---|
| Declaration of Tenaya Rodewald | Exhibits 1, H, and L |

The authority and grounds for sealing these documents, or portions thereof, referred to herein as "Confidential Information," are set forth below and in the Declarations of Karl J. Schweiss ("Schweiss Declaration"), filed on June 11, 2018 (one of which is filed concurrently herewith, and the other in response to Plaintiffs' Administrative Motion to Seal, ECF No. 175).

## II. THE CONFIDENTIAL INFORMATION IS SEALABLE

In this district, a party seeking to file a document under seal must satisfy a two-step process. The party must "(1) comply with Civil Local Rule 79-5; and (2) rebut the [] strong presumption in favor of access that applies to all documents other than grand jury transcripts or pre-indictment warrant materials." *Gaudin v. Saxon Mortg. Servs.*, No. 11-cv-01663-JST, 2013 2013 WL 2631074, at *1, 2 (N.D. Cal. June 11, 2013) (internal citations and quotations omitted).

The first prong requires that the party seeking to seal the document establish that (1) "the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law; and (2) is narrowly tailored to seek sealing only of sealable material." *Id.* (citing Civil L.R. 79-5).

"With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached." *Id*. With regard to dispositive motions, the "presumption can be overcome only if the party presents 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Id.* (quoting *Damakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). With regard to non-dispositive motions, the

1  Ninth Circuit has "carved out an exception to the presumption of access to judicial records[,]" and
2  those records may be filed under seal upon a showing of "good cause."  *In re Midland Nat. Life*
3  *Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam) (internal
4  quotation marks and citation omitted); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir.
5  2010) (applying "good cause" standard to all non-dispositive motions because such motions "are
6  often unrelated, or only tangentially related, to the underlying cause of action") (internal quotation
7  marks and citation omitted).  "[T]he vast majority of other courts within this circuit" apply the
8  "good cause" standard to sealing documents filed in connection with a Motion for Class
9  Certification.  *See In re High-Tech Emp. Antitrust Litig.*, No. 5:11-cv-02509-LHK, 2013 WL
10 5486230, at *2 n.1 (N.D. Cal. Sept. 30, 2013) (collecting cases); *Gaudin*, 2013 WL 2631074, at *2
11 (same); *Dugan v. Lloyds TSB Bank, PLC*, No. 12-cv-02549-WHA (NJV), 2013 WL 1435223, at
12 *1 (N.D. Cal. Apr. 9, 2013) ("Unless the denial of a motion for class certification would constitute
13 the death knell of a case, 'the vast majority of courts within this circuit' treat motions for class
14 certification as non-dispositive standard applies") (internal formatting omitted).

15        The Confidential Information proposed to be filed under seal satisfies the Northern
16 District's two-part test.  First, Seagate's request is limited to redacting only portions of the
17 Opposition that are "privileged or protectable as a trade secret or otherwise entitled to protection
18 under the law."  L.R. 79-5(b).  Second, good cause exists to protect the Confidential Information
19 from being released to competitors or to the public as such information sets forth Seagate's
20 business strategy, as explained in the Schweiss Declaration.

21    **A.    Seagate's Documents Are Protectable By Law**

22        The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement
23 of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation
24 of information which is used in one's business, and which gives him an opportunity to obtain an
25 advantage over competitors who do not know or use it."  *In re High-Tech Emp. Antitrust Litig.*,
26 2013 WL 163779, at *1 (citing *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)).  Generally,
27 a trade secret "relates to the production of good . . . . It may, however, relate to the sale of goods or
28 to other operations in the business . . . ."  *Id.*; *see also Muench Photography, Inc. v. Pearson*

1  *Educ., Inc.*, No. 12-cv-01927-WHO, 2013 WL 01927, at *4-5 (N.D. Cal. Aug. 15, 2013) (sealing
2  document containing information relating to requesting party's "product development efforts and
3  business strategies to competitors," when "competitors could use these strategies themselves—
4  strategies that [the requesting party] spent significant resources to create").

5        As explained in the Schweiss Declaration, the Confidential Information contains and
6  reflects Seagate's internal data analysis, its business strategy related to data recovery services
7  offered by Seagate, Seagate's marketing and website design strategy, and product improvement
8  strategies. Schweiss Decl. ¶¶ 4-9. Revelation of this information could result in competitive harm
9  to Seagate as this information goes to the heart of how Seagate operates its business. *Id.* ¶¶ 4, 7, 9.
10 Thus, the Confidential Information is sealable under Civil Local Rule 79-5 as protectable trade
11 secret information and/or otherwise protectable by law. *See Gaudin*, 2013 WL 2631074, at *2.
12 Seagate has also narrowly tailored its request to seal, seeking to seal only three exhibits to its
13 Opposition to the extent they set forth Seagate's business strategies.

14 **B.  Good Cause Supports Seagate's Request to Seal the Confidential Information**

15       There is also "good cause" to seal the Confidential Information. *Gaudin*, 2013 WL
16 2631074, at *2. Seagate takes considerable effort to ensure all of this information is kept from the
17 public; indeed, this information was only disclosed in this case pursuant to a stipulated Protective
18 Order. Schweiss Decl. ¶¶ 5; ECF No. 61. The information is also commercially sensitive and
19 highly valuable to Seagate. Schweiss Decl. ¶¶ 4-9. Should information regarding Seagate's
20 marketing and other business strategies become available to its competitors, it could be used to
21 harm Seagate's competitive standing. *Id.*; *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598
22 (1978) (sealing appropriate to prevent documents from being used to harm to litigant's
23 competitive standing); *Muench Photography, Inc.*, 2013 WL 4475900, at *4-5.

24 **III.  CONCLUSION**

25       For the foregoing reasons, this Court should seal the Confidential Information.

26
27
28

Dated:  June 11, 2018

By        */s/ Anna S. McLean*
       ANNA S. McLEAN

Attorneys for Defendant,
SEAGATE TECHNOLOGY LLC

SMRH:486634669.1                                    -5-