SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
　A Limited Liability Partnership
　　Including Professional Corporations
NEIL A.F. POPOVIĆ, Cal. Bar No. 132403
ANNA S. McLEAN, Cal. Bar No. 142233
TENAYA RODEWALD, Cal. Bar No. 248563
LIÊN H. PAYNE, Cal. Bar No. 291569
JOY O. SIU, Cal. Bar No. 307610
DANIEL R. FONG, Cal. Bar No. 311985
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
Email:          npopovic@sheppardmullin.com
　　　　　　amclean@sheppardmullin.com
　　　　　　rodewald@sheppardmullin.com
　　　　　　lpayne@sheppardmullin.com
　　　　　　jsiu@sheppardmullin.com
　　　　　　dfong@sheppardmullin.com

Attorneys for Defendant,
SEAGATE TECHNOLOGY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| IN RE SEAGATE TECHNOLOGY LLC LITIGATION<br><br>CONSOLIDATED ACTION | Case No. 3:16-cv-00523-JCS<br><br>**DECLARATION OF KARL J. SCHWEISS IN SUPPORT OF SEAGATE TECHNOLOGY LLC'S MOTION TO SEAL PORTIONS OF OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF CLASS CERTIFICATION**<br><br>**Date:** June 15, 2018<br>**Time:** 9:30 a.m.<br>**Place:** Courtroom G<br>**Judge:** Hon. Joseph C. Spero<br><br>Second Consolidated Amended Complaint filed: July 11, 2016 |
|---|---|

I, Karl J. Schweiss, declare as follows:

1. I am a Senior Technical Writer and Project Manager at Seagate Technology LLC ("Seagate"). Unless otherwise indicated, I have personal knowledge of the facts set forth in this declaration, and if called as a witness, could and would competently testify as to their truth.

2. I submit this declaration in support of Seagate's Opposition to Plaintiffs' Administrative Motion for Leave to File Second Supplemental Brief in Support of Class Certification (Seagate's Opposition).

3. It is my understanding that Exhibits 1, H, and L to the Declaration of Tenaya Rodewald in support of Seagate's Opposition have either (1) been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the Stipulated Protective Order in this case, or (2) directly quote excerpts of such documents.

4. These documents contain highly confidential information, including sensitive commercial information concerning the operations of Seagate's business and its strategic decision-making based on market and product testing, which Seagate has conducted over time. As a result, I believe that access to this sensitive business information would be used by Seagate's competitors to Seagate's detriment because it would give them previously unavailable insight into Seagate's operations, how it measures its products' performance, as well as its proprietary market research and strategy. Seagate thus faces the risk of competitive harm should this information be disclosed.

5. Due to the sensitive nature of these documents, Seagate takes great efforts to protect their secrecy. Indeed, Seagate only produced these documents in this litigation subject to the Stipulated Protective Order, and has marked these documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Seagate therefore seeks an order sealing these documents from the public record for the following reasons.

6. Exhibit 1 to the Rodewald Declaration is a chart responding to Exhibit 72 to the Scarlett Declaration, ECF No. 175-6 (a chart compiled by Plaintiffs, which quotes and references various documents produced throughout the course of discovery that were designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the Protective Order). As set forth in my prior declaration, this chart includes rows that reference internal communications and

discussions at Seagate regarding topics such as Seagate's market testing as well as internal Seagate communications that detail Seagate's strategy for responding to complaints, the tracking of same, as well as product improvement efforts. In responding to Plaintiffs' chart, Exhibit 1 discloses some of this same information. Accordingly, Seagate seeks to seal portions of Exhibit 1.

7. Exhibit H is an internal email chain that discloses Seagate's strategic considerations in updating certain data recovery services. If this information were disclosed, it could be used by Seagate's competitors to predict Seagate's strategies, which could result in competitive harm to Seagate.

8. Exhibit L is an internal email chain that discloses Seagate's website design strategy and considerations, and market testing related to same. If these analyses were disclosed, they would provide Seagate's competitors with previously unavailable insight into Seagate's marketing analysis, which Seagate has developed over time at great expense. Further, based on my understanding of the issues in this case, this document is irrelevant to the claims in Plaintiffs' Motion for Class Certification, as it does not discuss the ST3000DM001 at all.

9. All of these documents show Seagate's internal business strategies, including its market and product development strategies. Seagate goes to great lengths to ensure the confidentiality of documents like these to protect itself competitive harm.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 11th day of June, 2018, in Oklahoma City, Oklahoma.

_____
Karl J. Schweiss