SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
NEIL A.F. POPOVIĆ, Cal. Bar No. 132403
ANNA S. McLEAN, Cal. Bar No. 142233
TENAYA RODEWALD, Cal. Bar No. 248563
LIÊN H. PAYNE, Cal. Bar No. 291569
JOY O. SIU, Cal. Bar No. 307610
DANIEL R. FONG, Cal. Bar No. 311985
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
Email:        npopovic@sheppardmullin.com
              amclean@sheppardmullin.com
              rodewald@sheppardmullin.com
              lpayne@sheppardmullin.com
              jsiu@sheppardmullin.com
              dfong@sheppardmullin.com

Attorneys for Defendant,
SEAGATE TECHNOLOGY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SEAGATE TECHNOLOGY LLC LITIGATION<br><br>CONSOLIDATED ACTION | Case No. 3:16-cv-00523-JCS<br><br>**SEAGATE TECHNOLOGY LLC'S CONSOLIDATED ADMINISTRATIVE MOTION TO SEAL CERTAIN DOCUMENTS OR PORTIONS THEREOF FILED IN CONNECTION WITH PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Second Consolidated Amended Complaint filed:  July 11, 2016 |

SMRH:485116002.1                    -1-

## I. INTRODUCTION

Pursuant to Local Rule 79-5 of the Northern District of California Civil Local Rules, and this Court's Order Denying Motion for Class Certification (Dkt. No. 182), Seagate Technology LLC (Seagate) submits this renewed, consolidated administrative motion to seal certain documents—or portions thereof—filed in connection with plaintiffs' motion for class certification.

## II. ARGUMENT

In this district, a party seeking to file a document under seal must satisfy a two-step process. The party must "(1) comply with Civil Local Rule 79-5; and (2) rebut the [] strong presumption in favor of access that applies to all documents other than grand jury transcripts or pre-indictment warrant materials." *Gaudin v. Saxon Mortg. Servs.*, No. 11-cv-01663-JST, 2013 2013 WL 2631074, at *1, 2 (N.D. Cal. June 11, 2013) (internal citations and quotations omitted).

The first prong requires that the party seeking to seal the document establish that (1) "the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law; and (2) is narrowly tailored to seek sealing only of sealable material." *Id.* (citation omitted).

"With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached." *Id*. With regard to dispositive motions, the "presumption can be overcome only if the party presents 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Id.* (quoting *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). Such standard applies here, where the Court has determined that class certification "is effectively dispositive" of this litigation. Dkt. No. 182 at 38:20-25 (citations omitted).

The information Seagate seeks to maintain under seal satisfies this two-part test. First, Seagate has narrowly tailored its request to seal only those documents that contain information that is "privileged or protectable as a trade secret or otherwise entitled to protection under the law." L.R. 79-5(b). Second, there are compelling reasons to maintain the requested information under seal as Seagate faces a risk of undue competitive harm should the information be disclosed.

### A.     Seagate's Request Satisfies Local Rule 79-5

Local Rule 79-5 permits the Court to seal information that constitutes a trade secret or is otherwise entitled to protection under the law.  Courts in the Ninth Circuit define "trade secret" as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it."  *See, e.g.*, *In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 163779, at *1 (N.D. Cal. Jan. 15, 2013) (citing *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)). Further, Local Rule 79-5 protects from disclosure documents containing (1) product development and testing information, as well as a party's product evaluation process; (2) confidential and sensitive business information, the disclosure of which could harm a party's competitive advantage in the marketplace; and (3) customer identifying information.  *See Kowalsky v. Hewlett-Packard Co.*, No. 5:10-cv-02176-LHK, 2012 WL 892427, at *2-5 (N.D. Cal. Mar. 14, 2012); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2014 WL 10537440, at *1-5 (N.D. Cal. Aug. 6, 2014) (sealing documents that revealed manner in which party operated and collected data, which could cause competitive harm to Google); *Gaudin*, 2013 WL 2631074, at *2 ("[C]ustomer data and sensitive internal commercial information" protected under Local Rule 79-5).

In broad overview, Seagate seeks to seal the following categories of information:

- Documents relating to Seagate's communications with original equipment manufacturers (OEMs) and corporate customers.  Seagate's communications with these non-parties are subject to non-disclosure agreements, which are necessary because Seagate's communications with these third-parties' entail discussions of their business strategies, product needs and designs, and other sensitive commercial information.  *E.g.*, Declaration of Allen Ng (Ng Declaration) ¶ 5.  As a result, disclosure of these documents would provide undue insight into these third-parties' businesses, which could result in competitive harm to non-parties to this litigation. Moreover, this information could be used by Seagate's competitors to undermine Seagate's relationships with these third-parties, which would cause financial harm to Seagate, and result in an unfair competitive advantage in the marketplace.;

- Seagate's product design process, product strategy and goals, product testing and improvement efforts, comparative analyses against competitors' products, and Seagate's market testing;
- Consumers' personal identifying information; and
- Seagate's sensitive business information, the disclosure of which could harm its competitive advantage in the marketplace.

*See* Ng Decl. ¶¶ 4-41.  As found in *Kowalsky*, *In re Google*, and *Gaudin*, such information is sealable so long as the request is narrowly tailored.  *See* N.D. Cal. Civ. L.R. 79-5(b).  Seagate's request meets this requirement.  Out of the nearly 125 exhibits that were filed in connection with the motion for class certification, the vast majority of which were designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the Stipulated Protective Order, Seagate seeks to seal only 26.  Where possible, Seagate is requesting only redactions to prevent disclosure of confidential information, such as redacting the personal identifying information of customers.  Indeed, Seagate is only seeking to seal in their entirety those exhibits that include (1) specific product testing, design, or development information, or (2) the business strategy and commercially sensitive information of its OEMs and customers, which Seagate is obligated to protect under various confidentiality agreements, and which could be unfairly used by Seagate's competitors to exact a competitive advantage over Seagate in the marketplace.  *See id.* ¶¶ 7, 11, 22-23, 25-26, 31-34, 38.

  **B.**  **Compelling Reasons Rebut the Presumption of Public Access Under the Circumstances**

The presumption of public access to court records may be overcome by a showing of compelling reasons that outweigh disclosure.  *Kamakana*, 447 F.3d at 1178-79.  In general, compelling reasons exist when court files "might have become a vehicle for improper purposes."  *In re High-Tech Employee Antitrust Litig.*, 2013 WL 163779, at *1 (citation and internal quotation omitted).  Courts have found that the "compelling reasons" standard is satisfied when disclosure of the information sought to be sealed could result in competitive harm.  *See In re Google Inc. Gmail Litig.*, 2014 WL 10537440, at *4.

As discussed above, and as set forth in the Ng Declaration, the information Seagate seeks to seal presents such a risk: it could be leveraged by Seagate's competitors to interfere with Seagate's business relationships to Seagate's financial detriment, or anticipate and thwart Seagate's strategy, which would cause competitive harm to Seagate in the marketplace. In addition, the failure to seal certain documents would result in the public disclosure of the personal identifying information of Seagate's customers, which is protected by the California Constitution and various statutory schema. Such materials are sealable under the compelling reasons standard because disclosure could result in use of such information for an improper purpose.

### III.  CONCLUSION

For the foregoing reasons, Seagate respectfully requests that this Court grant the Consolidated Motion to Seal.

Dated: July 26, 2018

By  */s/ Joy O. Siu*
JOY O. SIU

Attorneys for Defendant,
SEAGATE TECHNOLOGY LLC