# EXHIBIT HH

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Marc A. Goldich (*pro hac vice*)
Noah Axler (*pro hac vice*)
AXLER GOLDICH, LLC
1520 Locust Street, Suite 301
Philadelphia, PA 19102
Telephone: (267) 534-7400
mgoldich@axgolaw.com
naxler@axgolaw.com

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SEAGATE TECHNOLOGY LLC LITIGATION | No. 3:16-cv-00523-JCS<br><br>PLAINTIFFS' SECOND SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF MOTION FOR CLASS CERTIFICATION<br><br>DATE: June 15, 2018<br>TIME: 9:30 a.m.<br>DEPT: Hon. Joseph C. Spero<br>        Courtroom G, 15th Floor |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

010581-11 1031192 V1

## I. INTRODUCTION

Under California law,[1] and the law of the seven additional states addressed in plaintiffs' motion for class certification,[2] a company may be held liable for omissions when it has exclusive knowledge of material facts and actively conceals these facts from consumers. Seagate Technology LLC's (Seagate) newly produced documents demonstrate that it knew the ST3000DM001 hard drive failed at concerning and unprecedented rates, and that the drive's reliability was material to consumers. Seagate has opposed class certification using the argument that plaintiffs have not provided sufficient evidence of the drive's unreliability in the hands of consumers, and evidence that the failure rate was material to the reasonable consumer. The 3,426 documents – withheld until after briefing – contradict these arguments. Under these circumstances, can Seagate avoid liability for its omissions?

---

[1] *Gutierrez v. Carmax Auto Superstores Cal.*, 19 Cal. App. 5th 1234, 1258 (Ct. App. 2018), *as modified on denial of reh'g* (Feb. 22, 2018).

[2] Florida: *State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*, 278 F. Supp. 3d 1307, 1326 (S.D. Fla. 2017) ("Importantly, 'deception may be accomplished by innuendo' and through omissions 'rather than outright false statements.'"). Here, as elsewhere in the brief, internal citation is omitted, unless otherwise noted.

Massachusetts: *Saint-Gobain Indus. Ceramics Inc. v. Wellons, Inc.*, 246 F.3d 64, 73 (1st Cir. 2001) ("Massachusetts courts have found . . . 'delivery of a defective product without revealing the defects, to the extent they are known and material'" is a violation of Chapter 93A.)

New York: *Catalano v. BMW of N. Am., LLC*, 167 F. Supp. 3d 540, 561 (S.D.N.Y. 2016) ("Omissions are actionable under § 349.").

South Carolina: *Wright v. Craft*, 640 S.E.2d 486, 500 (S.C. Ct. App. 2006) (holding that the defendant violated the South Carolina Unfair Trade Practices Act by failing to disclose the accident history of a vehicle for sale).

South Dakota: *In re Currency Conversion Fee Antitrust Litig.*, 224 F.R.D. 555, 567 (S.D.N.Y. 2004), *opinion modified on reconsideration*, 361 F. Supp. 2d 237 (S.D.N.Y. 2005) (certifying a class in action alleging that the defendant failed to disclose fees and thus violated the South Dakota Deceptive Trade Practices Act).

Tennessee: *Cloud Nine, LLC v. Whaley*, 650 F. Supp. 2d 789, 796-97 (E.D. Tenn. 2009) ("[T]he Tennessee Supreme Court has recognized that a deceptive act or practice is a material representation, practice or omission likely to mislead a reasonable consumer. This includes 'the concealment, suppression or omission of any material fact, with intent that others rely upon the . . . omission.'").

Texas: *Kirkpatrick v. HomeAway.com, Inc.*, No. A-16-CV-733-LY, 2017 WL 7732177, at *10 (W.D. Tex. Aug. 1, 2017) (denying a motion to dismiss where class members alleged that the defendant violated the Deceptive Trade Practices Act by failing to disclose that it would charge fees), *report and recommendation adopted*, 2017 WL 7789901 (W.D. Tex. Aug. 25, 2017).

## II.   ARGUMENT

The Supreme Court has instructed in *Amgen*, that "Rule 23(b)(3) requires a showing that *questions* common to the class predominate, not that those questions will be answered, on the merits, in favor of the class."[3] Here, plaintiffs have posed a number of questions that predominate amongst class members.

**1.   Did Seagate possess exclusive knowledge of material facts (the unreliability of the drives)?**

Under each of the state's laws at issue, if Seagate possessed exclusive knowledge of material facts, it was obligated to disclose this to consumers.[4] The new documents demonstrate that it, indeed, possessed exclusive knowledge of the drives' unreliability.

Documents show Seagate tracking more than 100,000 complaints between the years of 2011 and 2016 regarding the ST3000DM001 drives. In fact, the complaints are so voluminous, plaintiffs have excerpted the complaints, and submit a chart of summary evidence pursuant to Federal Rule of Evidence 1006. Scarlett Decl., Ex. 72.[5]

Seagate has previously asserted that documents showing widespread failures for customers such as Netflix, Shutterfly, and UC Irvine, are irrelevant because these are all commercial users.[6] But the sheer volume of these complaints from consumers shows that commercial users were not alone in suffering drive failures. The thousands of customer complaints also confirm that the failures were not related to the Grenada Classic or "early vintage" drives alone, as Seagate has claimed.[7] In fact, Seagate admitted in 2014 that they were "**struggling a bit to deal with warranty claims in a satisfactory manner at present**" due to the increased warranty claims for the ST3000DM001

---

[3] *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 459 (2013) (emphasis in original).

[4] *See* footnotes 1 & 2, *supra*.

[5] "Scarlett Decl." refers to the Declaration of Shana E. Scarlett in Support of Plaintiffs' Second Supplemental Brief in Further Support of the Motion for Class Certification, filed concurrently herewith.

[6] *See, e.g.*, Seagate Technology LLC's Opposition to Plaintiffs' Administrative Motion for Leave to File Supplemental Brief in Support of Class Certification, at 2-3, submitted under seal Apr. 24, 2018, ECF No. 170-4.

[7] *Id.* at 3-4; *see also* Scarlett Decl., Ex. 72.

1   drives.[8] And in one customer chat log, a customer sales representative of Seagate tells a customer
2   that between different models (the bare drive and retail kits), the only different is installation
3   instructions – "The drive itself is the same."[9]

    **2.**    **Was the unreliability of the drives a material issue for class members?**

The Supreme Court in *Amgen*, emphasized that the "[t]he question of materiality . . . is an objective one, involving the significance of an omitted or misrepresented fact to a reasonable [consumer, and thus], materiality can be proved through evidence common to the class."[10] This Court need not determine the materiality of Seagate's omissions to certify the class. Regardless, the new documents make clear that the unreliability and high failure rates were material to any reasonable consumer. For example, in Seagate's newly produced marketing team meeting notes, Seagate concedes ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.[11] Seagate's marketing team faithfully tracked online reviews and customer complaints for years. Seagate's meticulous data collection demonstrates an extraordinary number of customer complaints (e.g., 1-star ratings) for **all** the 3TB ST3000DM001 drives (the red line in the following graph):[12]

---

[8] Scarlett Decl., Ex. 72 at 9.
[9] *Id.*, Ex. 72 at 16.
[10] *Amgen*, 568 U.S. at 467.
[11] Scarlett Decl., Ex. 73 at FED_SEAG0072969.
[12] *Id.*, Ex. 74.

PLS.' SUPP. BRIEF IN FURTHER SUPPORT OF
CLASS CERT. - Case No.: 3:16-cv-00523-JCS
010581-11 1018246 V1

-3-



And if Seagate's own surveys and data were not enough, thousands of customers explicitly told Seagate that the drives' failure rate was material to them. Among the complaints: "I called because my Seagate Barracuda failed (2nd one this year!) . . . **the reason I hesitate to recommend Seagate is because of the high failure rate of these drives**[.]"[13] Another writes, "Seagate [] sold me the worst 3TB hard drive on the market with an insane failure rate. I will NEVER buy a seagate drive again."[14] Another promises, "**I will never purchase Seagate again.** I will always choose western digital or Hitachi and advocate my other friends in the industry do the same. . . . And please DO NOT send me another ST3000DM001."[15]

Other documents examining Amazon reviews show an astounding spike of complaints regarding reliability/failure for Seagate's drives:[16]

---

[13] *Id.*, Ex. 72 at 10.

[14] *Id.*

[15] *Id.* at 11.

[16] *Id.*, Ex. 75.

PLS.' SUPP. BRIEF IN FURTHER SUPPORT OF
CLASS CERT. - Case No.: 3:16-cv-00523-JCS
010581-11 1018246 V1

-4-



The same document makes clear that the ST3000DM001 has – by far – more 1-star reviews than any of the 35 Seagate drives.[17] Analyzing the reason for 1-star reviews on Amazon (the lowest rating), a Seagate employee reviewing the analysis of the reasons why said, "***you can see that drive failure (multiple drive failure & single drive failure) is the main issue***."[18]

    **3.    In the alternative, did Seagate's partial misrepresentations create a duty to disclose the unreliability of its drives to the class?**

In the alternative, Seagate has made partial representations about the AFR which are misleading given its failure to disclose the unreliability of the drives.[19] Plaintiffs have previously described Seagate's use of an AFR of <1% throughout the class period.[20] In addition to the various representations Seagate made on its website and in its marketing materials throughout the class period regarding the 3TB drives' <1% AFR and reliability, the <1% AFR representation was

---

[17] *Id.*, Ex. 72 at 13.

[18] *Id.*, Ex. 76 at 2.

[19] *Carmax*, 19 Cal. App. 5th at 1258.

[20] Plaintiffs' Reply in Support of Motion for Class Certification at 6, filed under seal, Feb. 20, 2018.

specifically reintroduced in the product manuals in 2015.[21] Newly produced documents shed light on the reintroduction of these statements in 2015. A customer, Siemens, questioned Seagate as to why the product manual for the drives was missing AFR specifications and why the reliability section that was previously in the manual was now "completely missing." Siemens also noted the conspicuous absence from the product manual of a maximum case temperature specification. In response, Seagate employees decided that Seagate needed to "update the Desktop HDD product manuals to include AFR spec <1%."[22] To that end, a senior technical writer appears to have pulled AFR statements, reliability statements, and statements regarding case temperature from other product manuals and added them to the Desktop HDD manual,[23] which was then provided to the public and class members, representing an AFR of <1%.[24]

Given Seagate's partial statements of reliability, it had a duty to disclose accurate and true facts regarding the ST3000DM001 drives.

### III.   CONCLUSION

The newly produced evidence – common to the class –strengthens the showing of plaintiffs' initial motion in support of class certification: Seagate failed to disclose the unreliability of its ST3000DM001 drives, knowing that quality was customers' "#1 product-related concern." Respectfully, plaintiffs request that the class be certified.

DATED: June 5, 2018                    HAGENS BERMAN SOBOL SHAPIRO LLP

By:   s/ Shana E. Scarlett
         SHANA E. SCARLETT

715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

---

[21] *Id.*

[22] Scarlett Decl., Ex. 77 at FED_SEAG0086634.

[23] *Id.* at FED_SEAG0086633.

[24] Scarlett Decl., Ex. 78 at 9 (Jan. 2015 Seagate Product Manual, Rev. L, *available at* https://www.seagate.com/www-content/product-content/barracuda-fam/desktop-hdd/barracuda-7200-14/en-us/docs/100686584l.pdf, last visited June 4, 2018).

| | |
|---|---|
| 1 | Steve W. Berman (*pro hac vice*) |
| 2 | HAGENS BERMAN SOBOL SHAPIRO LLP<br>1918 Eighth Avenue, Suite 3300 |
| 3 | Seattle, Washington 98101<br>Telephone: (206) 623-7292 |
| 4 | Facsimile: (206) 623-0594<br>steve@hbsslaw.com |
| 5 | Marc A. Goldich (*pro hac vice*) |
| 6 | Noah Axler (*pro hac vice*)<br>AXLER GOLDICH, LLC |
| 7 | 1520 Locust Street, Suite 301<br>Philadelphia, PA 19102 |
| 8 | Telephone: (267) 207-2920<br>mgoldich@axgolaw.com<br>naxler@axgolaw.com |

*Attorneys for Plaintiffs and the Proposed Class*