Shana Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Marc A. Goldich (*pro hac vice*)
Noah Axler (*pro hac vice*)
AXLER GOLDICH, LLC
1520 Locust Street, Suite 301
Philadelphia, PA 19102
Telephone: (267) 534-7400
Facsimile: (267) 534-7407
mgoldich@axgolaw.com
naxler@axgolaw.com

*Attorneys for Plaintiffs*

Neil A.F. Popović, Cal. Bar No. 132403
Anna S. McLean, Cal. Bar No. 142233
Liên H. Payne, Cal. Bar No. 291569
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947
amclean@sheppardmullin.com
npopovic@sheppardmullin.com
lpayne@sheppardmullin.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SEAGATE TECHNOLOGY LLC LITIGATION<br><br>CONSOLIDATED ACTION | No. 3:16-cv-00523-JCS<br><br>FURTHER JOINT CASE MANAGEMENT STATEMENT<br><br>DATE: August 31, 2018<br>TIME: 9:30 a.m.<br>DEPT: Hon. Joseph C. Spero<br>         Courtroom G, 15th Floor<br><br>Complaint filed: May 9, 2016 |

1   The parties submit the further joint case management statement pursuant to the Standing
2   Order for Judges of the Northern District of California and Civil Local Rule 16-9.
3   A case management conference is scheduled in this matter on August 31, 2018. The parties
4   agree that a further case management conference is not needed at this time, and request that the
5   conference be rescheduled for the same time as this Court's hearing on plaintiffs' renewed motion
6   for class certification, or within 30 days of a ruling on the renewed motion.  The parties propose that
7   plaintiffs' renewed motion for class certification be set for hearing on Friday, January 11, 2019 or
8   Friday, January 18, 2019.

## I.   JOINT CASE MANAGEMENT STATEMENT

### 1.   Jurisdiction and Service

There are no outstanding issues regarding jurisdiction and service.

### 2.   Facts

The parties have extensively discussed the facts in the prior motion for class certification and do not repeat them here.

### 3.   Legal Issues

The parties have extensively discussed the legal issues in the prior motion for class certification and do not repeat them here.

### 4.   Motions

Plaintiffs anticipate filing a renewed motion for class certification for a narrower class focused on common issues, or a class divided into subclasses. This Court entered the agreed upon schedule on August 7, 2018 (ECF No. 185). Plaintiffs will submit their renewed motion for class certification no later than October 15, 2018. Seagate will submit its opposition no later than November 16, 2018, and plaintiffs will submit their reply in support of the renewed motion no later than December 10, 2018.  As set forth above, the parties propose that the hearing on plaintiffs' renewed motion be set for hearing on Friday, January 11, 2019 or Friday, January 18, 2019 at 9:30 a.m.

**5.     Amendment of Pleadings**

To the extent necessary, plaintiffs will seek leave of court to amend the complaint to comply with any class certification order.

**6.     Evidence Preservation**

Plaintiffs are unaware of any issues relating to evidence preservation at this time.

**7.     Disclosures**

Both parties have complied with the initial disclosure requirements of Federal Rule of Civil Procedure 26.

**8.     Discovery**

Plaintiffs anticipate serving additional – limited – discovery on a narrow set of sub-issues in response to the Court's July 5, 2018 Order denying plaintiffs' motion for class certification and giving leave to seek certification on a narrower class.

Pursuant to the Court's Standing Order on May 25, 2018, Seagate certified it had produced all documents it agreed to produce in response to Plaintiffs' five sets of document requests and the jointly-negotiated search terms, a process that took nearly two years and over a million dollars. Several months later, Plaintiffs now propose additional discovery. Seagate has not seen the proposed discovery, but reserves the right to object given the extraordinary expense of the discovery conducted to date. Seagate also requests that any such discovery be served promptly so any disputes can be resolved well ahead of the class certification deadlines.

**9.     Class Actions**

The Court denied plaintiffs' first motion for class certification on July 5, 2018. The court gave leave for plaintiffs to file a second motion seeking certification of a narrower class focused on common issues, or of a class divided into subclasses. Plaintiffs anticipate submitting a renewed class certification motion by October 15, 2018.

**10.    Related Cases**

As previously reported by the parties, a putative class action containing similar allegations about Seagate's 3TB hard drives is currently pending before Judge Karnow in San Francisco

Superior Court, *Pozar v. Seagate Technology LLC*, CGC-15-547787 (filed September 4, 2015) (alleging California class). Judge Karnow certified a California class under UCL and CLRA based on omissions. To the extent feasible, to avoid duplication and promote efficiency, the parties here have agreed to informally coordinate discovery with the *Pozar* matter. *Pozar* counsel participated in a number of depositions and discovery meet-and-confers, and in the settlement conference held with Magistrate Judge Corley on April 26, 2017. Seagate's motion for summary judgment in the state court matter is pending and set for hearing on November 19, 2018.

**11.    Relief**

Plaintiffs seek damages based on Seagate's failure to disclose the unreliability of its drives. The exact amount of the damages will be addressed in plaintiffs' Rule 26 expert reports.

**12.    Settlement and ADR**

On January 25, 2017 this Court entered a Notice and Order Regarding Settlement Conference. (ECF 97.) The parties participated in a conference with Magistrate Judge Corley on April 26, 2017 at 11:00 a.m. (ECF 98.) Plaintiffs remain open to resolving this dispute by settlement and intend to serve a renewed demand reflecting a narrowed class in the coming weeks.

Seagate has not heard from Plaintiffs for some time regarding settlement, but remains open to the possibility and awaits Plaintiffs' renewed proposal.

**13.    Consent to Magistrate Judge for All Purposes**

The parties have consented to a Magistrate Judge for all purposes.

**14.    Other References**

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

The parties are not aware of issues that can be narrowed by agreement or motion at this time.

**16.    Expedited Trial Procedure**

The parties do not believe that this case can be handled under the Expedited Trial Procedure of General Order 64.

**17.  Scheduling**

The parties submitted a case management statement with a proposed schedule for the renewed class certification motion. Following on this Court's ruling on class certification, the parties anticipate requesting a case management conference at which further deadlines, including summary judgment, the pretrial conference and trial will be set.

**18.  Trial**

The case will be tried to jury. Plaintiffs believe it would be premature to propose the expected length of the trial until the outcome of class certification is known.

**19.  Disclosure of Non-Party Interested Entities or Persons**

Plaintiffs are unaware of any non-parties (other than the absent class members) who have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**20.  Professional Conduct**

The parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.  Other**

The parties are unaware of any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

DATED: August 23, 2018                HAGENS BERMAN SOBOL SHAPIRO LLP

By   s/ Shana E. Scarlett
     SHANA E. SCARLETT

715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292

FURTHER JOINT CASE MANAGEMENT
STATEMENT – Case No.: 3:16-cv-00523-JCS

-4-

|  |  |
|---|---|
|  | Facsimile: (206) 623-0594<br>steve@hbsslaw.com |
|  | AXLER GOLDICH, LLC |
| DATED: August 23, 2018 | By    s/ Marc Goldich<br>    MARC A. GOLDICH (*pro hac vice*) |
|  | Noah Axler (*pro hac vice*)<br>AXLER GOLDICH, LLC<br>1520 Locust Street, Suite 301<br>Philadelphia, PA 19102<br>Telephone: (267) 534-7400<br>Facsimile: (267) 534-7407<br>mgoldich@axgolaw.com<br>naxler@axgolaw.com |
|  | *Attorneys for Plaintiffs* |
| DATED: August 23, 2018 | SHEPPARD, MULLIN, RICHTER<br> & HAMPTON LLP<br>A Limited Liability Partnership<br>Including Professional Corporations |
|  | By    s/ Anna McLean<br>  ANNA S. McLEAN, Cal. Bar No. 142233 |
|  | NEIL A.F. POPOVIĆ, Cal. Bar No. 132403<br>npopovic@sheppardmullin.com<br>amclean@sheppardmullin.com<br>Four Embarcadero Center, 17th Floor<br>San Francisco, California 94111-4109<br>Telephone: 415.434.9100<br>Facsimile: 415.434.3947 |
|  | *Attorneys for Defendant* |

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Shana E. Scarlett, am the ECF User whose identification and password are being used to file this Further Joint Case Management Statement. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

Dated: August 23, 2018                By:   /s/ Shana E. Scarlett
                                                 SHANA E. SCARLETT