Steve W. Berman (*pro hac vice*)
Breanna Van Engelen (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
breannav@hbsslaw.com

Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Marc A. Goldich (*pro hac vice*)
Noah Axler (*pro hac vice*)
AXLER GOLDICH, LLC
1520 Locust Street, Suite 301
Philadelphia, PA 19102
Telephone: (267) 534-7400
mgoldich@axgolaw.com
naxler@axgolaw.com

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SEAGATE TECHNOLOGY LLC LITIGATION | No. 3:16-cv-00523-JCS<br><br>ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND REQUEST FOR EXTENSION OF PAGE LIMITS |

010581-11 1072066 V1

Plaintiffs bring this administrative motion pursuant to Civil Local Rule 7-11 and 79-5, to file under seal the following documents:

1. Portions of Plaintiffs' Renewed Motion for Class Certification (Motion);

2. Exhibits 2-3, 7-11, 13-14, 19-46, 48, 50-56, 61-62 and 64-66 to the Declaration of Shana E. Scarlett in Support of Plaintiffs' Renewed Motion for Class Certification (Scarlett Declaration); and

3. Corrected Declaration of Stefan Boedeker in Support of Plaintiffs' Motion for Class Certification (Boedeker Declaration), dated November 20, 2017.

because they contain information designated by defendants as "Confidential," or " Highly Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order (Protective Order) in place in this action.[1] The Protective Order in this action requires that information designated as confidential "qualify for protection under Federal Rule of Civil Procedure 26(c)."[2] In turn, under Rule 26(c), a Court may require "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."[3]

Some of these documents have been submitted to the Court before, in prior filings. This Court previously ordered Seagate to show "particularized compelling reasons to seal documents."[4] Seagate submitted its renewed motion to seal on July 26, 2018.[5] As the table below demonstrates, some of these documents have been re-filed. The Court has not yet issued its ruling regarding these documents, and plaintiffs hereby renew their objections.

| Renewed Ex. No. | Prior Ex. No. | Bates No. |
| --- | --- | --- |
| Exhibit 40 | 63 | FED_SEAG0071790 |
| Exhibit 41 | 66 | FED_SEAG0071982 |
| Exhibit 42 | 67 | FED_SEAG0071996 |

---

[1] Stipulated Protective Order, July 8, 2016, ECF No. 61.

[2] *Id.*, ¶ 2.4.

[3] Fed. R. Civ. P. 26(c)(1)(G).

[4] Order Denying Plaintiffs' Motion for Class Certification, July 5, 2018, ECF No. 182, citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2014 WL 10537440, at *3-4 (N.D. Cal. Aug. 6, 2014).

[5] Seagate Technology LLC's Consolidated Administrative Motion to Seal Certain Documents or Portions Thereof Filed in Connection with Plaintiffs' Motion for Class Certification, July 26, 2018, ECF No. 184.

| Renewed Ex. No. | Prior Ex. No. | Bates No. |
|---|---|---|
| Exhibit 43 | 22 | FED_SEAG0057214 |
| Exhibit 44 | 23 | FED_SEAG0002673 |
| Exhibit 46 | 24 | FED_SEAG0024743 |

The Court recognized that this case involves the rights of thousands of consumers across the country – people who should have the ability to see the issues being litigated. Seagate has not demonstrated that there are "particularized compelling reasons to seal documents." Rather, Seagate seeks to seal documents to prevent corporate embarrassment to Seagate based on evidence or perception that its products did not perform well.[6]

* * *

**REQUEST FOR EXTENSION OF PAGE LIMITS**

Plaintiffs hereby move for leave to file three additional pages – a memorandum of points and authorities totaling twenty-eight pages in length in support of plaintiffs' renewed motion for class certification. Under the local rules, plaintiffs' motion is limited to twenty-five pages. Under Local Rule 7-11, however, a party may move for miscellaneous administrative relief, including a motion "to exceed otherwise applicable page limitations." Accordingly, Plaintiffs move for an order permitting it to exceed the page limit by three pages. This minor extension in page limits is necessary given the volume of evidence submitted with the renewed motion, in addition to the discussion of the eight state's laws.

Plaintiffs sought a stipulation from defendants, which Seagate declined. Plaintiffs originally sought an extension of ten pages to the twenty-five page limit. Seagate indicated the extension of pages would only be granted in exchange for an extension in their time to oppose the motion by *more than a month*.[7] Given the lengthy schedule already in place for the renewed motion for class certification, plaintiffs declined to agree to the extension of time. Respectfully, however, plaintiffs

---

[6] *See, e.g.* Declaration of Sek Nam "Allen" Ng in Support of Seagate Technology LLC's Consolidated Administrative Motion to Seal Certain Documents or Portions Thereof Filed in Connection with Plaintiffs' Motion for Class Certification, July 26, 2018, ECF No. 184-1 (giving no reason to seal Ex. 67 other than a description of the document).

[7] Declaration of Shana E. Scarlett in Support of Plaintiffs' Renewed Motion for Class Certification, ¶ 2, concurrently filed herewith.

request that this Court grant the requested page extension – a minimal extension over what is permitted by the local rules.

DATED: October 15, 2018                    HAGENS BERMAN SOBOL SHAPIRO LLP

By:   *s/ Shana E. Scarlett*
      SHANA E. SCARLETT

715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Steve W. Berman (*pro hac vice*)
Breanna Van Engelen (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
breannav@hbsslaw.com

Marc A. Goldich (*pro hac vice*)
Noah Axler (*pro hac vice*)
AXLER GOLDICH, LLC
1520 Locust Street, Suite 301
Philadelphia, PA 19102
Telephone: (267) 207-2920
mgoldich@axgolaw.com
naxler@axgolaw.com

*Attorneys for Plaintiffs and the Proposed Class*