SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
NEIL A.F. POPOVIĆ, Cal. Bar No. 132403
ANNA S. McLEAN, Cal. Bar No. 142233
TENAYA RODEWALD, Cal. Bar No. 248563
JOY O. SIU, Cal. Bar No. 307610
DANIEL R. FONG, Cal. Bar No. 311985
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
Email:        npopovic@sheppardmullin.com
              amclean@sheppardmullin.com
              rodewald@sheppardmullin.com
              jsiu@sheppardmullin.com
              dfong@sheppardmullin.com

Attorneys for Defendant,
SEAGATE TECHNOLOGY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| IN RE SEAGATE TECHNOLOGY LLC LITIGATION<br><br>CONSOLIDATED ACTION | Case No. 3:16-cv-00523-JCS<br><br>**[PROPOSED] ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION** |
|---|---|

1   The Court has reviewed the Administrative Motion to File Documents Under Seal filed in
2   connection with Plaintiffs' Renewed Motion for Class Certification  ECF No 189.  It has also
3   reviewed the Declaration of Ronald Lane filed by Seagate Technology LLC ("Seagate") in
4   Support of the Administrative Motion to Seal pursuant to Civil Local Rule 79-5(e)(1).  Therefore,
5   the Court rules as follows.

6   In this district, a party seeking to file a document under seal must satisfy a two-step
7   process.  The party must "(1) comply with Civil Local Rule 79-5; and (2) rebut the [] strong
8   presumption in favor of access that applies to all documents other than grand jury transcripts or
9   pre-indictment warrant materials." *Gaudin v. Saxon Mortg. Servs.*, No. 11-cv-01663-JST, 2013
10  2013 WL 2631074, at *1, 2 (N.D. Cal. June 11, 2013) (internal citations and quotations omitted).

11  The first prong requires that the party seeking to seal the document establish that (1) "the
12  document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to
13  protection under the law; and (2) is narrowly tailored to seek sealing only of sealable material."
14  *Id.* (citing Civil L.R. 79-5).

15  "With respect to the second prong, the showing required for overcoming the strong
16  presumption of access depends on the type of motion to which the document is attached." *Id.*
17  With regard to dispositive motions, the "presumption can be overcome only if the party presents
18  'compelling reasons supported by specific factual findings that outweigh the general history of
19  access and the public policies favoring disclosure.'" *Id.* (quoting *Damakana v. City and Cnty. of*
20  *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  With regard to non-dispositive motions, the
21  Ninth Circuit has "carved out an exception to the presumption of access to judicial records[,]" and
22  those records may be filed under seal upon a showing of "good cause." *In re Midland Nat. Life*
23  *Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam) (internal
24  quotation marks and citation omitted); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir.
25  2010) (applying "good cause" standard to all non-dispositive motions because such motions "are
26  often unrelated, or only tangentially related, to the underlying cause of action") (internal quotation
27  marks and citation omitted).  "[T]he vast majority of other courts within this circuit" apply the
28  "good cause" standard to sealing documents filed in connection with a Motion for Class

Certification.  *See In re High-Tech Emp. Antitrust Litig.*, No. 5:11-cv-02509-LHK, 2013 WL 5486230, at *2 n.1 (N.D. Cal. Sept. 30, 2013) (collecting cases); *Gaudin*, 2013 WL 2631074, at *2 (same); *Dugan v. Lloyds TSB Bank, PLC*, No. 12-cv-02549-WHA (NJV), 2013 WL 1435223, at *1 (N.D. Cal. Apr. 9, 2013) ("Unless the denial of a motion for class certification would constitute the death knell of a case, 'the vast majority of courts within this circuit' treat motions for class certification as non-dispositive standard applies") (internal formatting omitted).

The confidential information proposed to be filed under seal satisfies the Northern District's two-part test.  First, Seagate has narrowly tailored its request to seal documents and seeks to seal only portions of documents "privileged or protectable as a trade secret or otherwise entitled to protection under the law."  L.R. 79-5(b).  Second, good cause exists to protect Seagate's sensitive business information from being released to competitors or to the public.

**A.    Seagate's Documents Contain Trade Secrets and Confidential Information**

The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it."  *In re High-Tech Emp. Antitrust Litig.*, 2013 WL 163779, at *1 (citing *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)).  Generally, a trade secret "relates to the production of good . . . . It may, however, relate to the sale of goods or to other operations in the business . . . ."  *Id.*; *see also Muench Photography, Inc. v. Pearson Educ., Inc.*, No. 12-cv-01927-WHO, 2013 WL 01927, at *4-5 (N.D. Cal. Aug. 15, 2013) (sealing document containing information relating to requesting party's "product development efforts and business strategies to competitors," when "competitors could use these strategies themselves—strategies that [the requesting party] spent significant resources to create").

Additionally, portions of a document containing personal contact information of consumers are an appropriate topic of sealing.  *See Slaight v. Tata Consultancy Services, Ltd.*, No. 15-cv-01696-YGR, 2018 WL 3820598, at * 1 n. 5 (N.D. Cal. Aug. 10, 2018) (sealing phone number due to "its personal nature and lack of relevance to the instant motion").

1  As explained in the Lane Declaration, the information sought to be sealed also involves
2  trade secrets, namely Seagate's internal drive testing procedures, documents referencing drive
3  design specifications, development strategy, and strategies regarding Seagate's relationship with
4  its OEM customers.  Thus, the information is sealable under Civil Local Rule 79-5 as protectable
5  trade secret information and/or otherwise protectable by law.  *See Gaudin*, 2013 WL 2631074, at
6  *2.

7  **B.   Good Cause Supports Seagate's Request to Seal the Confidential Information**

8  There is also "good cause" to seal the requested information.  *Gaudin*, 2013 WL 2631074,
9  at *2.  Seagate takes considerable effort to ensure all of this information is kept from the public;
10  indeed, this information was only disclosed in this case pursuant to a stipulated Protective Order.
11  Lane Decl. ¶ 4.  The information is also commercially sensitive and highly valuable to Seagate.
12  *Id*. ¶¶ 5-16.  Should information regarding Seagate's product design, development, and testing
13  become available to its competitors, it could be used to harm Seagate's "competitive standing."
14  *Id.*, ¶ 5; *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (sealing appropriate to
15  prevent documents from being used to harm to litigant's competitive standing); *Muench*
16  *Photography, Inc.*, 2013 WL 4475900, at *4-5.

17  GOOD CAUSE APPEARING THEREFOR, the Administrative Motion to Seal is
18  GRANTED.  The documents identified below shall remain filed under seal:

| Document Filed Under Seal by Plaintiffs | Portion(s) Sought To Be Sealed |
|---|---|
| Declaration of Shana Scarlett in Support of Plaintiffs' Motion for Class Certification | Exhibit 14<br>• The customer's personal information (e.g. name, email, phone number)<br>Exhibit 25<br>Exhibit 26 - entirety<br>Exhibit 28<br>• The emails of John M. Paulsen in the string<br>Exhibit 34 - entirety<br>Exhibit 35 - entirety<br>Exhibit 40 - entirety<br>Exhibit 41 - entirety<br>Exhibit 42 - entirety<br>Exhibit 43 - entirety |

| Document Filed Under Seal by Plaintiffs | Portion(s) Sought To Be Sealed |
|---|---|
|  | Exhibit 44<br>• The tables in the June 19, 2015, 3:19 pm email, listing "Customers" and "Executive Summary."<br>Exhibit 46<br>• first sub-bullet point under the "Desktop -96%" heading on FED_SEAG0024746<br>• the bottom two boxes in the first column of the table on FED_SEAG0024749<br>• the entire table on FED_SEAG0024751,<br>• the entire page of FED_SEAG0024763.<br>Exhibit 50 - entirety |
| Plaintiffs' Renewed Motion for Class Certification | 7:11-12, 15-17<br>10:19-22 |

**IT IS SO ORDERED**.

DATED: _____, 2018

_____
HON. JOSEPH C. SPERO
UNITED STATES MAGISTRATE JUDGE