SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
NEIL A.F. POPOVIĆ, Cal. Bar No. 132403
ANNA S. McLEAN, Cal. Bar No. 142233
TENAYA RODEWALD, Cal. Bar No. 248563
JOY O. SIU, Cal. Bar No. 307610
DANIEL R. FONG, Cal. Bar No. 311985
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:   415.434.9100
Facsimile:   415.434.3947
Email:   npopovic@sheppardmullin.com
    amclean@sheppardmullin.com
    rodewald@sheppardmullin.com
    jsiu@sheppardmullin.com
    dfong@sheppardmullin.com

Attorneys for Defendant,
SEAGATE TECHNOLOGY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SEAGATE TECHNOLOGY LLC LITIGATION<br><br>CONSOLIDATED ACTION | Case No. 3:16-cv-00523-JCS<br><br>**DECLARATION OF RONALD LANE IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION**<br><br>[Civil L.R. 79-5(e)(1)] |

I, Ronald Lane, declare as follows:

1. I am the Sr. Director of Customer Technical Support of Seagate Technology LLC ("Seagate"). Unless otherwise indicated, I have personal knowledge of the facts set forth in this declaration, and if called as a witness, could and would competently testify as to their truth.

2. I submit this declaration in support of Seagate's Motion for an Order Sealing Certain Portions of Plaintiffs' Renewed Motion for Class Certification under Civil L.R. 79-5(e)(1).

3. It is my understanding the Plaintiffs filed the Declaration of Shana E. Scarlett (Scarlett Decl.) in support of their Motion for Class Certification, ECF No. 189-5, which attaches 66 exhibits, many of which were designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the Stipulated Protective Order in this case.

4. Due to the confidential nature of the information in certain of these documents, Seagate seeks an order sealing these documents from the public record as set forth in the chart below. As will be explained *infra*, these documents contain trade secret information, from which Seagate derives independent economic value because the information in these documents is not generally known to the public. Because of the sensitive nature of these documents, Seagate takes great efforts to protect their secrecy. Indeed, Seagate only produced these documents in this litigation subject to the Stipulated Protective Order, and has marked these documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Further, Seagate has a compelling reason for desiring this sensitive business information not to be released to its competitors or the public: namely, because there is a risk of competitive harm should this information be generally known.

| Document Filed Under Seal by Plaintiffs | Portion(s) Sought To Be Sealed |
|---|---|
| Declaration of Shana Scarlett in Support of Plaintiffs' Motion for Class Certification | Exhibit 14<br>• The customer's personal information (e.g. name, email, phone number)<br>Exhibit 25<br>Exhibit 26 - entirety<br>Exhibit 28<br>• The emails of John M. Paulsen in the string<br>Exhibit 34 - entirety<br>Exhibit 35 - entirety<br>Exhibit 40 - entirety<br>Exhibit 41 - entirety<br>Exhibit 42 - entirety<br>Exhibit 43 - entirety<br>Exhibit 44<br>• The tables in the June 19, 2015, 3:19 pm email, listing "Customers" and "Executive Summary."<br>Exhibit 46<br>• first sub-bullet point under the "Desktop -96%" heading on FED_SEAG0024746,<br>• the bottom two boxes under the first column of the table on FED_SEAG0024749<br>• the entire table on FED_SEAG0024751,<br>• the entire page of FED_SEAG0024763.<br>Exhibit 50 - entirety<br><br>With the exception of the exhibits identified above, Seagate does not seek to maintain the remaining Scarlett Decl. Exhibits under seal. |
| Plaintiffs' Renewed Motion for Class Certification | 7:11-12, 15-17<br>10:19-22<br><br>With the exception of the portions identified above, Seagate does not seek to maintain the remaining designated material under seal. |

## I.   Exhibits to the Declaration of Shana E. Scarlett Should Be Sealed

5.     The exhibits to the Declaration of Shana E. Scarlett that Seagate seeks to seal include (1) information that is treated as confidential by Seagate and would be of value to Seagate's competitors if it were to be disclosed, which would cause Seagate financial and competitive harm, and (2) personal information of Seagate's customers, which Seagate has a legal

obligation to protect. Several of these exhibits detail Seagate's business strategies, from which Seagate derives value based on the fact that this information is not generally known to the public.

6. For example, Exhibit 14 is a customer call log, which lists personal information of Seagate's customers, such as name, phone number, and email address. That confidential data should be sealed.

7. Exhibit 25 is a manual assembled by Seagate which lays out proposed reliability testing procedures tailored to its Thailand factory's productions. These reveal the costs of those procedures and engineering strategy. Those portions that reference these testing procedures, as opposed to mere testing results, thus should be sealed.

8. Exhibit 26 is an internal Seagate presentation listing in detail specific technical actions proposed by Seagate engineers to modify and/or fix Seagate drives. Public release of this information would harm Seagate by permitting Seagate's competitors, or others seeking to perpetrate fraud on Seagate, to understand Seagate's product development process. Therefore, Seagate seeks to seal this document in its entirety.

9. Exhibits 28 and 50 are internal email strings discussing how to respond to the Backblaze blog posts. These discussions reveal Seagate's strategy on how to respond to various PR issues and could be used against Seagate by its competitors. Therefore, Seagate specifically seeks to seal a portion of Exhibit 28 and the entire email string of Exhibit 50.

10. Exhibits 34-35 are internal Seagate presentations by Seagate's Grenada Core Team seeking approval of a drive release, including internal testing results, strategy considerations, and engineering decisions on how the drives were modified to reach this approval stage. Seagate's procedure for conducting such analyses have been defined through iteration over time, is confidential and proprietary, and could be copied by Seagate's competitors if released to the public. Seagate thus seeks to seal these documents in their entirety.

11. Exhibits 40-41 are documents analyzing the failures of one of Seagate's corporate customers. Such information reflects the manner in which Seagate tests its drives as well as communications with corporate customers. The documents also reveal Seagate's internal strategy

on how to respond to corporate customers' concerns, including strategy regarding the customer relationship. Seagate thus requests that the Court seal these two documents in their entirety.

12. Exhibit 42 is an email chain between Seagate employees discussing how to respond to certain OEMs' request for replacement drives and what data Seagate provides to OEMs. Seagate thus requests that the Court seal this document in its entirety.

13. Exhibit 43 is a Decision Brief assembled by Seagate detailing the results of its testing and analysis of an OEM customer's hard drives. Seagate has executed an NDA with this OEM that requires Seagate to protect the OEM's information. In this report, Seagate details the analyses it ran, suggests a design change to resolve issues seen with the hard drives in this particular OEM's environment, and summarizes its communications with its customer. Seagate asks that the Court seal this document in its entirety.

14. Exhibit 44 is an email string, which contains a Consumer Technical Support Weekly Status Report that tracks the status of Seagate's OEM and corporate customer relationships, and any issues Seagate is responding to with such companies. Seagate uses this report to develop its business and product strategies, including deciding whether to conduct product testing and/or implementing design changes to respond to concerns. Further, as discussed above, Seagate enters into NDAs with its OEMs and business customers. Release of the information in this report could be used by Seagate's competitors to undermine its relationship with OEMs and corporate customers, which would result in financial harm to Seagate. Therefore, Seagate requests that the Court seal those confidential portions.

15. Exhibit 46 is a Customer Advocacy report assembled by Seagate that details Seagate's global strategic priorities regarding its reliability and quality control initiatives, and analyzes Seagate's progress on certain initiatives. It also includes information about Seagate's product development for OEM and corporate customers. As discussed above, if this information were to be released, it could be used by Seagate's competitors to influence Seagate's relationships with its corporate customers, which would result in severe financial harm to Seagate. Therefore, Seagate request that the Court seal those confidential portions.

## II. The Portions of Plaintiffs' Renewed Motion for Class Certification That Cite the Confidential Information in the Scarlett Declaration Should Be Sealed

16. The portions of Plaintiffs' Renewed Motion for Class Certification that reference the confidential information in the exhibits to the Scarlett Declaration, reflected in the table at Paragraph 4, *supra*, should be sealed for the same reasons set forth above.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this __17__th day of October, 2018, in __Cupertino, CA__.

_____
Ronald Lane