1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
2    Including Professional Corporations
   NEIL A.F. POPOVIC, Cal. Bar No. 132403
3  ANNA S. McLEAN, Cal. Bar No. 142233
   TENAYA RODEWALD, Cal. Bar No. 248563
4  JOY O. SIU, Cal. Bar No. 307610
   DANIEL R. FONG, Cal. Bar No. 311985
5  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4109
6  Telephone:    415.434.9100
   Facsimile:    415.434.3947
7  Email:        npopovic@sheppardmullin.com
                 amclean@sheppardmullin.com
8                rodewald@sheppardmullin.com
                 jsiu@sheppardmullin.com
9                dfong@sheppardmullin.com

10 Attorneys for Defendant,
   SEAGATE TECHNOLOGY LLC

11

12                    UNITED STATES DISTRICT COURT

13        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

14

15 IN RE SEAGATE TECHNOLOGY LLC          Case No. 3:16-cv-00523-JCS
   LITIGATION
16                                        **[PROPOSED] ORDER GRANTING
                                          ADMINISTRATIVE MOTION TO SEAL
17 CONSOLIDATED ACTION                    PORTIONS OF PLAINTIFFS' RENEWED
                                          MOTION FOR CLASS CERTIFICATION**
18

19

20

21

22

23

24

25

26

27

28

1    The Court has reviewed the Administrative Motion to File Documents Under Seal filed in

2    connection with Plaintiffs' Renewed Motion for Class Certification  ECF No 189.  It has also

3    reviewed the Declaration of Ronald Lane filed by Seagate Technology LLC ("Seagate") in

4    Support of the Administrative Motion to Seal pursuant to Civil Local Rule 79-5(e)(1).  Therefore,

5    the Court rules as follows.

6    In this district, a party seeking to file a document under seal must satisfy a two-step

7    process.  The party must "(1) comply with Civil Local Rule 79-5; and (2) rebut the [] strong

8    presumption in favor of access that applies to all documents other than grand jury transcripts or

9    pre-indictment warrant materials."  *Gaudin v. Saxon Mortg. Servs*., No. 11-cv-01663-JST, 2013

10    2013 WL 2631074, at *1, 2 (N.D. Cal. June 11, 2013) (internal citations and quotations omitted).

11    The first prong requires that the party seeking to seal the document establish that (1) "the

12    document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to

13    protection under the law; and (2) is narrowly tailored to seek sealing only of sealable material."

14    *Id.* (citing Civil L.R. 79-5).

15    "With respect to the second prong, the showing required for overcoming the strong

16    presumption of access depends on the type of motion to which the document is attached."  *Id*.

17    With regard to dispositive motions, the "presumption can be overcome only if the party presents

18    'compelling reasons supported by specific factual findings that outweigh the general history of

19    access and the public policies favoring disclosure.'"  *Id.* (quoting *Damakana v. City and Cnty. of*

20    *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  With regard to non-dispositive motions, the

21    Ninth Circuit has "carved out an exception to the presumption of access to judicial records[,]" and

22    those records may be filed under seal upon a showing of "good cause."  *In re Midland Nat. Life*

23    *Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam) (internal

24    quotation marks and citation omitted); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir.

25    2010) (applying "good cause" standard to all non-dispositive motions because such motions "are

26    often unrelated, or only tangentially related, to the underlying cause of action") (internal quotation

27    marks and citation omitted).  "[T]he vast majority of other courts within this circuit" apply the

28    "good cause" standard to sealing documents filed in connection with a Motion for Class

1    Certification.  *See In re High-Tech Emp. Antitrust Litig.*, No. 5:11-cv-02509-LHK, 2013 WL

2    5486230, at *2 n.1 (N.D. Cal. Sept. 30, 2013) (collecting cases); *Gaudin*, 2013 WL 2631074, at *2

3    (same); *Dugan v. Lloyds TSB Bank, PLC*, No. 12-cv-02549-WHA (NJV), 2013 WL 1435223, at

4    *1 (N.D. Cal. Apr. 9, 2013) ("Unless the denial of a motion for class certification would constitute

5    the death knell of a case, 'the vast majority of courts within this circuit' treat motions for class

6    certification as non-dispositive standard applies") (internal formatting omitted).

7        The confidential information proposed to be filed under seal satisfies the Northern

8    District's two-part test.  First, Seagate has narrowly tailored its request to seal documents and

9    seeks to seal only portions of documents "privileged or protectable as a trade secret or otherwise

10    entitled to protection under the law."  L.R. 79-5(b).  Second, good cause exists to protect Seagate's

11    sensitive business information from being released to competitors or to the public.

12    **A.**    **Seagate's Documents Contain Trade Secrets and Confidential Information**

13        The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement

14    of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation

15    of information which is used in one's business, and which gives him an opportunity to obtain an

16    advantage over competitors who do not know or use it."  *In re High-Tech Emp. Antitrust Litig.*,

17    2013 WL 163779, at *1 (citing *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)).  Generally,

18    a trade secret "relates to the production of good . . . . It may, however, relate to the sale of goods or

19    to other operations in the business . . . ."  *Id.*; *see also Muench Photography, Inc. v. Pearson*

20    *Educ., Inc.*, No. 12-cv-01927-WHO, 2013 WL 01927, at *4-5 (N.D. Cal. Aug. 15, 2013) (sealing

21    document containing information relating to requesting party's "product development efforts and

22    business strategies to competitors," when "competitors could use these strategies themselves—

23    strategies that [the requesting party] spent significant resources to create").

24        Additionally, portions of a document containing personal contact information of

25    consumers are an appropriate topic of sealing.  *See Slaight v. Tata Consultancy Services, Ltd.*, No.

26    15-cv-01696-YGR, 2018 WL 3820598, at * 1 n. 5 (N.D. Cal. Aug. 10, 2018) (sealing phone

27    number due to "its personal nature and lack of relevance to the instant motion").

28

As explained in the Lane Declaration, the information sought to be sealed also involves trade secrets, namely Seagate's internal drive testing procedures, documents referencing drive design specifications, development strategy, and strategies regarding Seagate's relationship with its OEM customers. Thus, the information is sealable under Civil Local Rule 79-5 as protectable trade secret information and/or otherwise protectable by law. *See Gaudin*, 2013 WL 2631074, at *2.

**B.      Good Cause Supports Seagate's Request to Seal the Confidential Information**

There is also "good cause" to seal the requested information. *Gaudin*, 2013 WL 2631074, at *2. Seagate takes considerable effort to ensure all of this information is kept from the public; indeed, this information was only disclosed in this case pursuant to a stipulated Protective Order. Lane Decl. ¶ 4. The information is also commercially sensitive and highly valuable to Seagate. *Id*. ¶¶ 5-16. Should information regarding Seagate's product design, development, and testing become available to its competitors, it could be used to harm Seagate's "competitive standing." *Id.*, ¶ 5; *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (sealing appropriate to prevent documents from being used to harm to litigant's competitive standing); *Muench Photography, Inc.*, 2013 WL 4475900, at *4-5.

GOOD CAUSE APPEARING THEREFOR, the Administrative Motion to Seal is GRANTED. The documents identified below shall remain filed under seal:

| Document Filed Under Seal by Plaintiffs | Portion(s) Sought To Be Sealed |
|---|---|
| Declaration of Shana Scarlett in Support of Plaintiffs' Motion for Class Certification | Exhibit 14<br>• The customer's personal information (e.g. name, email, phone number)<br>Exhibit 25<br>Exhibit 26 - entirety<br>Exhibit 28<br>• The emails of John M. Paulsen in the string<br>Exhibit 34 - entirety<br>Exhibit 35 - entirety<br>Exhibit 40 - entirety<br>Exhibit 41 - entirety<br>Exhibit 42 - entirety<br>Exhibit 43 - entirety |

| Document Filed Under Seal by Plaintiffs | Portion(s) Sought To Be Sealed |
|---|---|
| | Exhibit 44<br>• The tables in the June 19, 2015, 3:19 pm email, listing "Customers" and "Executive Summary."<br>Exhibit 46<br>• first sub-bullet point under the "Desktop -96%" heading on FED_SEAG0024746<br>• the bottom two boxes in the first column of the table on FED_SEAG0024749<br>• the entire table on FED_SEAG0024751,<br>• the entire page of FED_SEAG0024763.<br>Exhibit 50 - entirety |
| Plaintiffs' Renewed Motion for Class Certification | 7:11-12, 15-17<br>10:19-22 |

**IT IS SO ORDERED**.

DATED: _____, 2018

_____
HON. JOSEPH C. SPERO
UNITED STATES MAGISTRATE JUDGE