SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
NEIL A.F. POPOVIĆ, Cal. Bar No. 132403
ANNA S. McLEAN, Cal. Bar No. 142233
TENAYA RODEWALD, Cal. Bar No. 248563
JOY O. SIU, Cal. Bar No. 307610
DANIEL R. FONG, Cal. Bar No. 311985
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
Email:        npopovic@sheppardmullin.com
              amclean@sheppardmullin.com
              rodewald@sheppardmullin.com
              jsiu@sheppardmullin.com
              dfong@sheppardmullin.com

Attorneys for Defendant,
SEAGATE TECHNOLOGY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SEAGATE TECHNOLOGY LLC LITIGATION<br><br>CONSOLIDATED ACTION | Case No. 3:16-cv-00523-JCS<br><br>**SEAGATE TECHNOLOGY LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CERTAIN DOCUMENT FILED IN CONJUNCTION WITH SEAGATE'S OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION**<br><br>Second Consolidated Amended Complaint filed: July 11, 2016 |

## I.  INTRODUCTION

Pursuant to Local Rule 79-5 of the Northern District of California Civil Local Rules, Seagate Technology LLC ("Seagate") submits this administrative motion to seal portions of a document filed in conjunction with its Opposition to Plaintiffs' Renewed Motion for Class Certification.  Specifically, Seagate moves to seal two paragraphs of Exhibit 25 of the Declaration of Tenaya M. Rodewald in Support of Seagate Technology LLC's Opposition to Plaintiffs' Renewed Motion for Class Certification ("Rodewald Declaration").  Exhibit 25 is excerpts from the Declaration of Donald Adams, PE in Support of Seagate's Opposition to Plaintiffs' Motion for Class Certification.

| Document | Portion(s) to Be Sealed |
| --- | --- |
| Rodewald Declaration | Exhibit 25, ¶¶ 105-106 |

The authority and grounds for sealing portions of Exhibit 25, referred to herein as "Confidential Information," are set forth below and in the Declaration of Allen Ng ("Ng Declaration"), ECF No. 184-1, attached as an exhibit to the Declaration of Daniel R. Fong, filed concurrently herewith.  Pursuant to Civil L.R. 79-5, Seagate is submitting herewith redacted and unredacted versions of the exhibit at issue.

## II.  ARGUMENT

In this district, a party seeking to file a document under seal must satisfy a two-step process.  The party must "(1) comply with Civil Local Rule 79-5; and (2) rebut the [] strong presumption in favor of access that applies to all documents other than grand jury transcripts or pre-indictment warrant materials."  *Gaudin v. Saxon Mortg. Servs.*, No. 11-cv-01663-JST, 2013 2013 WL 2631074, at *1, 2 (N.D. Cal. June 11, 2013) (internal citations and quotations omitted).

The first prong requires that the party seeking to seal the document establish that (1) "the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law; and (2) is narrowly tailored to seek sealing only of sealable material."  *Id.* (citation omitted).

"With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached." *Id*. With regard to dispositive motions, the "presumption can be overcome only if the party presents 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Id*. (quoting *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  Such standard applies here, where the Court has determined that class certification "is effectively dispositive" of this litigation.  Dkt. No. 182 at 38:20-25 (citations omitted).

The information Seagate seeks to maintain under seal satisfies this two-part test.  First, Seagate has narrowly tailored its request to seal only those documents that contain information that is "privileged or protectable as a trade secret or otherwise entitled to protection under the law."  L.R. 79-5(b).  Second, there are compelling reasons to maintain the requested information under seal as Seagate faces a risk of undue competitive harm should the information be disclosed.

### A.    Seagate's Request Satisfies Local Rule 79-5

Local Rule 79-5 permits the Court to seal information that constitutes a trade secret or is otherwise entitled to protection under the law.  Courts in the Ninth Circuit define "trade secret" as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *See, e.g.*, *In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 163779, at *1 (N.D. Cal. Jan. 15, 2013) (citing *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)). Further, Local Rule 79-5 protects from disclosure documents containing (1) product development and testing information, as well as a party's product evaluation process; (2) confidential and sensitive business information, the disclosure of which could harm a party's competitive advantage in the marketplace; and (3) customer identifying information. *See Kowalsky v. Hewlett-Packard Co.*, No. 5:10-cv-02176-LHK, 2012 WL 892427, at *2-5 (N.D. Cal. Mar. 14, 2012); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2014 WL 10537440, at *1-5 (N.D. Cal. Aug. 6, 2014) (sealing documents that revealed manner in which party operated and collected data,

1  which could cause competitive harm to Google); *Gaudin*, 2013 WL 2631074, at *2 ("[C]ustomer

2  data and sensitive internal commercial information" protected under Local Rule 79-5).

3       Here, Seagate seeks to seal references to Seagate's and its OEM customers' specific non-

4  public business strategies on how to respond to potential product issues. Ng Decl., ¶ 18. As found

5  in *Kowalsky*, *In re Google*, and *Gaudin*, such information is sealable so long as the request is

6  narrowly tailored. *See* N.D. Cal. Civ. L.R. 79-5(b). Seagate's request meets this requirement. It

7  is only seeking to seal two paragraphs of one exhibit out of thirty-five exhibits attached to the

8  Rodewald Declaration.

9      **B.**      **Compelling Reasons Rebut the Presumption of Public Access Under the**

10             **Circumstances**

11       The presumption of public access to court records may be overcome by a showing of

12  compelling reasons that outweigh disclosure. *Kamakana*, 447 F.3d at 1178-79. In general,

13  compelling reasons exist when court files "might have become a vehicle for improper purposes."

14  *In re High-Tech Employee Antitrust Litig.*, 2013 WL 163779, at *1 (citation and internal quotation

15  omitted). Courts have found that the "compelling reasons" standard is satisfied when disclosure of

16  the information sought to be sealed could result in competitive harm. *See In re Google Inc. Gmail*

17  *Litig.*, 2014 WL 10537440, at *4.

18       As discussed above, and as set forth in the Ng Declaration, the information Seagate seeks

19  to seal presents such a risk: it could be leveraged by Seagate's competitors to interfere with

20  Seagate's business relationships with its OEM customers to Seagate's financial detriment, or

21  anticipate and thwart Seagate's strategy, which would cause competitive harm to Seagate in the

22  marketplace. In addition, public disclosure would similarly damage the referenced OEM

23  customers themselves, who invest substantial resources to protect its non-public business and

24  public relations strategies. Such materials are sealable under the compelling reasons standard

25  because disclosure could result in use of such information for an improper purpose.

26

27

28

**III.     CONCLUSION**

For the foregoing reasons, Seagate respectfully requests that this Court grant the Motion to Seal portions of Exhibit 25 of the Rodewald Declaration.

Dated:  November 16, 2018

By     _____/s/ Daniel R. Fong_____
                    DANIEL R. FONG

Attorneys for Defendant,
SEAGATE TECHNOLOGY LLC