1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2  Including Professional Corporations
   NEIL A.F. POPOVIC, Cal. Bar No. 132403
3  ANNA S. McLEAN, Cal. Bar No. 142233
   TENAYA RODEWALD, Cal. Bar No. 248563
4  JOY O. SIU, Cal. Bar No. 307610
   DANIEL R. FONG, Cal. Bar No. 311985
5  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4109
6  Telephone:    415.434.9100
   Facsimile:    415.434.3947
7  Email:        npopovic@sheppardmullin.com
                 amclean@sheppardmullin.com
8                rodewald@sheppardmullin.com
                 jsiu@sheppardmullin.com
9                dfong@sheppardmullin.com

10 Attorneys for Defendant,
   SEAGATE TECHNOLOGY LLC

11

12                    UNITED STATES DISTRICT COURT

13        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

14

15 IN RE SEAGATE TECHNOLOGY LLC          Case No. 3:16-cv-00523-JCS
   LITIGATION
16                                        **[PROPOSED] ORDER GRANTING
                                          ADMINISTRATIVE MOTION TO SEAL
17 CONSOLIDATED ACTION                    CERTAIN DOCUMENT FILED IN
                                          CONJUNCTION WITH SEAGATE'S
18                                        OPPOSITION TO PLAINTIFFS'
                                          RENEWED MOTION FOR CLASS
19                                        CERTIFICATION**

20

21

22

23

24

25

26

27

28

SMRH:488424050.1        [PROPOSED] ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL

1   The Court has reviewed the Administrative Motion to Seal Certain Documents Filed in

2   Connection with Seagate's Opposition to Plaintiffs' Renewed Motion for Class Certification.  It

3   has also reviewed the Declaration of Daniel R. Fong, filed by Seagate Technology LLC

4   ("Seagate") in Support of the Administrative Motion to Seal, and its attached Declaration of Allen

5   Ng.  Therefore, the Court rules as follows.

6   In this district, a party seeking to file a document under seal must satisfy a two-step

7   process.  The party must "(1) comply with Civil Local Rule 79-5; and (2) rebut the [] strong

8   presumption in favor of access that applies to all documents other than grand jury transcripts or

9   pre-indictment warrant materials."  *Gaudin v. Saxon Mortg. Servs.*, No. 11-cv-01663-JST, 2013

10  2013 WL 2631074, at *1, 2 (N.D. Cal. June 11, 2013) (internal citations and quotations omitted).

11  The first prong requires that the party seeking to seal the document establish that (1) "the

12  document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to

13  protection under the law; and (2) is narrowly tailored to seek sealing only of sealable material."

14  *Id.* (citing Civil L.R. 79-5).

15  "With respect to the second prong, the showing required for overcoming the strong

16  presumption of access depends on the type of motion to which the document is attached."  *Id.*

17  With regard to dispositive motions, the "presumption can be overcome only if the party presents

18  'compelling reasons supported by specific factual findings that outweigh the general history of

19  access and the public policies favoring disclosure.'"  *Id.* (quoting *Damakana v. City and Cnty. of*

20  *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  With regard to non-dispositive motions, the

21  Ninth Circuit has "carved out an exception to the presumption of access to judicial records[,]" and

22  those records may be filed under seal upon a showing of "good cause."  *In re Midland Nat. Life*

23  *Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam) (internal

24  quotation marks and citation omitted); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir.

25  2010) (applying "good cause" standard to all non-dispositive motions because such motions "are

26  often unrelated, or only tangentially related, to the underlying cause of action") (internal quotation

27  marks and citation omitted).  "[T]he vast majority of other courts within this circuit" apply the

28  "good cause" standard to sealing documents filed in connection with a Motion for Class

1  Certification.  *See In re High-Tech Emp. Antitrust Litig.*, No. 5:11-cv-02509-LHK, 2013 WL

2  5486230, at *2 n.1 (N.D. Cal. Sept. 30, 2013) (collecting cases); *Gaudin*, 2013 WL 2631074, at *2

3  (same); *Dugan v. Lloyds TSB Bank, PLC*, No. 12-cv-02549-WHA (NJV), 2013 WL 1435223, at

4  *1 (N.D. Cal. Apr. 9, 2013) ("Unless the denial of a motion for class certification would constitute

5  the death knell of a case, 'the vast majority of courts within this circuit' treat motions for class

6  certification as non-dispositive standard applies") (internal formatting omitted).

7          The confidential information proposed to be filed under seal satisfies the Northern

8  District's two-part test.  First, Seagate has narrowly tailored its request seeks to seal only two

9  paragraphs that are "privileged or protectable as a trade secret or otherwise entitled to protection

10  under the law."  L.R. 79-5(b).  Second, good cause exists to protect Seagate's sensitive business

11  information from being released to competitors or to the public.

12  **A.      Exhibit 25 Contains Contain Trade Secrets and Confidential Information**

13          The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement

14  of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation

15  of information which is used in one's business, and which gives him an opportunity to obtain an

16  advantage over competitors who do not know or use it."  *In re High-Tech Emp. Antitrust Litig.*,

17  2013 WL 163779, at *1 (citing *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)).  Generally,

18  a trade secret "relates to the production of good . . . . It may, however, relate to the sale of goods or

19  to other operations in the business . . . ."  *Id.*; *see also Muench Photography, Inc. v. Pearson

20  Educ., Inc.*, No. 12-cv-01927-WHO, 2013 WL 01927, at *4-5 (N.D. Cal. Aug. 15, 2013) (sealing

21  document containing information relating to requesting party's "product development efforts and

22  business strategies to competitors," when "competitors could use these strategies themselves—

23  strategies that [the requesting party] spent significant resources to create").

24          As explained in the Ng Declaration, the information sought to be sealed involves Seagate's

25  relationship with its OEM customers and those OEM's non-public business strategies on how to

26  respond to potential product issues.  Thus, the information is sealable under Civil Local Rule 79-5

27  as protectable trade secret information and/or otherwise protectable by law.  *See Gaudin*, 2013 WL

28  2631074, at *2.

**B.      Good Cause Supports Seagate's Request to Seal the Confidential Information**

There is also "good cause" to seal the requested information. *Gaudin*, 2013 WL 2631074, at *2. Seagate, in addition to its OEM customers, take considerable effort to ensure all of this information is kept from the public; indeed, this information was only disclosed in this case pursuant to a stipulated Protective Order. Ng Decl. ¶ 3. The information is also commercially sensitive and highly valuable to Seagate and its OEM customers. *Id*. ¶¶ 18-19. Should information regarding Seagate's and its OEM customer's business strategies be disclosed to public, it could be used to harm Seagate and its OEM customers' "competitive standing." *Id.*, ¶ 5; *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (sealing appropriate to prevent documents from being used to harm to litigant's competitive standing); *Muench Photography, Inc.*, 2013 WL 4475900, at *4-5.

GOOD CAUSE APPEARING THEREFOR, the Administrative Motion to Seal is GRANTED. The documents identified below shall remain filed under seal:

| Document Filed Under Seal by Plaintiffs | Portion(s) Sought To Be Sealed |
|---|---|
| Declaration of Tenaya M. Rodewald in Support of Seagate Technology LLC's Opposition to Plaintiffs' Renewed Motion for Class Certification | Exhibit 25, ¶¶ 105-106 |

**IT IS SO ORDERED**.

DATED: _____, 2018

_____
HON. JOSEPH C. SPERO
UNITED STATES MAGISTRATE JUDGE