1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2     Including Professional Corporations
    NEIL A.F. POPOVIC, Cal. Bar No. 132403
3   ANNA S. McLEAN, Cal. Bar No. 142233
    TENAYA RODEWALD, Cal. Bar No. 248563
4   JOY O. SIU, Cal. Bar No. 307610
    DANIEL R. FONG, Cal. Bar No. 311985
5   Four Embarcadero Center, 17th Floor
    San Francisco, California 94111-4109
6   Telephone:    415.434.9100
    Facsimile:    415.434.3947
7   Email:        npopovic@sheppardmullin.com
                  amclean@sheppardmullin.com
8                 rodewald@sheppardmullin.com
                  jsiu@sheppardmullin.com
9                 dfong@sheppardmullin.com

10  Attorneys for Defendant,
    SEAGATE TECHNOLOGY LLC

11

12

13                      UNITED STATES DISTRICT COURT

14      NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

15

16  IN RE SEAGATE TECHNOLOGY LLC           Case No. 3:16-cv-00523-JCS
    LITIGATION
17                                          **DECLARATION OF TENAYA
                                            RODEWALD IN SUPPORT OF SEAGATE
18  CONSOLIDATED ACTION                     TECHNOLOGY LLC'S OPPOSITION TO
                                            PLAINTIFF'S RENEWED MOTION FOR
19                                          CLASS CERTIFICATION**

20                                          **Date:**   January 18, 2019
                                            **Time:**   9:30 a.m.
21                                          **Place:**  Courtroom G, 15th Floor
                                            **Judge:**  Hon. Joseph C. Spero
22

23                                          [Second Consolidated Amended Complaint
                                            filed:  July 11, 2016]
24

25

26

27

28

                                                            Case No. 3:16-cv-00523-JCS
    SMRH:488417916.2
                    RODEWALD DECL. ISO SEAGATE'S OPPOSITION TO PLAINTIFFS' RENEWED.
                                            MOTION FOR CLASS CERTIFICATION

<u>DECLARATION OF TENAYA RODEWALD</u>

I, Tenaya Rodewald, declare as follows:

1.    I am an attorney duly admitted to practice before this Court.  I am an attorney with Sheppard, Mullin, Richter & Hampton LLP, attorneys of record for Defendant, Seagate Technology LLC ("Seagate").  I have personal knowledge as to the facts set forth herein, and if called as a witness, I could and would competently testify to them.

2.    This declaration is submitted in support of Seagate's Opposition to Plaintiffs' Renewed Motion for Class Certification.

3.    Plaintiffs claim that on April 28, 2012, the Seagate website listed the AFR for the Barracuda drives as "0.34%, <1%."  They claim this is demonstrated in Plaintiffs' Exhibit[1] 5 and in the image that appears in Plaintiffs' Renewed Motion for Class Certification ("Mot.") at 3:4-11.  However, the specifications page related specifically to Barracuda hard drives stated the AFR for the 3TB ST3000DM001 was "<1%."  I examined the version of Seagate's website saved by the Internet Archive on April 28, 2012.  Below is an image of the Seagate website for April 28, 2012 as it appears on the Internet Archive.

//
//
//
//
//
//
//
//
//
//
//

_____

[1] I refer to the Exhibits to the Declaration of Shana Scarlett in Support of Plaintiffs' Renewed Motion for Class Certification as "Plaintiffs' Exhibits" or "Pls Ex."



4.      As can be seen in the image above, the website had a "dropdown" menu labeled "Internal Hard Drives," which I have circled for the Court's convenience.  On that dropdown menu is an item labeled "Desktop Hard Drives."  If I hovered my mouse over the "Desktop Hard Drives" item, a submenu appeared, allowing me to click on "Browse All" or "Barracuda."  If I clicked on "Browse All," it opened a page containing the image Plaintiffs submit as Plaintiffs' Exhibit 5 and on page 5 of their Motion.  However, if I clicked on "Barracuda," it opened an "overview" page for the Barracuda drive.  An image of the Internet Archive capture of the "overview" page for the Barracuda drive from April 28, 2012 is attached hereto as **Exhibit 1**.  I added a pink circle around certain content for the Court's convenience.  I clicked on the "Specs" (specifications) tab and it opened a page of specifications for the Barracuda drive.  A printout of the "Specs" tab for the Barracuda drive captured by the Internet Archive on April 28, 2012 is attached hereto as **Exhibit 2**.  As can be seen in Exhibit 2, the "Specs" tab for the 3TB Barracuda (the ST3000DM001) drive stated that the AFR was "<1%."  I added red squares around certain content in Exhibit 2 for the Court's convenience.

SMRH:488417916.2      RODEWALD DECL. ISO SEAGATE'S OPPOSITION TO PLAINTIFFS' RENEWED.
MOTION FOR CLASS CERTIFICATION

5.       For some portions of 2012, the pages of Seagate's website specific to the Barracuda drives showed no AFR at all for the 3TB Barracuda ST3000DM001 drive at issue.  For example, I accessed the Internet Archive's capture of the Seagate website for November 23, 2011.  I navigated to the Barracuda Specs tab using the menu options described above.  A printout of the Specs tab for the Barracuda drive captured by the Internet Archive on November 23, 2011 is attached hereto as **Exhibit 3**.  I added red squares around certain content for the Court's convenience.  As can be seen in Exhibit 3, while the website listed AFRs for some sizes of the Barracuda drive, on November 23, 2011, the Seagate website had a blank for the AFR of the 3TB Barracuda (the ST3000DM001 drive) at issue in this litigation.  An image of this is also shown below.

| Generation | | | |
| --- | --- | --- | --- |
| **Capacity** | **3TB** | **2TB** | **1.5TB** |
| Form Factor | 3.5" | 3.5" | 3.5" |
| Interface Options | SATA 6Gb/s | SATA 6Gb/s | SATA 6Gb/s |
| **Performance** | | | |
| Spindle Speed (RPM) | 7200 | 7200 | 7200 |
| Cache (MB) | 64 | 64 | 64 |
| Transfer Rate, Max Ext (MB/s) | 600 | 600 | 600 |
| Sustained Data Rate OD | 210MB/s | 210MB/s | 210MB/s |
| Average Latency (ms) | 4.16 | 4.16 | 4.16 |
| **Reliability/Data Integrity** | | | |
| Nonrecoverable Read Errors per Bits Read | 1 in $10^{14}$ | 1 in $10^{14}$ | 1 in $10^{14}$ |
| Annualized Failure Rate (AFR) | | <1% | |

6.    The AFR was also absent on December 9, 2012.  A copy of the December 9, 2012 Specs page for the Barracuda drive is attached hereto as **Exhibit 4**.  I added red squares around certain content for the Court's convenience.  There was no AFR listed for the 3TB Barracuda (the ST3000DM001 drive) on this date.

7.    From at least February 2013 through August 2013, there was no AFR representation on the Seagate website for the Desktop HDD drives in general, or the 3TB Desktop HDD, ST3000DM001 drive in particular.  I examined the Internet Archive captures of the Seagate website for numerous days from February through August 2013.  Sometime in early 2013, the website was changed somewhat from the version described in preceding paragraphs.  On page 4 of their Renewed Class Certification Motion, Plaintiffs show an image of a portion of the Seagate website they claim showed an AFR of "0.34%" for the Desktop HDD drives.  During 2013, this portion of the Seagate website was found under the "Internal Hard Drives" menu by clicking on the "Desktop Hard Drives" link.  An example of the menu is shown below.



SMRH:488417916.2

8.      This led to a page titled "Desktop Hard Drives" with a section for the Desktop HDD drive.  Plaintiffs claim the "Specifications" portion of this page showed an AFR of "0.34%" for the Desktop HDD drives.  (Mot. at 4:1-5.)  However, as shown in **Exhibit 5**, attached hereto, this page did not contain any references to AFR from February through August, 2013.  Exhibit 5 hereto contains images of this webpage on February 25, 2013, March 9, 2013, May 11, 2013, June 4, 2013, July 12, 2013 and August 11, 2013.  None of these pages contains an AFR representation.  I added circles around some content in this exhibit for the Court's convenience.

9.      I also clicked on the "Learn More" link shown in Exhibit 5.  The linked pages did not contain any AFR representation for the Desktop HDD drives.  The Desktop HDD specific webpage opened when I clicked on the "Learn More" link.  An example of the page that opened from the "Learn More" link is attached hereto as **Exhibit 6**, which is the Desktop HDD specific webpage from May 29, 2013.  As can be seen, this page does not contain an AFR representation.  The "Specs" tab on this page also did not contain an AFR representation.  An example of the "Specs" tab of the Desktop HDD-specific webpage in 2013 is attached hereto as **Exhibit 7**.

10.      The Desktop HDD Data Sheet did not contain an AFR representation in 2013.  I clicked on the link for the "Desktop HDD Data Sheet" shown in Exhibit 5.  The data sheet was the same in each case.  Copies of the Desktop HDD Data Sheet from February 28, 2013, May 11, 2013, September 14, 2013, and December 28, 2013, are attached hereto as **Exhibits 8 – 11** respectively.  I added red squares around certain content for the Court's convenience.  As can be seen in Exhibits 8 - 11, the Desktop HDD Data Sheet did not contain an AFR representation in 2013.

11.      I also clicked on the link to the "Laptop, Desktop and Video Storage Drive Guide" shown in Exhibit 5.  This document also contained no AFR representations.  An example is attached hereto as **Exhibit 22**.

12.      Even during September, October or November 2013, when Plaintiffs' Exhibit 63 claims Seagate's website showed an AFR representation of 0.34%, the webpage specific to the Desktop HDD drive lacked an AFR representation.  I navigated to the "Desktop HDD" specific page.  This can be reached via the "Learn More" link as described in Paragraph 9 above.  This page can also be reached by clicking the "Desktop HDD" link in the dropdown menu under "Internal

1  Hard Drives" and "Desktop Hard Drives" as shown in the image below.  Either method opens the

2  Desktop HDD-specific webpage.



16      13.      I navigated to the "Specs" tab of the Desktop HDD-specific webpage as saved by the

17  Internet Archive on September 14, 2013, October 17, 2013 and November 26, 2013.  Printouts of

18  these pages are attached hereto as **Exhibits 12, 13 and 14** respectively.  I added red squares around

19  certain content for the Court's convenience.  As can be seen in Exhibits 12 – 14, the webpage

20  specific to the Desktop HDD drive did not contain an AFR representation in September through

21  November 2013.

22      14.      From February 14, 2014 through the end of 2014, there were also no AFR

23  representations on Seagate's website for the Desktop HDD drives.  I navigated to the "Desktop Hard

24  Drives" section of the website saved by the Internet Archive on numerous days in 2014.  This is the

25  section of the website Plaintiffs claim contained an AFR representation for a short period in

26  September, October or November 2013.  Images of this section of the website from February 14,

27  2014, March 21, 2014, April 18, 2014, May 16, 2014, July 19, 2014, August 9, 2014, October 20,

28  2014, November 18, 2014, and December 20, 2014 are attached hereto as **Exhibit 15**.  I added red

squares around certain content for the Court's convenience.  As can be seen in Exhibit 15, this portion of the Seagate website did not contain any AFR representation for the Desktop HDD drive in February through December 2014.

15.    I also clicked on the "Learn More" or "Desktop HDD" link and examined the pages specific to the Desktop HDD drive.  I did not find an AFR representation on any pages specific to the Desktop HDD either.  For example, attached hereto as **Exhibits 16 and 17** are the "Specs" tabs specific to the Desktop HDD (ST3000DM001) drive for April 11, 2014 and July 13, 2014, respectively.  I added red squares around certain content for the Court's convenience.  These pages do not contain an AFR representation.

16.    I also clicked on the link to the Desktop HDD Data Sheet for numerous days in 2014. Attached hereto as **Exhibits 18 - 21** are the Desktop HDD Data Sheets saved by the Internet Archive on January 23, 2014, May 31, 2014, July 19, 2014, and October 21, 2014, respectively.  I added red squares around certain content for the Court's convenience.  These Data Sheets do not contain an AFR representation.

17.    At one point, it appears that the "Storage Solutions Guide" was available through a link on the main, or home page of Seagate's website.  However, as of July 2013, this link does not appear on the website, and I did not see a link to the Storage Solutions Guide on any of the Seagate webpages I reviewed from July 2013 or later.

18.    Plaintiffs cite Plaintiffs' Exhibits 22 – 52, 63 and 64 in Section II.B of their Motion (pp 4-11) in support of their contention that "Seagate internally measured AFR rates that exceeded advertised rates."  *See* Mot. at pp. 4-11.  I examined Plaintiffs' Exhibits 22 – 52, 63 and 64 and compared them to Plaintiffs' earlier briefing in this action.  With the exception of Plaintiffs' Exhibit 30, Plaintiffs have previously cited each of these exhibits in their first attempt to obtain class certification.  Plaintiffs also previously submitted many of these documents to the Court.  Attached hereto as **Exhibit 23** is a table I created showing where Plaintiffs previously cited and submitted each of these exhibits.  This table also summarizes the results of my examination of Plaintiffs' Exhibits 22 – 52, 63 and 64, which I describe below in further detail.

RODEWALD DECL. ISO SEAGATE'S OPPOSITION TO PLAINTIFFS' RENEWED
MOTION FOR CLASS CERTIFICATION

19.    I examined Plaintiffs' Exhibits 23-27, 29-34, 37, and 46.  Each of these documents is from 2012, and concerns 2012 or earlier Drives.  *See* Pls Exs. 23-27, 29-34, 37, and 46.  All of these documents with the exception of Plaintiffs' Exhibit 30 were previously cited or submitted by Plaintiffs in support of their first motion for class certification.  *See* Exhibit 23 hereto.

20.    I examined Plaintiffs' Exhibit 52.  Plaintiffs previously cited this in support of their first motion for class certification. *See* Exhibit 23 hereto.  Plaintiffs' Exhibit 52 is a 2012 Powerpoint presentation by Andrei Khurshudov, concerning many drives not at issue in this litigation.  As the Court previously recognized in its Order Denying Motion for Class Certification, dated July 5, 2018, at 7:20-23, Khurshudov states that Seagate needs to wait to make a conclusion about Grenada.  *See* Pls Ex. 52 at FED_SEAG0001857.  Khurshudov testified that this was because there was not enough data about the Grenada drives at that time.  ECF 151-16 [Khurshudov Depo.] at 99:25-101:10.  For the Court's convenience, a true and correct copy of the relevant portions of this deposition are attached hereto as **Exhibit 24**.  In addition, Khurshudov testified that his conclusions in this Powerpoint presentation do not apply to consumer desktop drives such as the ST3000DM001 Drive.  *See* ECF 151-16 at 126:23-129:10 (reproduced in Exhibit 24, hereto).  Finally, Seagate's expert, Don Adams, explained that Khurshudov's conclusions are unreliable.  *See* ECF 150-4 [Adams Declaration], ¶¶ 75-77.  For the Court's convenience, the relevant portions of the Adams Declaration (ECF 150-4) are attached hereto as **Exhibit 25**.

21.    I examined Plaintiffs' Exhibits 28, 36, 38, 39-42, 47-51, and 64.  All of these documents were previously cited or submitted by Plaintiffs in support of their first motion for class certification.  *See* Exhibit 23 hereto.

22.    Plaintiffs' Exhibits 28 and 47 – 50 are Backblaze Blog Posts or documents concerning Backblaze.  Plaintiffs assert that Plaintiffs' Exhibit 51 also concerns Backblaze.  (Mot. at 10:27-11:2.)  As Seagate's Expert Don Adams explained, Backblaze purchased all of its drives in 2011 or 2012, so these documents relate exclusively to 2012 or earlier Drives.  *See* ECF 150-4 [Adams Declaration], ¶ 81.  As noted, for the Court's convenience, the relevant portions of the Adams Declaration are included in **Exhibit 25** hereto.  Seagate has previously shown that Backblaze used dozens of drives packed into single storage units, operated on a "24/7" basis in high-vibration,

1    high workload, commercial data-center environment.  *See* ECF No. 150-4 [Adams Decl.], ¶¶ 79- 81

2    (included in Exhibit 25 hereto); and ECF No. 152-1, Ex. 17 [Rollings Declaration], ¶¶ 4-9.  For the

3    Court's convenience, the Rollings Declaration is attached hereto as **Exhibit 26**.  Finally, Plaintiffs'

4    expert Hospodor admitted that alleged "failures" in Backblaze's commercial, data-center

5    environment cannot support conclusions about failure rates in consumer hands.  *See* ECF 158-7

6    [Hospodor "Rebuttal" Report], ¶ 53.

7           23.    I examined Plaintiffs' Exhibit 36.  This document is the same document Plaintiffs

8    submitted as Exhibit 59 to ECF 158-4, the Declaration of Steve W. Berman in Further Support of

9    Plaintiffs' Motion for Class Certification (the "Reply Berman Decl.")  Seagate previously

10   demonstrated the irrelevance of this Exhibit in its Opposition to Plaintiffs' Administrative Motion

11   for Leave to File [Plaintiffs' First] Supplemental Brief in Support of Class Certification ("Opp. to

12   First Supp. Brief").  *See* ECF 170-4, at p. 2-4.  Specifically, Plaintiffs' Exhibit 36 dates from 2011

13   and shows that it concerns 2011 Grenada Classic drives used by the company Netflix *in a*

14   *commercial, data-center environment*.  Plaintiffs' Exhibit 36 shows that a company called Equus

15   built commercial, data-center systems for Netflix.  *See* Pls Ex. 36 at FED_SEAG0072642.  These

16   systems used 36 drives per system, purchased in 2011. *See* Pls Ex. 36 at FED_SEAG0072649

17   (Equus employee writes on December 8, 2011, "We are building up seven of the systems for our

18   large customer with 36 of the ST3000DM001 3TB drives in each system.")

19          24.    I examined Plaintiffs' Exhibit 38.  Plaintiffs previously submitted this as Exhibit 61 to

20   ECF 167-4, the Declaration of Steve Burman in Support of Supplemental Brief in Further Support

21   of Class Certification ("Supp. Berman Decl."), and Seagate previously demonstrated its irrelevance

22   in ECF 170-4, at p. 3, n. 6.  This document relates to the company Netgear, and discusses firmware

23   that had not been updated to the latest version.  *See* Pls Ex. 61 at FED_SEAG0072676.  It also

24   involves an end-user in the Czech Republic who writes in Czech and has a ".cz" email address.  *See*

25   Pls Ex. 38 at FED_SEAG0072680.

26          25.    I examined Plaintiffs' Exhibit 39.  Plaintiffs previously submitted this as Supp.

27   Berman Decl., Exhibit 62, and Seagate previously demonstrated its irrelevance in ECF 170-4, at p.

28   2-4.  This document concerns UC Irvine's large-scale, data-center use of 2011-2012 Grenada Classic

1  drives.  *See* Pls Ex. 39 at FED_SEAG0072348 ("They [UC Irvine] have 4 enclosures (SuperMicro)

2  each with 36 - 3TB Barracuda drives installed" and "9YNxxx is Grenada Classic and the drives they

3  are using are 2011 and 2012 vintage drives.").

4         26.    I examined Plaintiffs' Exhibits 40, 41 and 42.  Plaintiffs previously submitted these as

5  Supp. Berman Decl., Exhibits 63, 66 and 67, respectively, and Seagate previously demonstrated the

6  irrelevance of these documents in ECF 170-4, at p. 2-4.  Specifically, Plaintiffs' Exhibits 40, 41 and

7  42 concern use of drives by a company called Shutterfly.  The documents reveal that Shutterfly was

8  a customer of a company called Cleversafe that provided Shutterfly with large-scale, commercial

9  data-center systems.  *See* Pls Ex. 41 at FED_SEAG0071984.  Shutterfly used over 3,000

10  ST3000DM001 drives (Pls Ex. 40 at FED_SEAG0071792), and each Shutterfly system had 45 or 48

11  drives (*id.* at FED_SEAG0071795).  The Shutterfly/Cleversafe drives were "early vintage" Grenada

12  BP from late 2012 to early 2013. Pls Ex. 41 at FED_SEAG0071983.  Furthermore, these documents

13  report that drives showed vibration-induced damage.  *See* Pls Ex. 42 at FED_SEAG0072000.

14         27.    I examined Plaintiffs' Exhibit 64.  Plaintiffs previously submitted this as Supp.

15  Berman Decl., Exhibit 60, and Seagate previously demonstrated its irrelevance in ECF 170-4, at p. 2

16  and n. 4.  Plaintiffs' Exhibit 64 is from 2012, and thus relates to 2012 or earlier drives.  The

17  document concerns a company called iXsystems, which was an "Enterprise Servers" company.  Pls

18  Ex. 64 at FED_SEAG0072362 (see signature block of bottom email).

19         28.    I examined Plaintiffs' Exhibits 43, 44 and 45.  Plaintiffs previously cited or submitted

20  these documents in support of their first motion for class certification.  *See* Exhibit 23 hereto.  These

21  documents concern the purported Apple "recall."  Seagate previously showed that the drives at issue

22  were ***pre-May 2013 drives***, and moreover, were OEM drives, not Disty drives.  ECF No. 133-5

23  (Hospodor Declaration) ¶ 183; ECF No. 150-4 (Adams Decl.) ¶ 106; ECF No. 152-1, Ex. 18 (Ng

24  Decl.) ¶ 11 (Apple "recall" in June 2015 involved drives manufactured approximately 2.5 years

25  earlier – thus, mainly before 2013).  For the Court's convenience, the relevant portions of the Adams

26  Declaration is attached hereto as **Exhibit 25**, and the relevant portions of the Ng Declaration are

27  attached hereto as **Exhibit 27**.  Furthermore, Seagate previously showed that Apple did not

28

1  experience a "high" failure rate, and the Disty drives did not have a high return rate.  *See* ECF 170-4

2  at p. 4:5-21.

3      29.    I examined Plaintiffs' Exhibit 35.  Plaintiffs previously cited this in support of their

4  first motion for class certification. *See* Exhibit 23 hereto.  This document relates to Grenada ***BP2***

5  drives, which Plaintiffs expressly excluded from their class definition.  Mot. at i-ii.

6      30.    I examined Plaintiffs' Exhibit 22.  This document contains "ORT" AFR data for

7  Seagate weeks 1332 – 1343.  These are Seagate "fiscal weeks."  Seagate's fiscal year starts on July 1

8  of the prior calendar year, meaning that fiscal year 2013 started on July 1, *2012*.  This means that the

9  data in Plaintiffs' Exhibit 22 corresponds to roughly February – April 2013—*not* February-May as

10  Plaintiffs assert.  Pls Ex. 63 (citing document FED_SEAG0056563 (Pls Ex. 22) at p. 56595 and at p.

11  56602 for Feb-May 2013). The fact that this document does not show data from May is confirmed

12  by the fact that it is dated May 3, 2013, so could at most, show two or three days of May data.

13  However, the "Q413" line shown at fiscal week 1339/1340 on pages 56595 and 56602 confirms that

14  the document does not contain May data.  Since the fiscal year started July, 2012, third quarter 2013

15  would be January-March 2013 and Q413 would be April-June 2013.  There are only three or four

16  weeks shown after the "Q413" line—meaning only April data is shown after the line, and the data

17  on pages 56595 and 56602 that Plaintiffs cite does not cover May 2013.

18      31.    I examined Plaintiffs' Exhibit 63.  Plaintiffs' Exhibit 63 was not previously submitted.

19  The last column of Plaintiffs' Exhibit 63 purports to cite other evidence of "AFR Test Results."  This

20  document cites several documents that Plaintiffs submit as exhibits.  Specifically, Plaintiffs' Exhibit

21  63 cites the following documents that Plaintiffs submit as exhibits and which they previously cited

22  in their first class certification briefing.

23  - For "Nov. 2011- Feb. 2012": FED_SEAG0009670 at 9681.  This document is submitted as Plaintiffs' Exhibit 23.  As discussed above, this is a 2012 document addressing 2012 drives
24  and was previously cited by Plaintiffs.  *See* Paragraphs 18, 19, *supra*.

25  - For "Dec. 2011- March 2012": FED_SEAG0063104 at 63107.  This document is submitted as Plaintiffs' Exhibit 26.  As shown above, this is a 2012 document addressing 2012 drives,
26  and was previously cited by Plaintiffs.  *See* Paragraphs 18, 19, *supra*.

27  - For "June 2012" FED_SEAG0026751 at 26783 and 26785-86.  FED_SEAG0026751 is submitted as Plaintiffs' Exhibit 34.  As shown above, this is a 2012 document addressing
28  2012 drives, and was previously cited by Plaintiffs.  *See* Paragraphs 18, 19, *supra*..

- For "Sept. 2012- Nov. 2012": FED_SEAG0059618 at 59620, which is submitted as Plaintiffs' Exhibit 33. As shown above, this is a 2012 document addressing 2012 drives, and was previously cited by Plaintiffs. *See* Paragraphs 18, 19, *supra*.

- For "Feb. 2013- May 2013": FED_SEAG0056563 at 56595 and at 56602. FED_SEAG0056563 is submitted as Plaintiffs' Exhibit 22. As noted above, this document relates to February – April 2013 (not Feb-May), and was previously cited by Plaintiffs. *See* Paragraphs 18, 30, *supra*.

32.    Plaintiffs Exhibit 63 also cites several documents that they do not submit into evidence. Specifically, Plaintiffs cite the following, all but the last of which are from 2012 and concern 2012 drives.:

- For "Jan. 2012- March 2012": FED_SEAG0071091 at 71094. I examined this document. It is from fiscal week 1238, which is in March 2012 and concerns the prior 12 weeks of data.

- For "March 2012- June 2012": FED_SEAG0071106 at 71109. I examined this document. It is from fiscal week 1249, which is the first week of June 2012, at the latest, and concerns the prior 12 weeks of data.

- For "Sept. 2013- Nov. 2013": FED_SEAG0056643, at 56666. I examined this document. Aside from Plaintiffs' Exhibit 22, this is the only document cited in Exhibit 63 concerning 2013 (or later) data. The relevant pages of this document are attached hereto as **Exhibit 28**.

33.    A true and correct copy of the relevant pages of Document FED_SEAG0056643, at page 56666, is attached hereto as **Exhibit 28**. This document shows "ORT" AFR results for fiscal weeks 1411 – 1422, which roughly corresponds to September 2013 to November 2013, as Plaintiffs admit. (*See* Plaintiffs' Exhibit 63.) This Exhibit shows that the ORT AFR was well below 1% during this time, and even under 0.34% for the last two weeks of the period.

34.    Attached hereto as **Exhibit 29** is a true and correct copy of the first and third pages of Seagate document FED_SEAG0057761 (specifically pages FED_SEAG0057761 to FED_SEAG005773) . This document shows ORT test results for Grenada BP OEM drives for fiscal weeks 1423 – 1440, which is December 2013 to March 2014. This document shows AFRs substantially below 1% during this period.

35.    Attached hereto as **Exhibit 30** is a true and correct copy of the first and twenty-third pages FED_SEAG0056724 (specifically pages FED_SEAG0056724 and FED_SEAG0056746). This document shows ORT test results for Grenada BP OEM and Disty drives for fiscal weeks

RODEWALD DECL. ISO SEAGATE'S OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION

1441 – 1505, which is April 2014 to early August 2014.  This document shows AFRs substantially below 1% during this period.

36.    Attached hereto as **Exhibit 31** are excerpts of the deposition of Chadwick Hauff taken in this action on June 8, 2017.

37.    Attached hereto as **Exhibit 32** are excerpts of the deposition of James Hagey taken in this action on July 24, 2017.

38.    Attached hereto as **Exhibit 33** are excerpts of the deposition of Dudley Lane Dortch IV taken in this action on July 12, 2017.

39.    Attached hereto as **Exhibit 34** are excerpts of the deposition of Nikolas Manak taken in this action on June 20, 2017.

40.    Attached hereto for the Court's convenience as **Exhibit 35** is ECF 152-3, the Declaration of Karl Schweiss, and Exhibits 17, 18 and 23 to that declaration.

41.    Plaintiffs cite Plaintiffs' Exhibits 13 and 14 in footnote 4 of page 2 of their Motion. Plaintiffs previously cited these documents in support of their second supplemental brief in support of their first motion for class certification.  *See* ECF 175-5 [Declaration of Shana E. Scarlett in Support of Plaintiffs' Second Supplemental Brief in Further Support of Class Certification ("Scarlett I"), Exhibit 72, rows 6 and 8. Seagate previously demonstrated that these documents could not be used to determine a failure rate for any drives.  *See* ECF 178-4 [Rodewald Decl.], ECF 178-5 [Rodewald Decl., Ex. 1], at rows 6 and 8.  A copy of the relevant portions of Seagate's prior submission are attached hereto as **Exhibit 36** for the Court's convenience.

42.    Plaintiffs' Exhibits 13 and 14 are particularly irrelevant now because they both concern reviews for external products, and Plaintiffs do not seek class certification on any external drives.  Mot. at i-ii (Plaintiffs seek certification with regard to internal drives only).  In particular, I reviewed the specific reviews Plaintiffs quote in footnote 4 of their Motion, and those reviews are about external products, and are not about drives at issue in Plaintiffs current motion for class certification.

43.    Plaintiffs cite Plaintiffs' Exhibits 53 and 54 in footnote 6 of page 12 of their Motion. Plaintiffs previously cited these documents in support of their second supplemental brief in support

of their first motion for class certification.  *See* ECF 175-5 [Scarlett I], Exhibit 72, rows 15 and 27 (Pls Ex. 53)  and row 25 (Pls Ex. 54). Seagate previously demonstrated that these documents could not be used to determine a failure rate for any drives.  *See* ECF 178-4 [Rodewald Decl.], ECF 178-5 [Rodewald Decl., Ex. 1], at rows 15 and 27 (Pls Ex. 53)  and row 25 (Pls Ex. 54).  A copy of the relevant portions of Seagate's prior submission are attached hereto as **Exhibit 36** for the Court's convenience.

44.     As Seagate demonstrated several months ago, the "complaint" Plaintiffs quote from Plaintiffs' Exhibit 53 doesn't relate to a product containing an ST3000DM001 drive.  The review quoted in footnote 6 of Plaintiffs' motion is the first "Sample Complaint" they quoted in row 27 several months ago.  (*See* ECF 175-5, Ex. 72, row 27.)  Seagate pointed out then that this "complaint" does not relate to an ST3000DM001 drive.  *See* Exhibit 36 hereto, Ex. 1, row 27 ("Plaintiffs quote three "Sample Complaints" -- two of which (the first and third) ***do not relate to the ST3000DM001***.")

45.     Finally, it is impossible to determine whether the comment Plaintiffs quote from Plaintiffs' Exhibit 54 relates to a product at issue or not.  This document contains entries relating to numerous products not at issue; it does not contain any rows relating to model numbers or sizes, so one cannot tell whether any particular entries relate to drives at issue.  Plaintiffs quote one comment.  There is no evidence this comment relates to the ST3000DM001, or to internal drives for which Plaintiffs seek class certification.  *See* Exhibit 36 hereto, Ex. 1, row 25.

46.     I created a corrected version of Plaintiffs' graph on page 9 of Plaintiffs' Motion in the following way.  First, Plaintiffs' graph is misleading because time on the horizontal axis is not evenly spaced—giving the illusion of continuity when there is none.  Therefore, I had to condense some portions of Plaintiffs' graph and expand other portions of it so that the passage of time is evenly represented along the horizontal axis, and each year is allocated the same amount of space.  Then I had to add 2014, since Plaintiffs' graph did not contain any information for 2014.  Second, the height of Plaintiffs' AFR bars for December 2011, March 2012, November 2012, May 2013 and November 2013 was overstated compared to the data in the documents.  (*See* Pls Ex 63, citing documents.)  The average ORT AFRs for these months were lower than the bars in Plaintiffs' graph.

For May 2013, in particular, the document on which Plaintiffs' rely (Pls Ex 63 citing Pls Ex 22) does not have data for May 2013, it only has data for February - April 2013.  (*See* Paragraphs 31-32 above.)  I calculated corrected average AFRs for December 2011, March 2012, November 2012, April 2013 and November 2013 as follows:

| Source for Data | Fiscal Week | ORT AFR | Correct Average |
|---|---|---|---|
| **December 2011 Grenada Classic** | | | |
| Pls Ex. 23 (at p. 9681) | 1223 | 1.23 | **1.27** |
| | 1224 | 1.26 | |
| | 1225 | 1.28 | |
| | 1226 | 1.32 | |
| **March 2012 Grenada Classic** | | | |
| FED_SEAG0071091 at 71094 (cited by Pls Ex 63) | FW1236 | 1.86 | **1.72** |
| | FW1237 | 1.28 | |
| | FW1238 | 1.68 | |
| FED_SEAG0071106 at 71109 (cited by Pls Ex 63) | FW1239 | 2.04 | |
| **November 2012 Grenada Classic** | | | |
| Pls Ex 33 (FED_SEAG0059618 at 59620) | FW1319 | 2.02 | **1.85** |
| | FW1320 | 1.81 | |
| | FW1321 | 1.72 | |
| **April (not May) 2013 Grenada Classic** | | | |
| Pls Ex 22 (FED_SEAG0056563 at 56595) | FW1340 | 2.66 | **1.64** |
| | FW1341 | 2.00 | |
| | FW1342 | 1.16 | |
| | FW1343 | 0.73 | |
| **April (not May) 2013 Grenada BP** | | | |
| Pls Ex 22 (FED_SEAG0056563 at 56602) | FW1340 | 1.5 | **1.42** |
| | FW1341 | 1.3 | |
| | FW1342 | 1.38 | |
| | FW1343 | 1.48 | |
| **November 2013 Grenada BP** | | | |
| FED_SEAG0056643, at 56666 (cited by Pls Ex 63) | 1418 | 0.56 | **0.45** |
| | 1419 | 0.51 | |
| | 1420 | 0.46 | |
| | 1421 | 0.28 | |

I modified Plaintiffs' ORT AFR bars to reflect these corrected numbers listed above.  Third, I *added* average ORT AFRs for December 2013 – August 2014 using the numbers in **Seagate Exhibits 28 –**

1    **30** attached hereto.  My calculations are shown on the second page of **Exhibit 37** hereto.  Finally, I

2    corrected Plaintiffs' graph by adding notations to show the times when there were no AFR

3    representations.  The corrected graph I created appears in Seagate's Opposition on page 9, and a

4    larger version is attached hereto as **Exhibit 37**.

5             47.      For the Court's convenience, attached hereto as **Exhibit 38** are the pages of ECF

6    150-10, the Declaration of Harrie Netel, ¶¶ 19, 28-33, 38, 39.

7                      I declare under penalty of perjury under the laws of the United States of America and

8    the State of California that the foregoing is true and correct.

9                      Executed on this 16th day of November, 2018, at San Francisco, California.

10

11                                        _/s/ Tenaya Rodewald_
                                          Tenaya Rodewald
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Anna S. McLean, attest that the signatory of this document, and on whose behalf the filing is submitted, concurs with the filing's content and has authorized the filing.

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By             */s/ Anna S. McLean*
                            ANNA S. McLEAN

Attorneys for SEAGATE TECHNOLOGY, LLC