1  Steve W. Berman (*pro hac vice*)
   HAGENS BERMAN SOBOL SHAPIRO LLP
2  1301 Second Avenue, Suite 2000
   Seattle, Washington 98101
3  Telephone: (206) 623-7292
   Facsimile: (206) 623-0594
4  steve@hbsslaw.com

5  Shana E. Scarlett (217895)
   HAGENS BERMAN SOBOL SHAPIRO LLP
6  715 Hearst Avenue, Suite 202
   Berkeley, California 94710
7  Telephone: (510) 725-3000
   Facsimile: (510) 725-3001
8  shanas@hbsslaw.com

9  Marc A. Goldich (*pro hac vice*)
   Noah Axler (*pro hac vice*)
10 AXLER GOLDICH, LLC
   1520 Locust Street, Suite 301
11 Philadelphia, PA 19102
   Telephone: (267) 534-7400
12 mgoldich@axgolaw.com
   naxler@axgolaw.com

*Attorneys for Plaintiffs and the
the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SEAGATE TECHNOLOGY LLC LITIGATION | No. 3:16-cv-00523-JCS<br><br>DECLARATION OF BREANNA VAN ENGELEN IN SUPPORT OF PLAINTIFFS' REPLY BRIEF RE: RENEWED CLASS CERTIFICATION<br><br>DATE: Jan. 18, 2019<br>TIME: 9:30 a.m.<br>DEPT: Hon. Joseph C. Spero<br>         Courtroom G, 15th Floor |

010581-11 1031259V1

I, BREANNA VAN ENGELEN, declare as follows:

1. I am an attorney duly licensed to practice in Washington. I am an associate with the law firm of Hagens Berman Sobol Shapiro LLP, the attorneys for plaintiffs in the above-titled action. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. Prior to working for Hagens Berman Sobol Shapiro LLP, I worked as an associate for K&L Gates, LLP, where I specialized in investigating and litigating cases involving actionable online conduct. My investigations included identifying anonymous persons online accused of leaking company trade secrets in web forums, identifying users selling fake positive and negative product reviews online, investigating the origins of email spam, website scams, and other actionable trademark infringement online, and trying one of the first cyberstalking cases in the nation. All these cases involve tracking the origins of web postings, dating the web postings, and utilizing forensic tools to build a trail leading to the defendant(s).

3. Seagate claims "*there was no AFR on the website*" during the months of February through April of 2013. Opp. at 8 (emphasis in original). To test this claim, I conducted a series of internet searches consistent with my prior investigative work in this field.

4. On December 7, 2018 at approximately 8:35 AM, I used Google to search for the following terms: "Seagate 3TB Barracuda Data Sheet" (quotes omitted from search). To ensure the results were unadulterated by my prior search history, I cleared my browser's cache and conducted the search from a private browsing window, which reduces the risk that a person's past search history will influence the search results.

5. The second result in Google was a live copy of Exhibit 2 accompanying plaintiffs' motion for class certification – the 2011 Seagate Barracuda Hard Drive Data Sheet – available from the website Seagate.com:



6. This search result pulls a PDF copy of the 2011 data sheet, which contains an AFR specification of less than one percent.

7. To cross-check this search result using different terms, I also used Google to search the phrase "Seagate 3tb barracuda AFR" (quotes omitted from search). This time, the 2011 data sheet was the first result:



VAN ENGELEN DECL. ISO REPLY IN FURTHER SUPPORT
OF RENEWED CLASS CERT. MOT. – Case No. 3:16-cv-00523-JCS

- 2 -

8. To ensure that these results were consistent, I conducted the same search (Seagate 3TB Barracuda Data Sheet) using the Microsoft engine, www.bing.com. Once again, a live copy of Exhibit 2 was the second result, available for download from Seagate's website:



9. To cross-check that my location, search history, and IP address were not influencing these results, I conducted the same search using the website www.duckduckgo.com. This search engine emphasizes protecting searchers' privacy and avoiding the filter bubble of personalized results. This time, a live copy of Exhibit 2 from Seagate's website was the first result:



VAN ENGELEN DECL. ISO REPLY IN FURTHER SUPPORT
OF RENEWED CLASS CERT. MOT. – Case No. 3:16-cv-00523-JCS

- 3 -

1      10.    Hence, although Seagate claims that it removed the AFR specifications from its website, the original data sheet is still available for download from Seagate's website and accessible through a simple search (*e.g.* either "Seagate 3tb Barracuda AFR" or "Seagate 3tb Barracuda data sheet"). A live link to the search result is available at: https://www.seagate.com/staticfiles/docs/pdf/datasheet/disc/barracuda-ds1737-1-1111us.pdf.

11.    Notably, Seagate's 2013 Storage Solutions Guide (which contains similar AFR representations) is also available for download from Seagate's website using similar natural language searches: https://www.seagate.com/files/www-content/product-content/_cross-product/en-us/docs/storage-solution-guide-oct-13-ssg1351-14-1310us.pdf

12.    To demonstrate that this link described in paragraph 10 was active during the class period, I used a simple web forensics tool that can estimate a date indicating the first time a URL has been indexed by Google and other search engines. "Indexing" is the process of downloading data from webpages and storing it into databases by search engines. It is how we find webpages when we conduct internet searches. This tool can be more accurate than relying on web archives, which provide intermittent snapshots of websites during static periods of time, but do not always show information that was accessible using search engines.

```
{
  "self": "http://cd.cs.odu.edu/cd/https://www.seagate.com/staticfiles/docs/pdf/datasheet/disc/barracuda-ds1737-1-1111us.pdf",
  "uri": "https://www.seagate.com/staticfiles/docs/pdf/datasheet/disc/barracuda-ds1737-1-1111us.pdf",
  "estimated-creation-date": "2011-04-30T23:59:59",
  "earliest-sources": [
    "google.com"
  ],
  "sources": {
    "web.archive.org": {
      "uri-m": "http://web.archive.org/web/20130903004616/http://www.seagate.com:80/staticfiles/docs/pdf/datasheet/disc/barracuda-ds1737-1-1111us.pdf",
      "memento-datetime": "2012-02-22T21:16:33",
      "memento-pubdate": "",
      "earliest": "2012-02-22T21:16:33"
    },
    "bing.com": {
      "earliest": ""
    },
    "bitly.com": {
      "earliest": "2018-08-28T13:53:54"
    },
    "google.com": {
      "earliest": "2011-04-30T23:59:59"
    },
    "last-modified": {
      "earliest": "2016-11-02T18:17:00"
    },
    "pubdate": {
      "earliest": ""
    },
    "twitter.com": {
      "earliest": ""
    }
  }
}
```

13. This tool shows the earliest record that a URL was indexed by archive.org, Google, Bitly, Bing among other websites. According to this tool, the link set forth in paragraph 10 was first indexed by Google in 2011. The information above indicates – with a reasonable degree of certainty – that the 2011 data sheet has been available for download from Seagate's website since at least 2011. Conducting the natural language searches above would have allowed users to find this document with ease.

14. Seagate also incorrectly states that Plaintiff Nelson did not purchase a 3TB Desktop HDD. Attached hereto as Exhibit A is a true and correct excerpt of his deposition.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 10th day of December, 2018 at Seattle, Washington.

          s/ Breanna Van Engelen
          BREANNA VAN ENGELEN