SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
 A Limited Liability Partnership
 Including Professional Corporations
NEIL A.F. POPOVIĆ, Cal. Bar No. 132403
ANNA S. McLEAN, Cal. Bar No. 142233
TENAYA RODEWALD, Cal. Bar No. 248563
JOY O. SIU, Cal. Bar No. 307610
DANIEL R. FONG, Cal. Bar No. 311985
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:   415.434.9100
Facsimile:    415.434.3947
Email:         npopovic@sheppardmullin.com
                  amclean@sheppardmullin.com
                  trodewald@sheppardmullin.com
                  jsiu@sheppardmullin.com
                  dfong@sheppardmullin.com

Attorneys for Defendant,
SEAGATE TECHNOLOGY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SEAGATE TECHNOLOGY LLC LITIGATION<br><br>CONSOLIDATED ACTION | Case No. 3:16-cv-00523-JCS<br><br>**SEAGATE TECHNOLOGY LLC'S OBJECTIONS TO PLAINTIFFS' REPLY EVIDENCE SUBMITTED IN SUPPORT OF RENEWED MOTION FOR CLASS CERTIFICATION**<br><br>Second Consolidated Amended Complaint filed: July 11, 2016 |

**INTRODUCTION**

Pursuant to Local Rule 7-3(d)(1) of the Northern District of California Civil Local Rules, Seagate Technology LLC ("Seagate") hereby objects to and moves to strike the Declaration of Breanna Van Engelen in Support of Plaintiffs' Reply Brief Re: Renewed Class Certification ("Van Engelen Decl.") (ECF No. 194-4) and the Declaration of Eric L. Ingram [in] Further Support of Plaintiffs' Renewed Motion for Class Certification ("Ingram Decl.") (ECF No. 194-6).  The Van Engelen and Ingram declarations both represent new evidence, which is prohibited on reply. Moreover, both declarations should also be excluded for substantive reasons as well.  First, three years into this litigation, Plaintiffs propose Mr. Ingram as a substitute Florida plaintiff.  The Court should exclude his declaration because such substitution is impermissible at this late date. Second, Ms. Van Engelen purports to testify as a quasi-expert witness, without any foundation or qualifications, regarding how Internet archival links work.  The Court should strike her testimony as lacking foundation and impermissible lay opinion testimony.  As a result, Seagate respectfully requests that the Court exclude Plaintiffs' new reply evidence in its entirety.

**ARGUMENT**

**I.    The Ingram Declaration Should Be Excluded**

Plaintiffs submit the Declaration of Eric L. Ingram in a last-ditch attempt to save the proposed Florida sub-class, because their prior proposed representative, Schechner, purchased an external product Plaintiffs have dropped from the case.   The declaration should be excluded because it is new evidence submitted on reply; likewise, substitution is improper at the class certification stage and should be disallowed.

Although, to protect an already-certified class, courts sometimes permit substitution of named plaintiffs after certification, where a new plaintiff attempts to enter the case during certification proceedings, substitution is generally *not* allowed.  *See Miller v. Mercedes-Benz USA, LLC*, No. CV 06-05382 ABC, 2009 WL 1393488, at *1 (C.D. Cal. May 15, 2009) (submission of new plaintiff in certification reply brief deemed a "bait-and-switch tactic").[1]  The proper procedure

---

[1] *Cf. Lierboe v. State Farm Mut. Auto Ins. Co.*, 350 F.3d 1018, 1023 (9th Cir. 2003) (noting that where named plaintiff loses standing post-certification, substitution would be appropriate).

would have been for Mr. Ingram to file a motion to intervene or for Plaintiffs to move to amend their Complaint. *See id.* at *4-5 (if the new plaintiff "wished to participate in this action, she should have filed a motion to intervene"). Instead, Plaintiffs attempt to sneak Mr. Ingram into this case without the benefit of discovery regarding his adequacy or complete briefing on whether adding a new named plaintiff this late in the litigation should be permitted. The Ingram declaration should be stricken and Plaintiffs' request for substitution denied for this reason alone.

Even if Plaintiffs had proceeded in a procedurally appropriate manner, Seagate still would be prejudiced by Mr. Ingram's addition at this late date. *See Komie v. Buehler Corp.*, 449 F.2d 644, 647-48 (9th Cir. 1971) (affirming denial of motion to amend where amendment is unduly delayed and will result in undue prejudice to other party). In *Velazquez v. GMAC Mortg. Corp.*, No. CV 08-05444 DDP, 2009 WL 2959838, at *4 (C.D. Cal. Sept. 10, 2009), the court denied a request to substitute new named plaintiffs in a scenario similar to this one. In *Velazquez*, the Court found undue prejudice because "extensive discovery" and substantial motion practice had already taken place, and the plaintiffs had known of their named plaintiffs' deficiencies for six months. *Id.* Here, Seagate has an even clearer case of prejudice because this case has been ongoing for nearly three years, and very extensive discovery and motion practice have taken place. Indeed, this is Plaintiffs' second attempt at class certification. Nor is this a case where the named plaintiffs recently lost standing due to a change in circumstances or intervening law. *Cf. Bull v. City and County of San Francisco*, 758 F. Supp. 2d 925, 929 (N.D. Cal. 2010) (allowing substitution of named plaintiff only because recent appellate decision removed standing). Here, Plaintiffs themselves chose to alter their class definition to exclude consumers like Schechner— yet they did not seek to amend their Complaint or otherwise offer a new named plaintiff until now, after Seagate filed its opposition to the renewed motion for class certification.

Plaintiffs cannot fix the defects in their case by a late, procedurally improper substitution. The Ingram declaration should be excluded.

**II.   The Van Engelen Declaration Should Be Excluded**

Breanna Van Engelen, an associate at the Hagens Berman law firm, proffers a new declaration on reply that has insufficient foundation, constitutes improper lay opinion testimony,

and is irrelevant to the issues on class certification.  Consequently, the entire declaration should be stricken.

Ms. Van Engelen testifies to the existence of a 2011 Barracuda data sheet on Seagate's website at the following URL:

https://www.seagate.com/files/staticfiles/docs/pdf/datasheet/disc/barracuda-ds1737-1-1111us.pdf, which links to the Support section of Seagate's website where documentation for numerous legacy products is available for download.[2]  Ms. Van Engelen's testimony is irrelevant and inadmissible for at least the following three reasons.

<u>First</u>, Ms. Van Engelen testifies "to a reasonable degree of certainty" that the 2011 Barracuda data sheet has been continuously available at the above URL on Seagate's website throughout the putative class period until today.  Van Engelen Decl., ¶13.  In doing so, she claims to have acquired special expertise in online investigations as an associate at her prior law firm.  *Id.,* ¶ 2.  Yet despite having run Google searches in her prior law firm position, Ms. Van Engelen is not qualified to testify as to how search engine "indexing" works and what such indexing says about whether a webpage was available at a certain point in time.  Under Federal Rule of Evidence 701, a lay witness is limited to testifying to material that is "rationally based on the witness's perception" and "not based on scientific, technical, or other specialized knowledge."[3]  Therefore, Ms. Van Engelen may testify as to what she personally viewed on the Internet, but she may not testify, without evidence of personal knowledge, as to what may have existed on the Internet since 2011.

Neither can she testify as to the functionality and reliability of the online tools she used, namely duckduckgo.com and the unidentified "simple web forensics tool."  *See Hynix Semiconductor Inc. v. Rambus Inc.*, No. CV-00-20905 RMW, 2008 WL 504098, at *4 (N.D. Cal. Feb. 19, 2008) (contrasting permissible lay opinions "based on their personal knowledge of their

---

[2] The document to which Ms. Van Engelen is referring can be found at https://www.seagate.com/support/internal-hard-drives/desktop-hard-drives/desktop-hdd/, under the "Documentation" tab.

[3] Ms. Van Engelen does not appear to be offered as an expert in Internet forensics under Federal Rule of Evidence 702.  Regardless, her work as an attorney on cases that involved Internet investigations fails to qualify her as an expert on forensics.

business" with impermissible specialized technical knowledge).  Thus, her statements that duckduckgo.com "emphasizes protecting searchers' privacy and avoid[s] the filter bubble of personalized results" or that the unidentified web forensics tool she used "can estimate a date indicating the first time a URL has been indexed" are completely conclusory and without foundation.  Van Engelen Decl., ¶¶ 9, 12.  Ms. Van Engelen does not testify that she ever worked for any forensic tool company or, indeed, that she herself has ever used duckduckgo.com or the unidentified "web forensics tool" before.  She testifies only that some of her previous cases generally "involve[d]" forensic tools.  Id., ¶ 2.  In fact, Ms. Van Engelen does not even identify *which* forensic tool she used—yet she makes the unsupported claim that it is a "simple forensics tool" that "can be more accurate than relying on web archives."  Id., ¶ 12.  Thus, Ms. Van Engelen's conclusion that she has a "reasonable degree of certainty" that the data sheet existed during the class period is based on both an unidentified tool and explanations for which she clearly lacks personal knowledge or relevant expertise.

<u>Second</u>, the Van Engelen Declaration is used to improperly introduce new evidence and arguments.  *See Provenz v. Miller*, 102 F.3d 1478,1 384 (9th Cir. 1996) (district court may not allow party to submit new evidence on reply where opposing party unable to respond).  In their Renewed Motion for Class Certification, Plaintiffs provided screenshots of Seagate's product pages via the Wayback Machine to show what AFR information they contended was available to putative class members during the relevant period.  *See, e.g.*, Declaration of Shana E. Scarlett in Support of Plaintiffs' Renewed Motion for Class Certification, Exs. 4-6.  Therefore, in opposition, Seagate provided rebutting screenshots using the Wayback Machine showing that on certain relevant dates, AFR information was not available on those pages.  *See, e.g.*, Declaration of Tenaya Rodewald in Support of Seagate's Opposition to Plaintiffs' Renewed Motion for Class Certification ("Rodewald Decl."), ¶¶ 3-17, Exs. 5-21.  Now, Ms. Van Engelen's Declaration seeks to introduce new evidence from the Support section of the website, implying that class members could have found AFR information that way.  Of course, these search engine results are not newly discovered information, but could easily have been introduced by Plaintiffs in their opening brief.  *See Olenicoff v. UBS AG*, No. SACV 08-1029 AG, 2010 WL 8530286, at *31 (C.D. Cal. Mar. 16,

2010) (refusing to consider new argument on reply because it "should have been presented with the opening brief"). Nor have Plaintiffs previously claimed (much less presented evidence) that consumers peruse Support webpages in shopping for hard drives. Notably, Plaintiffs present no such evidence with their reply either.

<u>Third</u>, the Van Engelen Declaration should also be stricken because it is irrelevant. That the 2011 Barracuda data sheet on the Support section of Seagate's website appeared in Ms. Van Engelen's Google searches in 2018 does not establish that (1) it was there continuously throughout the class period, (2) any putative class members searched for the data sheet using the terms used by Ms. Van Engelen, or (3) putative class members otherwise reviewed and relied on it in purchasing their hard drives. Indeed, the product name changed to Desktop HDD at the beginning of 2013. Declaration of Karl Schweiss in Support of Seagate's Opposition to Plaintiffs' Motion for Class Certification, ECF No. 152-3, ¶¶ 9, 13. Plaintiffs provide no support for the notion that consumers purchasing a product called "Desktop HDD" in 2013 or thereafter would search for a data sheet for a product called "Barracuda" in 2011 and believe that the 2011 Barracuda data sheet applied to a product sold under a different name two years later (especially when the Desktop HDD data sheet was readily available). *See* Rodewald Decl., ¶ 10. If anything, this evidence, if considered, would require yet another individualized inquiry into which methods class members used to research their drives and, if applicable, which sections of Seagate's website they visited in doing so.

## CONCLUSION

For the foregoing reasons, Seagate respectfully requests that this Court strike the Declaration of Breanna Van Engelen in Support of Plaintiffs' Reply Brief Re: Renewed Class Certification and the Declaration of Eric L. Ingram [in] Further Support of Plaintiffs' Renewed Motion for Class Certification.

Dated: December 17, 2018

By     */s/ Anna S. McLean*
                Anna S. McLean

Attorneys for Defendant,
SEAGATE TECHNOLOGY LLC