UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SEAGATE TECHNOLOGY LLC LITIGATION <br><br> CONSOLIDATED ACTION | Case No. 16-cv-00523-JCS <br><br> **ORDER RESOLVING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL** <br> Re: Dkt. No. 184, 189, 192, 194 |

The Court previously denied without prejudice administrative motions to file under seal filed by both parties related to Plaintiffs' first motion for class certification, all of which sought to seal materials designated as confidential by Defendant Seagate Technology LLC ("Seagate"). *See In re Seagate Tech. LLC*, 326 F.R.D. 223, 246 (N.D. Cal. 2018). The Court concluded that Seagate must show compelling reasons to keep the materials at issue under seal because the motion for class certification was "effectively dispositive." *Id.*; *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–03 (9th Cir. 2016) (holding that motions "more than tangentially related to the merits of a case" implicate the "compelling reasons" standard for sealing). The Court held that "prevent[ing] corporate embarrassment to Seagate based on evidence or perception that its products did not perform well," "vague invocations of strategy and internal procedure," and "the mere fact that Seagate would normally keep information confidential" were not compelling reasons for sealing, "particularly where documents at issue date back several years and may not reflect current technology and procedures." *In re Seagate*, 326 F.R.D at 246.

As instructed by the previous order, Seagate has filed a consolidated renewed motion to seal documents submitted in connection with the first motion for class certification. The parties have also filed new administrative motions to seal documents filed in connection with Plaintiffs'

renewed motion for class certification. Applying the standard set forth in the previous order, the Court rules as follows.[1]

**A. Seagate's Consolidated Renewed Motion (Dkt. 184)**

This motion seeks to seal documents filed by both parties in connection with Plaintiffs' first motion for class certification. Interested members of the public are referred to the declaration of Sek Nam "Allen" Ng (dkt. 189-1) explaining how the exhibits addressed below correspond to the parties' earlier filings. Seagate's thorough review of these documents and restraint in its renewed request for sealing are noted, and the Court rules on the motion as follows:

Exhibits A, E, F, L–Q, T, U, X–AA, FF: GRANTED.

Exhibits B, D, H, J, K, R, S, V, W, DD, EE, GG–II: GRANTED as to the proposed redactions.

Exhibit C: DENIED only as to the proposed redaction of the two words "except for" on the final page, the redaction of which would render the public version misleading without compelling reasons to do so. GRANTED as to all other proposed redactions.

Exhibit G: DENIED as to paragraph 42 except that Seagate may redact the words between "distribution drives" and "because" in the currently proposed redaction. DENIED as to footnote 17 except that the final sentence proposed to be redacted therein may remain redacted. DENIED as to the first phrase of paragraph 188, ending with the first comma. DENIED as to the clause after the comma in paragraph 190. GRANTED as to all other proposed redactions.

Exhibit I: DENIED as to paragraph 95(e). GRANTED as all other proposed redactions.

Exhibit BB: DENIED as to pages FED_SEAG0072039 and FED_SEAG0072042. Seagate may redact the names of nonparties on those pages if it is required to do so by confidentiality agreements. GRANTED as to all other pages.

Exhibit CC: DENIED as to pages FED_SEAG0072015 and FED_SEAG0072018 through -72020. Seagate may redact the names of nonparties on those pages if it is required to do so by confidentiality agreements. GRANTED as to all other pages.

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

Seagate shall file public versions of Exhibits C, G, I, BB, and CC conforming to the redactions permitted above no later than February 12, 2019.

Seagate's renewed motion and supporting declaration state no reason to seal any other document filed in connection with Plaintiffs' initial motion for class certification. The parties' motions are DENIED as to such other documents for which the parties initially requested sealing.

No later than February 12, 2019, Plaintiffs shall file unredacted in the public record: (1) the original declaration of Stefan Boedeker; (2) the rebuttal declaration of Stefan Boedeker; (3) exhibits 3–6, 9–12, 18–21, 25, 28, 36, 38–44, 46, 47, 49, 51, 54–56, 58–62, 64, 68, and 69 to the declarations of Steve Berman; and (4) exhibits 72, 74, 75, and 77 to the June 5, 2018 declaration of Shana Scarlett.

No later than February 12, 2019, Seagate shall file unredacted in the public record: (1) the declaration of Glen Almgren; (2) the declaration of Itamar Simonson; (3) exhibits 8–14, 16, and 19–21 to the declaration of Liên Payne; and (4) exhibits H and L to the June 11, 2018 declaration of Tenaya Rodewald.

**B.     Plaintiffs' October 15, 2018 Motion to File Documents Under Seal (Dkt. 189)[2]**

This motion, accompanying Plaintiffs' renewed motion for class certification, is based solely on Seagate's designation of documents as confidential. Seagate responded with the declaration of Ronald Lane (dkt. 191) identifying reasons for sealing based on the "good cause" standard, which the Court previously rejected in this context. Despite Seagate's citation of the wrong legal standard, the Court again notes Seagate's thorough review of these documents and its restraint in its selection of documents for sealing. The Court resolves the motion with respect to exhibits to the declaration of Shana Scarlett as follows:

Exhibit 14: DENIED except that Seagate may redact customers' personal information.

Exhibit 25: DENIED except as to Seagate's proposed redaction of "portions that reference testing procedures, as opposed to mere testing results." Because this description is vague and

---

[2] This motion also seeks a relatively small extension of the page limit for Plaintiffs' renewed motion for class certification. That request is GRANTED.

3

1  Seagate has not provided specific proposed redactions, the Court reserves the right to revisit this
2  issue after Seagate files a public version of this exhibit.

Exhibit 26: GRANTED.

Exhibits 28 & 50: DENIED. Seagate's speculative and conclusory assertion that these public relations discussions "could be used against Seagate by its competitors" does not establish compelling reasons for sealing, and no such reasons are apparent from the face of these documents. Seagate may redact individual employees' contact information if it so chooses.

Exhibits 34–35 & 40–43: GRANTED.

Exhibits 44 & 46: DENIED except as to the "confidential portions" identified by Seagate, which may be redacted. Because Seagate's description is vague and Seagate has not provided specific proposed redactions, the Court reserves the right to revisit this issue after Seagate files a public version of these exhibits.

The motion is DENIED as to all other exhibits to Scarlett's declaration, which Seagate has not identified any grounds to seal.

Seagate's motion to seal Plaintiffs' renewed motion for class certification is DENIED except that the following shall be redacted: the names of customers on lines 12 and 15 of page 7, and the text beginning on line 19 through the first word of line 21 on page 10.

\* \* \*

No later than February 12, 2019, Plaintiffs shall file unredacted in the public record exhibits 2–3, 7–11, 13, 19–24, 27, 29–33, 36–39, 45, 48, 51–56, 61–2, and 64–66, as well as a public version of their renewed motion for class certification with redactions limited as stated above.

Because Seagate has not provided specific redactions for the exhibits that it seeks to seal in part, Seagate (rather than Plaintiffs) shall file in the public record redacted versions of exhibits 14, 25, 28, 44, 46 and 50 no later than February 12, 2019.

**C.   Seagate's November 16, 2018 Motion to File Documents Under Seal (Dkt. 192)**

Of the documents filed with Seagate's opposition brief, Seagate only seeks to seal portions of the declaration of its expert witness Donald Adams. For the reasons discussed above in the

context of Seagate's consolidated renewed motion to seal, this motion is GRANTED.

**D.    Plaintiffs' December 10, 2018 Motion to File Documents Under Seal (Dkt. 194)**

Plaintiffs moved to redact and file under seal portions of their reply brief based on Seagate's assertions of confidentiality. Seagate did not file a responsive declaration pursuant to Civil Local Rule 79-5(e)(1). This motion is therefore DENIED. Plaintiffs shall file their reply brief unredacted in the public record no earlier than January 28, 2019 and no later than February 12, 2019.

**IT IS SO ORDERED.**

Dated: January 22, 2019

JOSEPH C. SPERO
Chief Magistrate Judge