Pages 1-9

```
                    UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
                       SAN FRANCISCO DIVISION


IN RE SEAGATE TECHNOLOGY LLC )   Case No.  16-cv-00523-JCS
LITIGATION                   )
                             )   San Francisco, California
_____)   Friday, January 18, 2019
                             )
CONSOLIDATED ACTION          )
                             )
                             )
                             )
                             )
_____)



                     TRANSCRIPT OF MOTION HEARING
              BEFORE THE HONORABLE JOSEPH C. SPERO
              UNITED STATES CHIEF MAGISTRATE JUDGE

APPEARANCES:

For Plaintiffs:              SHANA E. SCARLETT, ESQ.
                             Hagens Berman Sobol Shapiro LLP
                             715 Hearst Avenue, Suite 202
                             Berkeley, California 94710
                             (510) 725-3000

For Defendants:              ANNA S. McLEAN, ESQ.
                             NEIL A.F. POPOVIC, ESQ.
                             Sheppard, Mullin, Richter &
                             Hampton LLP
                             Four Embarcadero Center, 17th Floor
                             San Francisco, California 94111-4109
                             (415) 434-9100

Transcription Service:       Peggy Schuerger
                             Ad Hoc Reporting
                             2220 Otay Lakes Road, Suite 502-85
                             Chula Vista, California 91915
                             (619) 236-9325


Proceedings recorded by electronic sound recording; transcript
produced by transcription service.
```

1  <u>SAN FRANCISCO, CALIFORNIA   FRIDAY, JANUARY 18, 2019   9:54 A.M.</u>

2                                --oOo--

3        (Call to order of the Court.)

4            THE CLERK:  We're calling Case Number 16-cv-0523.  It is In re Seagate Technology Litigation.

6        (Pause.)

7            MS. SCARLETT:  Good morning, Your Honor.  Shana Scarlett from Hagens Berman for the Plaintiffs.

9            THE COURT:  Good morning.

10           MS. McLEAN:  Good morning, Your Honor.  Anna McLean from Sheppard Mullin for Defendant Seagate Technology LLC and with me is Neil Popovic, my partner.

13           THE COURT:  Welcome.

14           MR. POPOVIC:  Good morning, Your Honor.

15           THE COURT:  So with that, you know, I've got to -- I think we need to address our parameters today.  I don't think this makes it -- the core of the decision last time was -- Mary, could you close that door -- was the -- whether or not -- was the AFR of the devices over the class period.  It's -- it wasn't so much on the representation side as on the -- what was the truth side.

21       And the lack of evidence to submit class -- ability to submit class-like proof on the AFR across the class period which -- in which there were, you know -- as there are whenever you have a device like this -- multiple iterations of it, even the same basic device -- same model number, upgrades, fixes, etc., etc., and the

1  variations in that, the lack of the ability to show on a class-
2  like basis that it is just -- everybody who bought these devices
3  for this one period of time suffered from this -- from this
4  problem.  This is not a defect case because we don't know exactly
5  what caused it, but there are hints, etc.
6       But it was essential that those be -- that they be divided up
7  into pieces where there was commonality, that where different
8  class members wouldn't be differently situated, where there
9  wouldn't have been modifications or fixes that would change it
10 from month to month or year to year.  And I don't think that
11 anything you've done changes that.  I, frankly, expected a
12 different sort of a stab at this.
13      So my view is in general that, you know -- I thought it's
14 interesting that you're not using the Artsberg (ph) declaration on
15 the AFR side anymore and relying on documents, but there's obvious
16 flaws in it.  The documents -- for example, there's no
17 documentation after late 2013.  There's -- I mean, putting aside
18 the commercial applications -- a class goes to 2015.  The
19 documents they have provided show because of the nature of -- the
20 changing nature of the devices, that there were periods when the
21 AFR is clearly below one percent and clearly above one percent, or
22 maybe clearly above one percent, maybe clearly below one percent.
23      But, in any event -- and there's no effort to divide up the
24 devices or the periods of time, and maybe -- maybe it can't be
25 done.  I don't know.  And there may be other issues with that that

4

1  I'm just not privy to, but that's -- that's a -- that's the
2  problem.
3        So in the absence of that, I'm not -- I don't think I'm
4  prepared to certify the class.  And, you know, I may be right.  I
5  may be wrong.  The Court of Appeals will decide this.
6              MS. SCARLETT:  Just briefly, Your Honor.
7              THE COURT:  Yes.
8              MS. SCARLETT:  Two points I would make.  The first would
9  be that I think at this point it is uncontested that there are
10 AFRs above one percent through November 2013 and I would refer you
11 to --
12             THE COURT:  Well, no, but it's not consistent.  It's not
13 about -- not that there aren't.  It's not that there aren't.  This
14 is a class.
15             MS. SCARLETT:  May I finish my thought?
16             THE COURT:  Yes.  I'm -- I apologize.
17             MS. SCARLETT:  Thank you.
18             THE COURT:  Go ahead.  You did that very well, by the
19 way.
20             MS. SCARLETT:  Your Honor, this morning -- there was a
21 lot of interrupting in the first argument this morning that I did
22 notice.  Page 58 of the Rodewald declaration -- and I'm not sure
23 I'm saying her name correctly --
24             THE COURT:  Right.
25             MS. SCARLETT:  But page 50 shows through November 2013,

1  there were AFRs attorney measured of over one percent.

2       So I would say two things.  First is we would ask you then to
3  certify a class through November 2013 where there is clear common
4  evidence of an AFR over one percent.

5       Second of all, for the post-2013 evidence, just briefly, just
6  because there is not the same ongoing reliability testing
7  evidence, there is also evidence in the record that Seagate
8  internally had questioned whether or not its model was
9  underestimating the true AFR.  And that's Exhibit 52.  There's
10 evidence of the large customers complaining of the failure rates
11 of these same drives.  There is the Backblaze 2015 measurement of
12 failure rates of 30 percent.  There's the large customers
13 complaining.  The Rodewald declaration, paragraph 23, concedes
14 that the Netflix drives are the same Grenada Classic drives
15 purchased by the class.

16      So there is evidence in the record sufficient which the
17 inferences are granted in Plaintiffs' favor as we'd be entitled to
18 at summary judgment -- the failure rates of those that were
19 advertised.

20      Your Honor, I understand you're not convinced by this
21 evidence  That is what the evidence is.

22           THE COURT:  Okay.

23           MS. SCARLETT:  Okay.

24           THE COURT:  Thank you.  Could you respond to those
25 points, please?

1     MS. McLEAN: Yes, Your Honor. Obviously, we agree with
2  Your Honor's tentative. The exact same evidence has been put
3  forward before, as is put forward now. There's nothing new.
4     And with regard to Ms. Scarlett's argument with regard to a
5  shorter class, up to November '13, we do dispute whether there's
6  commonality with regard to both the evidence of AFR and the
7  evidence of AFR representations during that time.
8     And as we provided to the Court in the paragraph 46 of the
9  Rodewald declaration, a corrected version of Plaintiffs' graph
10 that they put forward in their motion on page 9, which does show
11 very intermittent representations and intermittent AFRs which were
12 both below and above one percent during that time period. And,
13 indeed, there's no evidence of AFR representations after January
14 13 -- January 2013 during that time period that Ms. Scarlett has
15 articulated as a fallback position.
16    But even more fundamentally, Your Honor, Plaintiffs have
17 never addressed how that -- those representations and the AFR
18 evidence are supposed to be matched up with regard to a class.
19    So according to Plaintiffs, the ORT at the factory level is
20 somehow indicative of failures in consumer use. That's never been
21 established.
22    Then even assuming that it was indicative of failures in
23 consumer use, you would have to establish that those consumers saw
24 AFR representations and relied on them and that the drives they
25 bought were manufactured during the time periods when there were

1  AFRs that were above one percent, even if one considered slightly
2  above one percent to be material which, again, would be another
3  individualized issue.
4      So from our perspective, there are a plethora of
5  individualized issues both during that time period and thereafter.
6      And with regard to the evidence of the Backblaze data, we've
7  been over all that before.  There's nothing new there.
8      There's nothing new with regard to Exhibit 52.
9      All of this evidence is scattershot, intermittent, not
10 evidence of common failures or a common factual issue certainly
11 with regard to failure rates and then also with regard to AFR
12 representations.
13          THE COURT:  Thank you.  Would you like to add something?
14          MS. SCARLETT:  Just one brief comment I'd like to make
15 that I'm not sure came out in the briefing that was just raised by
16 my colleague here.  The -- for the evidence of the
17 misrepresentation of the AFR, the Van Engelen declaration that was
18 submitted with the reply, to be clear, the data sheet and the
19 Storage Solutions Guide referenced in that are attached as Exhibit
20 2 and Exhibit 18 to the Scarlett declaration submitted in support,
21 and those were available, as they got in that declaration, for the
22 entire class period up to present day.  So there were
23 misrepresentations that were available for these -- the Barracuda
24 and the Desktop HDD drives for the entire class period.
25          THE COURT:  Right.  Yeah, and that's why I'm focusing on

8

1  the AFRs.
2           MS. SCARLETT:  I understand.
3           MS. McLEAN:  And we obviously objected to that
4  declaration.  Ms. Van Engelen has no basis to testify to this.
5           THE COURT:  I understand.  But there has been evidence
6  before of that, so that's why I'm not focusing on the
7  representation side.  I'm focusing on the AFR fact side, not the
8  representation side.
9       All right.  Thank you very much.  We'll take it under
10 submission.
11          MS. SCARLETT:  Thank you very much, Your Honor.
12          MS. McLEAN:  Thank you, Your Honor.
13          MR. POPOVIC:  Your Honor, one real quick question.  At
14 the last hearing, we had a voice problem with the recording and
15 they were unable to prepare a transcript.  So is this being
16 recorded in the event we need a record?
17          THE COURT:  It's recorded as was the last one, but --
18          MS. McLEAN:  It was not, actually, Your Honor, for some
19 reason.
20          THE COURT:  It wasn't recorded?
21          MR. POPOVIC:  When we made an order for the transcript,
22 it --
23          THE CLERK:  Was it just a case management conference?
24          THE COURT:  No, no.  It was a motion.
25          MR. POPOVIC:  We were informed that there was some

1 microphone error or something.
2     THE COURT:  Oh, I see.  Okay.
3     MS. SCARLETT:  They must be out of the excess funding.
4     THE COURT:  Yes.
5     MS. SCARLETT:  It's running so well.
6     THE COURT:  Well, hopefully.  You know, these are -- you
7 might get it.  I mean, the transcripts of oral arguments on class
8 certification motions are not particularly useful, but -- since
9 it's usually just a better presentation than what's in the brief,
10 but -- okay.  Thank you, all.
11     MS. SCARLETT:  Thank you, Your Honor.
12     MS. McLEAN:  Thank you, Your Honor.
13     THE COURT:  Okay.
14     THE CLERK:  Court stands in recess.
15   (Proceedings adjourned at 10:05 a.m.)
16
17     I, Peggy Schuerger, certify that the foregoing is a
18 correct transcript from the official electronic sound recording
19 provided to me of the proceedings in the above-entitled matter.
20
21    /S/ Peggy Schuerger          January 27, 2019
  Signature of Approved Transcriber    Date
22
  Peggy Schuerger
23 Typed or Printed Name
  *Ad Hoc Reporting*
24 Approved Transcription Provider
  for the U.S. District Court,
25 Northern District of California