SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
NEIL A.F. POPOVIĆ, Cal. Bar No. 132403
ANNA S. McLEAN, Cal. Bar No. 142233
TENAYA RODEWALD, Cal. Bar No. 248563
JOY O. SIU, Cal. Bar No. 307610
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:	415.434.9100
Facsimile:	415.434.3947
Email:	npopovic@sheppardmullin.com
	amclean@sheppardmullin.com
	trodewald@sheppardmullin.com
	jsiu@sheppardmullin.com

Attorneys for Defendant,
SEAGATE TECHNOLOGY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| IN RE SEAGATE TECHNOLOGY LLC LITIGATION<br><br>CONSOLIDATED ACTION | Case No. 3:16-cv-00523-JCS<br><br>**DEFENDANT SEAGATE TECHNOLOGY LLC'S NOTICE OF COMPLIANCE WITH ORDER RESOLVING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL (Dkt. 199)**<br><br>**Place:** Courtroom G<br>**Judge:** Hon. Joseph C. Spero<br><br>Second Consolidated Amended Complaint filed: July 11, 2016 |
|---|---|

Defendant Seagate Technology LLC hereby submits the following response and supporting documents in compliance with the Court's Order Resolving Administrative Motions to File Under Seal, filed January 22, 2019 (Dkt. 199).

**A. Seagate's Consolidated Renewed Motion (Dkt. 184)**

- Exhibit C: DENIED only as to the proposed redaction of the two words "except for" on the final page, the redaction of which would render the public version misleading without compelling reasons to do so. GRANTED as to all other proposed redactions. **Newly redacted document submitted herewith.**

- Exhibit G: DENIED as to paragraph 42 except that Seagate may redact the words between "distribution drives" and "because" in the currently proposed redaction. DENIED as to footnote 17 except that the final sentence proposed to be redacted therein may remain redacted. DENIED as to the first phrase of paragraph 188, ending with the first comma. DENIED as to the clause after the comma in paragraph 190. GRANTED as to all other proposed redactions. **Newly redacted document submitted herewith.**

- Exhibit I: DENIED as to paragraph 95(e). GRANTED as all other proposed redactions. **Newly redacted document submitted herewith.**

- Exhibit BB: DENIED as to pages FED_SEAG0072039 and FED_SEAG0072042. Seagate may redact the names of nonparties on those pages if it is required to do so by confidentiality agreements. GRANTED as to all other pages. **Newly redacted pages FED_SEAG0072039 and FED_SEAG0072042 submitted herewith.**

- Exhibit CC: DENIED as to pages FED_SEAG0072015 and FED_SEAG0072018 through -72020. Seagate may redact the names of nonparties on those pages if it is required to do so by confidentiality agreements. GRANTED as to all other pages. **Newly redacted page FED_SEAG0072015 and unredacted pages FED_SEAG0072018-72020 submitted herewith.**

- No later than February 12, 2019, Seagate shall file unredacted in the public record: (1) the declaration of Glen Almgren; (2) the declaration of Itamar Simonson; (3) exhibits 8-14, 16, and 19-21 to the declaration of Liên Payne; and exhibits H and L to the June 11, 2018 declaration of Tenaya Rodewald.

- Declaration of Glen Almgren—**filed unredacted in the public record.**

- Declaration of Itamar Simonson—**filed unredacted in the public record.**

- Exhibits 8-14, 16, and 19-21 to the Declaration of Liên Payne—**filed unredacted in the public record.**

- Exhibits H and L to the June 11, 2018 Declaration of Tenaya Rodewald—**filed unredacted in the public record**.

**B. Plaintiffs' October 15, 2018 Motion to File Documents Under Seal (Dkt. 189)**

- Exhibit 14:  DENIED except that Seagate may redact customers' personal information.  **Newly redacted document submitted herewith.**

- EXHIBIT 25:  DENIED except as to Seagate's proposed redaction of "portions that reference testing procedures, as opposed to mere testing results." Because this description is vague and Seagate has not provided specific proposed redactions, the Court reserves the right to revisit this issue after Seagate files a public version of this exhibit. **Newly redacted document submitted herewith.**

- EXHIBIT 28 & 50:  DENIED. Seagate's speculative and conclusory assertion that these public relations discussions "could be used against Seagate by its competitors" does not establish compelling reasons for sealing, and no such reasons are apparent from the face of these documents. Seagate may redact individual employees' contact information if it so chooses. **Newly redacted documents submitted herewith.**

- EXHIBIT 44 & 46: DENIED except as to the "confidential portions" identified by Seagate, which may be redacted. Because Seagate's description is vague and Seagate has not provided specific proposed redactions, the Court reserves the right to revisit this issue after Seagate files a public version of these exhibits. **Newly redacted documents submitted herewith.**

Dated: February 8, 2019                     SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  /s/ Anna S. McLean
ANNA S. McLEAN
Attorneys for Defendant
SEAGATE TECHNOLOGY LLC